UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

YISEL DEAN, Administratix of the )
Estate of Steven Dean, deceased, et al., )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )   Civil Action No. 05-CV-10155-PBS
                                         )
RAYTHEON CORPORATION,                    )
RAYTHEON AIRCRAFT HOLDINGS,              )
INC., RAYTHEON AIRCRAFT CO.,             )
RAYTHEON CREDIT CORPORATION,             )
and COLGAN AIR, INC.,                    )
                                         )
        Defendants.                      )

**DEFENDANT COLGAN AIR, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Colgan Air, Inc. (hereinafter referred to as "Colgan"), by counsel, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submits this memorandum of law in support of its Motion to Dismiss. In support thereof, Colgan states as follows:

**Statement of Facts**

Plaintiff Yisel Dean has brought this Amended Complaint against Colgan alleging a single cause of action for gross negligence (hereinafter "Complaint"). Plaintiff's cause of action against Colgan arises out of an aircraft accident that occurred near Barnstable Municipal Airport in Hyannis, Massachusetts on August 26, 2003, in which Plaintiff's decedent, Steven Dean, was killed. The decedent was the copilot of the aircraft and was employed by Colgan as a pilot at the time of the accident. (Complaint ¶ 29).

Plaintiff's cause of action seeks exemplary damages from Colgan pursuant to Texas Lab. Code Ann. § 408.001(b). For the reasons set forth below, Texas law does not apply –

Massachusetts law applies and bars the Plaintiff's claim. Furthermore, even assuming that Texas law applies, Plaintiff has failed to sufficiently plead a cause of action for gross negligence; a prerequisite to the implementation of this Texas statute.

### Legal Standard

Motions to dismiss focus not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir. 1997) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (*quoting Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)); *see also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999). Courts, moreover, "will not accept a complainant's unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993); *see also New England Cleaning Servs. v. American Arbitration Ass'n*, 199 F.3d 542, 545 (1st Cir. 1999).

### Argument

A.  **Plaintiff has Failed to State a Cause of Action because Texas Law does not Apply**

A federal court sitting in diversity must apply the substantive law of the forum state including its choice of law rules. *Klaxon v. Stentor Elec. Co., Inc.*, 313 U.S. 487 (1941); *Erie*

*R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).  Therefore, under *Erie,* this Court is bound to apply the law of Massachusetts, including its choice of law rules. *Id.*

For tort claims, Massachusetts applies a "functional choice-of-law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole." *Bushkin Associates, Inc. v. Raytheon Company*, 393 Mass. 622, 631 (1985).  In *Bushkin*, the Supreme Judicial Court of Massachusetts stated it was free to borrow from any list of factors that might help focus the considerations relevant to the particular case. *Id.* at 634.  However, it chose to "emphasize" the choice of law factors listed in § 6(2) of the Restatement (Second) of Conflict of Laws: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of the other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of results, and (g) ease in the determination and application of the law to be applied. *Id.* at 632, 634.

Further, the *Bushkin* Court said that it could look at another list of five factors as an alternative guide, although expressing the opinion that the two lists parallel each other:  (A) Predictability of results; (B) Maintenance of interstate and international order; (C) Simplification of the judicial task; (D) Advancement of the forum's governmental interests; and (E) Application of the better rule of law.  *Id.* at n.7, *citing* R. A. Leflar, American Conflicts of Law (3d ed. 1977). The *Bushkin* Court also noted that the process for determining the proper law to apply was not simply adding up various contacts. *Id.* at 632.  In making a choice of law analysis in Massachusetts, the Court makes a functional analysis utilizing the factors which seems most relevant to the issues and parties before the Court. *Id.*

In *Spencer v. Kantrovitz*, this District Court recently entered into a choice of law analysis, to determine the state with the most significant relationship to the transaction and the parties, in a case involving an injured employee. No. 03-CV-12074-RGS, 2005 U.S. Dist. LEXIS 838 (D. Mass. January 21, 2005) (*citing Bushkin,* 393 Mass. at 631-632). Where the issue was what workers' compensation law to apply, the *Spencer* Court focused on factors relating to employment status, such as the state in which the employer operates, the state in which the injury arose, the state from which workers' compensation benefits were paid, and the Plaintiff's state of citizenship. *Spencer,* 2005 U.S. Dist. LEXIS 838, at *15-16.

As in *Spencer,* Plaintiff's claim herein is controlled by the applicable workers' compensation law. Here, the most that can be said for the choice of Texas law is that Plaintiff currently resides in Texas (Complaint ¶ 1). On the other hand, the aircraft departed from Barnstable Municipal Airport in Hyannis, Massachusetts (Complaint ¶ 30), the decedent was killed in an aircraft accident that occurred in Massachusetts (Complaint ¶¶ 29, 30), the decedent's employer, Colgan, was operating from a base in Massachusetts (Complaint ¶ 39), the decedent was working at Colgan's base in Massachusetts when he was killed [Affidavit of Andre M. Gregorian, dated June 17, 2005 ("Gregorian Aff.") submitted contemporaneously herewith, at Exhibits 1, 2], the decedent paid Massachusetts unemployment taxes (Gregorian Aff. at Exhibit 2), Colgan maintained workers' compensation insurance for the decedent in Massachusetts (Gregorian Aff. at Exhibit 3), the workers' compensation claim for the decedent was filed in Massachusetts (Gregorian Aff. at Exhibit 4), and workers' compensation benefits were paid on behalf of the decedent in Massachusetts (Gregorian Aff. at Exhibit 5). Furthermore, Plaintiff asserts her claims against Defendants Raytheon Company, Raytheon Aircraft Company, and Raytheon Credit Corporation pursuant to Massachusetts law (Complaint ¶¶ 12, 14-16).

Plaintiff's only claim under Texas law is that for exemplary damages against Colgan pursuant to Texas Lab. Code Ann. § 408.001(b). In asserting this claim against Colgan under a Texas statute, Plaintiff has attempted to circumvent Massachusetts law. Significantly, Massachusetts law clearly conflicts with this Texas statute since there is no Massachusetts statute permitting such a cause of action against Colgan. Under Massachusetts' functional choice of law approach, it is clear that Massachusetts has the most significant relationship to the employment issues. *Bushkin,* 393 Mass. at 631. As such, Massachusetts law should apply and Plaintiff is barred from bringing a claim against Colgan pursuant to this Texas statute.

Further, Massachusetts law precludes any civil tort action for wrongful death of an employee who is subject to the provisions of the workers' compensation laws. Mass. Gen. Laws ch. 152, §§ 23, 68. The Massachusetts Workers' Compensation Act deprives Plaintiff of all rights of action in tort against Colgan for damages for injuries within the scope of the workers' compensation act. *HDH Corp. v. Atlantic Charter Ins. Co.,* 681 N.E.2d 847, 850 (Mass. 1997) (internal citation omitted). In other words, the Massachusetts statutory scheme precludes Plaintiff from maintaining a wrongful death action against Colgan for the death of an employee arising from his employment. *Peerless Ins. Co. v. Hartford Ins. Co.,* 723 N.E.2d 996 (Mass. App. Ct. 2000).

**B.  Plaintiff has Failed to Sufficiently Plead a Cause of Action for Gross Negligence Under Texas Law**

Assuming *arguendo* that Texas law applies, Plaintiff's allegations are insufficient to support a claim for gross negligence that is required before Texas Lab. Code Ann. § 408.001(b) may be invoked. The Texas Workers' Compensation Act would normally limit the recovery for Plaintiff's claims to workers' compensation benefits. *See* Texas Lab. Code Ann. § 408.001(a). The Texas Workers' Compensation Act provides a single exception to this remedy, which allows

claims of exemplary damages to be brought by the surviving spouse or heirs of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence. *See* Texas Lab. Code Ann. § 408.001(b).

Texas law provides that gross negligence is comprised of two components: "(1) viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others." *Louisiana-Pacific Corp. v. Andrade,* 19 S.W.3d 245, 246 (Tex. 1999) (*citing Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 23 (Tex. 1994)); *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004). In a completely conclusory manner, Plaintiff alleges that "Colgan breached its duty to the decedent by requiring him to fly an aircraft that was defective, unreasonably dangerous, improperly maintained, and improperly repaired." (Complaint ¶ 87). Plaintiff further alleges that "Colgan's acts and/or omissions as described herein were intentional acts or omissions, or involved an extreme degree of risk considering the probability and magnitude of the potential harm to Steven Dean" and that "Colgan had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others." (Complaint ¶¶ 88, 89).

Plaintiff has pled no factual basis beyond these conclusory allegations that Colgan acted intentionally and was aware of the risk that the aircraft was unsafe. Plaintiff's allegation that Colgan proceeded with conscious indifference to the safety of others also lacks any factual support. Plaintiff has asserted the Texas components of gross negligence against Colgan without even a scintilla of factual support for her claims. Plaintiff's conclusory allegations do not

warrant the deduction that Colgan could be liable for gross negligence. *LaChapelle,* 142 F.3d at 508. Thus, even if Texas law was applied, Plaintiff's bald assertions and unsupportable conclusions against Colgan are unable to survive this motion to dismiss. *Washington Legal Foundation,* 993 F.2d at 971.

### Conclusion

The Complaint fails to state a claim against Colgan upon which relief can be granted. Massachusetts' choice of law principles dictate the application of Massachusetts law, which bars Plaintiff's claim. G.L. c. 152, §§ 23, 68. As such, Plaintiff cannot bring a claim against Colgan pursuant to Texas Lab. Code Ann. § 408.001(b). Furthermore, Plaintiff has failed to sufficiently plead a cause of action for gross negligence against Colgan under Texas law.

For all the foregoing reasons, Colgan respectfully requests that this Court grant its Motion to Dismiss the Plaintiff's Complaint with prejudice, and for such further relief as the Court deems just and proper.

June 20, 2005

Respectfully submitted,
COLGAN AIR, INC,

By its attorneys,

Christopher A. Kenney (BBO# 556511)
Anthony L. DeProspo, Jr. (BBO# 644668)
SHERIN AND LODGEN LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

*Of counsel*:
Mark A. Dombroff
Thomas B. Almy
Andre M. Gregorian
DOMBROFF & GILMORE, P.C.
1676 International Drive
McLean, Virginia 22102
(703) 336-8800

00071395.DOC / 2

## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of the above document by ~~hand~~/mail upon all attorneys of record.

Dated: June 20, 2005