UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YISEL DEAN, Administratix of the<br>Estate of Steven Dean, deceased, et al.,<br><br>       Plaintiff,<br><br>       v.<br><br>RAYTHEON CORPORATION,<br>RAYTHEON AIRCRAFT HOLDINGS,<br>INC., RAYTHEON AIRCRAFT CO.,<br>RAYTHEON CREDIT CORPORATION,<br>and COLGAN AIR, INC.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 05-CV-10155-PBS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT COLGAN AIR, INC.'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Colgan Air, Inc. ("Colgan"), by counsel, respectfully submits this reply memorandum in support of its Motion to Dismiss. In support thereof, Colgan states as follows:

### STATEMENT OF FACTS

The Second Amended Complaint filed by the Plaintiff arises out an aircraft accident that occurred in Massachusetts on August 26, 2003. Colgan was served with the Second Amended Complaint after it filed the Motion to Dismiss with regard to the Amended Complaint. The amendments incorporated by the Plaintiff into the Second Amended Complaint have no bearing on the issues presented in the Motion to Dismiss. Colgan therefore respectfully requests that the Court consider the Motion to Dismiss applicable to the Second Amended Complaint to the extent the Second Amended Complaint is held controlling.

Plaintiff's decedent, Steven Dean, was killed in the accident, which occurred shortly after takeoff from an airport in Massachusetts. Colgan performed maintenance and repair work,

which the Plaintiff has alleged was grossly negligent, on the accident aircraft in Massachusetts before the accident. Colgan employed the decedent at its base in Massachusetts at the time of his death, and the decedent paid unemployment taxes in Massachusetts.

As Colgan employed the decedent in Massachusetts, a claim was filed with the Massachusetts Department of Industrial Accidents, and workers' compensation benefits were paid pursuant to Massachusetts law. The only connection with Texas that the decedent had at the time of the accident was that he was a resident of that jurisdiction. There is no evidence, and the Plaintiff identifies none, that the employment of the decedent was centered anywhere other than in Massachusetts.

## ARGUMENT AND AUTHORITIES

**A.    Massachusetts law applies in this case and warrants dismissal of the Second Amended Complaint.**

A federal court sitting in diversity must apply the choice of law principles of the forum state. Klaxon v. Stentor Elec. Co., Inc., 313 U.S. 487 (1941); Bergin v. Dartmouth Pharmaceutical, Inc., 326 F. Supp. 2d 179 (D. Mass. 2004). Despite clear precedent from the U.S. Supreme Court and other decisions from this Court, the Plaintiff seems to suggest that this Court should not apply Massachusetts choice of law principles even though this Court sits in diversity. Obviously such a suggestion is incorrect.

As this Court is aware, Massachusetts applies a functional choice of law approach as set forth in Bushkin Associates, Inc. v. Raytheon Company, 393 Mass. 622 (1985). Even when incorporating the somewhat amorphous Bushkin factors in tort cases, subsequent decisions have taken notice of where the accident occurred and where the alleged negligence occurred. In applying the Bushkin factors, this Court has found that the site of the injury can outweigh other factors. See Dunfey v. Roger Williams Univ., 824 F. Supp. 18, 21 (D. Mass. 1993) (declaring

that tort claims are governed by the law of the state where the injury occurred, unless another state has a more significant relationship to the cause of action).  Similarly, this Court has given greater weight to the site of the last event to trigger potential liability.  See Bergin v. Dartmouth Pharmaceutical, Inc., 326 F. Supp. 2d 179, 183 (D. Mass. 2004) (stating that Massachusetts courts look to where the last event necessary happened in order to make a defendant liable for an alleged tort).

In this case, the accident occurred in Massachusetts and the allegedly negligent conduct occurred in Massachusetts.  Consequently, when viewed in the context of the Bushkin factors, the rulings from this Court in decisions such as Dunfey and Bergin indicate that the Plaintiff's claim is governed by Massachusetts law, unless Texas had a more significant relationship to the cause of action.

This Court's decision in Freeman v. World Airways, 596 F. Supp. 841 (D. Mass 1984), is instructive.  Even though the decision predated the Massachusetts Supreme Judicial Court's decision in Bushkin, the court recognized that Massachusetts had shifted from a traditional *lex loci* approach to a more functional approach, so it used the functional approach. Id. at 845.  The case arose out of an aircraft accident at Logan International Airport in Boston.  An issue arose therein about which state's law of punitive damages would apply.  The plaintiffs asserted that the court should apply California, Virginia, or New Jersey law, all of which allowed for punitive damages, and the defendants asserted that the court should apply Massachusetts law, which did not.  As there was a conflict between the states' laws on the issue of punitive damages, the court applied the choice of law principles in Massachusetts, the forum state.  Id.  After examining the parties' contacts with the various states, the court ruled that Massachusetts law would apply because Massachusetts was the place of injury, the location of most of the airline's alleged

negligent conduct, and the location of other conditions that contributed to the crash. Id. at 848.

Courts also have used the Bushkin factors in determining which state's workers' compensation law applies. In Spencer v. Kantrovitz, 2005 U.S. Dist. LEXIS 838, this Court ruled that Massachusetts workers' compensation law applied instead of New Hampshire workers' compensation law, so the employee was ineligible for uninsured motorist coverage. The court focused on the state in which the employer operated, the state where the injury occurred, the state from which workers' compensation benefits were paid, and the employee's state of residency. Id. at 14-15.

In this case, an examination of the parties' contacts with Massachusetts and Texas inexorably leads to the conclusion that Massachusetts workers' compensation law should apply. There are multiple and substantial contacts with Massachusetts. First, the accident happened in Massachusetts. Second, the last event necessary to make Colgan liable for alleged gross negligence happened in Massachusetts. More specifically, this last event of alleged gross negligence was the maintenance and repair of the aircraft by Colgan personnel at Barnstable Municipal Airport in Hyannis, Massachusetts. Third, Colgan employed the decedent at its base in Massachusetts. Fourth, Colgan paid workers' compensation benefits pursuant to Massachusetts law. The third and fourth contacts are substantial because Massachusetts has an interest in seeing that its workers' compensation laws are enforced. In comparison, the only contact with Texas is that the Plaintiff, the decedent, and the minor child are Texas residents.

Just as this Court in Freeman and Spencer ruled that Massachusetts law applied after it examined the parties' contacts with the various states, a similar examination in this case using the Bushkin analysis yields the same result. The Plaintiff simply has not shown why this Court should apply Texas law.

It is undisputed that Massachusetts workers' compensation law acts as an exclusive remedy, and it does not allow a plaintiff to assert a cause of action against their employer for exemplary damages. See Mass. G.L. c. 152 § 26; see also Spencer v. Kantrovitz, 2005 U.S. Dist. LEXIS 838 at 7 (stating that exclusivity provision is broadly construed and precludes a court from even considering threshold matters involving an employer's liability). It is irrelevant that the Plaintiff may have an independent cause of action under Texas law, that other states may have different approaches to choice of law conflicts, or that other courts may apply laws of multiple states in aviation cases. As Massachusetts law on the issue of workers' compensation and exemplary damages is controlling, the Plaintiff has no cause of action against Colgan.

**B.     Plaintiff cannot maintain a cause of action under Texas law.**

Even assuming, without conceding, that Texas law applies, based on the allegations set forth in the Second Amended Complaint, the Plaintiff does not have a claim under Texas law for the reasons set forth in Colgan's Memorandum previously filed. Furthermore, Plaintiff's claim under Texas law is predicated on the assumption that she would have a valid Texas workers' compensation claim on behalf of the decedent, who was employed by Colgan in Massachusetts and died in a work-related accident in Massachusetts. If there is a valid Texas claim, then the Plaintiff might be able to seek exemplary damages pursuant to Texas Lab. Code Ann. § 408.001(b), which provides an exception to the otherwise exclusive remedy of the Texas Workers' Compensation Act.

However, the Plaintiff has not alleged sufficient facts to show that the decedent is covered by Texas workers' compensation law. Texas Lab. Code Ann. § 406.071(a) provides that an employee injured outside of Texas is entitled to Texas workers' compensation benefits if the injury would be compensable if it had happened in Texas and "the employee has significant

contacts with this state or the employment is principally located in this state."  Subsection (b)

provides that an employee has significant contacts with Texas " if the employee was hired or

recruited in this state <u>and</u> the employee: (1) was injured not later than one year after the date of

hire; or (2) has worked in this state for at least 10 working days during the 12 months preceding

the date of injury." (Emphasis added).

Just as the Plaintiff has not shown that Texas has a more significant relationship to the

cause of action than Massachusetts, she has not shown that the decedent had significant contacts

with Texas as defined by Texas Lab. Code Ann. § 406.071. Quite simply, the Plaintiff has not

alleged sufficient facts to show that Texas would have jurisdiction over a workers' compensation

claim, nor in fact would she be able to do so.  As a result, she cannot maintain a cause of action

based on Texas workers' compensation law, specifically Texas Lab. Code Ann. § 408.001(b),

before this Court.

### C.    The Court may consider matters outside of the pleadings

Through the factual allegations in the Second Amended Complaint, the Plaintiff injected

into this case the issues of where the accident occurred (¶ 30), where Colgan's allegedly

negligent conduct occurred (¶ 39), whether Colgan employed the decedent (¶ 85), and whether

Colgan had a base in Massachusetts (¶ 27, 39).  All of these factual allegations are pertinent to

the issue of whether this Court should dismiss the Plaintiff's claim against Colgan, and any

matters outside the pleadings merely explain or amplify the allegations.

This Court may consider matters outside of the pleadings and rule on the 12(b)(6) Motion

without converting it to a motion for summary judgment.  The transformation of a motion to

dismiss to a motion for summary judgment is not automatic.  <u>Garita Hotel Lt. Partnership v.</u>

<u>Ponce Federal Bank</u>, 958 F.2d 15, 18-19 (1st Cir. 1992).  When matters outside the pleadings are

central to a plaintiff's claim, referred to in the complaint, and attached to the motion, the court

may consider the documents without converting a 12(b)(6) motion to one for summary judgment.

Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999) (granting 12(b)(6) motion and

considering portion of personnel manual, letters, and discharge proceeding materials in

connection with motion).  Similarly, a court may consider matters of public record in deciding a

Rule 12(b)(6) motion without converting it.  Greene v. Rhode Island, 398 F.3d 45 (1st Cir. 2005)

(affirming dismissal pursuant to Rule 12(b)(6) where court relied on federal statute presented by

defendant along with motion).

In Moody v. Town of Weymouth, 805 F.2d 30 (1st Cir. 1986), the plaintiff filed an action

pursuant to 42 U.S.C. § 1983.  The defendant filed a Rule 12(b)(6) motion along with a

supporting affidavit and copies of correspondence between the parties.  Id. at 31.  The plaintiff

did not dispute the accuracy of the assertions in the affidavit, and he did not dispute the receipt or

sending of the correspondence.  Id.  After concluding that the plaintiff had not demonstrated

prejudice by the submission of the affidavit and correspondence, the court stated that it could

consider materials outside the pleadings in ruling on the Rule 12(b)(6) motion.  Id. at 31-32.

In this case, the Plaintiff raised the issues of the decedent's employment, Colgan's

business operation in Massachusetts, and Colgan's connection to Massachusetts with regard to

the accident.  The matters outside of the pleadings submitted by Colgan along with the 12(b)(6)

motion relate to those issues.  More specifically, they confirm that the decedent was working at

Colgan's base in Massachusetts at the time of his death, that the decedent paid Massachusetts

unemployment taxes, that Colgan maintained workers' compensation insurance for the decedent

in Massachusetts, and that workers' compensation benefits were paid on behalf of the decedent

in Massachusetts.  As these matters are central to the Plaintiff's claim against Colgan, referred to

in the Second Amended Complaint, and attached to the 12(b)(6) Motion, this Court may consider them without converting the Motion.

Significantly, the Plaintiff does not dispute the accuracy of the contents of the matters outside of the pleadings. For example, the Plaintiff does not, and cannot, contest that workers' compensation benefits were paid from Massachusetts. Like the plaintiff in <u>Moody</u>, the Plaintiff cannot demonstrate prejudice as a result of the submission of matters outside of the pleadings, so this Court may consider these matters and grant the Motion.

The result in this case is the same regardless of whether or not this Court considers matters outside of the pleadings. Massachusetts law governs the Plaintiff's gross negligence claim against Colgan, and, therefore, the Plaintiff cannot maintain a cause of action against Colgan under Massachusetts law. Furthermore, the Plaintiff has not and cannot allege a cause of action under Texas law.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Colgan, by counsel, respectfully requests that this Court grant its Motion to Dismiss the Plaintiff's Second Amended Complaint with prejudice, and grant such further relief as the Court deems just and proper.

Dated: July ____, 2005

COLGAN AIR, INC.
By its attorneys,

_____
Christopher A. Kenney (BBO# 556511)
Anthony L. DeProspo, Jr. (BBO# 644668)
SHERIN & LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

*Pro Hac Vice:*

Mark A. Dombroff
Thomas B. Almy
Andre M. Gregorian
DOMBROFF & GILMORE, P.C.
1676 International Drive, Penthouse
McLean, VA 22101
(703) 336-8800

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served this 25th day of July, 2005 via fax and first-class U.S. mail, postage prepaid, to:

Robert McConnell, Esq.
Motley Rice LLC
321 South Main St.
P.O. Box 6067
Providence, RI 01940

Mary Schiavo, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465