UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Yisel Dean, Administratrix of the Estate of )
Steven Dean, deceased, et al., )
 )
      Plaintiff, )
 )
vs. )
 )
 )  Case No.: 05 CV 10155 PBS
Raytheon Company, Raytheon Aircraft )
Holdings, Inc., Raytheon Aircraft Company, )
Raytheon Aircraft Credit Corporation, Colgan )
Air Inc., d/b/a/ US Air Express, )
 )
 )
      Defendants. )
 )

**PLAINTIFF'S MOTION AND SUGGESTIONS TO EXCLUDE MATTERS OUTSIDE THE PLEADING OR IN THE ALTERNATIVE PROTECTIVE MOTION FOR DISCOVERY FOR THE PURPOSE OF RESPONDING TO DEFENDANT COLGAN'S MOTION**

Pursuant to the very clear language of Federal Rules of Civil Procedure Rule 12(c), if on a motion pursuant to rule 12 (B)(6) for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

As defendant Colgan Air, Inc., has not requested its Rule 12 (B)(6) motion be treated as a Rule 56 motion, nor has Plaintiff been given notice by the court that this motion is to be treated as a Rule 56 motion, Plaintiff moves to strike from the court's consideration of Defendants 12 (B)(6) motion and all matters outside the pleadings including the Affidavit of Andre M. Gregorian and exhibits.

Defendant filed the instant motion pursuant to Fed.R.Civ.P. 12 (B)(6). However, defendant attached affidavits including matters outside the pleadings as if a Rule 56 motion. Therefore Plaintiff filed this protective Motion to Exclude Matters Outside the Pleadings, because when defendant included an affidavit, it went beyond the confines of Rule 12 (B)(6) motion to dismiss for failure to state a claim by making extra-complaint submissions, i.e. an affidavit and exhibits, which may not be relied upon. Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir 2005); Rodi v. Southern New England School of Law, 389 F.3d 5, 12 (1st Circuit 2004). (The result is the same under Massachusetts rules in Massachusetts state court. Casavant v. Norwegian Cruise Line, 63 Mass. App. Ct. 785, 2005 WL 1523886 (No. 04-P-47, June 30, 2005).)

Therefore if materials extraneous to the pleadings are relied upon, plaintiff must be given an opportunity to present all materials pertinent to a motion for summary judgment. Id. Plaintiff protectively asserts her rights to such discovery if this motion is to be treated as a motion for summary judgment. She would be entitled to a reasonable opportunity to discover relevant materials and facts before a case is ripe for summary judgment consideration and state interpretation of Rule 12 (B)(6) and Rule 56, as made evident in the above-cited cases.

In the alternative, in the event the matters outside the pleadings are not excluded by the court, and defendant's motion becomes a motion for summary judgment pursuant to Rule 56, and plaintiff protectively moves this court for its order permitting the following discovery for the purpose of responding to a motion for summary judgment.

1. Interrogatories concerning the nature, inception, agreements, terms, contracts, conditions, solicitation, training and places of employment of Steven Dean and also the training, authorizations, instructions, directives and other information concerning the authority of Colgan Air to make the repairs, parts substitution and modification, authorization and certification just before the fatal flight and death of Steven Dean in the aircraft at issue herein.

2. Production of Documents - All documents pertaining to the employment of Steven Dean. These documents were duly requested by plaintiff on February 28, 2005, see copy of request attached hereto. To date Defendant Colgan has failed and/or refused to provide said documents. Instead Defendant seeks to improperly slip into a 12 (B)(6) motion a selected few pages of which someone, unknown and unidentified to this court has penned in "MA" next to "Texas", which is clearly printed on the form. Also, plaintiff requests all documents related to the use of improper and /or unauthorized parts and repairs on the aircraft immediately before Steven Dean was ordered to fly the plane, as clearly set forth in the Complaint. The court should note those complaint paragraphs are a nearly verbatim replication of a letter sent by Colgan to the NTSB, now part of the public record at NTSB Headquarters, Public Inquiries Branch, 490 L'Enfant Plaza SW, Washington, DC 20594.

3. Depositions – Plaintiff requests the right to depose the personnel responsible for:

   a. Hiring Pilots

   b. Recruiting Pilots

   c. Contracting with pilots

   d. Administering benefits

   e. Administering workman's compensation

   f. Participating in the Accident investigation

   g. Designating workman's compensation claims offices and payment offices. The court should note that in the documents defendant improperly submitted with the 12(B)(6) motion Steven Dean and his wife Yisel and other dependants were listed as Texas residents. The documents show defendant made the decision where to process the claim. No documents show any knowing state election. Defendant is a Virginia company and seeks in other motions and pleadings pending herein to claim the deceased's employment was subject to Virginia law.

Plaintiff also seeks to depose:

   h. Colgan's Principal Maintenance Inspector

   i. All personnel involved in repairing, altering, approving, authorizing, and certifying the aircraft at issue herein in the days and hours before the fatal flight.

j.  All Defendant Raytheon employees who Colgan alleged advised on use of the parts, non-approved parts, substituted parts, modified parts, repair procedures and modifications or changes thereto and authorized the same.

July 18, 2005                               Respectfully Submitted,

*/s/ Mary Schiavo for/*

Robert McConnell, Esq.
(BBO No. 550625)
Mary Schiavo
Motley Rice LLC
321 South Main St.
P.O. Box 6067
Providence, RI
(401) 457-7700



February 28, 2005

Colgan Air, Inc.
10677 Aviation Lane
Manassas, VA 20110
Attn: Human Resource Department

Re: Estate of Steven Dean

Dear Sir or Madam:

Motley Rice represents Yisel Dean, the Independent Administratrix of the Estate of Steven Dean, in litigation related to the Colgan Air/US Airways #9446 plane crash on August 26, 2003. Our information indicates that Steven Dean was working for your company at the time of his death.

In order to prepare for Ms. Dean's case, we need information regarding Steven's employment with your company. The specific information we need includes the dates of employment with you, salary information, relevant bonus history, employee evaluations and detailed information regarding company health, pension, and other benefits. I have enclosed an authorization for the release of this information.

If you have any questions regarding this request, you can reach me via regular mail at the Mount Pleasant location listed at the bottom of this page, or via telephone at (843) 216-9374. Thank you very much for your assistance in this matter.

Sincerely,

*LeAnn C. Lester*

LeAnn C. Lester
Legal Assistant to Mary Schiavo

Enclosure

www.motleyrice.com

Motley Rice LLC
Attorneys at Law

MT. PLEASANT
28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

BARNWELL
1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

PROVIDENCE
321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

HARTFORD
ONE CORPORATE CENTER
20 CHURCH ST., 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX

## AUTHORIZATION TO RELEASE EMPLOYMENT AND/OR WORK HISTORY RECORDS

RE:     Steven Thomas Dean

DOB:   10/28/64

SSN:    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

TO WHOM IT MAY CONCERN:

    YOU ARE HEREBY AUTHORIZED to furnish and release to my attorneys, MOTLEY RICE LLC, PO BOX 1792, Mt. Pleasant, SC 29465-1792, all information and records they request concerning Steven Dean's employment history with you and your affiliates. Please do not disclose information to insurance adjusters or other persons without written authority from me or my attorneys. The foregoing authority shall continue in force until revoked by me in writing.

    A photocopy or facsimile copy of the signed original of this authorization shall be sufficient and acceptable to all persons and entities from whom the foregoing information and records are requested.

I certify that I am the person who is authorized
to obtain documents on behalf of the deceased
individual.

_____
Yisel Dean, Independent Administratrix
    of the Estate of Steven T. Dean

11-15-04
Date

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of Plaintiff Yisel Dean's Motion and Suggestions to Exclude Matters outside the Pleadings or in the Alternative Protective Motion for Discovery for the Purpose of Responding to Defendant Colgan's Motion to Dismiss and Plaintiffs Response and Memorandum of Law and Fact in Opposition to Defendant Colgan's Motion to Dismiss was served via Facsimile and Regular mail, on the *18th* day of *July, 2005* upon the following attorney of record:

Anthony L. DeProspo, Jr.
Sherin and Lodgen LLP
101 Federal Street
Boston, MA 02110-2104

Peter C. Knight
Gary W. Harvey
Tory A. Weigand
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

Mark A. Dombroff
Thomas B. Almy
Andre M. Gregorian
DOMBROFF & GILMORE, P.C.
1676 International Drive
McLean, VA 22102

By: /s/ LeAnn Lester
       LeAnn Lester