## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| YISEL DEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05CV10155PBS |
| | ) | |
| RAYTHEON COMPANY, et al., | ) | Judge Saris |
| | ) | |
| Defendants. | ) | |

## DEFENDANT COLGAN AIR, INC.'S RESPONSE AND MEMORANDUM
## IN OPPOSITION TO RAYTHEON'S MOTION TO
## POSTPONE REFERRAL TO MEDIATION PROGRAM

The Defendant, Colgan Air, Inc. ("Colgan"), respectfully submits this Response and

Memorandum in opposition to the Raytheon defendants' Motion to Postpone Referral to

Mediation Program. In support thereof, Colgan states as follows:

### STATEMENT OF FACTS

On July 27, 2005, the parties attended a hearing before this Court on Colgan's Motion to

Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Counsel for the Raytheon defendants was present.

After the hearing this Court referred this matter to mediation, which is scheduled to occur on the

week beginning September 5, 2005. Raytheon did not object to this Court's action at the time it

referred this matter to mediation.

### ARGUMENT AND AUTHORITIES

Local Rule 16.4(c)(1) provides that a court "...may refer appropriate cases to alternative

dispute resolution programs..." Similarly, Fed.R.Civ.P. 16(c) states in pertinent part that "...the

court may take appropriate action with regard to ... (9) settlement and the use of special

procedures to assist in resolving the dispute when authorized by statute or local rule."

Raytheon apparently does not object to this Court's referral of this case to mediation, but does object to the timing. However, Raytheon did not object to the timing when this Court referred this case to mediation.

Contrary to Raytheon's assertion in its Motion, this case is ripe for mediation. Raytheon contends that "...mediation at this time is premature and no meaningful discussions regarding settlement could take place without substantial discovery." (Motion at p.1). However, as this Court is already aware, there is a parallel case pending in the District Court for the Eastern District of Virginia; the case is styled <u>Colgan Air, Inc. v. Raytheon Aircraft Company, Inc.</u>, Case No.1:05 CV 213. Substantial discovery has taken place in the Virginia case. This discovery includes, but is not limited to, depositions of multiple Raytheon employees, depositions of multiple Colgan employees, and extensive document production. Much of the discovery pertains to the issue of liability for the aircraft accident that occurred in Massachusetts on August 26, 2003; this issue is critical to the Virginia case and the case currently pending before this Court. Consequently, there already has been substantial discovery with regard to a key issue in this case.

In addition, Raytheon cannot demonstrate prejudice by having the non-binding mediation go forward as ordered by this Court. By contrast, there is ample reason for Raytheon to try to settle the case early, saving all defendants defense costs and allowing Ms. Dean's family to receive compensation much sooner. Considering this Court's authority pursuant to Fed.R.Civ.P. 16(c) and Local Rule 16.4(c)(1), Raytheon's failure to make a contemporaneous objection at the July 27, 2005, the fact that substantial discovery on a critical issue has occurred, and the lack of

prejudice, there is no reason for this Court to alter its previous Order.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Colgan, by counsel, respectfully requests that this Court deny Raytheon's Motion to Postpone Referral to Mediation Program, and for such further relief as the Court deems just and proper.

Dated: August 18, 2005                                    COLGAN AIR, INC.

By its attorneys,


_/s/Christopher A. Kenney
Anthony L. DeProspo, Jr. (BBO# 644668)
SHERIN & LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000


*Of counsel:*

Mark A. Dombroff
Thomas B. Almy
Andre M. Gregorian
DOMBROFF & GILMORE, P.C.
1676 International Drive, Penthouse
McLean, VA 22101
(703) 336-8800

00079573.DOC / 3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served this 18th day of August, 2005 via first-class U.S. mail, postage prepaid, to:

Peter Knight, Esq.
Morrison Mahoney, LLP
250 Summer Street
Boston, MA 02210-1181

Michael Jones, Esq.
Martin, Pringle, Oliver, Wallace & Bauer, LLP
100 North Broadway, Suite 500
Wichita, KS 67202

Robert McConnell, Esq.
Motley Rice LLC
321 South Main St.
P.O. Box 6067
Providence, RI 01940

Mary Schiavo, Esq.
Motley Rice LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465

                                    /s/Christopher A. Kenney

820247