UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YISEL DEAN, Administratix of the Estate of Steven Dean, deceased, et al., <br><br>Plaintiff, <br><br>v. <br><br>RAYTHEON CORPORATION, RAYTHEON AIRCRAFT HOLDINGS, INC., RAYTHEON AIRCRAFT CO., RAYTHEON CREDIT CORPORATION, and COLGAN AIR, INC., <br><br>Defendants. | Civil Action No. 05-CV-10155-PBS |

**DEFENDANT COLGAN AIR, INC.'S SUPPLEMENTAL MEMORANDUM REGARDING ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Colgan Air, Inc. ("Colgan"), pursuant to this Court's July 27, 2005 rulings, respectfully submits this supplemental memorandum and the Joint Agreed Stipulations of Fact.

**ARGUMENT AND AUTHORITIES**

Depecage provides a framework under which a court can use the laws of different states to decide different issues in a single case. Putnam Resources v. Pateman, 958 F.2d 448, 464 (1st Cir. 1992). However, the pending Motion only involves one liability issue: whether or not an employer is liable for any tort damages to an employee for injuries sustained in the course of employment. It is a liability issue, and not a damages issue, because the critical question is not how much a plaintiff can recover from an employer, but if the plaintiff can recover at all.

As the Motion focuses on a single liability issue, the choice of law inquiry it presents is much like the one in Freeman v. World Airways, 596 F. Supp. 841 (D. Mass 1984), in which this Court, faced with litigation resulting from an aircraft accident at Logan International Airport, had

to determine liability for punitive damages. Using the "most significant relationship" test, this Court held that Massachusetts law applied and that the plaintiffs could not recover punitive damages. Id.[1]

Massachusetts has looked to Section 184 of the Restatement (Second) of Conflict of Laws, which applies to all wrongful death actions that may be brought to recover damages sustained by an employee in the course of employment. See Saharceski v. Marcure, 373 Mass. 304, 309 (1977) (applying Massachusetts law and noting that plaintiff's employer would be free from tort liability under Section 184). Section 184 states:

> Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workers' compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which (a) the plaintiff has obtained an award for the injury, or (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where the employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local law governs the contract of employment ... . (emphasis added)

The factors in Section 184 demonstrate that Colgan is not liable in tort. Massachusetts workers' compensation law provides tort immunity for employers. See Mass. G.L. c. 152 § 26. Colgan was required to provide workers' compensation insurance in Massachusetts and did so. See JASF at ¶¶ 6-7. Under Section 184(a), the Plaintiff obtained a *de facto* award inasmuch as the Plaintiff is receiving workers' compensation benefits. Id. at ¶ 24. Even if the Plaintiff did not obtain a *de facto* award, under Section 184(b) she could obtain an award in Massachusetts because that is where the injury occurred, where the employment of the Plaintiff's decedent was principally located, and where Colgan supervised the Plaintiff's decedent. Id. at ¶¶ 2, 21. These factors overwhelmingly favor Massachusetts law.

---

[1] Compare Calhoun v. Yamaha Motor Corp., 216 F.3d 338, 347-48 (3d Cir. 2000) (applying Pennsylvania compensatory damages law because it had an interest in compensating its citizens, when neither the plaintiff nor defendant had any ties to the situs of the accident in Puerto Rico which occurred while plaintiff was on vacation).

The Massachusetts Supreme Judicial Court recently used the "most significant relationship" test for a conflict between Massachusetts and Texas law relating to a statutory bar to a tort action. The plaintiffs were Massachusetts residents who were injured at a hotel in Texas. Nierman v. Hyatt Corp., 441 Mass. 693 (2004). The court applied the Texas statute of limitation law because the alleged negligence took place there, the alleged injuries occurred there, and the defendant operated a business there. Id. at 697. The court noted that Massachusetts had a "general interest" in having its residents compensated for injuries suffered in another state, but it did not have a more compelling interest in the timeliness of filing a personal injury action. Id.

Just as the plaintiffs in Nierman could not apply Massachusetts law even though they were Massachusetts residents, the Plaintiff cannot apply Texas law even though the Plaintiff's decedent was a Texas resident. The alleged negligence and resulting death occurred in Massachusetts. Colgan operated a business in Massachusetts and the Plaintiff's decedent was employed there. Even though Texas has a "general interest" in having its residents compensated for injury, an interest which is being met by the benefits being paid as required under Massachusetts law, it does not have a more compelling interest than Massachusetts with regard to a Massachusetts employer's liability and Massachusetts employees.

In addition, Texas does not provide a remedy for the Plaintiff. The Plaintiff relies on the Texas Workers' Compensation Act, specifically § 408.001, in support of her claim. However, she could not prevail if she filed a workers' compensation claim in Texas because Colgan did not have workers' compensation insurance in Texas. See JASF at ¶¶ 8-9; see also Lazenby v. HMT Constr. Servs., Inc., 944 S.W.2d 54, 55-56 (Tex. App. 1997) (Texas resident injured in Delaware could not seek benefits because the Texas Workers' Compensation Act did not apply to an

employer who did not provide Texas workers' compensation insurance).  It was reasonable for Colgan not to have Texas workers' compensation insurance because at that time it had no business operations in Texas, and it provided workers' compensation insurance for the Plaintiff's decedent in Massachusetts, where he was employed.

Similarly, the Plaintiff could not prevail in Texas if she filed a common-law tort action.  Colgan provided workers' compensation insurance for the Plaintiff's decedent in Massachusetts, where workers' compensation is an exclusive remedy.  See Larchmont Farms, Inc. v. Parra, 941 S.W.2d 93 (Tex. 1997) (Texas resident injured in New Jersey while working for employer with New Jersey workers' compensation insurance had no remedy in Texas because employer covered injury in New Jersey and full faith and credit given to exclusivity provision of New Jersey workers' compensation act).

Just as the factors in Section 184 of the Restatement clearly favor Massachusetts law, the relevant factors in Section 6 of the Restatement warrant the application of Massachusetts law.[2]  Massachusetts courts have focused on the parties' justified expectations.  See King v. Williams Indus., Inc., 565 F. Supp. 321, 326 (D. Mass. 1983), aff'd, 724 F.2d 240 (1st Cir. 1984) (applying Indiana law because parties had no reason to anticipate liability under Massachusetts law, and only Massachusetts connection to the case was residency of plaintiffs); see also Saharceski, supra, at 311 ("[t]he plaintiff has no reasonable basis for expecting to recover in this situation, and the defendant had no reason to expect that he would be liable.").  In this case, Colgan could not expect to be liable under Texas law for a death in Massachusetts of its Massachusetts based employee resulting from alleged acts that occurred in Massachusetts.

---

[2] Factors in Section 6 include: (1) the needs of the interstate and international system, (2) the policies of the forum, (3) the policies of other interested jurisdictions, (4) the protection of justified expectations, (5) the basic policies underlying the field of law, (6) certainty, predictability, and uniformity of result, and (7) ease of applicability.

In addition to protecting justified expectations, the application of Massachusetts law advances the policies of the forum state. It is axiomatic that Massachusetts has a strong, direct interest in regulating the behavior of companies doing business in Massachusetts towards their employees. See, e.g., Mass. G.L. c. 152 § 25A ("In order to promote the health, safety and welfare of employees, every employer shall provide for the payment to his employees of the compensation provided for by this chapter ..."). Massachusetts law favors uniformity and predictability because all companies with business operations in Massachusetts, and their employees, are held to the same standards. See, e.g., Neff v. Comm'r of the Dep't of Indus. Accidents, 421 Mass. 70, 75, 653 N.E.2d 556, 559 (1995) ("The Act reflects a legislative decision to treat damages for work-related injuries as a cost of doing business."). In comparison, Texas law would not hold these companies and employees to the same standards, and the companies could not anticipate what law from the other 49 states might apply. If the residency of the Plaintiff alone is controlling here, then the law of the employment state never would apply.

Considering the facts of this case, there simply is no reason to apply any employer liability law other than Massachusetts to a Massachusetts based employment relationship. Regardless of which factors this Court uses, under the "more significant relationship" test, Massachusetts law prevails in this case.

Dated: October 12, 2005

COLGAN AIR, INC.
By its attorneys,

/s/ Anthony L. DePropso
Christopher A. Kenney (BBO# 556511)
Anthony L. DeProspo, Jr. (BBO# 644668)
SHERIN & LODGEN LLP
101 Federal Street
Boston, MA 02110
(617) 646-2000

-6-

*Pro Hac Vice:*

Mark A. Dombroff
Thomas B. Almy
Andre M. Gregorian
DOMBROFF & GILMORE, P.C.
1676 International Drive, Penthouse
McLean, VA 22101
(703) 336-8800

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served this 12th day of October, 2005 via fax and first-class U.S. mail, postage prepaid, to:

| | |
|---|---|
| Robert McConnell, Esq. | Mary Schiavo, Esq. |
| Motley Rice LLC | Motley Rice LLC |
| 321 South Main St. | 28 Bridgeside Blvd. |
| P.O. Box 6067 | P.O. Box 1792 |
| Providence, RI 01940 | Mount Pleasant, SC 29465 |

                                          /s/ Anthony L. DePropso