UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

YISEL DEAN, Administratrix of the Estate of STEVEN )
DEAN, deceased, et al., )
)
        Plaintiff, )
vs. )
) Case No.: 05 CV 10155 PBS
RAYTHEON COMPANY, et al., )
)
        Defendants. )

**PLAINTIFFS SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

In addition to the Suggestions and Authorities already presented by plaintiff to this court and incorporated herein by reference, plaintiff submits this supplemental memorandum.

Stipulated Facts

The deceased pilot, his widow, and his child, resided only in Texas. Colgan knew this and paid for a hotel room for Steven Dean so they could send him to work out of Massachusetts. At the time of his death the Colgan payroll records still assigned Dean to Maine (See also Affidavit of Betty Everett, attached.)  At all times herein Yisel Dean and Brittany Dean remained at home in the residence in Texas. None of them applied for or completed any applications or paperwork for any worker's compensation claims or benefits.

Texas Law provides an Independent Remedy

Under Texas Labor Code chapter 408, subchapter A, § 408.001 (b), Yisel Dean (and on behalf of the minor child) has an independent cause of action for recovery of exemplary damages as the surviving spouse of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence. Defendant in its brief persists in the mistaken insistence that receiving or being eligible for a Texas worker's compensation award is a prerequisite to Yisel's access to the remedy provided by §408.001(b). (See Defendant's Suggestions of 10/12/05 page 3 of 5.) Defendant further insists without benefit of law that "Plaintiff could not prevail if she filed a worker's compensation claim in Texas because Colgan did not have worker's compensation insurance in Texas." There are no provisions in the Texas Labor code, nor in the case law, requiring the receipt of workmen's compensation benefits under Texas Law, before being entitled to the

surviving spouse or child remedy. Several cases already cited in Plaintiff's previous suggestions repeatedly, covered this point of law (see pages 18 thru 19). Those cases, spouses, children and parents all were permitted to maintain an action under 408.001(b), despite accidents outside the state of Texas, and not withstanding there was no Texas worker's compensation claim, award, or eligibility. There is no requirement in the law requiring an employer be a Texas employer, to allow a Texas widow to avail herself of section 408.001(b). The cases cited by defendant simply are not on point. Each concerns an injured employee himself seeking workman's compensation benefits, which situation is clearly addressed and covered any state's law.

Choice of Law Issue or No Conflict?

Massachusetts law is at variance with Texas law. In particular, Mass. Gen. Laws Annotated chapter 152 §24, states "The employee's spouse, children, parents and any other members of the employee's family or next of kin who is wholly or partly dependant upon the earnings such employee at the time of injury or death shall also be held to have waived any right created by statute, common law or under the law of any other jurisdiction against such employer including but not limited to claims for damages due to emotional distress, loss of consortium, parental guidance, companionship or the like when such loss is the result of injury to the employee that is compensable under this chapter." It is possible to conclude the type of claim or damage countenanced by T.L.C. §408.001, an intentional act or omission of the employer or the employer's gross negligence, is not addressed by or in conflict with the Massachusetts statute which is aimed at accidental injury and recompense therefore. Egregious and intentional acts are not included among "emotional distress, loss of consortium, parental guidance, companionship or the like", especially since the remedy for intentional acts or egregious negligence, is in addition to, and in excess of, those types of recovery. Not surprising then, defendant Colgan in its original Rule 12(b) (6) Motion, stated "there is no Massachusetts section comparable to the Texas section. Under the Restatement of Torts, and other court rulings already discussed in Plaintiff's filings, there simply would be no conflict.

A more practical and realistic position is that there is a conflict. The Supreme Court of Texas has already examined and addressed exactly that issue and provided clear guidance on its intent in section 408.001(b). In Total Oil Field Service, Inc. v. Garcia 711 S.W. 2d 237 (Tx. St. Ct. 1986), a Texas resident was hired in Oklahoma

to work in Oklahoma, he was killed in Oklahoma and received worker's compensation benefits in Oklahoma. His family sued for exemplary damages under Texas law. The employer moved to dismiss on the ground that under Oklahoma law, it paid worker's compensation benefits and that was the exclusive remedy. The lower court dismissed the action of the family of the dead worker on the ground that Oklahoma worker's compensation benefits were the exclusive remedy. The Texas Court of Appeals reversed, holding that the Texas law provided for extra-territorial effect. The Texas Supreme Court reasoned that the appeals court acted properly, but for the wrong reason. The Court of Appeals decided that the case before them was not a choice of law question at all, and that the most significant relationship rule was not applicable. The Court of Appeals reasoned that the statutorily created right was available to the family of the deceased regardless of the Oklahoma worker's compensation award. The Texas Supreme Court specifically adopted the most significant contacts theory of the conflicts of law analysis and the most significant relationship test of the Restatement and concluded that under the significant relationship test Texas law would apply. Thus, under either theory a statutorily granted right independent of another state's worker's compensation laws, or a conflict of laws analysis, Texas families of Texas residents, killed while working in other states, for employers in other states, who receive worker's compensation benefits for other states, still were able to avail themselves of the special benefits conferred on Texas residents by the Texas Legislature..

Under the modern Massachusetts Conflict of law approach, Texas clearly has the greatest interest in protecting a very poor widow and child in Texas. Colgan knew they were Texas residents and had to pay for a hotel room for Dean to work in Massachusetts. They never moved him nor his family from Texas. The defendant, at page 4, argues it had only reason to expect Massachusetts law. Such an argument is controverted by the admitted facts.

Colgan vehemently argued in its Motion to transfer this case to Virginia, that Massachusetts had very little to do with this case.

> "Virginia is the operational headquarters of Colgan, the operator of Flight 9446, and the employer of the decedents and the mechanics who worked on the accident aircraft. Supervision of Colgan flight operations and maintenance from

3

> is from its Virginia headquarters. When Colgan's employees must be produced, Colgan's headquarters in Virginia, where the decedent's work was supervised, offers the most convenient location. Further, the decedents flew aircraft in the Mid-Atlantic region, despite being domiciled in Texas and Ohio. Raytheon is registered to do business in Virginia and transacts business in Virginia through the solicitation for sale of aircraft, aircraft maintenance manuals, and aircraft parts. Colgan has agreed to transport its Massachusetts employees to its Virginia headquarters in order to testify regarding the maintenance of the aircraft. Therefore, other than the fact that the accident occurred in Hyannis, Massachusetts, there is no basis for the choice of Massachusetts as the transferee forum."

See Colgan Air Inc.'s Reply to the Opposition of Raytheon [et al] to the Motion to Transfer.

Colgan in its Motion to Transfer further discarded the motion that the situs of the accident is dispositive, and string cited a number of air crash disaster cases in which the settling court used choice of law rules to apply the laws of other states. "Therefore, other than the fact that the accident occurred in Hyannis, Massachusetts, there is no basis for the choice of Massachusetts as the transferee forum. The situs of the accident is not dispositive in determining an appropriate transferee forum and the Panel routinely transfers MDL cases to jurisdictions other than the situs of the accident. See, e.g., In re Air Crash Disaster at Sioux City, Iowa, On July 19, 1989, 128 F.R.D. 131 (J.P.M.L. 1989) (crash occurred in Iowa, cases transferred to Northern District of Illinois); In re Air Disaster at Lockerbie Scotland, On December 21, 1988, 709 F. Supp. 231 (J.P.M.L. 1989) (crash occurred in Scotland, cases transferred to the Eastern District of New York); In re Air Disaster at Gander, Newfoundland, on December 12, 1985, 633 F. Supp. 50 (J.P.M.L. 1986) (crash occurred in Newfoundland, cases transferred to Western District of Kentucky); In re Air Disaster at Covington, Kentucky, on June 2, 1983, 579 F. Supp. 1057 (J.P.M.L. 1984) ("crash" occurred in Kentucky, cases transferred to Central District of California); In re Air Disaster Near Van Cleve Mississippi on August 13, 1977, 486 F. Supp. 926 (J.P.M.L. 1980) (crash occurred in Mississippi, cases transferred to Northern District of Oklahoma); In re Air Disaster at Denver, Colorado, on November 16, 1976, 486 F. Supp. 241 (J.P.M.L. 1980) (crash occurred in Colorado, cases transferred to Central District of California).

See Colgan Air Inc.'s Motion to Transfer while a Motion to Transfer does not require the same analysis of choice of law, it is certainly instructive of vehemently Colgan argued Massachusetts had barely a passing interest in the case—a mere fortuitous cite of the crash.

Not only does Texas have the paramount interest in protecting Yisel Dean, the defendant's own arguments show Texas has the only interest whatsoever in Yisel Dean. There is not one shred of evidence to the contrary. Many Massachusetts federal court cases have addressed just such a choice of law analysis, (as have many other federal courts) and reached out to the laws of other states to protect widows, children and other family members pursuant to the rights and remedies granted by their resident state. See Air Crash Disaster at Washington D.C. on January 13, 1982, 559 F.Supp. 333 (D.D.C. 1983) discussing Texas, Massachusetts and other states conflicts and choice of law analyses and citing In re Air Crash at Boston, Massachusetts on July 31, 1973, 415 F.Supp. 206 (D. Mass. 1976) and Engine Specialties Inc. v. Bombardier Ltd., 605 F.2nd 1, 19 (1st Cir. 1979). Plaintiff's prior suggestions, already discussed and cited many air crash cases in which Massachusetts courts looked to other states, particularly the residences of the deceased pilots' widows and family, to decide claims made outside worker's compensation. Massachusetts federal courts have often looked to other states' laws in application of choice of law principles in a great variety of claims. In Catex Vitol Gas, Inc. v. Wolfe, (178 F.3d 572) (1st Cir. 1999), the Massachusetts federal court looked to Texas law to interpret an employment contract. In Hart v. State Farm Mutual Automobile Insurance Co., 313 F. Supp. 289 (D. Mass. 1970), Massachusetts choice of law principles were used to resolve contract of insurance issues under Illinois law. In Reicher v. Berkshire Life Insurance Company of America, 360 F.3d 1 (1st Cir. 2004), under Massachusetts choice of law rules, the law of Maryland which had the most significant relationship to disability contracts and where the injured party as opposed to where the defendant resided was applied and used as having the most significant relationship. In Graham v. Malone Freightlines, 201 F.3d 427 (1st Cir. (Mass.) 1999, published 2000) the Massachusetts court applied Alabama law to a contract between a driver and a firm and Alabama and New Jersey law to negligent entrustment claims, and Massachusetts law to other claims arising from an accident.

5

The cases cited by defendant are not applicable to the specific issue herein. <u>Sahauceski v. Marcure</u>, 373 Mass. 304, 366 N.E.2d 1245 (Ma. S. Ct. 1977) concerns a Massachusetts employee injured by another Massachusetts employee while working in Connecticut. Both were working in the scope of their employment. One employee sought to recover from the other employee. There was no other independent cause of action. The employee was denied recovery because he failed to timely and properly pursue a worker's compensation claim. In <u>King v. Williams Industries</u>, 565 F.Supp. 321, (U.S. D.C. Ma. 1983), both employer and employee were Indiana residents, in the scope of their employment and specifically barred in both Indiana and Massachusetts. In <u>Nierman v. Hyatt Corporation,</u> 441 Mass. 639, 808 N.E.2d 290 (Ma. S. Ct. 2004), a Massachusetts resident sued a Texas hotel based on injuries in the Texas hotel. The plaintiff missed the Texas statute of limitations which the court adopted and which was fatal to her claim. In <u>Larchmont Farms Inc., v. Parra</u>, 941 S.W.2d 93 (Tx. S. C. 1997), an injured employee applied for worker's compensation but failed to show for his exam and his claim was dismissed. He then sued his employer for the same negligence and injury, not for intentional behavior, and on that claim the New Jersey law was like Texas law.

Finally defendant's citation to <u>Lazenby v. HMT Construction Services Inc.</u>, 994 S.W.2d 54 (Tx. Ct. App. 1997) is curious because the Court of Appeals reversed a summary judgment entered against the employee and in favor of the employer, and found among other things, that the employee's acceptance of benefits in another state did not constitute an election of remedies that would bar action in Texas; neither did the other state's worker's compensation exclusivity provisions bar recovery under Texas law. Dicta in the case points out a discrepancy between a worker making a claim for worker's compensation benefits which constitutes a claim that his injury was accidental, and then later claiming an intentional tort, but that is a problem not shared by Yisel Dean who defendant Colgan admits, made no application, statement or election. It was Colgan who sought the protection of Massachusetts worker's compensation and legal protection from Yisel in Massachusetts -- a state it sought in every way to disassociate itself in its motion to transfer to Virginia.

It is just such widow that 408.001 seeks to protect from such actions by Colgan.

October 12, 2005                                    Respectfully Submitted,

/s/ Robert McConnell
Robert McConnell (BBO No. 550625)
Motley Rice LLC
321 South Main Street
Providence, RI 02940
(401) 457-7703
bmcconnell@motleyrice.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 12th day of October, a true and correct copy of the above and foregoing PLAINTIFFS SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, was sent in the United States mail, postage prepaid and properly addressed to the following attorneys of record who do not receive service via electronic filing.

Michael G. Jones
Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.
100 North Broadway
Wichita, KS 67202

Thomas B. Almy
Dombroff & Gilmore, P.C.
1676 International Drive
McLean, VA 22102

/s/ Mary Sciavo
Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

YISEL DEAN, Administratrix of the Estate of )
STEVEN DEAN, deceased, et al., )
)
       Plaintiff, )
)
vs. )
)
)   Case No.: 05 CV 10155 PBS
RAYTHEON COMPANY, et al., )
)
       Defendants. )
)
)
)
)

## AFFIDAVIT OF BETTY EVERETT

Personally appeared before the below-listed Notary Public comes Betty Everett who affirms the truth of the following statements and representations made upon her own personal knowledge.

1. My name is Betty Everett. I am Payroll Manager for Motley Rice LLC, located at 1750 Jackson St., P.O. 365, Barnwell, SC 29812.

2. As payroll manager I have extensive experience reading, completing and filing wage and tax registers. I am also familiar with various state unemployment insurance codes. I have worked with ADP payroll programs for 11 years and am familiar with related documents.

3. I present this Affidavit for the purpose of explaining and decoding documents presented in connection with Yisel Dean's Stipulation of Facts. I have personal knowledge of pertinent facts relevant to these matters which are subject of this affidavit.

4. SUI/DI is an abbreviation for State Unemployment Insurance/ Disability Insurance. In five states (California, Hawaii, New Jersey, New York, and Rhode Island) SDI is a state mandated benefit provided to workers who become unable to work because of illness or injury. In other states the Worker's Compensation benefits are the only benefits available and there is not a separate SDI state mandated benefit.

5. Attached hereto as Exhibit 1 is the Automatic Data Processing State Tax Code list. The State tax code for Maine is 45, for Massachusetts is 02, and Texas is 53.

6. Attached hereto as Exhibit 2 is the Colgan Air Inc., Wage and Tax register for the quarter ending December 31, 2003, presented as Exhibit 1 in Andre Gregorian's Affidavit in Support of Colgan's Motion to Dismiss, with the yearly total of Maine unemployment taxes paid for Steven Dean.

7. As you can see from Exhibit 2, Steven Dean is clearly listed as residing in Texas (code 53) and in the work period leading up until his death was listed as working in Maine (code 45). Only after Mr. Dean's death in August of 2003, was the SUI changed back to Massachusetts (code 02).

8. The information on Mr. Dean's pay stubs attached hereto as Exhibit 3, lists Mr. Dean as a resident of Texas, state taxes if any, paid to Texas, and no worker's compensation codes are indicated.

**FURTHER, THE AFFIANT SAYETH NOT.**

_____
BETTY EVERETT

Sworn to before me this 27
Day of September, 2005

_____(seal)
Notary Public for South Carolina
My Comm. Expires: 10-3-05

2