UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ )<br>YISEL DEAN, Administratrix )<br>of the Estate of Steven Dean, )<br>deceased, et al., )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>RAYTHEON CORPORATION, )<br>RAYTHEON AIRCRAFT HOLDINGS, )<br>INC., RAYTHEON AIRCRAFT CO., )<br>RAYTHEON CREDIT CORPORATION, )<br>and COLGAN AIR, INC., )<br> )<br> Defendants. )<br>⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ ) | CIVIL ACTION NO. 05-CV-10155-PBS |

**MEMORANDUM AND ORDER**

November 16, 2005

Saris, U.S.D.J.

## I. INTRODUCTION

This case arises out of a fatal air crash off the Cape Cod shore. Plaintiff Yisel Dean ("plaintiff") brings this action as administratrix on behalf of the estate of Steven Dean ("Dean"), her husband, for gross negligence against Dean's employer, Colgan Air, Inc. ("Colgan").[1] Alleging that Colgan required Dean to fly a defective, unreasonably dangerous, and unairworthy aircraft,

---

[1] The Second Amended Complaint also asserts various causes of action against Raytheon under Massachusetts law: negligence (Count I); wrongful death (Count II); breach of express and implied warranties (Count III); and a violation of Mass. Gen. Laws ch. 93A (Count IV).

plaintiff seeks to recover punitive damages for Colgan's gross
negligence pursuant to Tex. Lab. Code Ann. § 408.001(b).

Arguing that Texas law does not apply, Colgan moves to
dismiss on the ground that Massachusetts law precludes this
action under the workers' compensation statute. <u>See</u> Mass. Gen.
Laws ch. 152, § 23.

After hearing and a review of the supplemental papers, the
motion to dismiss is **<u>ALLOWED</u>**.

## II.  FACTUAL BACKGROUND[2]

Dean, an employee of Colgan, served as First Officer of US
Airways flight 9446.  On August 26, 2003, the aircraft took off
from Barnstable Municipal Airport in Hyannis, Massachusetts and
crashed into the water off the coast of Yarmouth, Massachusetts.

The aircraft was operated by Colgan, a Virginia corporation
with its principal place of business in Manassas, Virginia and
engaged in business in other states, including Massachusetts.
The aircraft was manufactured by Raytheon Aircraft Company and
owned by Raytheon Credit Corporation, which leased it to Colgan.
Immediately prior to the fatal flight at the Barnstable Municipal
Airports, Colgan maintained and repaired the aircraft in
Massachusetts.  Plaintiff asserts that Colgan's gross negligence
in Massachusetts resulted in the crash.

At the time of the fatal accident, Dean was a resident of

---

[2] The facts are derived from the complaint and a supplemental
stipulation of fact.

2

Texas working out of Colgan's base in Massachusetts. The widow and child are also residents of Texas. Colgan, knowing that Dean was a resident of Texas, paid for a hotel room for Dean so that he could be based out of Massachusetts. Colgan, which had no business operations in Texas, provided workers' compensation insurance for Dean in Massachusetts pursuant to Mass. Gen. Laws ch. 152. Colgan filed Dean's workers' compensation claim in Massachusetts, and Colgan's workers' compensation insurance is currently paying benefits to the Dean family as a result of his death. The widow did not apply for or complete applications for any workers' compensation benefits.

### III. DISCUSSION

A.    <u>**Standard of Review**</u>

Pursuant to Fed. R. Civ. P. 12(b), the Court should treat a motion to dismiss as a motion for summary judgment if it considers undisputed facts outside the four corners of the complaint. The parties have agreed that the Court can consider the undisputed facts submitted in the supplemental pleadings. Therefore, although Colgan has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court will treat the motion as one for summary judgment.

"Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

3

is entitled to judgment as a matter of law.'" <u>Barbour v.</u>
<u>Dynamics Research Corp.</u>, 63 F.3d 32, 36 (1st Cir. 1995) (quoting
Fed. R. Civ. P. 56(c)), <u>cert. denied</u>, 516 U.S. 1113 (1996).   "To
succeed [in a motion for summary judgment], the moving party must
show that there is an absence of evidence to support the
nonmoving party's position."  <u>Rogers v. Fair</u>, 902 F.2d 140, 143
(1st Cir. 1990); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,
325 (1986).

       "Once the moving party has properly supported its motion for
summary judgment, the burden shifts to the non-moving party, who
'may not rest on mere allegations or denials of his pleading, but
must set forth specific facts showing there is a genuine issue
for trial.'"  <u>Barbour</u>, 63 F.3d at 37 (quoting <u>Anderson v. Liberty</u>
<u>Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)).   "There must be
'sufficient evidence favoring the nonmoving party for a jury to
return a verdict for that party.  If the evidence is merely
colorable or is not significantly probative, summary judgment may
be granted.'"  <u>Rogers</u>, 902 F.2d at 143 (quoting <u>Anderson</u>, 477
U.S. at 249-50) (citations and footnote in <u>Anderson</u> omitted).
The Court must "view the facts in the light most favorable to the
non-moving party, drawing all reasonable inferences in that
party's favor."  <u>Barbour</u>, 63 F.3d at 36.

**B.  <u>Choice of Law</u>**

       The parties disagree on whether this Court should apply
Massachusetts or Texas law to plaintiff's claim against Colgan.
The first step in applying choice of law principles is to

4

determine whether an actual conflict of law exists between
Massachusetts and Texas.  Reicher v. Berkshire Life Ins. Co. of
Am., 360 F.3d 1, 4 (1st Cir. 2004).

Under Massachusetts law, plaintiff has no cause of action
against Colgan, Dean's employer, because the workers'
compensation statute provides the exclusive remedy, not only for
the insured employee, but also for his family.[3]  Peerless Ins.
Co. v. Hartford Ins. Co., 48 Mass. App. Ct. 551, 554-555, 723
N.E.2d 996 (2000).  The Texas workers' compensation statute
provides a surviving wife and heir with a cause of action for
punitive damages against an employer whose gross negligence

---

[3] Mass. Gen. Laws ch. 152, § 24 provides:

> An employee shall be held to have waived his
> right of action at common law or under the law
> of any other jurisdiction in respect to an
> injury that is compensable under this chapter,
> to recover damages for personal injuries, if
> he shall not have given his employer, at the
> time of his contract of hire, written notice
> that he claimed such right . . . . If an
> employee has not given notice to his employer
> that he preserves his right of action at
> common law as provided by this section, the
> employee's spouse, children, parents . . .
> shall also be held to have waived any right
> created by statute, at common law, or under
> the law of any other jurisdiction against such
> employer, including, but not limited to claims
> for damages due to emotional distress, loss of
> consortium, parental guidance, companionship
> or the like, when such loss is a result of any
> injury to the employee that is compensable
> under this chapter.

caused the employee's death.[4]  Smith v. Atl. Richfield Co., 927 S.W.2d 85, 87 (Tex. App. Houston 1st Dist. 1996); Tex. Const. art. XVI, § 26 (Vernon 1993) (Every person, "corporation, or company, that may commit a homicide, through willful act, or omission, or gross neglect, shall be responsible, in exemplary damages, to the surviving husband, widow, heirs . . . ").  Thus, the laws of Massachusetts and Texas conflict.

The next question is whether this Court should apply Massachusetts or Texas law to plaintiff's claim of gross negligence.  In an action based on diversity jurisdiction, this Court must apply conflict of law rules of the forum state. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 85 L. Ed. 1477, 1480, 61 S. Ct. 1020, 1021 (1941); Putnam Res. v. Pateman, 958 F.2d 448, 464 (1st Cir. 1992).  Relying on the Restatement (Second) of Conflict of Laws, Massachusetts has adopted a "functional" approach.  Reicher, 360 F.3d at 5.  Courts "determine the choice-of-law question by assessing various choice-influencing considerations" including "the interests of the parties, the States involved, and the interstate system as a whole."  Bushkin Assoc., Inc. v. Raytheon Co., 393 Mass. 622,

---

[4] Tex. Lab. Code Ann. § 408.001(b) provides:

> This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.

631-32, 473 N.E.2d 662, 668 (1985).  In doing so, Massachusetts

courts apply the substantive law of the state which has the more

significant relationship to the transaction in litigation.

Hendricks & Assoc., Inc. v. Daewoo Corp., 923 F.2d 209, 213 (1st

Cir. 1991).  To determine the significance of a state's interest,

Massachusetts courts consider a variety of factors, including

those set forth in the Restatement (Second) of Conflict of Laws §

6 (1971).[5]  See Reicher, 360 F.3d at 5.

    The Restatement has two additional provisions which assist

in resolving this choice-of-law dispute.  First, § 146 provides:

> In an action for a personal injury, the local law of the
> state where the injury occurred determines the rights and
> liabilities of the parties, unless, with respect to the
> particular issue, some other state has a more significant
> relationship under the principles stated in § 6 to the
> occurrence and the parties, in which event the local law
> of the other state will be applied.

Restatement (Second) Conflict of Laws § 146 (1971); see also

---

[5] Restatement (Second) Conflict of Laws § 6 (1971) provides:

> [T]he factors relevant to the choice of the
> applicable rule of law include (a) the needs
> of the interstate and international systems,
> (b) the relevant policies of the forum, (c)
> the relevant policies of other interested
> states and the relative interests of those
> states in the determination of the particular
> issue, (d) the protection of justified
> expectations, (e) the basic policies
> underlying the particular field of law, (f)
> certainty, predictability and uniformity of
> result, and (g) ease in the determination and
> application of the law to be applied.

Bergin v. Dartmouth Pharm., Inc., 326 F. Supp. 2d 179, 183 (D. Mass. 2004) (holding that under Massachusetts law, "tort claims are governed by the law of the state where the alleged injury occurred, unless another state has a more significant relationship to the cause of action") (citation omitted); Pevoski v. Pevoski, 371 Mass. 358, 359, 358 N.E.2d 416, 417 (1976) (reaffirming the rule of lex loci delecti as "firmly established as the general tort conflicts rule," particularly where the issue involves "standards of conduct"). See, e.g., Spencer v. Kantrovitz, 2005 U.S. Dist. LEXIS 838 at *15 (D. Mass. Jan. 21, 2005) (holding that Massachusetts law applied to a New Hampshire plaintiff where the accident occurred in Massachusetts and benefits were paid to the plaintiff from a Massachusetts workers' compensation plan); King v. Williams Indus., Inc., 565 F. Supp. 321, 324 (D. Mass. 1983), aff'd, 724 F.2d 240 (1st Cir. 1984) (holding that Indiana law applied to a Massachusetts plaintiff, where that decedent was employed in Indiana, the alleged negligence and injury occurred in Indiana, and the decedent was insured under Indiana's workers' compensation act).

Second, § 184 provides:

> Recovery for tort or wrongful death will not be permitted in any state if the defendant is declared immune from such liability by the workers' compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which (a) the plaintiff has obtained an award for the injury, or (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where the employment is principally located, or (3)

8

where the employer supervised the employee's activities
from a place of business in the state, or (4) whose local
law governs the contract of employment under the rules of
§§ 187-188 and 196.

Restatement (Second) Conflict of Laws § 184 (1971).  The

rationale is that it "is thought unfair that a person who is

required to provide insurance against a risk under the workmen's

compensation statute of one state which gives him immunity from

liability for tort or wrongful death should not enjoy that

immunity in a suit brought in other states."  Id. at cmt. b.  One

significant factor in Massachusetts law in determining the

reasonable expectations of the parties is the state in which the

plaintiff collected workers' compensation benefits.  Saharceski

v. Marcure, 373 Mass. 304, 309-10, 366 N.E.2d 1245, 1248 (1977)

(finding that, when plaintiff was hired and lived in

Massachusetts and was barred by the Massachusetts workers'

compensation law from recovering in tort, plaintiff had no

reasonable basis to expect to recover against a co-worker under

Connecticut law, and defendant had no reasonable basis to expect

he would be liable); Frassa v. Caulfield, 22 Mass. App. Ct. 105,

108, 491 N.E.2d 657, 659 (1986).

In this case, the state of Massachusetts was the location of

Colgan's local base of operation (albeit not its headquarters),

the alleged wrongful conduct of maintenance and repair, the

aircraft crash, Dean's injuries and death, Dean's place of

employment, and the airport from which the aircraft departed on

the day of the accident.  Moreover, Dean's survivors are being

compensated through the workers' compensation system in Massachusetts. No other state has a more significant relationship to the parties and the tragic accident.

Plaintiff argues that Texas has a substantial interest in protecting her, because she, a widow, and her minor child, are both residents of Texas. To be sure, the state of the plaintiff's domicile does have "a strong interest" in ensuring that its citizens are adequately compensated for injuries suffered. La Plante v. Am. Honda Motor Co., 27 F.3d 731, 743 (1st Cir. 1994); Nierman v. Hyatt Corp., 441 Mass. 693, 697, 808 N.E.2d 290, 293 (2004) (holding that Massachusetts has a "general interest in having Massachusetts residents compensated for personal injuries suffered in another State"). It is also true that Colgan knew Dean resided in Texas.

However, here the request is for punitive damages. Many courts have held that the state of the injury and of the alleged wrongful conduct has a more significant relationship to the issue of punitive damages than does the state of plaintiff's domicile. See Freeman v. World Airways, Inc., 596 F. Supp. 841, 848 (D. Mass. 1984) (applying the law of Massachusetts, which was the place of the injury, plane crash, and negligent conduct to the issue of punitive damages); In re Air Crash Disaster at Washington, D.C. on January 13, 1982, 559 F. Supp. 333, 356 n.38 (D.D.C. 1983) (noting that "potentially interested jurisdictions in an action by a passenger for punitive damages against a

carrier include (1) the carrier's place of business, (2) the place where the plane was maintained, in a case where the injury resulted from a failure to inspect or repair the plane, and (3) the place of navigational error, in a case where the injury resulted from such error").

A domiciliary state's interest in the issue of punitive damages is generally regarded as weaker than its interest in compensatory damages.  See In re Air Crash Disaster Near Chicago, Illinois, 644 F.2d 594, 612-13 (7th Cir. 1981) ("[D]omiciliary states [do not] have an interest in imposing punitive damages on the defendants.  The legitimate interests of these states, after all, are limited to assuring that the plaintiffs are adequately compensated . . . ."); Freeman, 596 F. Supp. at 846.

Here, the state of Massachusetts has a strong interest in punishing companies for improper maintenance and repair of airplanes in its airports, as well as the protection of employers from excessive financial liability.  Those interests outweigh the interests of Texas in the determination of the availability of punitive damages.  The reasonable expectation of Colgan was that Massachusetts law would govern its conduct and risk.  Under § 6 of the Restatement, respect should be given to a policy decision of the state of the alleged misconduct as to when to permit punitive damages and when to deny them.

Because Massachusetts law bears the most significant relationship to the occurrence and parties, it governs

11

plaintiff's gross negligence claim against Colgan for punitive damages, and the Massachusetts workers' compensation statute bars recovery to plaintiff on this claim.  Accordingly, the Court allows Colgan's motion to dismiss Count V.

### **ORDER**

Colgan's motion to dismiss Count V, the gross negligence claim, is **ALLOWED**.

/s/ Patti B. Saris

_____
PATTI B. SARIS
United States District Judge

12