UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

|  |  |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries, <br>         Plaintiff, <br><br> v. <br><br> RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT HOLDINGS, INC. a Delaware Corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, <br>         Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries, <br>         Plaintiff, <br><br> v. <br><br> RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT HOLDINGS, INC. a Delaware Corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, <br>         Defendants. | DOCKET NO: 05cv10364 PBS |

## EMERGENCY MOTION OF DEFENDANTS RAYTHEON COMPANY, RAYTHEON AIRCRAFT HOLDINGS, INC., RAYTHEON AIRCRAFT COMPANY, AND RAYTHEON AIRCRAFT CREDIT CORPORATION FOR A PROTECTIVE ORDER

The defendants, Raytheon Company, Raytheon Aircraft Holdings, Inc., Raytheon

Aircraft Company, and Raytheon Aircraft Credit Corporation ("Raytheon" or "defendants"),

by and through their undersigned counsel, hereby move this Honorable Court to issue a protective order barring the plaintiffs from noticing, or seeking to take, any further depositions in this case and barring the plaintiffs' hundreds of interrogatories due to the number of interrogatories sought and the lateness in the filing of the same.  In support of this motion, Raytheon states as follows:

## STATEMENT OF FACTS

1.     On August 26, 2003, aircraft N240CJ, model 1900D manufactured by Raytheon Aircraft Corporation ("RAC") and operated by Colgan Air, Inc. crashed into the ocean approximately two minutes after takeoff from Barnstable Municipal Airport, Hyannis, Massachusetts.  Both pilots on board, Captain Scott A. Knabe and co-pilot Steven Thomas Dean, were killed instantly upon impact.  The estates of both pilots have sued Raytheon in separate actions.

2.     These claims were consolidated by this Court's order on September 29, 2005, with civil action number 05-10364-PBS (the Weiler [administratrix of the estate of Steven Dean] case).  All pleadings in this case are now filed in 05-10155-PBS (the "Dean" case).  Order of Consolidation attached as  **Exhibit 1**.

3.     On September 28, 2005, this Court issued its Scheduling Order (document 26).  Scheduling Order attached as **Exhibit 2**.

4.     The Court's Scheduling Order provided for a fact discovery deadline of January 30, 2006.  **Exhibit 2**.

## DEPOSITION DISCOVERY

5.     By letter on January 6, 2006, the plaintiffs advised Raytheon of their intent to "depose each current or former Raytheon employee listed on [its] Rule 26 disclosures or

982733v1

disclosed in [Raytheon's] pre-trial filings in the Alexandria, Virginia court." Letter from Attorney Mary Schiavo dated January 6, 2006, attached as **Exhibit 3**.

6.     23 potential Raytheon witnesses were listed in the Virginia case. Virginia case witness list, attached as Defendant Raytheon Aircraft Company's Witness List. **Exhibit 4**.

7.     The plaintiffs also seek the depositions of 7 additional Raytheon employees not listed in **Exhibit 4**. Plaintiffs' Notice of Videotape Depositions attached as **Exhibit 5**.

8.     The plaintiffs also seek to depose former Raytheon employee Mr. Donovan Havnen.

9.     Further, the plaintiffs seek to take twelve 30(b)(6) depositions of Raytheon. Plaintiffs' Notice of Rule 30(b)(6) Videotape Depositions attached as **Exhibit 6**.

10.     In all, and with only eleven days notice, the plaintiffs now seek to take more than 43 further depositions to occur between January 17-19, 2006, of current and former Raytheon employees.

11.     Not until January 6, 2006, and not once since the Court promulgated its Scheduling Order of September 28, 2005, have the plaintiffs noticed a single deposition in this consolidated action.

12.     At the Court's insistence during its initial scheduling conference on July 27, 2005, the plaintiffs' counsel in this case was ordered by this Court move the Virginia court for access and to attend the Virginia case's depositions.

13.     While the plaintiffs counsel never filed a motion with the Virginia court for access as ordered by this Court, the plaintiffs' counsel cross-examined <u>all</u> of Raytheon's Rule 26 designated witnesses in the Virginia case.

14.     Fed. R. Civ. P. 30(d)(2) limits a deposition to <u>one seven-hour day</u>; many of the Raytheon deponents now sought by the plaintiffs have already been deposed and were made available to the plaintiffs' counsel for cross-examination.

15.     Fed. R. Civ. P. 30(2) and 30(2)(B) provide that, without a written stipulation of the parties, a party must obtain leave of court before it can seek to depose a party more than once.  The plaintiffs have not so moved this Court.

16.     The plaintiffs in this case have not sought leave of this Court to take more than 10 depositions as required by Fed. R. Civ. P. 30(a)(2)(A). Yet, by the plaintiffs' counsel's own pleadings, they now are seeking to take at least 43 depositions of Raytheon current or former employees.

17.     Worse, the plaintiffs are now seeking to depose Raytheon witnesses who have already been deposed in the Virginia case where the plaintiffs' counsel was free to cross-examine.

18.     The plaintiffs are expected to argue that further depositions are necessary because of "newly discovered" evidence. <u>See</u>  **Exhibit 3**, p. 2.

19.     The plaintiffs are expected to argue that the Raytheon Maintenance Manual corrections regarding the aircraft's <u>rudder</u> reveal facts that warrant further deposition testimony.  <u>See</u> Raytheon Safety Communique, November, 2005, attached as **<u>Exhibit 7</u>**

20.    Inquiry regarding the Raytheon Maintenance Manual for the 1900D's rudder, drafted a full fifteen months after this accident, cannot reasonably be calculated to lead to the discovery of admissible evidence.

21.    This case has nothing to do with the Beech 1900D rudder; therefore, the plaintiffs' inquiries in this regard, and the discovery sought, are entirely beyond the scope and limits of Fed. R. Civ. P. 26(b)(1).

22.    The Maintenance Manual corrections  about which the plaintiffs would seek to inquire (regarding a rudder issue, not an elevator concern), relate to a manual promulgated on <u>November 30, 2004</u>, a full fifteen months  <u>after</u> the manual that is at issue in this case was published.  **Exhibit 7** references the 1900D manual and the A35 revision of that Raytheon Maintenance Manual.  Attached as **Exhibit 8** are the lead pages of that manual establishing its promulgation on November 30, 2004.

23.    Therefore, all of the additional deposition discovery sought by the plaintiffs is entirely beyond the scope and limits of Rule 26, seeks depositions of Raytheon employees who have already been deposed and seeks depositions far in excess than that allowed by the Rules.  Fed. R. Civ. P. 30(a)(2)(A).

## INTERROGATORIES

24.    Moreover, on January 6, 2006, the plaintiffs served Raytheon with its first set of interrogatories, over four months after the Court promulgated the current Scheduling Order.  Plaintiffs' First Set of Interrogatories to Raytheon attached as **Exhibit 9**.

25.    This Court has ordered fact discovery to be <u>completed</u> by January 30, 2006.

26.    Raytheon is entitled 30 days within which to answer interrogatories.  Fed. R. Civ. P. 33(b)(3).

27.    By waiting until the eleventh hour to file their interrogatories, the plaintiffs have effectively extended fact discovery past the fact discovery deadline ordered by this Court and will, necessarily, interfere with other scheduling deadlines.

28.    The plaintiffs had four months to craft their interrogatories, but instead waited until three weeks before the discovery deadline to file their interrogatories, thus denying Raytheon ample time to respond under the Rules.

29.    Worse, the plaintiffs' "two" interrogatories are, in fact, comprised of hundreds of subparts.

30.    Interrogatory No. 1 is comprised of no fewer than three subparts (identification information, substance of knowledge and listing of documents) as applied to 91 different people or the equivalent of 273 interrogatories.

31.    Interrogatory No. 2 asks no fewer than 7 questions for a total of 280 interrogatories.

32.    The Rules provide that the plaintiffs are not entitled to more than 25 questions (including subparts) without leave of court.  Fed. R. Civ. P. 33(a)

33.    The plaintiffs have never sought leave of this Court to proffer more than 25 interrogatories.

34.    Even if they had asked only 25 interrogatories they would have been late in submitting their interrogatories as their submission does not allow, prior to the close of fact discovery, the requisite 30 days for reply prior to the close of discovery.

35.    The plaintiffs have had four months to perform two relatively simple discovery tasks: notice and take fact depositions (all or most of which have already been taken once) and proffer their interrogatories to Raytheon in a timely fashion.

6

36.    The plaintiffs have failed to do either and now seek to place an extraordinary burden on Raytheon by attempting to force Raytheon to give more than 43 depositions and respond to more than 280 separate interrogatories all within less than three weeks.

37.    The discovery which the plaintiffs seek regards an aircraft part that is not at issue in this case (the aircraft's rudder rather than the aircraft's elevator trim system), aircraft maintenance manual instructions that were created for an aircraft part that is not at issue in this case and instructions that were promulgated fifteen months after the subject aircraft had crashed.

## ARGUMENT

Fed. R. Civ. P. 26(c) provides that "for good cause shown" the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the disclosure or discovery not be had… ." (emphasis added). See United States ex rel. Franklin v. Parke-Davis, 210 F.R.D. 257 (2002) (J. Saris cited to Poliquin v. Garden Way, Inc., 989 F.2d 527, 535 (1st Cir. 1993) ("judges have found in many cases that effective discovery, with a minimum of disputes, is achieved by affording relatively generous protection to discovery material.")).

In this case, the plaintiffs seek to take at least 43 depositions of past or present Raytheon employees in the span of three days (January 17-19, 2006). The plaintiffs are seeking responses to at least 280 separate interrogatories to be answered in the next three weeks. Just as onerous as the scope of the plaintiffs' proposed discovery schedule is the fact that the plaintiffs, who have had since September 28, 2005 to conduct their fact discovery, have waited until three weeks before the close of discovery to initiate their discovery efforts.

Their discovery requests far exceed that allowed by the Rules, an iniquitous discovery flaw that is compounded by the extraordinary tardiness of their discovery efforts.

Moreover, the overly broad discovery the plaintiffs now seek has (1) either already been taken in the Virginia case (or the opportunity for the plaintiffs to cross-examine was available to the plaintiffs) or (2) it is discovery that, even if Rule 26 is liberally read, cannot reasonably be calculated to lead to the discovery of admissible evidence given that the plaintiffs' queries seek information regarding the Raytheon 1900D <u>rudder</u> trim system in a Raytheon manual that was published more than fifteen months <u>after</u> the accident in this case. Fed. R. Civ. P. 26(b)(1) ("parties may obtain discovery regarding any matter, not privileged, that is <u>relevant to the claim</u>…Relevant information need not be admissible at trial if the discovery appears reasonably calculated too lead the discovery of admissible evidence.") (emphasis added).

The plaintiffs' discovery at this point (notwithstanding its lateness and volume far beyond that allowed by the Rules) can only be categorized as oppressive, annoying, overly broad and expensive, with no possibility of any of it being admissible in this Court.

The plaintiffs attended the Raytheon depositions in Virginia, and plaintiffs' counsel are well-known and experienced attorneys with a full understanding of aviation litigation and this case.  For plaintiffs' counsel to delay its discovery to the very end of that allowed by this Court must not be condoned or viewed as anything other than an unfair discovery tactic.

## CONCLUSION

For the reasons stated above, the defendants, Raytheon Company, Raytheon Aircraft Holdings, Inc., Raytheon Aircraft Company, and Raytheon Aircraft Credit Corporation, respectfully request that this Court issue a protective order (1) barring the plaintiffs from noticing, or seeking to take, any further depositions in this case, and (2) barring the plaintiffs' interrogatories as too many, too late.

Raytheon Defendants,
RAYTHEON COMPANY, RAYTHEON
AIRCRAFT HOLDINGS, INC., RAYTHEON
AIRCRAFT COMPANY, and RAYTHEON
AIRCRAFT CREDIT CORPORATION
By Counsel,

/s/ Gary W. Harvey

_____
Peter C. Knight, BBO # 276000
Gary W. Harvey, BBO # 547993
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

and

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
    & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone:  (316) 265-9311

982733v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 13, 2006, a true copy of the above document was

served upon each counsel of record electronically through filing with the ECF system.

Mary Schiavo, Esquire
Motley Rice LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC  29465


Robert McConnell, Esquire
Motley Rice LLC
321 South Main Street
P.O. Box 6067
Providence, RI  02903

/s/ Gary W. Harvey
_____

982733v1

# EXHIBIT "1"

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Civil Action
No: 05-10364-PBS

Lisa Weiler
Plaintiff

v.

Raytheon Company, et al
Defendant,

## ORDER OF CONSOLIDATION

SARIS, D.J.

This Court hereby ORDERS that the above-entitled action be consolidated with civil action number 05-CV-10155-PBS which has been designated the lead case. All future pleadings are to be filed in case number 05-CV-10155-PBS.

By the Court,

/s/ Robert C. Alba
Deputy Clerk

September 29, 2005

To: All Counsel

# EXHIBIT "2"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Lisa Weiler
Plaintiff,

   V.          Civil Action Number
                05-10364-PBS

Raytheon Company, et al
Defendant.           September 28, 2005

## SCHEDULING ORDER

Saris, D.J.,

Fact Discovery deadline: 1/30/06

Plaintiff's expert designation deadline: 2/20/06

Defendant's expert designation deadline: 3/30/06

Expert discovery deadline: 5/30/06

Summary Judgment Motion filing deadline: 6/30/06

Opposition to Summary Judgment Motions: 7/15/06

Hearing on Summary Judgment or Pretrial Conference: 8/9/06 at 2:00 p.m.

Final Pretrial Conference: 9/6/05 at 2:00 p.m.

Jury Trial: 9/18/05 at 9:00 a.m.

Case to be referred to Mediation program: early Winter, 2005

          By the Court,

          /s/ Robert C. Alba
          Deputy Clerk

# EXHIBIT "3"



**Mary F. Schiavo**
**Licensed in MO, DC, MD**
DIRECT DIAL 843.216.9138
DIRECT FAX 843.216.9440
MSchiavo@motleyrice.com

January 6, 2006

Michael Jones
**Martin, Pringle, Oliver**
**Wallace & Bauer L.L.P.**
100 North Broadway, Suite 500
Wichita, KS 67202

     Re: Civil Action 05-10155-PBS

Dear Mr. Jones,

     Thank you for your email relative to depositions. I believe you wanted the estate representatives who are Yisel Dean and Lisa Weiler. I asked each to check their calendars.

     As concerns our additional depositions, there are quite a few, although I anticipate each to be brief. They are necessitated by the fact that I recently received from the Alexandria court additional information disclosed relative to this crash which was not included on the Rule 26 disclosures nor in previous depositions nor productions. Also, we have found on the web announcement that Raytheon has recently discovered more errors in its manuals. Therefore, I will need to depose each current or former Raytheon employee listed on your Rule 26 disclosures or disclosed in your pre-trial filings in the Alexandria, Virginia court.

     Further, in perusing filings obtained from your Virginia proceeding, and reviewing the information and role of Mr. Donovan Havnen, I request his deposition as well, despite the fact he is not listed on the Rule 26 disclosure in this case nor your witness list in the Virginia case. He clearly has knowledge and evidence relative to this case. As a person with knowledge he cannot be prohibited from testifying. I assume the protective order was due to the communications with/by/to/from Colgan counsel, not me. Please make sure the protective order you obtained in a Kansas court relative to the Colgan v. Raytheon case is lifted or limited to the Virginia case before his deposition and so advise Mr. Havnen.

www.motleyrice.com

Motley Rice LLC
Attorneys at Law

MT. PLEASANT
28 BRIDGESIDE BLVD.
P.O. BOX 1792
MT. PLEASANT, SC 29465
843-216-9000
843-216-9450 FAX

BARNWELL
1750 JACKSON ST.
P.O. BOX 365
BARNWELL, SC 29812
803-224-8800
803-259-7048 FAX

PROVIDENCE
321 SOUTH MAIN ST.
P.O. BOX 6067
PROVIDENCE, RI 02940
401-457-7700
401-457-7708 FAX

HARTFORD
ONE CORPORATE CENTER
20 CHURCH ST. 17TH FLOOR
HARTFORD, CT 06103
860-882-1681
860-882-1682 FAX

Michael Jones
January 6, 2006
Page 2

In the event it is your position he is not a person which you can produce, I have attached a subpoena which I will serve if necessary.

Either way, the gag order is inappropriate in our case and must be lifted or modified prior to his deposition. If you are not willing to do so, please advise before I travel to Wichita for the depositions so I may file the appropriate motion with Judge Saris, compelling his testimony.

As pertains to the persons with knowledge revealed in filings in the Virginia court but not on your Rule 26 disclosures, I have enclosed interrogatories relative to their knowledge and any other persons who may subsequently discovered or revealed.

I have also noted that the illustration at issue herein (figure 201) was used in other places in the manual, and also that many recent manuals correction have been issued. A sampling of a few such corrections issued in October, November, and December 2005, are attached. These additional instances were not revealed or perhaps not discovered at the previous depositions. Therefore interrogatories related to these drawings and errors are being prepared and I will need to re-take the depositions of the following persons relative to these previously undisclosed uses of the illustration and the newly discovered manual errors.

1. Willard Crowe

2. Ronald Jaerger

3. Mike Jolicoeur

4. Tom Peay

5. Michael Scheidt

6. Robert Pedroja

7. Kimberly Ernzen

I anticipate each supplemental deposition to be very short and not repetitive of prior examinations. I would like to conduct these depositions on January 17-19, in Wichita. I have also included a 30(b)(6) notice relative to the newly discovered information and financial condition and management of the companies.

Michael Jones
January 6, 2006
Page 3

Finally, given the recent revelations, a demand for the policy seems to be appropriate and timely. Enclosed please find the same.

To assist in the evaluation, and as stated in the interrogatory answers, enclosed please find the Dean demand book. For purposes only of the policy demand and not for any subsequent settlement demands or discussions should the policy demand be rejected by your carrier, please be advised the combined demand is for the total of the $10 million policy, as opposed to the $11,750,000.00 each we demanded in the books.

I proposed dates for the depositions in Wichita because the rules so require, but of course they are flexible. I will work with you to find mutually convenient dates. Other than January 9-10, January 20, and January 27-28, I am available for depositions for the entire month. Lisa Weiler is available on January 23-26, or January 30-31 in Cincinnati, Ohio and Yisel Dean is available on the same dates in Euless, Texas.

Thank you for your cooperation in this matter. I look forward to seeing you soon.

Sincerely,

Mary Schiavo

MS/ll
Enclosures

Cc: Peter Knight

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF _____ KANSAS

Yisel Dean, et al., V. RAYTHEON COMPANY, et al.,

V.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  05 CV 10155 (PBS) USDC MA

TO:  Donovan K. Havnen
     615 N. Westchester Dr.
     Andover, KS 67002-9317

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Kelley, York & Assoc.,  200 North Broadway, Suite 220, Wichita, Kansas 67202 | DATE AND TIME   1/17/2006 9:00 am |
|---|---|

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE   1/6/06 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER   Mary Schiavo, 28 Bridgeside Blvd., P.O. Box 1792, Mt. Pleasant, SC 29465 |  |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                     DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.



From the editors of *Aviation International News*

---

*This issue sponsored by <u>Rockwell Collins</u> and <u>AvFuel</u>.*
December 20, 2005

## Wing Separated before Mallard Crashed

The NTSB has begun recovering the wreckage of the Chalk's Ocean Airways Turbo Mallard that crashed off the coast of Miami yesterday afternoon, killing all 18 passengers and two crewmembers. The 1947 Grumman G-73T had taken off from the airline's Watson Island seaplane base shortly before 2:40 p.m. for a flight to Bimini in the Bahamas, when only seconds later it broke apart in an inferno and fell into Government Cut. Amateur video appeared to show the right wing breaking away from the fuselage. Recovery crews have now turned their attention to finding the airplane's cockpit voice recorder while investigators pore over maintenance logs and operations records. The crash ended Chalk's 86-year record of no fatal accidents involving passengers, although two Chalk's pilots died when their Mallard crashed during takeoff near Key West, Fla., on March 18, 1994. The NTSB determined the cause of that accident to be an excessive aft c.g. because the crew failed to ensure that the aircraft's bilges were pumped free of water.

## Raytheon Issues 1900D Maintenance Alerts

Raytheon issued a new safety communiqué to advise Beech 1900 operators of another misleading illustration in the type's maintenance manuals. The notice represents the latest in a series of manual revisions prompted by the crash of two Beech 1900D airliners that killed 23 people in 2003. The communiqué, mailed to operators on December 5, warns that an illustration incorrectly depicts the position of the trim cable terminal ends during an installation of a forward rudder-trim cable. After installing the cable, a 1900C operator found the rudder tab to move in the direction opposite that commanded by the rudder-trim cockpit control. After investigating the incident, Raytheon found that the 1900D manual contained the same discrepancy. The company recommends that all 1900 operators who have installed a forward rudder-trim cable since November 2004 perform a rudder-trim operational check.

## EASA Certifies Ae270 Turboprop

On December 15, the European Aviation Safety Agency awarded the type certificate for the Ibis Aerospace Ae270 turboprop single to Aero Vodochody, the Czech partner in the joint venture with Taiwan's Aerospace Industries Development. FAA approval is expected shortly. Ibis said its expects to receive additional financing next year that will fund development to the production phase. However, the current version of the aircraft has not met its performance targets and the manufacturer now intends to develop an improved Ae270 that will go into production. The Ae270B will have a larger, lighter wing that will be longer and deeper than the existing design. Repositioned flaps and ailerons will provide greater range and improve stall characteristics. The Ae270B is not expected to receive certification until mid-2007 at the earliest.

## Dassault and Honeywell Settle Lawsuit

Dassault Aviation has reached a settlement with Honeywell over a $60 million lawsuit filed against the avionics manufacturer by the French business jet builder in October. The complaint stemmed from software integration delays with Honeywell's Primus Epic avionics platform, the baseline system behind the EASy cockpits in the Falcon 900EX and 2000EX, as well as several in-development Falcons. In its lawsuit, Dassault claimed that the setbacks postponed certification of the two models and damaged its reputation for delivering airplanes on time. Terms of the settlement were not disclosed. In a statement, Honeywell said it reached a "mutually satisfactory

Raytheon Aircraft Company

Technical Publications—Recently Mailed Publications

| Part Number | Mail Description | Revision Date | Mail Date |
|---|---|---|---|
| MC 73 | 1900 Series Model Communique | Nov 23, 2005 | 12/5/2005 |
| 114-590021-9B16 | 1900 SERIES STRUCTURAL REPAIR MANUAL REV | 31 OCT 2005 | 11/17/2005 |
| 114-590021-9B TR 55-2 | 1900 SRM TR | 16 SEPT 2005 | 9/23/2005 |
| 114-590021-7B20 | 1900/1900C MAINTENANCE MANUAL REV | 31 OCT 2005 | 11/16/2005 |
| 114-590021-7B TR 27-14 | 1900/1900C MAINTENANCE MANUAL TEMP REV | NOV 2005 | 11/14/2005 |
| 114-590021-7B TR 27-13 | 1900/1900C MAINTENANCE MANUAL TEMP REV | 23 SEPT 2005 | 9/23/2005 |
| 114-590021-7B TR 5-10 | 1900/1900C MAINTENANCE MANUAL TEMP REV | 23 SEPT 2005 | 9/23/2005 |
| REPS-1900/C REV 20A | 1900/1900C REPS MAINTENANCE LIBRARY | SEPT 2005 | 9/30/2005 |
| REPS-1900/C REV 21 | 1900/1900C REPS MAINTENANCE LIBRARY | NOV 2005 | 11/14/2005 |
| 114-590021-5F3 | 1900/C ILLUSTRATED PARTS CATALOG REVISION | 31 OCT 2005 | 11/16/2005 |
| 114-590021-59D3 | 1900C ILLUSTRATED PARTS CATALOG REVISION | 31 OCT 2005 | 11/16/2005 |
| 129-590000-3E14 | 1900D FLIGHT MANUAL REVISION | SEPT 2005 | 10/19/2005 |
| 129-590000-11D3 | 1900D ILLUSTRATED PARTS CATALOG REVISION | 31 OCT 2005 | 11/17/2005 |
| 129-590000-15A39 | 1900D MAINTENANCE MANUAL REV | 31 OCT 2005 | 11/16/2005 |
| 129-590000-15 TR 27-19 | 1900D MAINTENANCE MANUAL TEMP REVISION | NOV 2005 | 11/14/2005 |
| 129-590000-15 TR 27-18 | 1900D MAINTENANCE MANUAL TEMP REVISION | 16 SEPT 2005 | 9/23/2005 |
| 129-590000-15 TR 5-18 | 1900D MM TR | 16 SEPT 2005 | 9/23/2005 |
| REPS-1900D REV 22A | 1900D REPS MAINTENANCE LIBRARY | SEPT 2005 | 9/30/2005 |

# EXHIBIT "4"

THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| COLGAN AIR, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| RAYTHEON AIRCRAFT COMPANY, | ) | CIVIL ACTION NO. 1:05 cv 213 |
| | ) | |
| Defendant. | ) | |

## DEFENDANT RAYTHEON AIRCRAFT COMPANY'S WITNESS LIST

Defendant, by counsel, pursuant to the Court's scheduling order, identifies the

following witnesses who may offer testimony on its behalf at the trial of this action:

**Experts:**

Law, Dwight Dean

Nelson, Richard, J.

**WILL CALL:**

Crowe, Willard

Davis, Casey

Elsenrath, Jenny

Green, Tim

Kriegler, Pete

Lusch, A.J.

Jolicouer, Mike

McCarthy, Matt

Peay, Tom

Ramey, Robert

Scheidt, Mike

Thompson, Dean M.

## **Colgan Employees/Agents**

Barrett, John E.

Barth, Patti

Battaglia, Dominick Jr.

Callender, Matt

Colgan, Michael

Cunningham, Marcus (AJ report)

Desmond, James

Elkins, Thomas (AJ report)

Scott Gebauer

Gonzalez, Kevin

Ham, James (AJ report)

Lemos, Dennis

Kinan, Daniel Robert

Moorehead, Robert

Ratliff, Larry

Rodriguez, Miguel

Sarluca, Perry

Shutrump, Gerry

Servis, Scott

Vallejo, Thomas Jeffery
Vance, David

Vilchez, Ed (AJ report)

## MAY CALL:

Armstrong, P (Director of Recreation town of Yarmouth - witnessed plane taking off)
        RAC 00224

Berger, Jackie

Berquist, Chris

Berthe, Thomas (Pratt & Whitney Canada)

Bischoff, Tim (saw accident) RAC 000227

Brazy, Douglass P. (NTSB) RAC 000374

Bramble, William PH.D. (NTSB)

Bunker, Richard (MA Aeronautics Commission)

Burris, Brian

Busto, Robert (FAA)

Carbone, Stephen (NTSB)

Clark, John (NTSB)

Crider, Dennis (NTSB) RAC 000234-252

Demko, Stephen

Dieker, Tim

Door, Les (FAA)

Earleywine, Jerry

Ernzen, Kim

Falvey, John D. (RAC 000222) was fishing when plane took off

Goglia, John (NTSB)

Gretz, Robert J., (NTSB)

Grossi, Dennis (NTSB) Flight Data Recorder Study RAC 000253-

Grota, Stephen (FAA)

Hartman, Bob

Hogan, Bob

Houghton, Rob

Jackson, Conrad

Jaerger, Ron

James, Tony (FAA)

James, Floyd, A. (FAA)

Jenkins, Karen

Johanssen, Lou

Joshi, Deepak (NTSB)

Kittredge, Jim (heard airplane didn't sound normal) RAC 000228

Koch, Regan

Matthews, Andrew

Mahoney, Gary

Magladry, Stephen H. (NTSB)

Moore, Bryan interviewed by Gretz heard fightcrew report a runaway trim. (RAC 000226)

Nunn, LaDonn James (CA)

Peck, Richard I., Inspector FAA (RAC 000276)

Pedroja, Bob

Riddle, Charles D. (RAC 000667)

Robinson, Larry

Rhodes, Lee

Rooney, Paul, Lt (Yarmouth Police Department)

Rosenberg, David

Spade, Kate (RAC)

Staab, Jerry

Tigue, John (RAC)

Schulze, Dana (NTSB)

Thummel, Mike

Tuha

Van Kirk, Emory

West, Eric (FAA)

Records Custodian for Colgan Air

Any witness as permitted for rebuttal purposes

Any fact or expert witness identified by Colgan Air

Defendant reserves the right to call any witness listed by the plaintiff, not objected to by defendant.

Raytheon Aircraft Company
By Counsel

Robert T. Hall, Esquire VSB # 4826
Holly Parkhurst Essing, Esquire VSB # 17538
HALL, SICKELS, FREI & KATTENBURG, PC
12120 Sunset Hills Road, Suite 150
Reston, VA 20190-3231
Phone: 703-925-0500
Fax:    703-925-0501

and

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
    & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone:  (316) 265-9311
Fax:    (316) 265-2955

### Certificate of Service

I hereby certify that a true and correct copy of the forgoing document was served
on August 18, 2005, as follows:

| | | |
|---|---|---|
| Morgan W. Campbell, Esquire | [ ] | First class U.S. mail postage prepaid |
| Mark A. Dombroff, Esquire | [ ] | Facsimile |
| Thomas B. Almy, Esquire | [X] | Hand-delivery |
| 1676 International Drive, Penthouse | [X] | Email |
| McLean, VA 22101 | | |

Holly Parkhurst Essing

# EXHIBIT "5"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CONSOLIDATED UNDER**
**CASE NO. 05-10155 PBS**

| | | |
|---|---|---|
| YISEL DEAN, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| RAYTHEON COMPANY, et al., | ) | Case No.: 05 CV 10155 PBS |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| LISA A. WEILER, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| RAYTHEON COMPANY, et al., | ) | Case No.: 05 CV 10364 PBS |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' NOTICE OF VIDEOTAPE DEPOSITIONS

You are hereby notified that pursuant to Fed. R. Civ. P., Rule 30, Plaintiffs, by and through their undersigned counsel, will take depositions on January 17, 2006, and continuing day to day until completed, commencing at 9:00am in Wichita, Kansas. The depositions are for the purpose of discovery or for use as evidence, or both, before an officer authorized to administer oaths. These depositions shall be recorded by stenographic and videographic means. If for any reason the taking of said testimony be not commenced, or if commenced, not completed, the taking of the same shall be continued at the same place from day-to-day and time-to-time, until completed. The location shall be the offices of the court reporting service, Kelley, York &

1

Associates, 200 North Broadway, Suite 220, Wichita, Kansas 67202 unless other mutually convenient locations are agreed to by counsel.

It is requested that all deponents bring with them any and all documents which involve the airplane and its maintenance, which are responsive to, but have not already been produced to plaintiffs herein.

**<u>Depositions of persons previously deposed, concerning newly revealed or newly discovered information:</u>**

1. Willard Crowe

2. Ronald Jaerger

3. Mike Jolicouer

4. Tom Peay

5. Michael Scheidt

6. Robert Pedroja

7. Kimberly Ernzen

**<u>Other Depositions:</u>**

1. Donovan Havnen

2. All Raytheon employees or former employees listed on your witness list, attached.

January 6, 2006

Respectfully Submitted,

Robert McConnell, Esq.
(BBO No. 550625)
Mary Schiavo, Esq.
Motley Rice LLC
321 South Main St.
P.O. Box 6067
Providence, RI
(401) 457-7700

2

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, a true and correct copy of the above and

foregoing PLAINTIFFS' NOTICE OF VIDEOTAPE DEPOSITIONS was served by e-mail and

U.S. Mail, postage prepaid on January 6, 2006 to the following attorneys of record.

Michael G. Jones
MARTIN, PRINGLE, OLIVER, WALLACE
 & BAUER, L.L.P.
100 North Broadway
Wichita, KS 67202

Peter Knight
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

Nicole A. Archambault
Legal Assistant

3

# EXHIBIT "6"

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CONSOLIDATED UNDER
### CASE NO. 05-10155 PBS

| | | |
|---|---|---|
| YISEL DEAN, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| RAYTHEON COMPANY, et al., | ) | Case No.: 05 CV 10155 PBS |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| LISA A. WEILER, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| RAYTHEON COMPANY, et al., | ) | Case No.: 05 CV 10364 PBS |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS NOTICE OF RULE 30(b)(6) VIDEOTAPE DEPOSITIONS

Please be advised that counsel for Plaintiffs pursuant to Rule 30(b)(6), will take the depositions of the persons most knowledgeable as designated by the Raytheon defendants herein which are all public or private corporations on January 17, 2006, and continuing day to day until completed, commencing at 9:00am at Kelley, York & Associates., 200 North Broadway, Suite 220, Wichita, Kansas 67202. These depositions shall be recorded by stenographic and videographic means. If for any reason the taking of said testimony be not commenced, or if commenced, not completed, the taking of the same shall continue at the same place from day-to-

1

day and time-to-time, until completed.  The location shall be the offices of Kelley, York &
Associates unless other mutually convenient locations are agreed to by counsel.

Said persons shall be named by defendants who shall designate one or more officers,
directors or managing agents to be examined or other persons on the following subjects:

1.  The functions and responsibilities, and relationship among and between the Raytheon
Company, Raytheon Aircraft Holdings, Inc., Raytheon Aircraft Company, Raytheon Aircraft
Credit Corporation, and Raytheon Airline Aviation Services.

2.  The role each Raytheon corporate entity identified in Raytheon exhibits RAC000892-
000896, and RAC0001196-0001200, copies attached, played in the design, development,
certification, production, sales, leasing, reacquisition, production cessations, parts, support,
manuals, updates, revisions, errors and corrections, investigations, quality control, or any other
Raytheon action related to the Beech 1900.

3.  The role of any predecessor or successor corporations to any Raytheon entity identified
on exhibits RAC000892-000896 and 0001196-0001200, copy attached.

4.  Any workout and liquidation or planning, discussion, implementation or lack thereof,
budgeting, personnel, goals, and any other such information concerning a workout and
liquidation by any Raytheon entity of the Beech 1900.

5.  The creation of a "world class" support organization in or about 2003.

6.  Corporate policy and budget for Beech 1900 support.

7.  The sale, leasing, or other disposal plans for any Beech 1900 aircraft still in possession of
any Raytheon entity.

8.  The discoveries in 2005 of additional errors in the 1900D maintenance manual, including
but not limited to as described in the attachments.

9. The 1995 Beech 1900D accident/incident in which the trim cable failed and the plane did an uncommanded nose down and the National Transportation Safety Board (NTSB) found the manufacturer incorrectly routed the elevator trim cable on N118UY.

10. Any other trim or control related accidents or incidents concerning, including but not limited to cables, drums, guides, indicators, tabs, wheel, or any other parts of the control system.

11. All maintenance manual errors and how the October, November, and December 2005 errors came to be known.

12. The financial net worth, assets, profit and loss accountings, annual reports, audited financial statements, officers and directors compensation, for all Raytheon entities identifies as having any function, responsibilities, financial interest or oversight or other role with regard to the Beech 1900, as set forth in number 1 and 2 above.

January 6, 2006                                  Respectfully Submitted,

Robert McConnell, Esq.
(BBO No. 550625)
Mary Schiavo, Esq.
Motley Rice LLC
321 South Main St.
P.O. Box 6067
Providence, RI
(401) 457-7700

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, a true and correct copy of the above and foregoing PLAINTIFFS NOTICE OF RULE 30(b)(6) VIDEOTAPE DEPOSITIONS was served by e-mail and U.S. Mail, postage prepaid on January 6, 2006 to the following attorneys of record.

Michael G. Jones
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, L.L.P.
100 North Broadway
Wichita, KS 67202

Peter Knight
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

Nicole A. Archambault
Legal Assistant

4

# EXHIBIT "7"

**Raytheon** Aircraft

# Safety Communique

**November, 2005**

**TO:**     ALL BEECH 1900 AIRLINER SERIES OPERATORS, CHIEF PILOTS, DIRECTORS OF OPERATIONS, DIRECTORS OF MAINTENANCE, AND ALL RAYTHEON AIRCRAFT AUTHORIZED SERVICE CENTERS, AND INTERNATIONAL DISTRIBUTORS AND DEALERS.

**MODELS:**   RAYTHEON AIRCRAFT BEECH MODEL 1900, 1900C, 1900C (C-12J) AND 1900D ALL SERIALS

**SUBJECT:**   RUDDER TRIM TAB FORWARD CABLE INSTALLATION

Raytheon Aircraft Company (RAC) has received a report from an operator that the illustration (reference Chapter 27-20-05, Page 10, Figure 3) in the 1900/1900C Maintenance Manual is not consistent with other figures and text in the same subchapter. The operator reported that during the RUDDER TRIM OPERATIONAL CHECK following installation of the rudder trim forward cable, the rudder tab was found to move opposite the direction commanded by the rudder trim cockpit control.

Upon investigation RAC has found that the illustration in the 1900D Maintenance Manual (Chapter 27-20-05, Page 210, Figure 203) had a similar discrepancy as well. Both illustrations depicted the trim cable terminal ends referenced incorrectly. These illustrations were depicted incorrectly beginning with the B17 revision of the 1900/1900C Maintenance Manual and the A35 revision of the 1900D Maintenance Manual.

If you have installed a forward rudder trim cable since November 2004 RAC recommends that you perform a RUDDER TRIM OPERATIONAL CHECK on the aircraft.

Temporary Revisions TR-27-14 for the 1900/1900C and TR 27-19 for the 1900D are being issued to correct the illustrations. The B20 revision of the 1900/1900C Maintenance Manual and the A39 revision of the 1900D Maintenance Manual were in publication development when the operator report was received; therefore, TR 27-14 and TR 27-19 are effective for those revisions.

If you have questions regarding this communiqué or the temporary revisions you may contact Airline Technical Support at 1-800-492-5372, option 5, or 316-676-3140, option 5 or e-mail the following addresses:

tom_peay@rac.ray.com
tim_green@rac.ray.com
lee_rhodes@rac.ray.com

---

**Safety Communiqué No. 266**                                    **1 of 1**

The export of these commodities, technology or software are subject to the US Export Administration Regulations. Diversion contrary to U.S. law is prohibited. For guidance on export control requirements, contact the Commerce Department's Bureau of Export Administration at 202-482-4811 or at www.bxa.doc.gov.



Member of GAMA
General Aviation
GAMA  Manufacturers Association

# EXHIBIT "8"

# Raytheon Aircraft Company

# Beechcraft

# Model 1900D Airliner
## (UE-1 and After)

# Maintenance Manual

## Volume 1
## Introduction thru Chapter 30

Copyright © Raytheon Aircraft Company 2004

P/N 129-590000-15
Issued: October 16, 1991

P/N 129-590000-15A35
Revised: November 30, 2004

# Raytheon Aircraft Company

## Beechcraft

# Model 1900D Airliner

**(UE-1 and After)**

# Maintenance Manual

**Volume 2**
**Chapters 31 thru Chapter 80**

Copyright © Raytheon Aircraft Company 2004

**P/N 129-590000-15**
**Issued: October 16, 1991**

**P/N 129-590000-15A35**
**Revised: November 30, 2004**

Published by
# RAYTHEON AIRCRAFT COMPANY
P.O. Box 85
Wichita, Kansas  67201
U.S.A.

---
**NOTE**
---

Where Beech Aircraft Corporation is referred to in this publication,
it will be taken to read Raytheon Aircraft Company.

The export of these commodities, technology or software are subject to the US Export
Administration Regulations. Diversion contrary to U.S. law is prohibited. For guidance on export
control requirements, contact the Commerce Department's Bureau of Export Administration at 202-
482-4811 or at www.bxa.doc.gov.





Member of GAMA

General Aviation
Manufacturers Association

# EXHIBIT "9"

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

### CONSOLIDATED UNDER
### CASE NO. 05-10155 PBS

| | | |
|---|---|---|
| YISEL DEAN, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| RAYTHEON COMPANY, et al., | ) | Case No.: 05 CV 10155 PBS |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| LISA A. WEILER, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| RAYTHEON COMPANY, et al., | ) | Case No.: 05 CV 10364 PBS |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS FIRST SET OF INTERROGATORIES

## TO RAYTHEON DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiffs hereby serve the following interrogatories upon the Raytheon defendants to be answered in writing under oath.

## <u>DEFINITIONS</u>

Plaintiffs incorporate by reference Defendants' definitions put forth in Defendants' Interrogatories to Yisel Dean and Lisa A. Weiler.

## **INTERROGATORIES**

1.  For each person listed in the attached defendant Raytheon witness list (see Exhibit A), please provide the full name, home and office address, home office mobile and Blackberry or other phone numbers, email, job and/or professional title, the substance of their knowledge and/or involvement in this matter and list any documents which they wrote, edited, provided, commented upon or were custodians therefore or were to testify about at the Colgan vs. Raytheon trial.

2.  Besides those disclosed above, please list to your knowledge any other persons and include the full name, home and office address, home and office mobile and Blackberry or other phone numbers, email, job and/or professional title (in addition to those listed in response to the previous interrogatory) who have information or knowledge concerning:

       a.    Errors or corrections in any Beech 1900 maintenance or flight manuals, whether paper or electronic;

       b.    Figure 201 and all uses thereof in any Beech/Raytheon maintenance manual;

       c.    Investigation of the crash of US Airways Express 9446;

       d.    The accident aircraft;

       e.    All persons taking or making phone calls, e-mails, or any other communications from or to Colgan concerning maintenance of Beech 1900.  Describe all records of any such contact;

       f.    Any person who heard, saw, reviewed, witnessed or has any information about the accident CVR;

       g.    Any person who attended simulations or recreations of this crash, whether or not with the National Transportation Safety Board (NTSB).

## **VERIFICATION**

I hereby certify, under penalty of perjury, that the following Answers to Interrogatories are true and correct to the best of my knowledge, information and belief.

Dated this _____ day of _____ , 2006.

_____

STATE OF                                   )

COUNTY/CITY OF                             )          To-wit:

Personally appeared before me this _____ day of _____, 2006, the undersigned, a Notary Public in and for the aforesaid State and County, _____ known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument and acknowledged that he executed the same for the purposes therein contained.

[SEAL]

_____

Notary Public

My Commission Expires:

3

January 6, 2006

Respectfully Submitted,

Robert McConnell, Esq.
(BBO No. 550625)
Mary Schiavo, Esq.
Motley Rice LLC
321 South Main St.
P.O. Box 6067
Providence, RI
(401) 457-7700

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of January, a true and correct copy of the above and foregoing PLAINTIFFS FIRST SET OF INTERROGATORIES TO RAYTHEON DEFENDANTS was served by e-mail and U.S. Mail, postage prepaid on January 6, 2006 to the following attorneys of record.

Michael G. Jones
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, L.L.P.
100 North Broadway
Wichita, KS 67202

Peter Knight
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

Nicole A. Archambault
Legal Assistant

4