## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER**
**CASE NO. 05-10155 PBS**

| | | |
|---|---|---|
| YISEL DEAN, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No.: 05 CV 10155 PBS |
| RAYTHEON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

| | | |
|---|---|---|
| LISA A. WEILER, et. al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Case No.: 05 CV 10364 PBS |
| RAYTHEON COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' CONSOLIDATED EMERGENCY MOTION TO COMPEL RAYTHEON DEFENDANTS RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTIONOF DOCUMENTS

COME NOW Plaintiffs, by and through undersigned counsel, pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure, and respectfully moves this Court for an emergency Order compelling Defendants Raytheon Company, Raytheon Aircraft Holding, Inc., Raytheon Aircraft Company, and Raytheon Aircraft Credit Corporation (Raytheon Defendants) to fully respond to Plaintiff's interrogatories and requests for production of documents submitted January 2, 2006.

## STATEMENT OF FACTS

This case arises out of the wrongful death of two innocent pilots killed in the crash of a commuter flight off the coast of Hyannisport, Massachusetts on August 26, 2003. The aircraft N240CJ, Beechcraft model 1900D, was manufactured by the Raytheon Defendants (hereinafter "Raytheon"). The crash was caused by Raytheon's negligence in providing defective and erroneous maintenance and operational manuals -- along with drawings and instructions contained therein -- to Colgan Airlines, the owner and operator of the doomed airplane.

On September 28, 2005, Plaintiffs served on Raytheon its first request for production of documents. On November 18, 2005, Raytheon served on Plaintiffs its objections thereto. (Plaintiffs' Requests and Defendants' Objections are set forth herein below.) On January 6, 2006 **-- 24 days before discovery cutoff --** Plaintiffs served on Raytheon only two (2) interrogatories. Short and sweet, Plaintiffs' Interrogatories ask for the following information:

1) For each person listed in the attached defendant Raytheon witness list (see Exhibit A), please provide the full name, home and office address, home office mobile and Blackberry or other phone numbers, email, job and/or professional title, the substance of their knowledge and/or involvement in this matter and list any documents which they wrote, edited, provided, commented upon or were custodians therefore or were to testify about at the Colgan vs. Raytheon trial.

2) Besides those disclosed above, please list to your knowledge any other persons and include the full name, home and office address, home and office mobile and Blackberry or other phone numbers, email, job and/or professional title (in addition to those listed in response to the previous interrogatory) who have information or knowledge concerning:

  a) Errors or corrections in any Beech 1900 maintenance or flight manuals, whether paper or electronic;

  b) Figure 201 and all uses thereof in any Beech/Raytheon maintenance manual;

c)      Investigation of the crash of US Airways Express 9446;

d)      The accident aircraft;

e)      All persons taking or making phone calls, e-mails, or any
        other communications from or to Colgan concerning
        maintenance of Beech 1900.  Describe all records of any
        such contact;

f)      Any person who heard, saw, reviewed, witnessed or has
        any information about the accident CVR;

g)      Any person who attended simulations or recreations of this
        crash, whether or not with the National Transportation
        Safety Board (NTSB).

In an effort to run out the clock on discovery, Raytheon waited almost a week to file an

**Emergency Motion** for a Protective Order on January 13, 2006 objecting to Plaintiffs'

interrogatories.  In support thereof, Defendants argue that Plaintiffs did not allow thirty (30) days

in which to answer the interrogatories.  In other words, by waiting until the "eleventh hour" to

file their interrogatories, the Plaintiffs have effectively extended fact discovery past the fact

discovery deadline ordered by this Court and will, necessarily, interfere with other scheduling

deadlines.  Moreover, Raytheon contends that Plaintiffs have denied them ample time to respond

under the Rules and that Plaintiffs' submission does not allow, prior to the close of discovery, the

requisite thirty (30) days for reply prior to the close of discovery. Accordingly, Raytheon has

effectively ignored Plaintiffs' requests in flagrant contravention of the rules and spirit of full

discovery.

But Raytheon does not stop there.  Raytheon also submits that the rules provide that

Plaintiffs are not entitled to more than twenty-five (25) questions (including subparts) without

leave of the Court.  Fed. R. Civ. P. 33(a).  While true as written, Raytheon tries to hoodwink the

court by claiming that in reality Plaintiffs' "two interrogatories, are in fact, comprised of

hundreds of Subparts," when in fact -- as the court can clearly see from the above -- Interrogatory No. 1 is comprised of only one question, while Interrogatory No. 2 is contained of another, with only 7 subparts following. Not the "273" and "280" questions that Raytheon claims, respectively, that Plaintiffs have served on it.    As demonstrated below, Raytheon's arguments are erroneous and meritless. Accordingly, the Court should deny Raytheon's motion for protective order.

## ARGUMENT

### I.    THE COURT SHOULD DENY DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND GRANT PLAINTIFFS' EMERGENCY MOTION TO COMPEL DISCOVERY

The law on discovery is well established. Courts have broad discretion in allowing the service of interrogatories on opposing parties before, near or after discovery cut-off for the purpose of facilitating the free and full disclosure of facts as contemplated under Rule 33(a). Further, courts may give leave to serve interrogatories that exceed the limit under Rule 33(a), and may count an interrogatory's sub-part as a single question, so long as the subpart relates to the topic of inquiry under the main question. *See Chapman v. California Department of Education,* 2002 WL 32854376 *1 (N.D.Cal.)(where interrogatory subparts are "logically or factually subsumed within the and necessarily related to the primary question" the majority of courts interpret Rule 33(a) to construe interrogatory as one question); *Lukens v. National Railroad National R.R. Passenger Corp.,* 2000 WL 1022988, (E.D. Pa.)(defendant's refusal to answer interrogatories on grounds that responses would be due after discovery deadline is not justifiable, even where plaintiff's excuse for not serving interrogatories prior to Rule 33(a) window is somewhat flimsy); *Allen-Maryland, Inc. v. International Business Machines*

*Corporation,* 33 F.3d 194, 206 (3d Cir.1994)(same); *Habeker v. Clark Equipment Co.,* 942 F.2d 210, 218 (3d Cir.1991)(same).

In *Chapman, supra,* the plaintiff served on the defendants "one numbered interrogatory which reference[d] several requests for admission and [sought] detailed information supporting responses thereto." 2002 WL 32854376 *1.[1]   The Defendants objected on the grounds that the interrogatories were (i) too numerous in violation of Rule 33(a); (ii) were overbroad; and (iii) had already been answered in good faith.   As a result, the Defendants in *Chapman* -- like the Raytheon Defendants in the present case -- argued that plaintiff's interrogatories "can and should be broken down into discrete subparts, each of which can and should be treated as a 'stand alone' question," and as such, exceeded the number of interrogatories as provided in Rule 33. *Id.* at *1. Similarly, "defendants intimated that the plaintiffs' interrogatories should be limited to twenty-five (25) total as to all defendants and that by asking the same interrogatory to both defendant the State Board of Education and defendant the State Department of Education, the interrogatory should be counted twice against the cap of twenty-five." *Id.* at fn. 4.

Rejecting Defendant's arguments, the *Chapman* court first determined:

> There is no bright-line test as to whether a subpart should be counted as an interrogatory, the weight of authority interpreting Rule 33(a) requires examining whether the subparts are " '... logically or factually subsumed within and necessarily related to the primary question." ' *Safeco of*

---

[1] "Specifically, the interrogatory requests that Defendants identify, for each request for admission not unqualifiedly admitted among Set One, Request Nos. 4-7 and all of Set Two: [a] the number of the request for admission; [b] all facts on which Defendants base their response (including, but not limited to, the names, addresses and telephone numbers of all person who have knowledge of those facts); and [c] "with specificity all documents and other tangible things that support your response and state the name, address, and telephone number of the person who has each document or thing." (emphasis omitted). Arguably, seeking disclosure of facts (including the identity of those knowledgeable) and documents (including the identity of the individual in possession of the item) are directly related and should be treated as one subpart. On the other hand, at least one court determined that similar requests should be treated as separate interrogatories."

*America v. Rawstron,* 181 F.R.D. 441, 445 (C.D.Cal.1998), *quoting, Ginn v. Gemini Inc.,* 137 F.R.D. 320, 322 (D.Nev.1991). Stated differently, the question is whether there is a " 'direct relationship between the various bits of information called for" ' by the subparts, *id.* at 444, *quoting, Clark v. Burlington Northern Railroad,* 112 F.R.D. 117, 120 (N.D.Miss.1986), or if the subparts are a " 'logical extension of the basic interrogatory." ' *Id., quoting, Myers v. United States Paint Co.,* 116 F.R.D. 165, 165-66 (D.Mass.1987). Thus, for instance, as the court held in *Ginn, supra,* an interrogatory which asks the respondent to state the amount of each loss or damage for an alleged breach of an implied-in-fact contract together with the factual basis for the claim and all calculations relied upon constitutes a single interrogatory. *See Ginn,* 137 F.R.D. at 321-22.

Further, the court determined that a court:

. . . may grant a party leave to serve additional interrogatories under Rules 33(a) and 26(b)(2). Leave to serve additional interrogatories should not be granted where: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. *See* Fed.R.Civ.P. 26(b)(2); *see also Walker v. Lakewood Condominium Owners Ass'n,* 186 F.R.D. 584, 588 fn. 9 (C.D.Cal.1999); *Lukens v. National R.R. Passenger Corp.,* No Civ. A 99-4102, 2000 WL 1022988, *1 (E.D.Pa. July 6, 2000).

• • •

Here, although the thirty-four interrogatories are over the numerical limit imposed by Rule 33(a), the interrogatories are neither cumulative nor duplicative. The subject matter of the interrogatories (e.g., relating to assessment of the test validity, etc.) appear directly relevant to the issues in the case. Moreover, the request to identify documents (the second subpart of the interrogatory) could have been propounded as a request for production of documents under Rule 34 for which the Rule 33(a) numerical limit of interrogatories would not apply. **To limit discovery which is clearly relevant under these circumstances would exalt form over substance.** Therefore, the Court *sua sponte* grants Plaintiffs leave to serve the interrogatories at issue.

*Id.* at *2 (emphasis supplied).[2]

Where the plaintiff serves his interrogatories so that defendants do not have the full 30 days in which to answer under Rule 33(b)(3), the court in *Luken, supra,* held that in the interest of developing the facts of this case fully, "the factors favorable to compelling answers to the interrogatories outweigh Amtrak's arguments to the contrary, even given the somewhat flimsy reason Lukens advances for their late service." Here, the Court also granted Luken's leave to file the interrogatories even though they exceed the 25-interogatory limit set forth in Rule 33(a). *Id.* at p. *2. In *Lukens,* the plaintiff served his interrogatories on defendants 22-days before the end of discovery.

In ruling for the Plaintiff, the court determined "Lukens did not delay for long in serving his Supplemental Interrogatories. They were, in fact, served within the discovery period. Also

---

[2]    Nor are Plaintiffs interrogatories in the instant case unduly burdensome. In *Chapman:*

> Defendants also object to Plaintiffs' Second Set of Interrogatories arguing that interrogatories, such as those contained in the Second Set, requesting all facts, documents and witnesses are unduly burdensome and oppressive. **While interrogatories that call for all facts, documents and witnesses may, in some circumstances, place an unreasonable burden on the responding party,** *see Safeco,* **181 F.R.D. at 447-48, an interrogatory that requests "all facts" in support of a refusal to admit specific relevant facts is not burdensome and oppressive** *per se* **as Defendants argue. Interrogatories such as those propounded here may facilitate development of the case.** *See Richlin v. Sigma Design West, Ltd.,* 88 F.R.D. 634, 638 (E.D.Cal.1980) (stating that interrogatories may be used to "require an adverse party to disgorge all relevant facts within his knowledge"); *see also In re U.S. Financial Securities Litigation,* 74 F.R.D. 497, 498 (S.D.Cal.1975) (stating that interrogatories should be permitted to allow for a party's unfettered discovery of all relevant and necessary materials)."

Id. at *2 (emphasis supplied).

important is the fact that the late service of this discovery will not delay judicial proceedings at all. The parties have already sought, and received, leave to extend the date for the filing of dispositive motions until August 31, 2000. Trial is set for November, 2000. Finally, it does not appear that Lukens has acted in bad faith, and the Court is aware of no tactical advantage he derived from serving these two interrogatories on May 25, 2000, instead of a month earlier."

Reaching this determination the court relied on the well established rule that "Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2). It is also within the Court's discretion whether to permit the service of interrogatories after the discovery cut-off date. *Allen-Myland, Inc. v. International Business Machines Corporation,* 33 F.3d 194, 206 (3d Cir.1994); *Habeker v. Clark Equipment Co.,* 942 F.2d 210, 218 (3d Cir.1991)." Further, the Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993), has concluded that an "excusable neglect" determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith. 507 U.S. at 395.

Notwithstanding Raytheon's arguments to the contrary, it's clear that Plaintiffs in this case have served on Raytheon only 2 interrogatories. *Chapman.* Further, the Plaintiffs' interrogatories -- served 24 days before the end of discovery -- were timely and not overly burdensome. *Lukens* Accordingly, the Court should deny Raytheon's motion for protective order and grant Plaintiffs' motion to compel discovery in this case.

## RAYTHEON DEFENDANTS LATE FILING RESPONSE TO PLAINTIFFS'

## REQUEST FOR PRODUCTION OF DOCUMENTS

As demonstrated below, Raytheon's objections to Plaintiffs' First Request for Production of Documents are meritless and should be overruled. Instead, Defendants have failed to fully comply with Plaintiffs' request for production and have set their own criteria for not providing all documents related to the following requests for production.

**REQUEST NO. 9**:    Any and all documents which reflect, constitute, or memorialize Raytheon Aircraft Company's organizational structure for any and all dates from January 1, 1995 until the date of your response to this request.

**RESPONSE**:    Objection.    Raytheon objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving this objection, basic organizational charts and a listing of company officers, as of the time of the accident and as of the time of production, the following documents were provided in the Colgan case.

An organizational chart and listing of company officers, as of the time of the accident and as of the current time, are produced.  See Raytheon Document Nos. 000892 – 000896 and Raytheon Document Nos. 0001196 – 0001200.

**PLAINTIFFS' OBJECTONS:**    This Request is not overly broad and is calculated to lead to the discovery of admissible evidence.  Defendants should provide Plaintiffs with their company's organizational structure for any and all dates from January 1, 1995. Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of

admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 10**:  Any and all documents which reflect, constitute, or memorialize the review and approval of Chapter 27-30-04 and/or Figure 201 of the REPS Manual, as published in Revision 9 and in use in August 2003.

> **RESPONSE**:  This figure was introduced in the original version of the Model 1900D Maintenance Manual which was published in 1991. RAC has been unable to locate the Technical Publications Data Route and Approval Sheet or other related review and approval material for this manual.

**PLAINTIFFS' OBJECTONS**:    It strains credibility to think that Raytheon Defendants cannot locate this information and Plaintiffs ask that the Defendants provide all documents related to this request. Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 13**:  Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, between (without limitation, to and/or from) Raytheon and Colgan that relates, pertains, or refers to the REPS Manual sold to Colgan on or about May 4, 2001.

**RESPONSE**: Please see response to Request No. 1 above.

**PLAINTIFFS' OBJECTONS:**   Defendants have not fully complied with this Request.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 20**:  Any and all documents which reflect, constitute, or memorialize any communications of any nature (that is, to and/or from and includes, without limitation, correspondence, e-mails, reports, messages, memorandum to the file, and/or notes reflecting any verbal communications) with the FAA which relate, pertain, or refer to the REPS Manual, as published in Revision 9 and in use in August 2003.

**RESPONSE**: Without waiving this objection, please see response to Request No. 18 above, Airworthiness Directive 2003-20-10 produced in response to Request No. 23 below, a copy of RAC presentation given to the FAA entitled, "RAC/FAA Meeting – Compliance Review Beech 1900 Series Flight Control Trim System," dated August 11, 2004 (17 pages total), and Colgan documents C00002 through C00009.  See Raytheon Document Nos. 000955 – 000971.

**PLAINTIFFS' OBJECTONS:**   Defendants objections are without merit and Defendants have not fully complied with this Request.  .  Plaintiffs request is reasonably calculated to lead to discoverable evidence.   The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 21**:    Any and all documents, which reflect, constitute or memorialize any accident, incidents, or maintenance issues, whether reported or not, where the REPS Manual was referenced, identified, and/or cited as being a factor or issue in the accident, incident, or maintenance issue.

      **RESPONSE**:        Objection.    Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.    This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.    The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence.    Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.    There are no events involving the mis-rigging of the forward elevator trim tab cable known to RAC for the Model 1900 series other than this event.

**PLAINTIFFS' OBJECTONS:**        Any objections Defendants have with regard to this Request are without merit.    Defendants have not fully complied with this Request. Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident.    Plaintiffs request is reasonably calculated to lead to discoverable evidence.    The issue of

admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 22**: Any and all documents which reflect, constitute, or memorialize any reportable events which relate, pertain, or refer to the REPS Manual.

    **RESPONSE**:       Objection. Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence. This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface. The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.
There are no events involving the mis-rigging of the forward elevator trim tab cable known to RAC for the Model 1900 series other than this event.

**PLAINTIFFS' OBJECTONS**:     Any objections Defendants have with regard to this Request are without merit. Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence.

The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 23**: Any and all documents which reflect, constitute, or memorialize any information that Raytheon learned, from any source, which relate, pertain, or refer to the errors in the REPS Manual.

**RESPONSE**:          Objection.    Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, vague, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence. This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface. The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

Raytheon is not aware of any responsive documents prior to the subject accident. The following was provided in response to Colgan discovery and is related to purported errors or omissions in the REPS AMM regarding the accident involving UE-40 after the accident.

    a.    NTSB Airworthiness Group Chairman's Field Notes - NYC03MA183, dated September 5, 2003.    See Raytheon Document Nos. 000972 – 000983;

b.    NTSB Airworthiness Group Chairman's Field Notes - NYC03MA183, dated October 22, 2003. See Raytheon Document Nos. 000984 – 000995;

c.    NTSB Airworthiness Group Chairman's Factual Report of Investigation - NYC03MA183, dated April 12, 2004.    See Raytheon Document Nos. 000996 – 0001032;

d.    FAA Airworthiness Directive 2003-20-10 effective October 15, 2003. See Raytheon Document Nos. 0001033 – 0001040;

e.    FAA letter dated January 9, 2004 produced in response to Request No. 18 above.  See Raytheon Document Nos. 000899 – 000900;

f.    NTSB Brief of the Accident adopted 8-31-2004. See Raytheon Document Nos. 0001041 – 0001042;

g.    NTSB History of Flight –NYC03MA183. See Raytheon Document Nos. 0001043 – 0001053;

h.    NTSB Factual Report - NYC03MA183.  See Raytheon Document Nos. 0001054 – 0001068;

i.    NTSB Safety Recommendation (SR) dated March 5, 2004.  Colgan Document Nos. C00045 - C00070.  See Raytheon Document Nos. 0001069 – 0001094;

j.    NTSB Aircraft Maintenance and Records Group Factual Report - NYC03MA183, dated March 16, 2004.  See Raytheon Document Nos. 0001095 – 0001110;

k.    NTSB Airworthiness Group Chairman's Field Notes - NYC03MA183, dated August 31, 2003. See Raytheon Document Nos. 0001111 – 0001118;

l.    NTSB Airworthiness Group Chairman's Field Notes - NYC03MA183, dated October 15, 2003. See Raytheon Document Nos. 0001119 – 0001126;

m.    Summary of data gathered from Accident NYC03MA183.  See Raytheon Document Nos. 0001127 – 0001135;

n.    Also refer to documents produced in response to Request No. 19 above. Also, see response to Request No. 28 below.

**PLAINTIFFS' OBJECTONS:**    Any objections Defendants have with regard to this Request are without merit.   Defendants have set their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident, which is a reasonable time frame for seeking discoverable evidence. Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 24**:  Any and all documents which reflect, constitute, or memorialize any warnings or concerns which relate, pertain or refer to the REPS Manual.

**RESPONSE:**    Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, vague, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

There are no such documents.

**PLAINTIFFS' OBJECTONS:**        Any objections Defendants have with regard to this Request are without merit.  Defendants have set their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident.  Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 25**:  Any and all documents which reflect, constitute, or memorialize any warnings or concerns provided to Raytheon by Colgan which relate, pertain or refer to the REPS Manual.

   **RESPONSE**:        Objection.  Raytheon objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence and it is vague, overly broad as it is unlimited in time. Raytheon will produce any documents identified that predate the accident giving rise to this action.  There are no such documents.

**PLAINTIFFS' OBJECTONS:**        Any  objections  Defendants  have with regards to this Request are without merit Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not  relevant  to  discovery  requests.   Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 28**    Any and all documents which reflect, constitute, or memorialize Raytheon's entire file that relates, pertains, or refers to Colgan, Scott A. Knabe or Steven Dean.

**RESPONSE:**    Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence.

Also, please see documents previously produced by Raytheon in response to Colgan's discovery requests.

**PLAINTIFFS' OBJECTONS:**    Any objections Defendants have with regard to this Request are without merit.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 29**:    Any and all documents which reflect, constitute, or memorialize any complaints (means and refers, without limitation, named or

charged in any complaint, cross-complaint, counter-claim, affirmative defense, charge, administrative charge or claim and/or other accusatory instrument or pleading of any nature) against Raytheon for anything (allegedly) arising or connected, in whole or in part, from any involvement you had with the REPS Manual in any jurisdiction (that is, without limitation, any state or federal court, arbitration or administrative panel).

**RESPONSE**: Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, vague, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence.  Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

Please see response to Request No. 21 above.

**PLAINTIFFS' OBJECTONS:**     Any objections Defendants have with regard to this Request are without merit.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery

requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.


**REQUEST NO. 32**:  Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to Safety Communiqué 234 on September 24, 2003.

> **RESPONSE**:        The Publications file on Safety Communique 234 was previously produced in Colgan v. Raytheon.   Raytheon is not producing the following documents which are protected from disclosure by the attorney-client privilege: draft copies of the Safety Communique, which contain hand written notations by Raytheon counsel, Dwight D Wallace, a fax transmittal sheet and Data Route and Approval sheet dated September 12, 2003 from Raytheon counsel, Dwight D Wallace to publications. See Raytheon Document Nos. 0001175 – 0001195.

**PLAINTIFFS' OBJECTONS:**       Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident.  Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 33**: Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to any and all Safety Communiqués that relate, pertain, or refer to the REPS Manual.

**RESPONSE:**        Objection.   Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

Not withstanding the objection, Raytheon Aircraft Safety Communique No. 234 dated September 2003; Subject: Elevator Trim Tab Cable Installation.  Please see response to Request No. 32 above.

**PLAINTIFFS' OBJECTONS:**        Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to

the accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 34**: Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to the FAA's Airworthiness Directive 2003-20-10, effective October 15, 2003.

 **RESPONSE**: Please see response to Request No. 33 above for documents that are referenced in the Airworthiness Directive.

**PLAINTIFFS' OBJECTONS:** Any objections Defendants have with regard to this Request are without merit. Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 35**: Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the

files, and/or faxes), of any nature, that relate, pertain, or refer to any and all FAA's Airworthiness Directives that relate, pertain, or refer to the REPS Manual.

**RESPONSE**:        Objection.   Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.   This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.   The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

None other than the one referred to in Request No. 34 above.

**PLAINTIFFS' OBJECTONS:**        Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 36**: Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to any and all NTSB Safety Recommendations that relate, pertain or refer to the REPS Manual.

> **RESPONSE:**        Objection.   Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.   This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.   The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence.  Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

Notwithstanding the objection, NTSB Safety Recommendation (SR) dated March 5, 2004.  Please see response to Request No. 23 above.

**PLAINTIFFS' OBJECTONS:**        Any objections Defendants have with regard to this Request are without merit.  Defendants have set their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the

accident. Plaintiff's request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 37**: Any and all documents which reflect, constitute, or memorialize the review and approval of Chapter 27-50-00, figure 202 of the REPS Manual, as published in Revision 9 and in use in August 2003.

    **RESPONSE**: Objection. Raytheon objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, as this lawsuit involves the mis-rigging of the forward elevator trim tab cable and does not involve flaps.

**PLAINTIFFS' OBJECTONS**:    Any objections Defendants have with regard to this Request are without merit. Plaintiff's request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 38**: Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to the U.S. Airways Express Incident on June 3, 2000, NTSB Identification NYC00IA150.

**RESPONSE**:          Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, as the described incident is unrelated to the issues of this case.

**PLAINTIFFS' OBJECTONS:**      Any objections Defendants have with regard to this Request are without merit.  Plaintiff's request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 39**: Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to the Continental Express Incident on September 16, 2000, NTSB Identification MIA00IA266.

    **RESPONSE**:          Objection.    The defendant objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, as the described incident is unrelated to the issues of this case.

    **PLAINTIFFS' OBJECTONS:**      Any objections Defendants have with regard to this Request are without.  Plaintiff's request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery

requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 40**: Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to the Air Midwest Flight #5481 Incident in January 2003.

      **RESPONSE**:      Objection. The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, as the described incident is unrelated to the issues of this case.

**PLAINTIFFS' OBJECTONS**:      Any objections Defendants have with regards to this Request are without merit Plaintiff's request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 41**: Any evidence or documents not otherwise heretofore listed or described that Raytheon produced to Colgan Air, Inc. in Colgan vs. Raytheon, 1:05 CV 213, including but not limited to documents produced, before, during or after depositions.

      **RESPONSE**:      Upon information and belief, everything produced by Raytheon to Colgan in the Colgan case has already been provided to plaintiffs'

counsel in this case. We presume plaintiffs' counsel in this case has obtained or will obtain by other means any desired deposition transcripts or exhibits from the Colgan case, and any material produced by Colgan in that case.

**PLAINTIFFS' OBJECTONS:**    Defendants are making a presumption that Plaintiffs have obtained, or will obtain by other means, any desired deposition transcripts from the Colgan case and/or any material produced by Colgan in that case. Defendants have not complied with this Request Plaintiff's request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 42:**  All documents concerning the location of the wreckage of the Beech 1900D accident aircraft and revealing the name, address, phone number, and/or title of custodian thereof.

**RESPONSE**:    Raytheon has no such documents, although it is possible the wreckage location was mentioned in some of the material already produced from the Colgan case.

**PLAINTIFFS' OBJECTONS:**    Any objections Defendants have with regards to this Request are without merit . Defendants have not fully complied with this Request by not providing all available documents. Plaintiff's request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not

relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**REQUEST NO. 43**:  All documents concerning the location of the Cockpit Voice Recorder (CVR) of the accident aircraft and revealing the name, address, phone number, and/or title of the custodian thereof.

**RESPONSE**:        Upon information and belief and the NTSB has the CVR recordings.

**PLAINTIFFS' OBJECTONS:**        Any objections Defendants have with regards to this Request are without merit.  Defendants have not fully complied with this Request by not providing all available documents Plaintiff's request is reasonably calculated to lead to discoverable evidence.   The issue of admissibility at trial is not relevant to discovery requests.   Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.


**REQUEST NO. 46**:  All documentation not otherwise produced but referenced in the discovery deposition, as follows:

   A)      The FAA test for mechanics;
   B)      Illustrated Parts Catalogue (IPC) for the Beech 1900D (Peay);
   C)      The Supervisory Reports concerning the computer system that can track customer issues (Peay);
   D)      The weekly phone metric reports (Peay);
   E)      The CIMAG – the computer program that electronically pulls up blueprints and service data (what IPC's are based on);
   F)      The Operators Conference Binders (Peay);
   G)      Beech 1900D Maintenance Manual since its inception and any revisions/reviews (Crowe);
   H)      Beech 1900C Maintenance Manual since its inception and any revisions/reviews (Crowe);
   I)      PCR's related to trim wheel breakage (Crowe);

J)      PCR's related to cushion complaints concerning erroneous readings from the trim wheel setting (Crowe);

K)      Factual report, once completed, by Ramey on Colgan's January 2003 crash, all drafts and all correspondence with the NTSB, FAA or other government agencies (Ramey);

L)      Notification file (Ramey);

M)      The AMM of King Air series on which Beech 1900 was based (Ramey);

N)      Recordings of sound (Ramey);

O)      Beech 1900D Pilot Operating Handbook – both parties: (1) Pilot Operating

P)      Handbook (including different versions or multiple volumes as described in Jaerger's deposition);

Q)      AFM: Airline Flight Manual (Ramey);

R)      Study that RAC undertook to verify control cables on airlines (Ramey);

S)      Notes from crash simulation (Ramey);

T)      PCR Request in re: IPC, -9 could be used for UE-9 to UE-211 (McCarthy);

U)      Desktop Procedures – manual for tech writers in August of 2003 (Jaerger);

V)      Test reports, blue print drawings, and tests procedures referred to by Jaerger;

W)      TPTMS – Technical Publications Technical Manual Data (Jaerger);

X)      Pilot Checklist: (1) one is part of the manuals required to be in the cockpit, and

Y)      (2) is other checklist – distilled version for convenience sake (Scheidt).


**RESPONSE**:      Raytheon objects to this request as overly broad, unduly burdensome, vague and in large measure not reasonably calculated to lead to the discovery of admissible evidence.   The request and its various subparts are also incomplete and so vague as to not be susceptible to a certain response.   If more information is provided to identify the material sought, Raytheon can undertake a meaningful search to determine if responsive information exists.   For those that are intelligible, most if not all were produced at or following the depositions, but without waiving these objections, Raytheon responds as follows.

A)    The FAA test for mechanics is not a Raytheon document;

B)    The IPC has been provided in the Colgan v. Raytheon discovery. It is available for inspection at Robert Hall's office in Reston, Virginia;

C)    As stated in the deposition of T. Peay, the Supervisory Reports are maintained in a computer program which can be searched by airplane serial number or by the owner name, i.e. Colgan. This search has been done and the results provided to plaintiff in the Colgan case;

D)    As stated in the deposition of T. Peay, the weekly phone metric reports is a system of recording the number of telephone calls received, the nature of the call as to whether it was related to parts, manuals, operations, or some technical area. There is no meaningful way to respond or produce additional material without further refinement of this request. See Raytheon's initial disclosure to Colgan regarding telephone contacts. See Raytheon Document Nos. RAC 000722 – RAC 000724;

E)    CIMAG is a computer program used in Engineering to retrieve drawings, and service data. It is not subject to production;

F)    Please see Raytheon First Supplemental Response to Colgan for Tom Peay power point presentation to operators group on correct cable replacement procedures for the Model 1900D. See Raytheon Document Nos. RAC 0001201 – 0001241. Please see response to Request No. 5 above;

G)    Please see response to Request Nos. 5 & 12 above;

H)    Please see response to Request Nos. 5 & 12 above;

I)    This request is not clear enough for a response, as Crowe testified on Page 200 that he does not "recall working on any changes related to trim wheel breakage.";

J)    This request is not clear enough for a response, but Raytheon is not aware of any additional responsive information beyond the deposition testimony and other materials already produced;

K)    Report is produced on CD as document No. RAC50001. Remainder already produced;

L)    Objection to production of general notification file as most is on unrelated matters. Any reference to this accident would be in other documents already produced;

M)   Please see objections and response to Request No. 12 above;

N)   Previously produced by Raytheon to plaintiffs' counsel by email;

O)   This document has been provided in the Colgan v. Raytheon discovery.  It is available for inspection at Robert Hall's office in Reston, Virginia;

P)   This document has been provided in the Colgan v. Raytheon discovery.  It is available for inspection at Robert Hall's office in Reston, Virginia;

Q)   None found beyond documents already produced;

R)   None found beyond Ramey's field notes, which were produced at his deposition;

S)   RAC has been unable to locate a PCR on this topic;

T)   Desktop Procedures previously provided in Colgan.   See Raytheon Document Nos. RAC 0001376 – 0001437;

U)   To the extent this request seeks every test report, procedure engineering drawing used by the technical writers for the commuter airliner group to draft the Maintenance Manual, it is objected to as being overly broad, unduly burdensome and not calculated to lead to admissible evidence;

V)   The Technical Publications Technical Manual Data is a record tracking system for PCR's.  Raytheon objects to producing this program or data as the Request is overly broad, unduly burdensome and not calculated to lead to admissible evidence;

W)   Please see Raytheon's initial disclosures to Colgan, specifically Item No. B.11. for Model 1900 Normal Checklist Volume XXX Revision XXX dated March 14, 2003.  See Raytheon Document Nos. RAC 000580 – RAC 000651;

X)   Plaintiffs believe this request is not overly broad nor burdensome, will lead to the discovery of relevant evidence, and is related to the issues of this case. Specifically, Plaintiffs note the following with regards to this Request;

Y)   Even though, the FAA test may not be a Raytheon document, it is one Plaintiffs feel defendants have in their possession;

Z)   Plaintiff only seek test reports, blue prints drawings, and test procedures referred to by Jaerger;

AA)    The Technical Publications Technical Manual should be provided to Plaintiffs.

**PLAINTIFFS' OBJECTONS:**     Any objections Defendants have with regards to this Request are without merit.  Defendants have not fully complied with this Request by not providing all available documents Plaintiff's request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

WHEREFORE, Plaintiff's respectfully request that the Court grant an Order compelling Raytheon Defendants to fully respond to Plaintiffs' Interrogatories and Requests for Production dated January 6, 2006..

**January _20_, 2006**                              **Respectfully Submitted,**


  /s/Robert McConnell
Robert McConnell, Esq.
(BBO No. 550625)
Mary Schiavo, Esq.
Motley Rice LLC
28 Bridgside Blvd.
Mt. Pleasant, SC 29465
(843) 216-9000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing:

**PLAINTIFFS' CONSOLIDATED EMERGENCY MOTION TO COMPEL RAYTHEON DEFENDANTS RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTIONOF DOCUMENTS**

was served electronically through filing with the ECF system on January 20, 2006 to the following attorneys of record.:

Michael G. Jones
MARTIN, PRINGLE, OLIVER, WALLACE& BAUER, L.L.P.
100 North Broadway
Wichita, KS 67202


Peter Knight
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210


_____/s/ Mary Schiavo_____