UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>      Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT HOLDINGS, INC. a Delaware Corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>      Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>      Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT HOLDINGS, INC. a Delaware Corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>      Defendants. | DOCKET NO: 05cv10364 PBS |

**OPPOSITION OF DEFENDANTS RAYTHEON COMPANY, RAYTHEON AIRCRAFT HOLDINGS, INC., RAYTHEON AIRCRAFT COMPANY, AND RAYTHEON AIRCRAFT CREDIT CORPORATION TO PLAINTIFFS' CONSOLIDATED EMERGENCY MOTION TO COMPEL RAYTHEON DEFENDANTS RESPONSE TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

The defendants, Raytheon Company, Raytheon Aircraft Holdings, Inc., Raytheon

Aircraft Company, and Raytheon Aircraft Credit Corporation ("Raytheon" or "defendants"), by

984753v1

and through their undersigned counsel, hereby request that this Honorable Court deny Plaintiffs'
Consolidated Emergency Motion to Compel Raytheon Defendants Response to Interrogatories
and Requests for Production of Documents.  In support of this Opposition, Raytheon states as
follows:

## ARGUMENT

The plaintiffs' emergency motion to compel should be denied as Raytheon's objections to
the plaintiffs' interrogatories and certain requests for production of documents are entirely
appropriate.  Rule 26(b) of the Federal Rules of Civil Procedure provides that a party may obtain
discovery regarding any matter, not privileged, that is <u>relevant</u> to the claim or defense of any
party.   Discovery is not unlimited and the Court has discretion in determining the proper scope
of discovery.  Here, the plaintiffs' motion should be denied, as Raytheon has fully complied with
its discovery obligations and has asserted proper objections to overbroad requests of the
plaintiffs.  Perhaps most importantly, and as the Court will no doubt see as it reviews the
plaintiffs' requests, is the fact that most of the documents which the plaintiffs now seek are, and
have been, in their possession and control for months.

Additionally, of note, Raytheon served its answers to interrogatories and response to
request for production of documents on November 18, 2005, more than two months ago.
Plaintiffs had ample opportunity to raise objections to Raytheon's discovery responses during the
discovery period.  Yet, plaintiffs waited until late on Friday evening, January 20, 2006, just ten
days prior to the close of discovery, to file their so-called "emergency" motion to compel.
Plaintiffs' eleventh hour attempt to raise vague and non-specific objections should be rejected.

## I.     Raytheon's objections to the plaintiffs' interrogatories are proper.[1]

On January 6, 2006, over four months after the Court promulgated the current Scheduling Order, the plaintiffs served Raytheon with its first set of interrogatories.  Given that the Court has ordered that discovery be completed by January 30, 2006, and given that Raytheon is entitled to 30 days within which to answer the interrogatories under Fed. R. Civ. P. 33(b)(3), the plaintiffs' interrogatories are untimely.  The plaintiffs had ample time to serve their interrogatories such that Raytheon would be afforded 30 days to respond to the interrogatories during the discovery period.  However, the plaintiffs instead waited until the eleventh hour to serve their interrogatories, effectively attempting to extend fact discovery despite the established deadline, and denying Raytheon the proper time to respond to the interrogatories.

Additionally, contrary to the plaintiffs' claims that they have served only two interrogatories on Raytheon, the plaintiffs have actually served the equivalent of 280 interrogatories.  Specifically, Interrogatory No. 1 is comprised of no fewer than three subparts (identification information, substance of knowledge and listing of documents) as applied to 91 different people.  As such, Interrogatory No. 1 actually consists of 273 interrogatories despite plaintiffs' claims that their interrogatories are "short and sweet."  Similarly, Interrogatory No. 2 consists of 7 subparts for a total of 280 questions.

Rule 33(a) provides that a party may serve 25 interrogatories without leave of court.  The plaintiffs have never sought leave of court to serve more than 25 interrogatories.  Instead, the plaintiffs served interrogatories styled as two interrogatories, but in actuality containing 280 interrogatories.  Raytheon's objections to the interrogatories are proper given that they were not

---

[1] Raytheon incorporates its arguments set forth in the Emergency Motion of Defendants Raytheon Company, Raytheon Aircraft Holdings, Inc., Raytheon Aircraft Company, and Raytheon Aircraft Credit Corporation For a Protective Order (see document No. 62) with respect to the plaintiffs' interrogatories and its Reply to the Plaintiffs' Opposition to Raytheon's Emergency  Motion for a Protective Order (see document Nos. 66-69 ).

timely served, and given that they consist of well beyond the permitted number of interrogatories without leave of court under Rule 33(a).  Accordingly, the plaintiffs' motion to compel responses to the interrogatories should be denied.

## II.   Raytheon's objections to the plaintiffs' request for production of documents are proper.

In their motion, the plaintiffs take issue with Raytheon's responses to 24 requests contained in their request for production of documents.  Specifically, the plaintiffs claim that Raytheon has failed to fully comply with the requests.  As Raytheon's document response demonstrates, however, Raytheon has produced all <u>relevant</u> documents in its possession which are responsive to the plaintiffs' request for production.  Defendants Raytheon Company, Raytheon Aircraft Holdings, Inc., Raytheon Aircraft Company and Raytheon Aircraft Credit Corporation's Response to Plaintiffs' First Request for Production of Documents attached as **Exhibit 1**.

In their objections to Raytheon's document response, the plaintiffs do not articulate a proper basis to compel production of the documents requested, but rather, simply make blanket assertions that the requests are not overbroad and are reasonably calculated to lead to the discovery of admissible evidence.  The plaintiffs have failed to establish the discoverability of the documents they seek.  As such, the plaintiffs' motion to compel a response to Raytheon's request for production should be denied.

Raytheon responds to each of the plaintiffs' objections below.

**REQUEST NO. 9**:  Any and all documents which reflect, constitute, or memorialize Raytheon Aircraft Company's organizational structure for any and all dates from January 1, 1995 until the date of your response to this request.

984753v1

**RESPONSE**:  Objection.  Raytheon objects to this Request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving this objection, basic organizational charts and a listing of company officers, as of the time of the accident and as of the time of production, the following documents were provided in the Colgan case.

An organizational chart and listing of company officers, as of the time of the accident and as of the current time, are produced.   See Raytheon Document Nos. 000892 – 000896 and Raytheon Document Nos. 0001196 – 0001200.

**PLAINTIFFS' OBJECTIONS:**      This Request is not overly broad and is calculated to lead to the discovery of admissible evidence.  Defendants should provide Plaintiffs with their company's organizational structure for any and all dates from January 1, 1995.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

As indicated by its response, Raytheon has provided plaintiffs with the organizational charts and listings of company officers as of the time of the accident and as of the current time. The plaintiffs do not articulate any reasons as to why documents relating to Raytheon's corporate structure from January 1, 1995, <u>approximately 6 ½ years prior to the subject accident,</u> is reasonably calculated to lead to the discovery of admissible evidence.  Raytheon has already produced responsive documents for the relevant time frame and the current time frame. Documents relating to corporate structure prior to the subject accident are entirely irrelevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of

984753v1

admissible evidence.  Plaintiffs' failure to articulate any rationale for production of such documents is indicative of their lack of relevancy.

**REQUEST NO. 10**:  Any and all documents which reflect, constitute, or memorialize the review and approval of Chapter 27-30-04 and/or Figure 201 of the REPS Manual, as published in Revision 9 and in use in August 2003.

**RESPONSE**:    This figure was introduced in the original version of the Model 1900D Maintenance Manual which was published in 1991. RAC has been unable to locate the Technical Publications Data Route and Approval Sheet or other related review and approval material for this manual.

**PLAINTIFFS' OBJECTIONS:**    It strains credibility to think that Raytheon Defendants cannot locate this information and Plaintiffs ask that the Defendants provide all documents related to this request.  Plaintiffs request is reasonably calculated to lead to the discovery of admissible evidence.  The issue of admissibility at trial is not relevant to discovery request. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Simply put, Raytheon cannot produce a document that it does not have.    The documentation requested by the plaintiffs dates back to 1991, and despite efforts to do so, Raytheon cannot locate it.  Plaintiffs' claim that Raytheon is not credible for not producing documentation it does not have in its possession is disingenuous.  Additionally, the documents at issue have been the central focus of discovery in the Virginia case.  Plaintiffs' counsel has participated in that discovery.  As such, plaintiffs' counsel has been well aware that the requested documents cannot be located by Raytheon.

**REQUEST NO. 13**:   Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, between (without limitation, to and/or from) Raytheon and Colgan that relates, pertains, or refers to the REPS Manual sold to Colgan on or about May 4, 2001.

**RESPONSE**:  Please see response to Request No. 1 above.

**PLAINTIFFS' OBJECTIONS:**     Defendants have not fully complied with this Request. Plaintiffs request is reasonably calculated to lead to discoverable evidence.   The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

The plaintiffs offer absolutely no explanation for their claim that Raytheon has not fully complied with this Request.  Raytheon referred plaintiffs to Response No. 1, which requested documents similar to this Request.  In Response No. 1, despite having objection to the relevancy of the requested documents, Raytheon nonetheless referenced five categories of documents it previously produced in the Virginia case.  The plaintiffs' vague objections to a response in which documents were actually produced is duplicitous, and void of any merit.

**REQUEST NO. 20**:   Any and all documents which reflect, constitute, or memorialize any communications of any nature (that is, to and/or from and includes, without limitation, correspondence, e-mails, reports, messages, memorandum to the file, and/or notes reflecting any

7

verbal communications) with the FAA which relate, pertain, or refer to the REPS Manual, as published in Revision 9 and in use in August 2003.

**RESPONSE**:  Without waiving this objection, please see response to Request No. 18 above, Airworthiness Directive 2003-20-10 produced in response to Request No. 23 below, a copy of RAC presentation given to the FAA entitled, "RAC/FAA Meeting – Compliance Review Beech 1900 Series Flight Control Trim System," dated August 11, 2004 (17 pages total), and Colgan documents C00002 through C00009.  See Raytheon Document Nos. 000955 – 000971.

**PLAINTIFFS' OBJECTIONS:**    Defendants objections are without merit and Defendants have not fully complied with this Request.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Plaintiffs' Request seeks production of documents regarding <u>all</u> communications with the FAA about the entire manual in effect at the time of the subject maintenance.  This Request is overbroad and not properly limited to the subject matter of this action.  As indicated by its Response, Raytheon produced nearly 50 pages of documents in response to this Request which were related to issues with the manual that arose as a result of the subject accident, even though such documents dealt with subsequent remedial measures.  Raytheon also referred the plaintiffs to its Response to Request No. 18, in which Raytheon produced additional documents.  The plaintiffs have been provided with documents relevant to this action which are responsive to its Request.  Again, the plaintiffs make blanket objections without providing any explanation as to why Raytheon has purportedly failed to comply with their Request.  However, Raytheon's Response evidences that it has provided all relevant responsive documents to the plaintiffs.

**REQUEST NO. 21**:   Any and all documents, which reflect, constitute or memorialize any accident, incidents, or maintenance issues, whether reported or not, where the REPS Manual was referenced, identified, and/or cited as being a factor or issue in the accident, incident, or maintenance issue.

**RESPONSE**:  Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence.  Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

There are no events involving the mis-rigging of the forward elevator trim tab cable known to RAC for the Model 1900 series other than this event.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.  Defendants have not fully complied with this Request.  Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

984753v1

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

As drafted, plaintiffs' Request seeks a variety of documents involving completely unrelated accidents, incidents, and maintenance issues.  Nonetheless, Raytheon produced documents related to the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the subject accident.  There are no documents involving the mis-rigging of the forward elevator trim tab cable known to Raytheon for the Model 1900 series other than the subject event, as there were no prior similar events.  Raytheon produced documents related to similar accidents, incidents, and maintenance issues for the 5 year period prior to the accident, which is a wholly reasonable time frame.  To require Raytheon to produce documents unrelated to the issues in this matter, and documents beyond a 5 year period would be unduly burdensome and would not lead to the discovery of admissible evidence.

**REQUEST NO. 22**:  Any and all documents which reflect, constitute, or memorialize any reportable events which relate, pertain, or refer to the REPS Manual.

**RESPONSE**:  Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence. This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface. The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will

984753v1

produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

There are no events involving the mis-rigging of the forward elevator trim tab cable known to RAC for the Model 1900 series other than this event.

**PLAINTIFFS' OBJECTIONS:**     Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence.   The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request seeks a variety of documents involving completely unrelated reportable events.  Nonetheless, Raytheon produced documents related to the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the subject accident.  There are no documents involving the mis-rigging of the forward elevator trim tab cable known to Raytheon for the Model 1900 series other than the subject event, as there were no prior similar events.  Raytheon produced documents related to similar events for the 5 year period prior to the accident, which is a wholly reasonable time frame.  To require Raytheon to produce documents unrelated to the issues in this matter, and documents beyond a 5 year period would be unduly burdensome and would not lead to the discovery of admissible evidence.

984753v1

**REQUEST NO. 23**:   Any and all documents which reflect, constitute, or memorialize any information that Raytheon learned, from any source, which relate, pertain, or refer to the errors in the REPS Manual.

**RESPONSE**:  Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, vague, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

Raytheon is not aware of any responsive documents prior to the subject accident.  The following was provided in response to Colgan discovery and is related to purported errors or omissions in the REPS AMM regarding the accident involving UE-40 after the accident.

    a.      NTSB Airworthiness Group Chairman's Field Notes - NYC03MA183, dated September 5, 2003.  See Raytheon Document Nos. 000972 – 000983.

    b.      NTSB Airworthiness Group Chairman's Field Notes - NYC03MA183, dated October 22, 2003.  See Raytheon Document Nos. 000984 – 000995.

    c.      NTSB Airworthiness Group Chairman's Factual Report of Investigation - NYC03MA183, dated April 12, 2004.  See Raytheon Document Nos. 000996 – 0001032.

    d.      FAA Airworthiness Directive 2003-20-10 effective October 15, 2003. See Raytheon Document Nos. 0001033 – 0001040.

984753v1

e.    FAA letter dated January 9, 2004 produced in response to Request No. 18 above. See Raytheon Document Nos. 000899 – 000900.

f.    NTSB Brief of the Accident adopted 8-31-2004. See Raytheon Document Nos. 0001041 – 0001042.

g.    NTSB History of Flight –NYC03MA183. See Raytheon Document Nos. 0001043 – 0001053.

h.    NTSB Factual Report - NYC03MA183.  See Raytheon Document Nos. 0001054 – 0001068.

i.    NTSB Safety Recommendation (SR) dated March 5, 2004.  Colgan Document Nos. C00045 - C00070.  See Raytheon Document Nos. 0001069 – 0001094.

j.    NTSB Aircraft Maintenance and Records Group Factual Report - NYC03MA183, dated March 16, 2004.  See Raytheon Document Nos. 0001095 – 0001110.

k.    NTSB Airworthiness Group Chairman's Field Notes - NYC03MA183, dated August 31, 2003.  See Raytheon Document Nos. 0001111 – 0001118.

l.    NTSB Airworthiness Group Chairman's Field Notes - NYC03MA183, dated October 15, 2003.  See Raytheon Document Nos. 0001119 – 0001126.

m.    Summary of data gathered from Accident NYC03MA183.  See Raytheon Document Nos. 0001127 – 0001135.

n.    Also refer to documents produced in response to Request No. 19 above.

Also, see response to Request No. 28 below.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident, which is a reasonable time frame for seeking discoverable evidence.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

984753v1

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Again, in this Request, plaintiffs seek discovery totally unrelated to maintenance on the forward elevator trim tab cable for an indefinite period of time.  Raytheon agreed to produce documents related to the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the subject accident, a reasonable period of time.   However, no such documents existed. Raytheon then referenced 13 categories of documents produced in the Virginia case which related to purported errors or omissions in the REPS AMM regarding the accident involving UE-40 after the accident.  Plaintiffs ignore the abundance of documents produced by Raytheon in response to this Request, and simply assert the same vague objections that they have asserted throughout their motion to compel.  At the crux of Raytheon's objection is that the plaintiffs are seeking documents regarding aircraft components that have absolutely nothing to do with the accident or the accident aircraft's design and, as such, cannot possibly lead to the discovery of admissible evidence.


**REQUEST NO. 24**:   Any and all documents which reflect, constitute, or memorialize any warnings or concerns which relate, pertain or refer to the REPS Manual.

**RESPONSE**:  Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, vague, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be

14

viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

There are no such documents.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.   Defendants have set their own criteria by limiting any events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to the accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence.   The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Given that this Request is overbroad and seeks documents unrelated to this accident for an indefinite period of time, Raytheon's agreement to produce documents involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident is completely reasonable.  Since there are no such documents, Raytheon does not have documents to produce in response to this Request.   Again, the plaintiffs offer no justification for obtaining the extensive, irrelevant discovery that they seek.


**REQUEST NO. 25**:   Any and all documents which reflect, constitute, or memorialize any warnings or concerns provided to Raytheon by Colgan which relate, pertain or refer to the REPS Manual.

**RESPONSE**:   Objection.   Raytheon objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence and it is vague,

overly broad as it is unlimited in time. Raytheon will produce any documents identified that predate the accident giving rise to this action.

There are no such documents.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regards to this Request are without merit [sic] Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request is also overbroad and not properly limited as to time. Nonetheless, Raytheon agreed to produce any documents that predate the accident giving rise to this action, of which there are no documents. The scope of Raytheon's response is reasonable. Plaintiffs offer no explanation as to why any documents beyond what Raytheon agreed to produce are discoverable.


**REQUEST NO. 28**:    Any and all documents which reflect, constitute, or memorialize Raytheon's entire file that relates, pertains, or refers to Colgan, Scott A. Knabe or Steven Dean.

**RESPONSE**: Objection. Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence. This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface. The request seeks discovery totally

unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence.

Also, please see documents previously produced by Raytheon in response to Colgan's discovery requests.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Raytheon's objections to this Request are appropriate.   This Request also seeks documents completely unrelated to maintenance on the forward elevator trim tab cable.   In any event, Raytheon referred the plaintiffs to the documents already produced in the Virginia case.  Raytheon's response is reasonable and the plaintiffs are not entitled to obtain additional irrelevant documents.


**REQUEST NO. 29**:   Any and all documents which reflect, constitute, or memorialize any complaints (means and refers, without limitation, named or charged in any complaint, cross-complaint, counter-claim, affirmative defense, charge, administrative charge or claim and/or other accusatory instrument or pleading of any nature) against Raytheon for anything (allegedly) arising or connected, in whole or in part, from any involvement you had with the REPS Manual in any jurisdiction (that is, without limitation, any state or federal court, arbitration or administrative panel).

984753v1

**RESPONSE**:  Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, vague, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

Please see response to Request No. 21 above.

**PLAINTIFFS' OBJECTIONS:**     Any objections Defendants have with regard to this Request are without merit.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

In this Request, plaintiffs seek documents completely unrelated to the subject accident and the maintenance at issue in this case.  The plaintiffs also put no time limitation on their Request.  This Request is also overbroad and not properly limited as to time, and it was reasonable for Raytheon to agree to produce any documents related to the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

**REQUEST NO. 32**:  Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to Safety Communiqué 234 on September 24, 2003.

**RESPONSE**:  The Publications file on Safety Communique 234 was previously produced in Colgan v. Raytheon.  Raytheon is not producing the following documents which are protected from disclosure by the attorney-client privilege: draft copies of the Safety Communique, which contain hand written notations by Raytheon counsel, Dwight D Wallace, a fax transmittal sheet and Data Route and Approval sheet dated September 12, 2003 from Raytheon counsel, Dwight D Wallace to publications.  See Raytheon Document Nos. 0001175 – 0001195.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to this accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

The Plaintiffs' objections begins with "Any objections Defendants have... ."   The Defendants did not make <u>any</u> objections to this request.  Plaintiffs' objections to Raytheon's response are, therefore, nonsensical. The plaintiffs obviously did not read the Defendants' response which provides exactly what the Plaintiffs request.  This Request seeks documents related to a Safety Communique that was issued after a discrepancy in the manual was found. Raytheon produced the Publications file related to the Safety Communique and produced

additional documents, but appropriately withheld certain documents from production that are protected by the attorney-client privilege. Raytheon provided a privilege log listing the documents withheld from production. The plaintiffs have failed to articulate any justification for obtaining the documents listed in the privilege log. Raytheon fully complied with this Request. The plaintiffs baseless objection to the Defendants' response to this request may offer this Court a glimpse into the plaintiffs' tendency to proffer knee jerk objections that are absolutely void of merit.

**REQUEST NO. 33**: Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to any and all Safety Communiqués that relate, pertain, or refer to the REPS Manual.

**RESPONSE**: Objection. Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence. This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface. The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

Not withstanding the objection, Raytheon Aircraft Safety Communique No. 234 dated September 2003; Subject: Elevator Trim Tab Cable Installation.  Please see response to Request No. 32 above.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to this accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence.   The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request is also overbroad and not properly limited as to time.   Nonetheless, Raytheon produced documents in response to the Request.  Raytheon's response was reasonable. The plaintiffs have provided no basis for why any additional documents are relevant and should be produced.


**REQUEST NO. 34**:  Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to the FAA's Airworthiness Directive 2003-20-10, effective October 15, 2003.

**RESPONSE**:  Please see response to Request No. 33 above for documents that are referenced in the Airworthiness Directive.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting events

involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to this accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Plaintiffs' objections to Raytheon's response are illogical and serve to illustrate the plaintiffs' utter lack of making any attempt to articulate conscientiously drafted, well-reasoned objections, choosing instead meritless, repetitive objections that are a waste of this Court's time and stretch its indulgence. Plaintiffs requested documents related to the FAA's Airworthiness Directive 2003-20-10, which were produced in response to Request No. 33. Raytheon fully complied with this Request.

**REQUEST NO. 35**:   Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to any and all FAA's Airworthiness Directives that relate, pertain, or refer to the REPS Manual.

**RESPONSE**:  Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally

unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

None other than the one referred to in Request No. 34 above.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit. Defendants have set forth their own criteria by limiting events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to this accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Again, given that this Request is overbroad and not properly limited as to time, Raytheon's objections are appropriate. Raytheon's limitation of producing documents related to the mis-rigging of the forward elevator trim tab cable for 5 years prior to the accident was appropriate, and Raytheon produced documents pursuant to such limitation. Plaintiffs provide no reason as to why any additional documents are discoverable.


**REQUEST NO. 36**:    Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to any and all NTSB Safety Recommendations that relate, pertain or refer to the REPS Manual.

**RESPONSE**:  Objection.  Raytheon objects to this request for production on the grounds that it is overly broad, burdensome, unlimited by any time frame, and not reasonably calculated to lead to the discovery of admissible evidence.  This lawsuit involves the crash of an aircraft as a result of the mis-rigging of the forward elevator trim tab cable and the failure of Colgan's maintenance crew and flight crew to perform required operation checks (which would have revealed the mis-rigging) after the maintenance on the flight control surface.  The request seeks discovery totally unrelated to maintenance on the forward elevator trim tab cable and cannot be viewed as relevant to any claim or defense or likely to lead to the discovery of admissible evidence. Raytheon will produce any responsive documents identified involving the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

Notwithstanding the objection, NTSB Safety Recommendation (SR) dated March 5, 2004.  Please see response to Request No. 23 above.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.  Defendants have set forth their own criteria by limiting events involving the mis-rigging of the forward elevator trim tab cable to 5 years prior to this accident. Plaintiffs request is reasonably calculated to lead to discoverable evidence.   The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request also seeks documents completely and utterly unrelated to the subject action and not properly limited as to time.  Raytheon reasonably produced documents related to the mis-rigging of the forward elevator trim tab cable for the 5 years prior to the accident.

984753v1

**REQUEST NO. 37**:  Any and all documents which reflect, constitute, or memorialize the review and approval of Chapter 27-50-00, figure 202 of the REPS Manual, as published in Revision 9 and in use in August 2003.

**RESPONSE**:  Objection.  Raytheon objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, as this lawsuit involves the mis-rigging of the forward elevator trim tab cable and does not involve flaps.

**PLAINTIFFS' OBJECTIONS:**  Any objections Defendants have with regard to this Request are without merit.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request appears to contain a typographical error, as it appears that the plaintiffs are referring to Chapter 27-50-05, not Chapter 27-50-00.  In any event, Chapter 27-50-05 deals with flaps, not the elevator trim system, and as such, is completely irrelevant to this action. Raytheon's objections are proper and further demonstrate the plaintiffs' failure to articulate well-reasoned objections, instead choosing to proffer to this Court repetitive objections that fail to even address the original request.


**REQUEST  NO. 38**:  Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to the U.S. Airways Express Incident on June 3, 2000, NTSB Identification NYC00IA150.

**RESPONSE**:   Objection.  The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, as the described incident is unrelated to the issues of this case.

**PLAINTIFFS' OBJECTIONS:**     Any objections Defendants have with regard to this Request are without merit.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.   The issue of admissibility at trial is not relevant to discovery requests.   Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request seeks documents related to an entirely different incident.  Specifically, the Request seeks documents of an incident involving a Model 1900D with landing gear that would not extend electrically or mechanically for landing.  The aircraft landed gear up with no injuries. That incident had nothing to do with mis-rigging of the forward elevator trim tab cable.  As such, the Request seeks documents that are completely irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 39**:   Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to the Continental Express Incident on September 16, 2000, NTSB Identification MIA00IA266.

**RESPONSE**:  Objection.  The defendant objects to this interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, as the described incident is unrelated to the issues of this case.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regard to this Request are without merit.  Plaintiffs request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request also seeks documents related to an entirely different incident.  The incident referred to in this Request involved a Model 1900C with nose gear that collapsed during the landing roll.  That incident also had nothing to do with mis-rigging of the forward elevator trim tab cable.  In any event, Raytheon did not investigate this incident.  Lack of relevance not withstanding, Raytheon did a search for documents regarding this incident and could not locate any.


**REQUEST NO. 40**:    Any and all documents which reflect, constitute, or memorialize any communications (that is, without limitation, correspondence, memorandums, e-mails, notes of meetings, phone messages, memorandums to the files, and/or faxes), of any nature, that relate, pertain, or refer to the Air Midwest Flight #5481 Incident in January 2003.

**RESPONSE**:    Objection.  The defendant objects to this request on the grounds that it is not reasonably calculated to lead to the discovery of relevant admissible evidence, as the described incident is unrelated to the issues of this case.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regards to this Request are without merit [sic] Plaintiff's request is reasonably calculated to lead to discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.  Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

984753v1

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request also seeks documents relating to an entirely different incident. Of note, this incident was heavily discussed in the Virginia case, for which plaintiffs' counsel was present. Additionally, documents related to the incident were produced in the Virginia case and the plaintiffs have those documents. Given that this incident is unrelated, and the plaintiff already possesses the documents which they seek, Raytheon's objections are proper and once again demonstrates the complete failure of the plaintiffs to present to this Court a well-reasoned basis for their objections. The plaintiffs already have the documents they seek, notwithstanding their lack of relevance, yet the plaintiffs raise these objections without regard to the fact that this Request has been fully answered.

**REQUEST NO. 41**:  Any evidence or documents not otherwise heretofore listed or described that Raytheon produced to Colgan Air, Inc. in Colgan vs. Raytheon, 1:05 CV 213, including but not limited to documents produced, before, during or after depositions.

**RESPONSE**:  Upon information and belief, everything produced by Raytheon to Colgan in the Colgan case has already been provided to plaintiffs' counsel in this case. We presume plaintiffs' counsel in this case has obtained or will obtain by other means any desired deposition transcripts or exhibits from the Colgan case, and any material produced by Colgan in that case.

**PLAINTIFFS' OBJECTIONS:**    Defendants are making a presumption that Plaintiffs have obtained, or will obtain by other means, any desired deposition transcripts from the Colgan case and/or any material produced by Colgan in that case. Defendants have not complied with this

984753v1

Request [sic] Plaintiff's request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Raytheon's documents sought in this Request have already been produced to the plaintiffs. Raytheon understood that plaintiffs would receive Colgan's documents directly from Colgan and that plaintiffs' counsel would have ordered any deposition transcripts that she wanted since she was present at such depositions. If the Plaintiffs have not sought or obtained documents available from Colgan, they have done so at their peril. Of note, Raytheon was not asked to produce deposition transcripts in this Request, so plaintiffs' objections that Raytheon presumes they will obtain such transcripts from other means is disingenuous. Raytheon has fully complied with this Request and is not obligated to produced anything further. Moreover, the documents sought by the plaintiffs are limited by Fed. R. Civ. P. 26(b)(2) to which the plaintiffs are bound.

**REQUEST NO. 42**:   All documents concerning the location of the wreckage of the Beech 1900D accident aircraft and revealing the name, address, phone number, and/or title of custodian thereof.

**RESPONSE**:   Raytheon has no such documents, although it is possible the wreckage location was mentioned in some of the material already produced from the Colgan case.

**PLAINTIFFS' OBJECTIONS:**   Any objections Defendants have with regards to this Request are without merit. Defendants have not fully complied with this Request by not providing all available documents. Plaintiff's request is reasonably calculated to lead to

984753v1

discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.

Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.


**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Once again, the Plaintiffs begin their objection with "Any objections Defendants have…"

Raytheon did not make any objections to this request answering it point blank.  Plaintiffs'

objections are without merit given that Raytheon has advised plaintiffs that it has no documents

responsive to the Request.  Nonetheless, Raytheon referred the plaintiffs to documents produced

in the Colgan case.  Plaintiffs' objections are inappropriate.  This Request is another indication

that the Plaintiffs' requests were fired off at the eleventh hour with little or no thought and their

objections are simply baseless and a waste of this Court's time.


**REQUEST NO. 43**:   All documents concerning the location of the Cockpit Voice Recorder

(CVR) of the accident aircraft and revealing the name, address, phone number, and/or title of the

custodian thereof.

**RESPONSE**:   Upon information and belief and the NTSB has the CVR recordings.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regards to this

Request are without merit.  Defendants have not fully complied with this Request by not

providing all available documents [sic] Plaintiff's request is reasonably calculated to lead to

discoverable evidence.  The issue of admissibility at trial is not relevant to discovery requests.

Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

Here again, the Plaintiffs state "Any objections Defendant have…" The Defendants made no objections to the request. Raytheon answered the question. The Plaintiffs evidently never read Raytheon's response. Raytheon cannot produce documents it does not have. Plaintiffs' objections are improper, and a further waste of this Court's time.

**REQUEST NO. 46**: All documentation not otherwise produced but referenced in the discovery deposition, as follows:

a)   The FAA test for mechanics;

b)   Illustrated Parts Catalogue (IPC) for the Beech 1900D (Peay);

c)   The Supervisory Reports concerning the computer system that can track customer issues (Peay);

d)   The weekly phone metric reports (Peay);

e)   The CIMAG – the computer program that electronically pulls up blueprints and service data (what IPC's are based on);

f)   The Operators Conference Binders (Peay);

g)   Beech 1900D Maintenance Manual since its inception and any revisions/reviews (Crowe);

h)   Beech 1900C Maintenance Manual since its inception and any revisions/reviews (Crowe);

i)   PCR's related to trim wheel breakage (Crowe);

j)   PCR's related to cushion complaints concerning erroneous readings from the trim

wheel setting (Crowe);

k)      Factual report, once completed, by Ramey on Colgan's January 2003 crash, all

        drafts and all correspondence with the NTSB, FAA or other government agencies

        (Ramey);

l)      Notification file (Ramey);

m)      The AMM of King Air series on which Beech 1900 was based (Ramey);

n)      Recordings of sound (Ramey);

o)      Beech 1900D Pilot Operating Handbook – both parties: (1) Pilot Operating

        Handbook (including different versions or multiple volumes as described in

        Jaerger's deposition);

p)      AFM: Airline Flight Manual (Ramey);

q)      Study that RAC undertook to verify control cables on airlines (Ramey);

r)      Notes from crash simulation (Ramey);

s)      PCR Request in re: IPC, -9 could be used for UE-9 to UE-211 (McCarthy);

t)      Desktop Procedures – manual for tech writers in August of 2003 (Jaerger);

u)      Test reports, blue print drawings, and tests procedures referred to by Jaerger;

v)      TPTMS – Technical Publications Technical Manual Data (Jaerger);

w)      Pilot Checklist: (1) one is part of the manuals required to be in the cockpit, and

        (2) is other checklist – distilled version for convenience sake (Scheidt).

**RESPONSE**:    Raytheon objects to this request as overly broad, unduly burdensome, vague and

in large measure not reasonably calculated to lead to the discovery of admissible evidence.  The

request and its various subparts are also incomplete and so vague as to not be susceptible to a

certain response.  If more information is provided to identify the material sought, Raytheon can

undertake a meaningful search to determine if responsive information exists. For those that are intelligible, most if not all were produced at or following the depositions, but without waiving these objections, Raytheon responds as follows.

a) The FAA test for mechanics is not a Raytheon document.

b) The IPC has been provided in the Colgan v. Raytheon discovery. It is available for inspection at Robert Hall's office in Reston, Virginia.

c) As stated in the deposition of T. Peay, the Supervisory Reports are maintained in a computer program which can be searched by airplane serial number or by the owner name, i.e. Colgan. This search has been done and the results provided to plaintiff in the Colgan case.

d) As stated in the deposition of T. Peay, the weekly phone metric reports is a system of recording the number of telephone calls received, the nature of the call as to whether it was related to parts, manuals, operations, or some technical area. There is no meaningful way to respond or produce additional material without further refinement of this request. See Raytheon's initial disclosure to Colgan regarding telephone contacts. See Raytheon Document Nos. RAC 000722 – RAC 000724.

e) CIMAG is a computer program used in Engineering to retrieve drawings, and service data. It is not subject to production.

f) Please see Raytheon First Supplemental Response to Colgan for Tom Peay power point presentation to operators group on correct cable replacement procedures for the Model 1900D. See Raytheon Document Nos. RAC 0001201 – 0001241. Please see response to Request No. 5 above.

g) Please see response to Request Nos. 5 & 12 above.

h) Please see response to Request Nos. 5 & 12 above.

i) This request is not clear enough for a response, as Crowe testified on Page 200 that he does not "recall working on any changes related to trim wheel breakage."

j) This request is not clear enough for a response, but Raytheon is not aware of any additional responsive information beyond the deposition testimony and other materials already produced.

k) Report is produced on CD as document No. RAC50001. Remainder already produced.

l) Objection to production of general notification file as most is on unrelated matters. Any reference to this accident would be in other documents already produced.

m) Please see objections and response to Request No. 12 above.

n) Previously produced by Raytheon to plaintiffs' counsel by email.

o) This document has been provided in the Colgan v. Raytheon discovery. It is available for inspection at Robert Hall's office in Reston, Virginia.

p) This document has been provided in the Colgan v. Raytheon discovery. It is available for inspection at Robert Hall's office in Reston, Virginia.

q) None found beyond documents already produced.

r) None found beyond Ramey's field notes, which were produced at his deposition.

s) RAC has been unable to locate a PCR on this topic.

t) Desktop Procedures previously provided in Colgan. See Raytheon Document Nos. RAC 0001376 – 0001437.

u) To the extent this request seeks every test report, procedure engineering drawing used by the technical writers for the commuter airliner group to draft the Maintenance Manual, it

34

is objected to as being overly broad, unduly burdensome and not calculated to lead to admissible evidence.

v)  The Technical Publications Technical Manual Data is a record tracking system for PCR's. Raytheon objects to producing this program or data as the Request is overly broad, unduly burdensome and not calculated to lead to admissible evidence.

w)  Please see Raytheon's initial disclosures to Colgan, specifically Item No. B.11. for Model 1900 Normal Checklist Volume XXX Revision 5 dated March 14, 2003. See Raytheon Document Nos. RAC 000580 – RAC 000651.

**PLAINTIFFS' OBJECTIONS:**    Any objections Defendants have with regards to this Request are without merit. Defendants have not fully complied with this Request by not providing all available documents [sic] Plaintiff's request is reasonably calculated to lead to discoverable evidence. The issue of admissibility at trial is not relevant to discovery requests. Plaintiff's request is not overly broad, burdensome and the time frame is reasonable.

**RAYTHEON'S RESPONSE TO PLAINTIFFS' OBJECTIONS:**

This Request and its various subparts are incomplete and so vague that Raytheon could not respond any more fully than it did. Raytheon invited plaintiffs to provide more information to identify the material sought, so that Raytheon could undertake a meaningful search to determine if responsive information exists. However, Plaintiffs did not provide such information even though the Plaintiffs have had Raytheon's response to this question for months. For those subparts that were intelligible, most, if not all, of the requested were produced at or following depositions. As such, plaintiffs have the ascertainable documents that they requested.

## CONCLUSION

The defendants, Raytheon Company, Raytheon Aircraft Holdings, Inc., Raytheon Aircraft Company, and Raytheon Aircraft Credit Corporation, request that this Honorable Court deny Plaintiffs' Consolidated Emergency Motion to Compel Raytheon Defendants Response to Interrogatories and Requests for Production of Documents.

<div style="margin-left:40%">

Raytheon Defendants,
RAYTHEON COMPANY, RAYTHEON
AIRCRAFT HOLDINGS, INC., RAYTHEON
AIRCRAFT COMPANY, and RAYTHEON
AIRCRAFT CREDIT CORPORATION
By Counsel,

/s/ Gary W. Harvey

_____

Peter C. Knight, BBO # 276000
Gary W. Harvey, BBO # 547993
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

and

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
    & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone:   (316) 265-9311

</div>

984753v1