UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, et. al.,<br><br>    Plaintiff,<br>vs.<br><br>RAYTHEON COMPANY, et al.,<br><br>    Defendants. | Case No.: 05 CV 10155 PBS |
| LISA A. WEILER, et. al.,<br><br>    Plaintiff,<br>vs.<br><br>RAYTHEON COMPANY, et al.,<br><br>    Defendants. | Case No.: 05 CV 10364 PBS |

**PLAINTIFF'S SUGGESTED SCOPE OF DISCOVERY AS REQUESTED BY MAGISTRATE JUDGE SOROKIN**

As requested by Judge Sorokin at the hearing on January 25, 2006, plaintiffs provide the following scope of discovery for depositions of defendant's witnesses.

**I. Federal Rules of Civil Procedure 30(b)(6) Depositions of Defendant Raytheon's witnesses.**

For the 30(b)(6) depositions requested of Raytheon, plaintiffs request defendants produce deponents to testify as follows:

Person(s) with the most knowledge of other Raytheon Beech 1900 related accidents or incidents related to maintenance or repair manual errors including the 13 accidents, incidents, Airworthiness Directives, Safety Communiqués or Service Bulletins described in information plaintiff provided from the public records and filed with the court in preparation for the hearing on January 25, 2006. Defendants should produce person(s) to testify about how these and other such errors came to be incorporated in the manuals, including the validation and revisions with regard to the incorporation of each section(s) of the manuals, and how Raytheon identified the errors and the process used to revise the manual thereafter. The witness should be able to testify about these, and any other accidents, incidents, Airworthiness Directives, safety communiqués or service bulletins related to manual errors pertaining to misrigging of control systems such as trim, and/or trim tabs, rudder, stabilizer, elevator or ailerons. As plaintiffs have also served requests for production relative to this requested information, the requested documents should be required by the court to be produced in advance of the depositions consistent with a scope of discovery order.

Person(s) with the most knowledge of Raytheon's corporate entities with involvement in the Raytheon Beech 1900 as specified herein below. Defendant in its objections to discovery claimed some of the Raytheon corporate entities had nothing to do with this case, and among the few responses to discovery produced corporate charts with many additional Raytheon entities listed thereon. Furthermore defendant produced parts of 2 insurance policies for some Raytheon corporate entities but not for others. Defendants should produce persons to testify about the involvement of each corporate entity in the design, development, manufacture, sale, leasing, technical support, review, revision and validation of manuals, budget, and any other Raytheon corporate involvement in the Beech 1900D aircraft (the accident aircraft) maintenance and flight manuals pertaining thereto, and any corporate support or activity to such aircraft after its manufacture. As plaintiffs have already requested via both a request for Rule 26 disclosures and

a Request for Production, any insurance agreements which may be available to satisfy all or part of a judgment or to indemnify or reimburse for payments to satisfy the judgment (Defendants have not provided all, or provided complete policy information) should be produced before the above 30(b)(6) depositions.

## II. Other Depositions

### a. Donovan Havnen

Former Raytheon Aviation Services Vice President of Operations, Mr. Havnen, has not been deposed in this nor the Virginia case. His deposition was duly and timely noticed and he was subpoenaed. He has information both on the accident aircraft and manuals, and information concerning budgeting and manpower for post production support of this aircraft and manuals. Defendants have asserted he is a non-party witness not under their control. Plaintiffs are entitled to fully examine this person pursuant to the Federal Rules of Civil Procedure and obtain a simultaneous stenographic and videographic deposition. All depositions of all other witnesses, including all other Raytheon and Colgan employees, were taken with a simultaneous stenographic and video recording. To avoid further disruption, delay and frustration of this deposition, plaintiffs agree to preserve all defendants' objections so they may argue them before the trial of this matter and agree to seal the deposition of Mr. Havnen to preserve confidentiality.

### b. Michael J. Sheidt

Mr. Sheidt is a president of a subsidiary of Raytheon Aircraft Company called Raytheon Airline Aviation Services, which has as part of it the Raytheon Aircraft Credit Corporation. Mr. Sheidt was deposed in the Virginia case, but not on the issues on which his deposition is sought by plaintiffs in this Massachusetts case, specifically as follows:

1. Accidents, Incidents, Airworthiness Directives, Safety Communiqués, or Service Bulletins concerning manual errors on misrigging of aircraft control systems such as trim and/or

trim tabs, elevator, stabilizer, rudder, or ailerons, other than the accident aircraft herein, or the 2003 Air Midwest Charlotte accident to the extent discussed in the Virginia case deposition.

2. The roles and functions of the various Raytheon entities displayed on the Raytheon organization charts or insurance information produced by defendants after the previous deposition of Sheidt.

3. The funding, budget, manpower, actions and activities of the various corporate entities described above relative to the Beech 1900 and its flight and maintenance manuals.

January 31, 2006                                     Respectfully Submitted,


                                                           /s/Robert McConnell
                                                        Robert McConnell, Esq.
                                                        (BBO No. 550625)
                                                        Mary Schiavo, Esq.
                                                        J. B. Harris, Esq.
                                                        Motley Rice LLC
                                                        28 Bridgside Blvd.
                                                        Mt. Pleasant, SC 29465
                                                        (843) 216-9000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing:

**PLAINTIFF'S SUGGESTED SCOPE OF DISCOVERY**

was served electronically through filing with the ECF system on January 31, 2006 to the following attorneys of record.:

Michael G. Jones
MARTIN, PRINGLE, OLIVER, WALLACE& BAUER, L.L.P.
100 North Broadway
Wichita, KS 67202

Peter Knight
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

/s/ Mary Schiavo