UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, et. al., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>RAYTHEON COMPANY, et al., )<br>)<br>Defendants. )<br>)<br>) | Case No.: 05 CV 10155 PBS |
| LISA A. WEILER, et. al., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>RAYTHEON COMPANY, et al., )<br>)<br>Defendants. )<br>)<br>) | Case No.: 05 CV 10364 PBS |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' REPLY CONCERNING PLAINTIFF'S FURTHER DISCOVERY REQUESTS

Defendants persist in their mischaracterization of this instant litigation as the same as, or bound by, the issues and parameters of discovery in the Virginia case of *Colgan vs. Raytheon*. That mischaracterization is the premise and basis for each of the defendants' argument against discovery.

As the Defendants well know, the basic rule governing discovery matters is Federal Rule of Civil Procedure 26(b)(1) which states:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . **Relevant information need not**

**be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.**

Fed. R. Civ. P. (b)(1) (emphasis added). Moreover, the Defendants are aware of the definition of "Relevant Evidence". "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In Massachusetts,

> [a]s a general matter, relevancy must be broadly construed at the discovery stage such that information is discoverable if there is any possibility it might be relevant to the subject matter of the action. *Gagne v. Reddy,* 104 F.R.D. 454, 456 (D.Mass.1984). "[R]elevant information includes any matter that is or may become an issue in the litigation." *Multi-Core, inc. v. Southern Water Treatment Co.,* 139 F.R.D. 262, 264 n. 2 (D.Mass.1991). See also C*hubb Integrated Systems Limited v. National Bank of Washington*, 103 F.R.D. 52, 59 (D.D.C.1984). ("The concept of relevancy is broadly construed at the discovery stage of an action, and discovery rules are to be accorded liberal treatment." (See *E.E.O.C. v. Electroterm, Inc.,* 167 F.R.D. 344, 346 (D.Mass.1986).

All of the items requested by Plaintiff's interrogatories, request for documents and depositions seek information which is probative and relevant to the facts in this case. It is these facts which form the basis for Plaintiff's complaint and the causes of action thereunder.

Defendants argue the discovery sought is too broad because this case is about Figure 201 and the failure of Raytheon to include a reference to post maintenance checks, checks which Raytheon claims if found in the manual and performed would have caused the maintenance technicians to realize that despite following Figure 201, the rigging was not operating properly. Thus the technicians would have had to go back to the manual and somehow divine that Figure 201 was wrong, and that to correct it, reverse the diagram, rotate it and re-orient the directional instructions of the "flip side" of Figure 201, and then correctly replace the cables and wind the cables on the trim drum, a task so complicated that Raytheon concluded a diagram was needed in the manual to illustrate and explain the procedures.

However, as Raytheon's arguments in its Reply filed February 15, 2006, clearly admit, there are many other errors in the manual, except Raytheon argues because they do not pertain to Figure 201 and the

missing operational checks accompanying the verbal repair description, they are not relevant. The fact that the manual is replete with errors is at the very heart of this case. Raytheon failed to devote the skill, care, resources, and attention necessary to writing editing, checking and operational validation of its manuals. Routing cable is rare. Mechanics may go through their careers and never have to perform this procedure. In the past, even Raytheon's own aircraft factory workers failed to properly rig cables (see Items 1&2, as described in Defendant's reply on page 3). "Item 3" as admitted by defendant, is another near tragedy in Rochester, NY and revealed another missing operational check (see Item 3, as described in Defendant's reply on page 3). These are but a few of the examples which point to the inescapable conclusion that the validification procedures Raytheon applied to its manuals was on a crash-by-crash basis. Raytheon relied on a body count to correct errors in its manual. Not only are other manual errors and similar accidents or incidents relevant, they go to the very heart of the case. This corporate behavior and reckless disregard for human life constitutes negligence as outlined in Plaintiff's complaint.

Defendants also argue that since the duty of care accrues as of the date the product is sold, leased or put in service, pre-sale discovery is irrelevant. Information pertaining to drafting and design of Raytheon's manuals are of paramount importance in this case. The state-of-the-art concerning "what" a defendant knew and "when" pre-sale of a product, is a basic tenant of the law of negligence and is evidence per se on a breach of warranty claim, express or implied.

Finally, Plaintiff considers the depositions of Don Havnen and Mike Scheidt relevant for the purposes as outlined in the 30(b)(6) notice served to the Defendants on January 6, 2006 and subsequent notices issued since then.

February 21, 2006                                      Respectfully Submitted,


                                                       /s/Robert McConnell
                                                       Robert McConnell, Esq.
                                                       (BBO No. 550625)
                                                       Mary Schiavo, Esq.

>J. B. Harris, Esq.
>Motley Rice LLC
>28 Bridgeside Blvd.
>Mt. Pleasant, SC 29465
>(843) 216-9000
>
>and
>
>David A. Bunis (BBO No. 550570)
>Jacob T. Elberg (BBO No. 657469)
>DWYER & COLLORA, LLP
>600 Atlantic Avenue
>Boston, MA 02210
>(617) 371-1000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY CONCERNING PLAINTIFF'S FURTHER DISCOVERY REQUESTS** was served electronically through filing with the ECF system or via electronic mail on February 21, 2006 to the following attorneys of record:

Michael G. Jones
MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, L.L.P.
100 North Broadway
Wichita, KS 67202

Peter Knight
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210

                                                      /s/ Mary Schiavo