UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,
    Plaintiff,
 v.

RAYTHEON COMPANY, a Delaware Corporation, RAYTHEON AIRCRAFT HOLDINGS, INC. a Delaware Corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC.,
a Virginia Corporation d/b/a US Air Express,
    Defendants.

_____

**CONSOLIDATED UNDER CASE NO. 05-10155 PBS**

DOCKET NO:05cvl0l55 PBS

LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,
    Plaintiff,
 v.

RAYTHEON COMPANY, a Delaware Corporation, RAYTHEON AIRCRAFT HOLDINGS, INC. a Delaware Corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,
    Defendants.

_____

DOCKET NO:05cvl0364 PBS

ORDER ON DISCOVERY MOTIONS

SOROKIN, M.J.

Defendants have filed an Emergency Motion for a Protective Order (Docket # 62) and Plaintiffs have filed a Motion to Compel (Docket #69). The Court held a hearing on January 25, 2006, and received supplemental filings submitted by the parties culminating with Plaintiffs' Reply on February 21, 2006.

The scope of the discovery divides the parties. As a general matter, Plaintiffs are entitled to supplement to the discovery they received in the Colgan case, as explained below. Substantively, the scope of discovery that Defendants propose is too limited, though I find the scope that Plaintiffs' propose is overbroad. Thus, Plaintiffs may have discovery, for the seven year period preceding the filing of the Complaint in this action, of the following:

(a) the process of validating the manual, identifying errors or problems with the manual, and making changes to the manual;

(b) accidents or incidents involving the model 1900D plane in which an NTSB probable cause finding referenced issues with the manual (in the notebook submitted by Plaintiffs, only the 6/3/2000 incident at Tab 1, the 9/16/00 incident at Tab 2 and the 9/16/03 incident at Tab 3 fall into this category) and Defendants' response and/or follow up, regarding these manual issues;

(c) Safety Communiques for the 1900D referencing the Flight Control Systems portion of the manual;

(d) accidents or incidents involving the misrigging of the trim tabs or changes to the manual regarding the trim tabs.

Plaintiffs may take Rule 30(b)(6) deposition(s) of the person(s) with most knowledge of

the foregoing topics and the defendants' corporate structure as it relates to the foregoing topics.

The Requests for Production of Documents which were disputed based on scope are ALLOWED as to the scope of discovery described above, and are otherwise DENIED (Request Nos. 20-24, 25, 29, 32-34, 35, 36, 37, 38, 39, 40, 46).

The remaining disputed Requests for Production are resolved as follows: No. 9 is allowed as to January 1, 2000; No. 10 is denied; No. 28 is denied as drafted; No. 41 is denied as moot; No. 43 for the Cockpit Voice Recorder is denied as moot in light of the protective order issued by the Court, as I understand that this will result in the CVR's production;[1] No. 42 is denied; No. 46 is moot as to the specified documents, and otherwise denied. As for No. 13, Defendants' answer refers to their response to Request No. 1; the Court does not have a copy of that response. Accordingly, the Request is denied.

As for the Interrogatories: (a) Defendants shall answer No. 1 as limited at the hearing by striking from "and list any documents" to the end of the Interrogatory; (b) Defendants need not answer No. 2(a) as it is overbroad and not reasonably calculated to lead to discoverable evidence; (c) Defendants shall answer No. 2(e) as restated in Plaintiffs' submission to the Court on January 31, 2006 (Docket #76). At the hearing, the parties agreed that Plaintiffs would withdraw Interrogatory 2(f), while Defendants would answer Interrogatories 2(b), (c), (d) and (g).

Plaintiffs may re-depose persons deposed in the <u>Colgan</u> action, provided, however, all of these depositions shall be completed in two days and no more than seven persons shall be deposed

---

[1] I note that Footnote 2 of the Assented To Motion to Extend Expert Designation Deadlines (Docket #83) indicates that the parties are awaiting a ruling from the Court on the production of the CVR. If the parties are awaiting such a ruling they are invited to bring this matter before the Court forthwith.

in total.  Defendants shall cooperate in the production of the witnesses so that the depositions can proceed efficiently one after the other.   Plaintiffs may re-depose Mr. Sheidt within that two day period as one of the seven witnesses.

Plaintiffs may depose Donovan Havnen under the following conditions: (a) defendants may assert the attorney-client and work product privileges at the deposition, all other privilege objections are reserved; (b) the deposition is sealed; (c) the deposition maybe videotaped; (d) and, Defendants may, if they elect, take a trial deposition of Mr. Havnen (what, if any, portion of either deposition is admissible will be a question for the trial judge).  I am not defining the scope of the inquiry at the deposition though counsel should be guided by the scope of discovery outlined above.

## CONCLUSION

Plaintiffs request that the document production precede the depositions is a reasonable one and the parties should structure the remaining discovery accordingly.  The Scheduling Order provided for the close of fact discovery at the end of January; clearly the parties will need additional time to complete this discovery.  Accordingly, the parties are to file a Joint Proposed Revision to the Scheduling Order by March 10, 2006.

On the terms Ordered above, the Defendants' Motion for a Protective Order (Docket # 62) and the Plaintiffs' Motion to Compel (Docket #69) are ALLOWED IN PART AND DENIED IN PART.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Leo T. Sorokin  
　　　　　　　　　　　　　　　　　　　　　　　　Leo T. Sorokin  
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Dated: March 2, 2006