UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, et. al.,<br><br>    Plaintiff,<br>vs.<br><br>RAYTHEON COMPANY, et al.,<br><br>    Defendants. | Case No.: 05 CV 10155 PBS |
| LISA A. WEILER, et. al.,<br><br>    Plaintiff,<br>vs.<br><br>RAYTHEON COMPANY, et al.,<br><br>    Defendants. | Case No.: 05 CV 10364 PBS |

**[PROPOSED] ASSENTED-TO PROTECTIVE ORDER
FOR PRODUCTION OF COCKPIT VOICE RECORDER**

Upon motion of the plaintiffs[1], and for good cause shown it is hereby

**Ordered:**

In accordance with the provisions of 49 U.S.C.A. § 1154(a)(4)(A), and after a review of the transcript of the recording (an in camera review not being necessary as the transcript has already been made public by the National Transportation Safety Board (NTSB)) [05-cv-10155-PBS, Docket # 68, Exhibit 4], this Court finds as follows:

---

[1] All parties have assented to the entry of this protective order. The Raytheon Defendants have noted that their assent to this motion is given with full reservation of rights to object to the use of the cockpit voice recorder at trial.

1

(A) The parts of the transcript made available to the public under section 1114(c) or 1114(d) of this title and to the party through discovery (which was the same as that available to the public), do not provide the plaintiffs with sufficient information for the plaintiffs to receive a fair trial; and

(B) Discovery of the cockpit voice recorder (CVR) recording is necessary to provide the party with sufficient information for the plaintiffs to receive a fair trial.

**Further** this court issues its protective order, as follows:

(A) The use of the recording is limited to the judicial proceeding;

(B) Dissemination of the recording is prohibited to persons who do not need access to the recording for the purposes of the judicial proceedings;

(C) The recording or parts of the recording admitted into evidence in the judicial proceedings herein will be placed under seal to prevent the use of the recording for purposes other than these judicial proceedings.

Colgan Air, Inc. is hereby ordered to produce the CVR recorder recording subject to these protective orders, and allow counsel for plaintiffs and defendant herein to review, inspect, and make copies of this recording for the purposes of these judicial proceedings and that the original CVR recorder recording be preserved as evidence for the duration of these judicial proceedings, and any appeals.

**So ordered.**

Date: 3/27/06

_[signature: Patti B Saris]_

Judge

(Subject to any challenge to the sealing by the public)