UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

_____ )

YISEL DEAN, Independent Administratrix of the Estate of )
STEVEN DEAN, deceased, and on behalf of all statutory )
beneficiaries, )
Plaintiff, )
)
v. )
) DOCKET NO: 05cv10155 PBS
RAYTHEON COMPANY, a Delaware corporation, )
RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, )
RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas )
Corporation, RAYTHEON AIRLINE AVIATION SERVICES, ) **Leave to File Reply**
LLC, Kansas Corporation, and RAYTHEON AIRCRAFT ) **Granted by Court on 11/27/06**
PARTS INVENTORY AND DISTRIBUTION, COMPANY, )
LLC, a Kansas Corporation )
Defendants. )
)
)
_____ )
)
LISA A. WEILER, Administratrix of the Estate of SCOTT A. )
KNABE, deceased, and on behalf of all statutory beneficiaries, )
Plaintiff, )
)
v. )
) DOCKET NO: 05cv10364 PBS
RAYTHEON COMPANY, a Delaware corporation, )
RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, )
RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas )
Corporation, RAYTHEON AIRLINE AVIATION SERVICES, )
LLC, Kansas Corporation, and RAYTHEON AIRCRAFT )
PARTS INVENTORY AND DISTRIBUTION, COMPANY, )
LLC, a Kansas Corporation )
Defendants. )
_____ )

## DEFENDANTS REPLY MEMORANDUM TO
## "PLAINTIFFS' MOTION TO DEFENDANT'S REQUEST
## TO STRIKE PLAINTIFFS' EXPERT"

Defendants, Raytheon Company, Raytheon Aircraft Company, Raytheon Aircraft Credit

Corporation, Raytheon Airline Aviation Services, LLC and Raytheon Aircraft Parts Inventory

and Distribution Company, LLC (the "Raytheon Defendants") hereby submit this reply

1

memorandum[1] to "Plaintiffs' Motion in Opposition to Defendant's Request to Strike Plaintiffs'

Expert as Already Assented to" and move for a clarifying order precluding any use or reference

at trial of animations referenced but not produced by plaintiffs, Yisel Dean and Lisa Weiler.  As

more fully set forth below, while the Court recently allowed the Raytheon Defendants Motion to

Strike plaintiffs' expert Todd Michael Peterson/3Plains, plaintiffs have indicated their intent to

still use the animations as demonstrative chalks or exhibits at trial.  As set forth in the Raytheon

Defendants' Motion as well as below, plaintiffs have refused to produce the animations which

are the subject of their now stricken expert disclosure requiring that an order issue precluding

plaintiffs from using or in anyway referencing the Peterson/3Plain's animations at trial.

### Background

On or about October 31, 2006, the Raytheon Defendants filed a Motion to Strike Todd

Michael Peterson/3Plains Corporation as Plaintiffs' Experts or, in the alternative, To Compel the

Production of Copies of Animations and Reimbursement of Costs and Expenses.  (CE/EMF Doc.

No. 109).  The motion was filed after plaintiffs designated Peterson/3Plains as experts but failed

to produce a copy of the animations prior to the scheduled deposition of Peterson/3Plains.

Plaintiffs refused to provide copies of the animations prior to the deposition even though in their

expert disclosure they expressly represented that they would do so. See Exhibit B to Raytheon

Defendants' Motion to Strike/Compel ("Upon request plaintiffs will produce copies of their

animations prior to or before 3Plains' deposition").  Plaintiffs only offered defense counsel to

watch the animations in South Carolina and that copies would be provided if defendants paid

half of the production costs of the animations or approximately $30,000. See Exhibit B to

Raytheon Defendants' Motion to Strike/Compel.

---

[1] The Court allowed Raytheon Defendants' Motion for Leave to File a Reply on November 27, 2006.

In the Raytheon Defendants subsequent Motion to Strike/Compel, defendants sought an order seeking to strike Peterson/3Plains as plaintiffs' experts or, in the alternative, for the production of copies of the animations seven (7) days prior to the expert deposition of Peterson/3Plains. The defendants also requested reimbursement of its lost costs and fees associated with the cancellation of the expert deposition caused by the failure of the plaintiffs to produce the animations prior to the deposition.

On or about November 14, 2006, plaintiffs filed their "Motion in Opposition." In their Motion/Opposition, plaintiffs asserted, through an unverified pleading and without a supporting affidavit, that it was "previously agreed" between the parties that plaintiffs' designated expert, Todd Michael Peterson/3Plains Corporation would be stricken as an expert. Plaintiffs then proceeded to agree to the experts being stricken but opposed any award of fees or costs associated with the cancellation of the deposition. No mention or reference was made to plaintiffs' previously stated intent to use or reference the animations at trial as "demonstrative exhibits." Indeed, plaintiffs' counsel has since recently re-confirmed that they have reserved their right to use the animations as demonstrative "chalks" or exhibits and have "one of their experts" explain them at trial.[2]

On or about November 17, 2006, the Raytheon Defendants moved for leave to file a reply memorandum as to the Motion to Strike/Compel given the plaintiffs' "Motion in Opposition." Leave was sought to address the plaintiffs assertion that they had previously agreed to drop Peterson/3Plains' as an expert and to request that any action by the court include an order

---

[2] Prior to filing this Reply Memorandum, counsel for the Raytheon Defendants contacted counsel for the plaintiffs and inquired as to their intention as to the animations. See accompanying Affidavit of Tory A. Weigand. Counsel for the Raytheon Defendants was informed that plaintiffs were reserving their rights to use the animations at trial as demonstrative chalks or exhibits and have "one of their experts" explain them at trial. Id.

3

precluding any reference or use of the animations at trial given the plaintiffs' stated intention of using the animations as demonstrative exhibits or chalks.

On or about November 22, 2006, prior to any action on the defendants motion for leave to file reply memorandum, the Court issued an order allowing the Raytheon Defendants motion to strike/compel noting it was "unopposed" and otherwise denying the request for reimbursement of costs and fees associated with the cancellation of the travel plans to conduct the expert deposition of Peterson/3Plains. On November 27, 2006, this Court allowed defendant's motion to file a Reply Memorandum.

## **Argument**

As set forth in the Raytheon Defendants motion and accompanying exhibits, defendants made repeated efforts and requests for production of the animations including the scheduling of the deposition of the animation's creator Mr. Peterson/3Plains. See Raytheon Defendant's Motion to Strike and accompanying exhibits. The requests were made after plaintiffs had identified Peterson/3Plains as experts and specifically the creators of the animations. In response to these requests, plaintiffs refused to provide a copy of the animations. Moreover, and contrary to the representation in their "Motion/Opposition" plaintiffs likewise never agreed or indicated any intent to withdraw Mr. Peterson/3Plains as an expert until the filing of their "Motion in Opposition." See accompanying affidavit of Michael Jones, Esquire at a¶¶ 3-4. Instead, plaintiffs indicated that they were going to take the position that the animations created by Mr. Peterson/3Plains could be used as "demonstrative chalks" or exhibits trial. Id.

Given the plaintiff's stated intent to use the animations as demonstrative chalks or exhibits at trial, the Court's recent allowance of the Raytheon Defendants' Motion to Strike does not fully resolve the issue pertaining to the animations. Indeed, in addition to their stated

intention, no-where in their opposition did the plaintiffs represent that they do <u>not</u> intend to use the animations at trial as demonstrative exhibits/chalks or otherwise.

Plaintiffs cannot be allowed to refuse to produce the animations and then circumvent this basic discovery obligation and the Raytheon Defendants' motion by the expedient of dropping Peterson/3Plains as an expert. The refusal and failure of the plaintiffs to produce the animations contravenes the well-established discovery and disclosure obligations under Rule 26 and, as a result of that failure, plaintiffs cannot be allowed to use or reference the animations at trial as chalks or in any other manner.

Animations are highly technical utilizing equations and underlying data and assumptions and are subject to both relevancy and reliability principles as well as accuracy, authentication, foundation and probative/prejudice evidentiary rules as well. Common sense and fundamental discovery and disclosure requires that the animations be produced pre-trial. Indeed, plaintiffs disclosed the existence of the animations and the concomitant expert thereby expressly recognizing that such evidence had to be disclosed and subject to expert explanation and deposition and review prior to trial. <u>See</u> <u>generally</u>, <u>Commercial Union Insurance Co. v. Boston Edison Co</u>., 412 Mass. 545, 549-50 (1992)(noting that in order to ensure reliability, completeness, accuracy and admissibility of computer program, it must be "disclosed to the opposing party so that they may challenge them"). <u>See e.g</u>., <u>Robinson</u>, 16 F.3d at 1088-89 ("as 'gatekeeper' the district court [must] carefully and meticulously make an early pretrial evaluation of issues of admissibility, particularly scientific experts opinions and films or animations illustrative of such opinions"); <u>Racz v. R.T. Merriman Trucking Inc</u>., 1994 U.S. Dist. Lexis 4349 (E.D. Pa. 1994)(precluding admission of animation of accident as prejudicial).

1033080v1

To be sure, the animations cannot be used or referenced at trial absent expert testimony and proper foundation which can only be provided by Peterson/3Plains. This necessary foundation and expert testimony cannot be provided due to plaintiffs' representations and this court's recent order striking the animations' creators as experts. Indeed, all of plaintiffs' experts have been deposed/disclosed and none of them saw or relied upon the animations for their testimony and opinions thereby precluding any use or reference to the animations as a matter of law. Given plaintiffs withdrawal of their expert designation of Peterson/3Plains, their failure to produce the animations, and the lack of any expert disclosure pertaining to the animations, the court must make clear that not only is plaintiffs' expert Todd Peterson/3Plains stricken but that plaintiffs are precluded from, in anyway, using or referencing the animations at trial as exhibits or chalks or in any other way.

WHEREFORE, the defendants, Raytheon Company, Raytheon Aircraft Company, Raytheon Aircraft Credit Corporation, Raytheon Airline Aviation Services, LLC and Raytheon

1033080v1

Aircraft Parts Inventory and Distribution Company, LLC, respectfully request that the court

**ALLOW** defendants' Motion to Preclude Any Use or Reference to the Animations by Plaintiffs

at Trial.

                                          Raytheon Defendants,
RAYTHEON COMPANY,
RAYTHEON AIRCRAFT COMPANY,
RAYTHEON AIRCRAFT CREDIT
CORPORATION,
RAYTHEON AIRLINE AVIATION SERVICES,
LLC and
RAYTHEON AIRCRAFT PARTS INVENTORY
AND DISTRIBUTION COMPANY, LLC
By Counsel,

/s/ Tory A. Weigand
_____

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on **November 30, 2006**

/s/ Tory A. Weigand
_____

Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
  & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311

1033080v1

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER**
**CASE NO. 05-10155 PBS**

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10364 PBS |

## AFFIDAVIT OF MICHAEL G. JONES

1

STATE OF KANSAS        )
                              ) ss:
COUNTY OF SEDGWICK  )

I, Michael G. Jones, hereby depose and state:

1.      I am counsel of record for the Raytheon defendants in the above-captioned matter. I am of legal age and competent to testify. I make this Affidavit based upon personal knowledge and in support of the Raytheon defendants' reply to plaintiffs' motion in opposition to defendants request to strike plaintiffs' expert. The matters contained in this Affidavit are true and correct to the best of my knowledge, information and belief.

2.      On or about October 11, 2006, at the deposition of Mike Conway, I conferred with plaintiffs' counsel Mary Schiavo regarding plaintiffs' expert Todd Michael Peterson/3Plains Corporation and the animation created by Mr. Peterson.

3.      I never heard Ms. Schiavo state that the plaintiffs intended to withdraw Mr. Peterson as an expert witness or intended to withdraw the animation.

4.      Rather, when I asked what plaintiffs' response to my letter of September 22, 2006, was regarding production of the animation to allow for a meaningful deposition of Mr. Peterson, Ms. Schiavo merely indicated that plaintiffs were going to take the position that the animation created by Mr. Peterson was a demonstrative exhibit for trial, which I took to mean plaintiffs were still planning to use the 3Plains animation but would not produce it.

FURTHER AFFIANT SAITH NAUGHT.

Executed this \|(c\|)day of November, 2006, at Wichita, Kansas.

Michael G. Jones
Counsel of Record for Raytheon Defendants

2

SUBSCRIBED AND SWORN to before me, a notary public for said state and county, this ⎣⎦ day of November, 2006, by Michael G. Jones.

_____
Notary Public

My appointment expires:



3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, RAYTHEON AIRLINE AVIATION SERVICES, LLC, Kansas Corporation, and RAYTHEON AIRCRAFT PARTS INVENTORY AND DISTRIBUTION, COMPANY, LLC, a Kansas Corporation<br>Defendants. | DOCKET NO: 05cv10155 PBS<br><br>**Leave to File Reply**<br>**Granted by Court on 11/27/06** |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, RAYTHEON AIRLINE AVIATION SERVICES, LLC, Kansas Corporation, and RAYTHEON AIRCRAFT PARTS INVENTORY AND DISTRIBUTION, COMPANY, LLC, a Kansas Corporation<br>Defendants. | DOCKET NO: 05cv10364 PBS |

## AFFIDAVIT OF TORY A. WEIGAND

I, Tory A. Weigand, Esquire, hereby depose and swear as follows:

1.    I am local counsel for the Raytheon Defendants in the above-captioned matter.

2.    On or about November 27, 2006, I spoke with local counsel for the plaintiffs

pursuant to the local rules regarding plaintiffs' intent with regard to certain animations they had

1

1034111v1

previously mentioned and disclosed as part of their expert disclosure which disclosure was recently stricken by the Court.

3.      I was informed that plaintiffs were reserving their rights to use the animations at trial as a demonstrative chalk or exhibit and to have one of their experts explain or discuss the animations at trial.

4.      Defendants have completed expert depositions of all experts disclosed by the plaintiffs and not one of the designated experts who were deposed referred to or used the animations as part of their testimony and/or opinion disclosure.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 30TH DAY OF NOVEMBER, 2006.

/s/ Tory A. Weigand

_____

Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on **November 30, 2006**

/s/ Tory A. Weigand

_____

2