UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries, Plaintiff, v. RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries, Plaintiff, v. RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF DEFENDANTS' VERIFICATION AND VALIDATION PROCEDURES**

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing evidence of any verification and validation procedures instituted or used by the defendants.  In support hereof, defendants state as follows:

In the Fall of 2003, defendants implemented verification and validation procedures as a method to help improve manuals.  Plaintiffs will argued that defendants should have been doing verification and validation on its manuals earlier and are at fault for not having done so.  There is no evidence that doing verification and validation earlier would have avoided this accident or revealed any defect in the manual.  In addition, verification and validation is a manual improvement program that is above and beyond the industry standard and not in use by Raytheon's competitors.  As such, it is clear that evidence regarding defendants' verification and validation procedures is not relevant to the material issues in this case.  With regard to plaintiffs' breach of warranty claim, the material issue is whether the product was defective.  Likewise, with regard to plaintiffs' negligence claim, the material issue is whether defendants were negligent.  Evidence concerning verification and validation procedures is simply not relevant and, therefore, not admissible.  Alternatively, implementation of verification and validation could be considered a subsequent remedial measure and is inadmissible for that reason.[1]

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is <u>of consequence</u> to the determination of the action more probable or less probable than it would be without the evidence.  Fed. R. Evid. 401.  (Emphasis added).  Rule 402 of the Federal Rules of Evidence clearly mandates that evidence which is not relevant is not admissible.  Fed. R. Evid. 402.  Evidence regarding defendants' verification and validation procedures would not only be in contradiction

---

[1] <u>See</u> Defendants' Motion in Limine to Preclude Evidence of Defendants' Subsequent Remedial Measures.

to Rule 401 and Rule 402, but would also serve to confuse and mislead the jury, and unduly prejudice the defendants.

WHEREFORE, the defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing evidence regarding defendants' verification and validation procedures.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
     & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight
_____