UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>     Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF
THE CHARLOTTE ACCIDENT**

1041890v1

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing evidence of the January, 2003 accident in Charlotte, North Carolina. In support hereof, defendants state as follows:

Under Massachusetts law, in order for a party to offer evidence of a previous incident, it must be shown that a "substantial identity of the circumstances" exists between the prior incident and the incident at issue. Robitaille v. Netoco Community Theaters of North Attleboro, Inc., 305 Mass. 265, 267, 25 N.E.2d 749, 750 (1940). Massachusetts courts employ the "substantially identical" standard, enunciated in Robitaille, in ruling on the admissibility of prior accidents. See e.g., Kromhout v. Commonwealth, 298 Mass. 687, 500 N.E.2d 789 (1986); Croall v. Massachusetts Bay Transportation Authority, 26 Mass. App. Ct. 957, 526 N.E.2d 1320 (1988); Read v. Mt. Tom Ski Area, Inc., 37 Mass. App. Ct. 901, 639 N.E.2d 391 (1994). The Massachusetts Court of Appeals has stated that evidence of similar accidents is admissible "to prove a defendant's knowledge of a dangerous condition only upon a showing, by its proponent, that the circumstances of the other accidents were 'substantially identical' and the danger of confusion, undue waste of time, or unfairness appears small." Read, 37 Mass. App. Ct. at 902.

In this case, the Charlotte accident is not substantially identical to the accident at issue. The Charlotte accident involved the loss of pitch control compounded by the airplane's outer weight condition and aft center of gravity, which was substantially aft of the certified limit. The aircraft had undergone maintenance on the elevator cables and the mechanic skipped several steps in the elevator system rigging procedures. The skipped steps would have alerted the mechanic to the mis-rigging. As a result of the incorrect adjustments made by the mechanics, the elevator's downward travel was restricted by about one half of the downward travel specified by the manufacturer. In February, 2003, after the Charlotte accident, Raytheon added a post-

maintenance functional check to its revised elevator control system rigging procedure. The Charlotte incident simply had nothing to with trim cables.

The Charlotte accident did not involve an erroneous depiction of the wrapping of the trim drum cable drum or even any kind of an erroneous pictograph. Thus, the Charlotte incident is not admissible to show notice of an erroneous pictograph. That leaves plaintiffs' claim that the manuals were defective because they did not contain a link to an operational check. Although the Charlotte accident involved a situation in which there was no operational check in the subsection of the chapter on the maintenance being performed, in the instant accident, there was an operational check for the trim tab system in subsection 27-30-09.

Presumably, plaintiffs may argue that the Charlotte accident is relevant because it provided defendants notice that the maintenance manual may not have included operational checks. This argument fails. The maintenance manual in its printed form consists of two volumes, which taken together are approximately nine inches and contain over two thousand pages printed double-sided. The lack of an operational check somewhere in those pages on a different system simply does not constitute notice of the lack of a reference to, or a link to, an operational check that does exist regarding trim tabs.

The Charlotte accident is not substantially identical to the Hyannis accident. The Charlotte airplane would not have crashed had it not been loaded so that its center of gravity was aft of its certified limit. Charlotte did not involve an erroneous pictograph. The system involved in the Charlotte accident was the elevator; the system involved in this accident is the trim tab. In Charlotte, the mechanics skipped several steps; here, the mechanics not only skipped required steps, they made up some of their own and ignored the directional arrow "forward as installed" on Figure 201 of the manual which, if heeded, made installation of the incorrectly wrapped drum

impossible.  Also, in the instant accident, the flight crew should have realized that the trim tab system was operating incorrectly, observing events wholly unrelated to the elevators or Charlotte issues.  In this case, there would have been abnormal movements of the trim wheel during routine pre-flight checks that would have alerted the crew to the reversal in the trim tab operation.  When the crew performed the first flight of the day check, they should have noticed that the cockpit trim wheel operated in the reverse direction form that inputted by the electric trim and that manual input on the trim wheel produced incorrect direction of the trim tab travel.  Charlotte had no such issues.

Even if the Charlotte accident is relevant on the issue of notice, it is not admissible under the balancing test set forth by Fed. R. Evid. 403.  Evidence relating to the Charlotte accident is not highly probative on the issue of notice and would be unfairly prejudicial.  The Charlotte incident involved 21 deaths.  Introduction of evidence about an accident in which so many people died is unfairly prejudicial, especially given the significant differences between the two incidents.

## CONCLUSION

The defendants would be substantially prejudiced if the plaintiffs were allowed to introduce any evidence of the Charlotte accident, and therefore, the defendants respectfully move that the plaintiffs be prohibited from introducing the same at trial.

|  |  |
|---|---|
| I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.<br><br>/s/ Peter C. Knight<br>_____ | RAYTHEON DEFENDANTS,<br>By Counsel,<br><br>/s/ Peter C. Knight<br>_____<br>Peter C. Knight, BBO # 276000<br>Tory A. Weigand, BBO #548553<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br><br>-AND-<br><br>William L. Oliver, Jr. Esquire<br>Michael G. Jones, Esquire<br>MARTIN, PRINGLE, OLIVER, WALLACE<br>   & BAUER, L.L.P.<br>100 North Broadway, Suite 500<br>Wichita, KS 67202<br>Phone: (316) 265-9311 |