UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF SEC LITIGATION AGAINST CERTAIN DEFENDANTS**

1041879v1

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing evidence of SEC litigation against any of the defendants. In support hereof, defendants state as follows:

Plaintiffs have, in the course of litigation, referred to an SEC press release regarding charges and penalties against defendants. In June, 2006, the United States Securities and Exchange Commission ("SEC") instituted proceedings against Raytheon Company, its former Chairman and CEO, Daniel P. Burnham, and the former Deputy CFO and Controller of Raytheon Aircraft Company, Aldo R. Servello, alleging false and misleading disclosures and improper accounting practices. Without admitting or denying the SEC's findings, Raytheon, Burnham, and Servello agreed to settle the charges and consented to pay penalties. While plaintiffs wish to smear defendants by reference to this SEC matter, it has no relevance whatsoever to this case.

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is <u>of consequence</u> to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. (Emphasis added). Rule 402 of the Federal Rules of Evidence clearly mandates that evidence which is not relevant is not admissible. Fed. R. Evid. 402. Given that any litigation or penalties against defendants by the SEC is of no consequence to this case, evidence thereof must be precluded. Admittance of any such errors would not only be in contradiction to Rule 401 and Rule 402, but would also serve to confuse and mislead the jury, and be highly prejudicial to the defendants.

WHEREFORE, the defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing evidence of or mentioning any litigation or penalties against any of the defendants by the SEC.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
  & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone: (316) 265-9311

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight
_____