UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>    Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF THE
AIRWORTHINESS DIRECTIVE ISSUED FOLLOWING THE ACCIDENT**

1041546v1

The defendants hereby respectfully move for an order *in limine* precluding the plaintiffs from introducing the Airworthiness Directive ("AD") issued by the FAA following the accident. On October 15, 2003, an AD became effective which was applicable to Beech Models 1900, 1900C, and 1900D airplanes, and which required that a correction be made to the elevator trim system maintenance procedures, that a temporary revision be incorporated to the applicable maintenance manual, and that procedures be incorporated to enhance the existing elevator trim operational check every time maintenance would be done on the elevator trim system. The AD further indicates that an incorrectly installed elevator component, if not detected and corrected, could result in difficulties in controlling the airplane or a total loss of pitch control.

The AD also clearly indicates that it was issued as a direct result of the accident. Essentially, the AD amounts to a subsequent remedial measure following the accident, and is therefore inadmissible. See Martel v. MBTA, 403 Mass. 1, 4 (1988) (subsequent repair or taking of other safety measures after an accident is not admissible as proof of negligence or the existence of a defect); Menard v. Boston and Maine RR, 150 Mass. 386, 388 (1890); Hubley v. Lilly, 28 Mass. App. Ct. 468, 474 (1990). Additionally, since it was issued following the accident, it is irrelevant and has no bearing on the merits of the case. Any actions taken by the FAA in response to the accident do not bear on the ultimate issue of the cause of, or liability for, the accident. Moreover, the AD also specifically states that the cause of the accident had not been determined and was still under investigation. To allow introduction of the AD would result in severe prejudice to the defendants, and therefore, should be precluded. Fed. R. Evid. 403.

1041546v1

WHEREFORE, the defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing the Airworthiness Directive ("AD") issued by the FAA following the accident.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
  & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight
_____

3

1041546v1