UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF
OTHER ACCIDENTS AND INCIDENTS**

1041894v1

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing evidence of other accidents and incidents. In support hereof, defendants state as follows:

The Court issued an order on a motion to compel discovery from RAC limiting discovery to "accidents or incidents involving the model 1900D plane in which an NTSB probable cause finding referenced issues with the manual . . . ." Just finding it discoverable, however, does not make it admissible. Defendants found only three incidents or accidents arguably fitting this discovery description and produced information regarding the Charlotte accident on August 26, 2003[1], the Continental Express incident on October 16, 2003 in Albany, New York, and the U.S. Airways Express incident on June 3, 2000 in Rochester, New York. None of the events have anything to do with this case, as they involved different aircraft, different components and systems, and entirely different circumstances. They do not meet the substantial identity test, and to allow any discussion of any of them would require multiple, irrelevant mini-trials on other matters. This would substantially extend the trial and serve no purpose in determining the issues of this case.

Under Massachusetts law, in order for a party to offer evidence of a previous incident, it must be shown that a "substantial identity of the circumstances" exists between the prior incident and the incident at issue. Robitaille v. Netoco Community Theaters of North Attleboro, Inc., 305 Mass. 265, 267, 25 N.E.2d 749, 750 (1940). Massachusetts courts employ the "substantially identical" standard, enunciated in Robitaille, in ruling on the admissibility of prior accidents. See e.g., Kromhout v. Commonwealth, 298 Mass. 687, 500 N.E.2d 789 (1986); Croall v. Massachusetts Bay Transportation Authority, 26 Mass. App. Ct. 957, 526 N.E.2d 1320 (1988); Read v. Mt. Tom Ski Area, Inc., 37 Mass. App. Ct. 901, 639 N.E.2d 391 (1994). The

---

[1] See Defendants' Motion *in Limine* to Preclude Evidence of the Charlotte Accident.

Massachusetts Court of Appeals has stated that evidence of similar accidents is admissible "to prove a defendant's knowledge of a dangerous condition only upon a showing, by its proponent, that the circumstances of the other accidents were 'substantially identical' and the danger of confusion, undue waste of time, or unfairness appears small." Read, 37 Mass. App. Ct. at 902.

The Rochester incident involved a hydraulic landing gear valve. It did not involve an erroneous pictograph. Evidence about a landing gear valve is by no stretch of the imagination relevant to a claim based on an erroneous pictograph of an elevator trim tab cable drum. The Rochester incident in June, 2000 and the corresponding revision to the manual in August, 2000 occurred before the Raytheon Electronic Publication System ("REPS") manual was even released to customers in January, 2001. Evidence that Raytheon issued a publication change to clarify installation procedures and operational procedures after receiving notification of the Rochester incident is not relevant to whether Raytheon had notice of the erroneous pictograph of the trim tab cable drum or that a REPS manual published subsequently to the Rochester incident did not list the operational check in the table of contents or provide a link to the operational check.

Presumably, plaintiffs may argue that the Rochester accident is relevant because it provided defendants notice that the maintenance manual may not have included operational checks. This argument fails. The maintenance manual in its printed form consists of two volumes, which taken together are approximately nine inches and contain over two thousand pages printed double-sided. The lack of an operational check somewhere in those pages on a different system simply does not constitute notice of the lack of a reference to, or a link to, an operational check that does exist regarding trim tabs. One cannot forget that the operational check for the system at issue here was in the manual and the mechanics admitted knowing they

1041894v1                                    3

must do such a check regardless of what the manual says.  They even claim they did such a check.

Notice that the chapter on landing gears in the paper maintenance manual lacked an operational check does not constitute notice that the chapter on trim tabs in the electronic REPS manual did not contain a hyperlink to the operational check.  Nor is it remotely related to whether the electronic manual listed the operational check in the chapter's table of contents.  In any event, the operational check actually existed in the subchapter.  Moreover, the computerized REPS version of the manual had not even been released to Raytheon customers at the time of the Rochester incident and revision to the printed manual.  There simply is no relevant connection.

The Albany incident involved restricted movement of the elevator trim wheel.  It did not involve an erroneous pictograph.  Evidence about an elevator trim wheel is not relevant to a claim based on an erroneous pictograph of an elevator trim tab cable drum.  Furthermore, the Albany incident occurred <u>after</u> the accident at issue, and the Court's order on the Motion to Compel limited production to accidents and incidents occurring prior to the accident at issue. If it does not meet the discoverability standard, it is clearly not admissible.  Any evidence regarding the Albany incident is not relevant to the material issues in the present case and would serve only to unduly prejudice the defendants.  Therefore, evidence regarding the Albany incident is inadmissible.

Plaintiffs may assert that evidence of the Rochester and Albany incidents are relevant because the NTSB's probable cause findings in those incidents mentioned the maintenance manuals.  This argument fails.  NTSB probable cause findings are inadmissible as a matter of law.[2]  Finally, evidence pertaining to any other accidents and/or incidents is simply irrelevant to

---

[2] Defendants have submitted a separate motion *in limine* regarding the inadmissibility of NTSB probable cause findings.

the materials issues in this case and would serve only to unduly prejudice defendants. Far from being "substantially identical" as required, these are not even close calls.

WHEREFORE, the defendants respectfully request that this Court enter an order *in limine* precluding plaintiffs from introducing evidence of any other accidents and/or incidents.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
   & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone: (316) 265-9311

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight
_____