UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>    Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF ACTUATOR PAIRING CAUSING OR CONTRIBUTING TO THE ACCIDENT**

1041227v1

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from offering any evidence of actuator pairing causing or contributing to the accident. In support hereof, defendants state as follows:

Defendants expect the evidence to show that on August 24, 2003, two days before the accident, the elevator trim tab actuators in the subject aircraft were replaced by Colgan mechanics. When performing elevator trim tab cable maintenance procedures, good maintenance practices requires the mechanic to "block" the cable(s) affected to keep them in tension and from being moved during the procedure. Cables can be damaged during cable maintenance procedures if they are not properly blocked. The Colgan mechanics who performed the actuator replacement on August 24, 2003, although knowing the importance of this cable tension, did not block the cables during the maintenance procedure. These same Colgan mechanics have testified that they understood that the cables had to be kept tight during cable maintenance procedures to prevent the cables from falling off of the pulleys or drums. During the operational check following the replacement of the actuator, the elevator trim tab system seized and the cable fell off the trim drum. This necessitated the replacement of a new forward elevator trim cable.

The plaintiffs contend that the cables fell off the drum and were damaged because of a mis-pairing of the actuators. In replacing the trim tab actuators, Colgan's mechanics used actuator part numbers 129-526033-6 and 129-526033-7 because it had these parts available at the time. Because there is no differential pull between the 129-526033-6 and 129-526033-7 actuators, the pairing of the actuators could not have caused the damage to the elevator trim cables. This is uncontroverted and plaintiffs' experts have admitted they have no basis to show the actuator pairings had anything to do with the cable coming off the drum and needing replacement.

2

1041227v1

After the cable fell off the drum, Colgan ordered a new trim cable and Colgan received and installed both the new trim cable and new appropriate actuators, replacing the 129-526033-6 and 129-526033-7 actuators it had originally installed on its own initiation without authorization. The 129-526033-6 and 129-526033-7 actuator pairing was not in the aircraft at the time of the accident, and, therefore, has no possible relevance to the cause of this accident.

Therefore, testimony or introduction of evidence relating to actuator pairing must be excluded as any such testimony or evidence is irrelevant, would be more prejudicial than probative and would likely cause confusion with the jury as to the applicable claims at issue in this case. Allowing discussion of these matter will substantially lengthen the trial and do nothing to assist the jury in determining the cause of this accident.

## CONCLUSION

WHEREFORE, the defendants request that this Court enter an order *in limine* precluding the plaintiffs from offering any evidence of regarding actuator pairing causing or contributing to the cause of the accident.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight
_____

Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

1041227v1

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
  & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone: (316) 265-9311

4

1041227v1