UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries, Plaintiff, <br><br> v. <br><br> RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, Defendants. | ) ) ) ) ) ) ) ) DOCKET NO: 05cv10155 PBS ) ) ) ) ) ) ) ) ) |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries, Plaintiff, <br><br> v. <br><br> RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, Defendants. | ) ) ) ) ) ) ) ) DOCKET NO: 05cv10364 PBS ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF LOSS OF CONSORTIUM CLAIM FOR LISA WEILER**

1040820v1

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiff, Lisa Weiler, from offering any evidence of a loss of consortium claim on her behalf. In support hereof, defendants state as follows:

Massachusetts law prohibits unwed plaintiffs from recovering for loss of consortium. <u>Fitzsimmons v. Mini Coach of Boston, Inc.</u>, 440 Mass. 1028, 799 N.E. 2d 1256 (2003) (unmarried cohabitant was not entitled to loss of spousal consortium); <u>Feliciano v. Rosemar Silver Co.</u>, 401 Mass. 141, 514 N.E. 2d 1095 (1987) (loss of consortium claim not allowed even though plaintiff was involved in twenty year de-facto marriage). There is no exception to this rule. In fact, the Supreme Judicial Court of Massachusetts has emphasized that the social institution of marriage would be thwarted if the Court were to recognize the right of a person to recover for loss of a spouse's consortium if he/she has not accepted the correlative responsibilities of marriage. <u>Feliciano</u>, 401 Mass. at 142.

In <u>Feliciano</u>, plaintiff asserted a claim for loss of consortium arising out of personal injuries sustained by Marcial, her de-facto husband. <u>Id.</u> at 141-42. Plaintiff and Marcial had lived together as husband and wife for twenty years as a "de-facto married couple," and eventually married two years after the accident giving rise to the claim. <u>Id.</u> at 142. Although the plaintiff had used Marcial's surname, they held themselves out as husband and wife, had joint savings accounts, filed joint tax returns, jointly owned their home and maintained an exclusive sexual relationship, the plaintiff was not allowed to recover for loss of consortium because the plaintiff and Marcial were not legally married. <u>Id.</u> In so holding, the Court further stated that it was unaware of any other state court of last resort concluding otherwise. <u>Id.</u> at 142-43.

It is uncontroverted that plaintiff Weiler was not married to pilot Scott Knabe at the time of the accident. It is further uncontroverted that plaintiff Weiler was not eligible for life

insurance benefits from Mr. Knabe's death because they were not married. Therefore, it follows that Lisa Weiler be precluded from offering evidence of a claim for loss of consortium.

### Conclusion

The Defendants respectfully request that this Court enter an order *in limine* precluding the plaintiff, Lisa Weiler, from presenting evidence regarding her claim for loss of consortium.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight
_____

Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
    & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone: (316) 265-9311

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight
_____

1040820v1