UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>    Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF GROSS NEGLIGENCE AND PUNITIVE DAMAGES**

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from offering any evidence of gross negligence and punitive damages during the trial of this matter. In support hereof, defendants state as follows:

Plaintiffs seek to recover punitive damages from the defendants by alleging that defendants' conduct amounts to gross negligence. Gross negligence is incorporated within the Massachusetts wrongful death statute which is included in Count II of the plaintiffs' complaints.

"Gross negligence is substantially and appreciably higher in magnitude than ordinary negligence. It is materially more want of care than constitutes simple inadvertence. It is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care. It is very great negligence, or the absence of slight diligence, or the want of even scant care. It amounts to indifference to present legal duty and to utter forgetfulness of legal obligations so far as other persons may be affected. It is a heedless and palpable violation of legal duty respecting the rights of others. The element of culpability which characterizes all negligence is in gross negligence magnified to a high degree as compared with that present in ordinary negligence. Gross negligence is a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a person of ordinary prudence. . . . It falls short of being such reckless disregard of probable consequences as is equivalent to a willful and intentional wrong. Ordinary and gross negligence differ in degree of inattention, while both differ in kind from willful and intentional conduct which is or ought to be known to have a tendency to injury." Altman v. Aronson, 231 Mass. 588, 591-592 (1919); See Christopher v. Father's Huddle Café, Inc., 57 Mass. App. Ct. 217 at 230-231 (2003); Zavras v. Capeway Rovers Motorcycle Club, 44 Mass. App. Ct. 17, 20 (1997).

1040921v1

The Plaintiffs' claims for gross negligence are unsupported by any of the evidence adduced in discovery. In fact, even if the maintenance manual was found to be inaccurate (specifically Figure 201), it had been published in this form for approximately 20 years with no evidence of incidents involving mis-rigging. It follows that there is no evidence that the defendants acted with "very great negligence, or the absence of slight diligence, or the want of even scant care" with regard to defendants' conduct. Id.

## Conclusion

The Defendants respectfully request that this Court enter an order *in limine* precluding plaintiffs from presenting evidence regarding gross negligence and punitive damages.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
 & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight
_____