UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

|  |  |  |
|---|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries, Plaintiff, | ) ) ) ) ) ) | |
| v. | ) ) | DOCKET NO: 05cv10155 PBS |
| RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, Defendants. | ) ) ) ) ) ) ) ) ) ) | |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries, Plaintiff, | ) ) ) ) ) | |
| v. | ) ) | DOCKET NO: 05cv10364 PBS |
| RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, Defendants. | ) ) ) ) ) ) ) ) ) ) | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF EMOTIONAL DISTRESS BY YISEL DEAN AND LISA WEILER**

1040824v1

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from offering any evidence of their emotional distress claims. In support hereof, defendants state as follows:

The available damages for beneficiaries under the Massachusetts wrongful death statute are well-established. Such damages include "fair monetary value of the decedent … loss of the reasonably expected net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent," as well as "funeral and burial expenses." G.L. c. 229, §2.

Plaintiffs seek recovery for "grief," "anguish," "bereavement" and "emotional trauma." However, these claims and damages are not recoverable under Massachusetts law. MacCuish v. Volkswagenwerk A.G., 22 Mass. App. Ct. 380, 494 N.E. 2d 390 (1986), *aff'd*, 400 Mass. 1003 (1987); Mitchell v. United States, 141 F.3d 8, 21 (1st Cir. 1998). See also, DaSilva v. American Brands, Inc., 845 F.2d 356, 362 (1st Cir. 1988) (wrongful death action in Massachusetts does not permit recovery for "grief, anguish, [or] bereavement of the survivors"); Laaperi v. Sears, Roebuck & Co., Inc., 787 F.2d 726 (1st Cir. 1986) (jury not permitted to award compensation for grief and mental suffering). Thus, plaintiffs' request for damages for grief, anguish, bereavement and emotional trauma should be dismissed as a matter of law.

Furthermore, plaintiffs' recovery for emotional distress and anxiety should also be dismissed because plaintiffs did not sustain actual physical harm from defendants' conduct. [SOF, ¶75]. Sullivan v. Boston Gas Co., 414 Mass. 129 (1993); Payton v. Abbott Labs, 386 Mass. 540, 437 N.E.2d 171 (1982). See also, Santuna v. Registrars of Voters, 398 Mass. 862, 867 (1986) ("a person cannot recover for negligently caused emotional distress absent physical injuries").

In <u>Payton</u>, the Court addressed the issue of whether a right of action for emotional distress is recognized by Massachusetts absent physical harm.  <u>Id.</u> at 544.  The Court unambiguously concluded that in order for a plaintiff to recover for emotional distress, "evidence must be introduced that the plaintiff has suffered physical harm."  <u>Id.</u> at 555-57.  Additionally, the physical harm to the plaintiff must either cause or be caused by the emotional distress, and the physical harm must be manifested by objective symptomatology.  <u>Id.</u>  <u>See also, Anderson v. W.R. Grace & Co.</u>, 628 F.Supp. 1219 (D. Mass. 1986) (although plaintiffs witnessed death of family member, they could not recover for emotional distress because the plaintiffs did not suffer any physical harm from defendants' negligence).

It is undisputed that the plaintiffs' claims for emotional distress arise out of the injuries sustained to the pilots.  It is further undisputed that the plaintiffs themselves did not witness the accident, did not witness the injuries and did not sustain any physical harm in connection with the accident.

## <u>Conclusion</u>

The Defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs, Yisel Dean and Lisa Weiler, from presenting evidence of emotional distress.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight

_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight

_____

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
   & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311

4