UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>　　　Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE HEARSAY OPINION EVIDENCE CONTAINED IN THE NATIONAL TRANSPORTATION SAFETY BOARD'S BRIEF OF ACCIDENT AND FACTUAL REPORT**

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from offering any evidence of theories of causation of the accident contained within the National Transportation Board's ("NTSB") Brief of Accident and Factual Report. In support hereof, defendants state as follows:

I.  **THE PURPOSE OF THE NTSB REPORT IS TO INVESTIGATE ACCIDENTS, NOT TO ADJUDICATE CLAIMS OVER LIABILITY.**

The NTSB is an independent federal agency responsible for investigating airplane accidents, determining the probable cause of accidents, and making recommendations to help protect against future accidents. The NTSB analyzes accidents and recommends ways to prevent similar accidents in the future. Congress has endowed the NTSB with broad powers to accomplish its goals because the work of the agency is viewed as extremely important. The NTSB's investigations have priority over the investigation of any other department, agency or instrumentality of the United States Government. Although NTSB investigations are conducted by agency staff, outside individuals may also be designated to participate. Specifically, federal regulations state that "parties shall be limited to those persons, government agencies, companies, and associations whose employees, functions, activities or products were involved in the accident or incident." 49 C.F.R. §831.11 (1998).

NTSB regulations and policies are explicit in providing that parties participating in an investigation are involved in NTSB processes only to assist the safety mission and not to prepare for litigation. 49 C.F.R. §831.11(b). In addition to the NTSB report, additional reports are submitted by investigation groups and the parties involved in the accident. Moreover, NTSB investigators prepare factual accident reports that are submitted to the Board.

To this end, Congress explicitly provided that no part of an NTSB report related to an accident or investigation of an accident, may be admitted into evidence or used in civil litigation. 49 U.S.C. §1154(b) states:

1040866v1

> No part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report. 49 U.S.C. 1154(b).

Moreover, the United States Court of Appeals for the District of Columbia Circuit found that Congress explicitly provided that no part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report. Chiron Corporation and Perseptive Biosystems, Inc. v. National Transportation Safety Board, 339 U.S. App. D.C. 188 (1999). In Chiron, the court states that the NTSB investigatory procedures are not designated to facilitate litigation, and Congress made it clear that the Board and its reports should not be used to the advantage or disadvantage of any party in a civil lawsuit. Id.

The Chiron Court noted that despite the statute's clear language, some early circuit court opinions held that the NTSB "factual findings" were admissible in civil litigation. However, a careful review of these opinions revealed that these early cases focused on the admissibility of investigators' reports which were mislabeled by the courts as "reports of the Board." Because of this judicial mislabeling, these circuits created what they supposed was an exception to §1154(b) for factual data from NTSB investigations.[1]

In response, in 1975 the Board Amended its regulations to make clear that investigators' reports are not reports of the Board for the purpose of §1154(b). Section 835.2 defines the Board's accident report as "the report containing the Board's determinations, including probable cause of an accident." 49 CFR §835.2 (1998). The Court in Chiron held that "no part of this report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports." Id. (quoting 49 C.F.R. §835.2). A factual accident report on the other hand is an investigator's report of his investigation of the accident. Because this report

---

[1] There have been only two decisions in which the courts distinguished between the factual portions of the Board's report and parts that contained agency conclusions on probable cause. However, the Chiron Court stated that neither opinion was weighty authority, because later decisions from both circuits adhered to the strict terms of the statute. See Jetcraft Corp. v. Delta Commer. C. Por. A., 16 F.3d 362 (10th Cir.1993); Thomas Brooks v. Burnett, 920 F.2d 634 (10th Cir. 1990); Accord Jetcraft Corp v. Flight Safety Int'l, 16 F.3d 362 (10th Cir. 1993); Campbell v. Keystone Aerial Surveys, Inc., 138 F.3d 996 (5th Cir. 1998).

3

is not a "report of the Board," it is not barred by the statute and is therefore admissible. The Board's Accident Report, either factual or probable cause, is inadmissible. Lastly, the <u>Chiron</u> court noted that this case demonstrated that admitting Board reports into civil litigation could have the unsavory affect of embroiling NTSB in the interests of civil litigants. The Ninth Circuit has also held that under the plain terms of the statute, NTSB reports are inadmissible in civil litigation. <u>Benna v. Reeder Flying Serv., Inc. 578 F.2d 269</u> (9th Cir. 1978).

II.  **ANY THEORIES OF HOW THE ACCIDENT OCCURRED THROUGH THE USE OF FLIGHT SIMULATORS ARE HEARSAY OPINIONS AND SHOULD BE EXCLUDED.**

As part of the investigation of this incident, the NTSB attempted to recreate the same variables they believe contributed to the accident through the use of a flight simulator. The details of these flight simulator tests are contained in the NTSB's Factual Report attached hereto as <u>Exhibit A</u>. As part of this process, six simulations were undertaken in which the elevator trim was positioned full nose down shortly after takeoff. The simulator pilot was unable to safely land the simulator five out of the six attempts. During the sixth attempt the pilot was able to land the simulator, however, the pilot missed the runway resulting in an impact with terrain.

The use of a flight simulator to determine the cause of this accident essentially equates to one pilot's opinion that he could not land 5 out of 6 times, and even when he was able to land the simulator, it resulted in a crash. Clearly this pilot's opinion as to the cause of this accident is irrelevant and inadmissible hearsay. As such, evidence of how this accident occurred through use of a flight simulator should be precluded.

III. **ANY REFERENCES TO THE PROBABLE CAUSE FINDING OF THE NTSB INVESTIGATOR IN HIS OR HER BRIEF OF ACCIDENT SHOULD BE EXCLUDED AS THE FINDING IS A HEARSAY OPINION.**

As part of the NTSB's investigation of this accident, the NTSB investigator issued a "Brief of Accident" report. A copy of this report is attached hereto as <u>Exhibit B</u>. Contained

within this report is various background information, as well as a statement in which an opinion as to the probable cause of the accident is asserted.

Testimony as to causation of the accident should be left to experts. See e.g., Goffredo v. Mercedes-Benz Truck Company, Inc., 402 Mass. 97, 104 (1988) (precise nature of alleged design defect and the causal relationship between the defect and the plaintiff's accident were appropriately the subject of expert testimony). Given that the NTSB investigator has not been designated as an expert by any party, he or she is no more than a fact witness. His or her opinions on causation of the accident are therefore not relevant and are hearsay. As such, evidence as to the NTSB's theories on causation should be precluded.

## CONCLUSION

WHEREFORE, the defendants request that this Court enter an order *in limine* precluding the plaintiffs from offering any evidence of theories of causation of the accident offered by the NTSB.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight
———————————————
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight
————————————

1040866v1

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
 & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone: (316) 265-9311

1040866v1