UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>      Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF ALLEGED ERRORS IN THE SUBJECT AIRCRAFT MAINTENANCE MANUAL UNRELATED TO THE ELEVATOR TRIM SYSTEM**

1041184v1

The defendants hereby respectfully move for an order *in limine* precluding the plaintiffs from introducing evidence of any alleged errors in the subject Aircraft Maintenance Manual ("AMM") which are unrelated to the elevator trim system and the specific claims of defect in this case. The plaintiffs claim that the AMM was defective and misleading, and that the AMM's deficiencies caused Colgan Air, Inc.'s mechanics to reverse the elevator trim system, resulting in the accident. Plaintiffs' claims rests on the premise that Colgan's mechanics relied on an erroneous illustration in the AMM, which caused the mechanics to mis-rig the elevator trim cables in the subject aircraft.

Although the plaintiffs have referred to "numerous" errors in the AMM throughout the course of this litigation, their claims rest solely on two specific alleged errors in the AMM: 1) a depiction of the trim drum in Figure 201 in the AMM was erroneous, and this depiction caused the Colgan mechanics to route the cable around the aircraft's drum, causing the trim system to be reversed; and 2) Raytheon failed to include a hyperlink in its REPS electronic manual to section 27-30-09, the curative operational check, which denied Colgan an opportunity to remedy the mis-rigging of the elevator trim cables.

Plaintiffs should be precluded from introducing evidence of any other purported errors in the AMM that were noted to be in existence either before or after the subject accident which are unrelated to the elevator trim system. After the subject accident, the AMM underwent revisions pursuant to the Validation and Verification Process, some of which relate to <u>aileron</u> trim and <u>rudder</u> trim. These systems in the aircraft have absolutely nothing to do with the subject accident, and are not alleged to have caused or contributed to the subject accident in any manner. As such, any purported errors identified in the AMM that are not related to the elevator trim

1041184v1

system, or specifically related to the claimed defects in this case and causally-related to the accident, which were in the AMM either prior to or after the subject accident are inadmissible.

In ruling on discovery motions, Judge Sorokin squarely addressed the relevance of purported problems with the AMM, and subsequent revisions to the AMM, which dealt with systems in the aircraft other than the elevator trim system. Judge Sorokin ruled that the plaintiffs were not entitled to discover information related to other problems with the manual, including a purported <u>rudder</u> trim manual illustration problem (rudder trim is an entirely different system from the elevator trim system), holding that such information was irrelevant even for the purpose of discovery. It is axiomatic that what is deemed irrelevant under the broad umbrella of discovery cannot be deemed relevant under the more limited scope of admissibility at trial.

Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as evidence having any tendency to make the existence of any fact that is <u>of consequence</u> to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. (Emphasis added). Rule 402 of the Federal Rules of Evidence clearly mandates that evidence which is not relevant is not admissible. Fed. R. Evid. 402. Given that any purported errors in the manual unrelated to the elevator trim system are of no consequence to this case, evidence of any such errors must be precluded. Admittance of any such errors would not only be in contradiction to Rule 401 and Rule 402, but would also serve to confuse and mislead the jury, and unduly prejudice the defendants. Therefore, such evidence must be precluded. Fed. R. Evid. 403.

WHEREFORE, the defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing evidence of any alleged errors in the subject

3

Aircraft Maintenance Manual which are unrelated to the issue of the elevator trim system and the specific claims of defect in this case.

|  |  |
|---|---|
| I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.<br><br>/s/ Tory A. Weigand<br>_____ | RAYTHEON DEFENDANTS,<br>By Counsel,<br><br>/s/ Tory A. Weigand<br>_____<br>Peter C. Knight, BBO # 276000<br>Tory A. Weigand, BBO #548553<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br><br>-AND-<br><br>William L. Oliver, Jr. Esquire<br>Michael G. Jones, Esquire<br>MARTIN, PRINGLE, OLIVER, WALLACE<br>    & BAUER, L.L.P.<br>100 North Broadway, Suite 500<br>Wichita, KS  67202<br>Phone:  (316) 265-9311 |

1041184v1