UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries, <br> Plaintiff, <br><br> v. <br><br> RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, <br> Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries, <br> Plaintiff, <br><br> v. <br><br> RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express, <br> Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF DEFENDANTS'
<u>SUBSEQUENT REMEDIAL MEASURES</u>**

1041001v1

The defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from introducing evidence of any subsequent remedial measures taken by the defendants. In support hereof, defendants state as follows:

It is settled law in Massachusetts that the subsequent repair or taking of other safety measures after an accident is not admissible as proof of negligence or the existence of a defect. Martel v. MBTA, 403 Mass. 1, 4 (1988). The reason behind this exclusionary rule derives from public policy that a contrary rule would discourage owners from making repairs to dangerous property. See id. Therefore, post accident measures are not admissible to prove liability. See Menard v. Boston and Maine RR, 150 Mass. 386, 388 (1890); Hubley v. Lilly, 28 Mass. App. Ct. 468, 474 (1990).

Evidence of subsequent repairs or safety measure is admissible, at the discretion of the trial judge, in order to prove disputed issues other than negligence such as: (1) ownership or control of the premises; (2) the feasibility of giving adequate warnings; (3) the feasibility of safety improvements; or (4) knowledge of the danger at the time of the accident. See Liacos, Massachusetts Evidence, at §4.5, pages 185-187.

In the instant case, revisions to the maintenance manual have been made. Specifically, Figure 201, which depicts the placement of the trim drum, has been replaced by an improved representation of the part's positioning. Notwithstanding, the introduction of these issues is impermissible under the law, and would only serve to confuse and distract the jury from properly evaluating the facts of this case. The law is clear that as a matter of public policy subsequent remedial measures are inadmissible.

1041001v1

## CONCLUSION

The defendants would be substantially prejudiced if the plaintiffs were allowed to introduce any evidence of subsequent remedial measures to the maintenance manual, and therefore, the defendants respectfully move that the plaintiffs be prohibited from introducing the same at trial.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Tory A. Weigand
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
   & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Tory A. Weigand
_____

1041001v1