UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | ) ) ) ) ) ) ) ) DOCKET NO: 05cv10155 PBS ) ) ) ) ) ) ) ) ) ) |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | ) ) ) ) ) ) DOCKET NO: 05cv10364 PBS ) ) ) ) ) ) ) ) |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE ANY WITNESS FROM SPECULATING AS TO THE EXTENT OF THE PRE-FLIGHT CHECK <u>DONE BY THE PILOTS</u>**

1041439v1

The defendants hereby respectfully move for an order *in limine* precluding any witness from offering speculative testimony as to the extent of the pre-flight check done by the pilots prior to the accident. The evidence establishes that the pilots failed to conduct the necessary pre-flights, as had they done so, including properly checking the elevator trim, the accident would not have happened. Plaintiffs claim that pre-flight checks did not require the pilots to observe which direction the trim wheel was moving, but only that it was moving. However, plaintiffs should not be permitted to have any witness speculate that the pilots actually observed the trim wheel moving during the pre-flight check prior to the accident, as no witness has any first-hand knowledge of such observations.

Importantly, it is undisputed that the only method to determine the electric trim override on the first flight of the day check, as required by the pilot's pre-flight checklist, is to have the pilot's electric trim reverse the direction of the trim generated by the co-pilot. Necessarily, the pilot must observe the trim wheel at his right knee in order to see that the override works which is shown by the trim wheel reversing direction. This would tell the pilot he was able to reverse the trim changes inputted by the right seat first officer. Specifically, if the trim wheel is moving forward, the airplane's nose is going to go down. Conversely, if the trim wheel is moving aft, the nose of the airplane is going to go up. Therefore, if the trim wheel is turning aft (airplane nose up), the pilot would input forward trim (airplane nose down) and the trim wheel would reverse direction ensuring that the override was working properly. In other words, with the trim mis-rigged as the Colgan mechanics had done it, the pilots' trim override check cannot be successfully completed. The pilots therefore could not have done it. Moreover, the cockpit voice recorder confirms that the pre-flight checks, including this trim check, were not done.

Had the pilots performed the proper pre-flight check prior to the accident, they would have discovered that the trim was reversed. All evidence directly contradicts the notion that the pilots checked the trim before take-off. Plaintiffs' witnesses, however, are all too eager to assume or speculate that the checks would have been done because they were supposed to have been done, or because they refuse to recognize the evidence that they were not done. The plaintiffs' witnesses cannot be allowed to speculate that the pilots performed the pre-flight trim checks during the pre-flight when there is absolutely no direct or circumstantial evidence to suggest that they did so. To allow in speculative evidence of this nature would confuse and mislead the jury, and severely prejudice the defendants.

WHEREFORE, the defendants respectfully request that this Court enter an order *in limine* precluding any witness from offering speculative testimony as to the extent of the pre-flight check done by the pilots prior to the accident.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 19, 2007.

/s/ Peter C. Knight

_____

Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
   & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311

3

1041439v1

4