UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS' EXPERT WITNESS, MR. GREGORY A. FEITH, FROM TESTIFYING AS A PILOTING EXPERT OR FROM GIVING OPINIONS BASED ON HEARSAY CONVERSATIONS HE ALLEGEDLY HAD WITH EX-COLGAN PILOTS.**

The defendants hereby respectfully move for an order *in limine* precluding plaintiffs' expert witness, Mr. Gregory A. Feith, from testifying or offering opinions as a piloting expert or from giving opinions based on hearsay conversations he allegedly had with former Colgan pilots. As grounds for this motion, the defendants state that Mr. Feith, in his deposition, acknowledged that is "not the pilot expert," and is rather the plaintiffs' accident reconstructionist. Deposition of Gregory A. Feith, pp. 262-263. Therefore, any and all expert opinions Mr. Feith may have regarding piloting should be barred. Moreover, all of his comments regarding conversations that he allegedly had with two or three former Colgan pilots, should be barred as hearsay and because such hearsay commentary is not relevant to this case. Even according to Mr. Feith, the former Colgan pilots did not investigate the accident in question, did not see the accident and did not discuss the changing of the elevator trim tabs with either the accident pilots or the Colgan mechanics involved. These pilots simply have no basis to comment on any aspect of the cause of this accident. Therefore, any comments to the jury by Mr. Feith regarding the ex-Colgan pilots' comments to him, should not be allowed.

WHEREFORE, the defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs' expert witness, Mr. Gregory A. Feith, from testifying as a piloting expert or from basing his accident reconstruction opinions on the alleged hearsay conversations with former Colgan pilots.

RAYTHEON DEFENDANTS,
By Counsel,

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 26, 2007.

/s/ Peter C. Knight

/s/ Peter C. Knight

_____
Peter C. Knight, BBO # 276000
Gary W. Harvey, BBO #547993
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

1042849v1

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
   & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311

1042849v1