UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>    Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE USE OF ANIMATIONS BY PLAINTIFFS**

1042749v1

The defendants hereby respectfully move for an order *in limine* precluding the plaintiffs from using any animations created by 3Plains Corporation, or created by any other source, either as an exhibit or a demonstrative chalk. The plaintiffs were advised by the Court on December 15, 2006 at the hearing on the defendants' motion for summary judgment to produce any animations by January 8, 2007. Yet, to this date, plaintiffs have failed to do so. The plaintiffs therefore should be precluded from using any animations at trial.

Due to the plaintiffs' continual unwillingness to produce the animations, the defendants have been forced to go to great lengths in attempts to obtain the animations. On October 31, 2006, the defendants filed their Motion to Strike Todd Michael Peterson/3Plains Corporation as Plaintiffs' Experts or, in the Alternative, to Compel Production of Copies of Animations and Reimbursement of Costs and Expenses. The motion was necessitated by plaintiffs' failure to produce copies of their animations, or provide any information whatsoever the content or nature of their animations, despite disclosure of Todd Michael Peterson as an expert for trial. Plaintiffs provided no information which remotely indicated or described what the animations contained or were about, or what field of science Mr. Peterson would testify. Other than a vague reference in Mr. Peterson's CV that 3Plains is "a human performance and safety training company," there was no disclosure as to what testimony, expertise or opinions Mr. Peterson would provide at trial, nor any description or designation that Mr. Peterson was slated to testify as to aeronautics, safety, engineering, human factors or other purported field of science. Instead of producing the animation as required by Rule 26, the plaintiffs offered to allow counsel to watch the animations in South Carolina and indicated that a copy would be provided if defendants paid half of the expert production costs of the animation or approximately $30,000.

In opposition to the motion, plaintiffs indicated that they agreed not to call Mr. Peterson as a trial expert. However, plaintiffs' counsel advised defendants' counsel that plaintiffs were reserving the right to use animations at trial as an exhibit or a demonstrative aid. The animations are themselves expert materials and opinions fully encompassed within the purview of the broad Rule 26 disclosure requirement. The fact that the expert opinion is in the form of visual animations does not remotely change the expert and technical nature and character of this planned expert submission or use at trial. Like all technical and expert opinion and evidence it is subject to relevance, reliability and probative versus prejudicial evaluation which can only be explored and assessed by full pre-trial disclosure to opposing counsel. See generally, Commercial Union Insurance Co. v. Boston Edison Co., 412 Mass. 545, 549-50 (1992)(noting that in order to ensure reliability, completeness, accuracy and admissibility of computer program, it must be "disclosed to the opposing party so that they may challenge them"). Plaintiffs cannot avoid their disclosure obligations by simply referring to technical evidence as a demonstrative chalk.

At the hearing on the defendants' motion for summary judgment, this Court recognized the necessity for the defendants to be able to view the plaintiffs' animations well in advance of trial by ordering that the plaintiffs produce their animations by January 8, 2007. Despite that order, however, the plaintiffs have still failed to produce their animations to the defendants.

At the mediation of this case on January 22, 2007, plaintiffs played an animation along with audio from the cockpit voice recorder ("CVR").[1] Given that the defendants were never given the opportunity to view any animations produced by 3Plains, despite their numerous requests, it is unclear whether such animation was produced by 3Plains or another company.

---

[1] It should be noted that the defendants have moved to exclude the audio portion of the CVR played by plaintiffs on the grounds that it is irrelevant and highly prejudicial. See Defendants' Motion in Limine to Preclude Evidence of Contents of Recording on the Cockpit Voice Recorder Related to the Distress of the Pilots.

1042749v1

Nonetheless, it is clear that the plaintiffs intend to use animations at trial given their use of one at mediation. Additionally, in their recently filed Pretrial Disclosures, the plaintiffs indicate that they may introduce an animation as demonstrative evidence. Viewing the animations that plaintiffs intend to use was necessary well in advance of trial so that the defendants could be adequately prepared for trial and have the necessary time to challenge admission of the animations if they determined it necessary. Plaintiffs' failure to produce the animations has deprived the defendants the opportunity for adequate review. Given that the plaintiffs have not complied with this Court's order to produce the animations by January 8, 2007, they must be precluded from using any animations at trial, either as an exhibit or a demonstrative chalk.

WHEREFORE, the defendants respectfully request that this Court enter an order *in limine* precluding the plaintiffs from using any animations created by 3Plains Corporation, or created by any other source, either as an exhibit or a demonstrative chalk.

RAYTHEON DEFENDANTS,
By Counsel,

/s/ Peter C. Knight
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
  & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone: (316) 265-9311

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 26, 2007.

/s/ Peter C. Knight
_____

1042749v1