UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE
REGARDING ADMISSION OF MAINTENANCE MANUAL**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum of Law in support of their motion in limine regarding Admission of the Maintenance Manual.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment.

As grounds therefore, Plaintiffs state the following:

I. **THE REVISIONS TO THE BEECH 1900D MANUAL MADE PRIOR TO THE SUBJECT ACCIDENT ARE ADMISSIBLE**

The revisions to the Beech 1900D manual were part of an ongoing revision program initiated by Raytheon prior to the subject accident, therefore any and all revisions related to this process do not qualify as subsequent remedial measures. FED. R. EVID. 407 provides:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as providing ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

One of the most important social policies governing FED. R. EVID. 407 is to encourage manufacturers to create safer products. Allowing subsequent safety improvements to be used as evidence against a manufacturer would discourage manufacturers from continuing to update and improve safety features of their products. However, only measures which take place after the event are excluded. Raymond v. The Raymond Corp., 938 F.2d 1518, 1523 (1st Cir. 1991). See Bogosian v. Mercedes-Benz of North America, 104 F.3d 472, 481 (1st Cir. 1997) (arguing that, measures that take place *before* the accident at issue do not fall within the prohibition).

Prior to the subject accident, Raytheon had a system in place to revise its manual for the Beech 1900D aircraft. These revisions were part of a continuous improvement program for all aspects of the aircraft, including the manual. Scheidt Dep. 11, 15-17, Aug. 5, 2005. Because the revision process was initiated by Raytheon before the subject accident, none of the social policy concerns encouraging subsequent safety improvements exclude evidence of the revisions subsequent to the accident. It is clear that this Circuit has decided that measures which take place before the accident at issue do not prohibit their admission at trial. See Bogosian. Therefore, any and all revisions to the manual as part of Raytheon's ongoing manual update process do not fall within the ambit of exclusion regarding subsequent remedial measures and are admissible at trial.

II. **ALL EVIDENCE REGARDING REVISIONS OF THE BEECH 1900D MANUAL ARE ADMISSIBLE AS AN EXCEPTION TO SUBSEQUENT REMEDIAL MEASURES**

Should the court determine Raytheon's ongoing revisions to its maintenance manual represents subsequent remedial measures, then under FED R. EVID. 407, such evidence may be introduced for other purposes such as impeachment, ownership, control, and feasibility of additional precautionary measures. Additionally, subsequent remedial measures are admissible to show knowledge of a defective condition. See Rozier v. Ford Motor Co., 573 F.2d 1332, 1343 (5th Cir. 1978). Reh'g denied, 578 F.2d 871 (5th Cir. 1978) (evidence may be introduced to show the defendant had knowledge or was on notice of the existence of a dangerous or defective condition).

The revisions Raytheon made to its maintenance manual for the Beech 1900D aircraft, in particular the section regarding critical flight control systems, demonstrate that they had knowledge and were on notice of the existence of a dangerous condition within its manual. For

3

example, on January 8, 2003, a Beech 1900D crashed on takeoff in Charlotte, North Carolina. Following this accident Raytheon admitted that it should increase its efforts to rewrite and clarify its manual. <u>Scheidt</u> Dep. 16. "We were in the process of doing a manual review after the Charlotte accident and focused on particular subjects." <u>Peay</u> Dep. 15, Aug. 1, 2005. "We changed the focus based on what we were seeing out in the field, and we increased the level of intensity after Charlotte because then **it was very apparent that we needed to write the manuals simpler and in more detail**." <u>Peay</u> Dep. 17-18 (emphasis added). In particular, Raytheon was attempting to simplify its manual for those who read it, in particular the area concerning critical flight control systems. <u>See</u> <u>Scheidt</u> Dep. 16.

The Charlotte crash occurred over six months before the accident that is the subject of this litigation. It is clear from the above testimony that Raytheon was on notice and had knowledge that a dangerous condition existed in its manual. Therefore, although evidence of subsequent remedial measures is inadmissible as proof of a defendant's negligence, Raytheon's manual revisions are admissible as an exception based on their notice and knowledge of a dangerous condition.

## CONCLUSION

For all the foregoing reasons, the Plaintiffs respectfully request that any and all evidence regarding Admission of the Maintenance Manual.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully requests the opportunity to present oral argument pursuant to local rule 7.1(D).

                    Respectfully Submitted,

By:   /s/ Mary Schiavo
      28 Bridgeside Blvd.

P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 25 , 2007

### CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo