UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>      Plaintiff,<br>  vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>      Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>      Plaintiff,<br>  vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>      Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MAINTENANCE PERSONNEL'S FAILURE TO REMOVE THE ELEVATORS WHEN REPLACING ELEVATOR TRIM TAB ACTUATORS**

COMES NOW Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude evidence of the failure of maintenance personnel to remove the elevators from the incident aircraft when replacing the elevator trim tab actuators.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment. As grounds therefore, Plaintiffs state the following:

I. **EVIDENCE OF THE NON-REMOVAL OF THE AIRCRAFT ELEVATORS SHOULD BE EXCLUDED BECAUSE IT LACKS PROBATIVE VALUE AND IS IRRELEVANT TO THE CAUSE OF ACTION**

Evidence is relevant if it tends to prove a fact in controversy or makes a contested matter more or less probable. FED. R. EVID. 401. Evidence which is not relevant is not admissible. FED. R. EVID. 402. In determining whether evidence is relevant, the court's consideration should be limited to whether the evidence has any tendency to support a consequential fact. United States v. Fulcher, 188 F. Supp. 2d 627, 634 (W.D. Va. 2002). In this determination, a rule of thumb is to inquire whether "a reasonable man might believe the probability of the truth of the consequential fact to be different if he knew of the proffered evidence." United States v. Brashier, 548 F.2d 1315, 1325 (9th Cir. 1976).

In late August 2003, the subject aircraft underwent a Detail 6 inspection, a periodic inspection primarily of the empennage, at Colgan's maintenance facility in Hyannis,

2

Massachusetts.  The Detail 6 inspection includes a check for freeplay of the elevator trim tabs.[1] An aircraft that does not pass a freeplay check requires replacement of its elevator trim tab actuators.  Sarluca Dep. 35, 36, Jul. 12, 2005.  The Raytheon Electronic Publications System (REPS) manual for the Beech 1900 aircraft calls for the removal of the aircraft's elevators prior to removing and replacing the elevator trim tab actuators.  Colgan maintenance personnel replaced the elevator trim tab actuators without removing the elevators.  However, significant to this motion in limine, is the fact that this maintenance procedure did not in any way contribute to the cause of the subject accident and therefore does not relate to any fact of consequence to this litigation.  The cause was Raytheon's printed and distributed maintenance manual that contained an incorrect and incomplete procedure for replacement of the forward elevator trim tab actuator cable, not the failure of Colgan's maintenance personnel to remove the elevator prior to replacement of the elevator trim tab actuators.  Therefore, this evidence lacks any probative value to this litigation.  Moreover, any evidence or reference to the fact that the elevators were not removed from the aircraft during replacement of the actuators should be excluded as irrelevant at the trial of this matter.

## II.   NON-REMOVAL OF THE ELEVATORS SHOULD BE EXCLUDED AS UNFAILRY PREJUDICIAL

If the Court determines that non-removal of the elevators is relevant, then such evidence should be excluded on the grounds that the probative value is outweighed by the prejudicial effect.  Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleads the jury.  FED. R. EVID. 403.  United States v. Benedetti, 433 F.3d 111 (1st Cir. 2005).  When the harmful component of relevant evidence

---

[1] Failure of a trim tab freeplay check is an indication that the aircrafts elevator trim tabs are moving too much without being subjected to an internal load.  Sarluca p. 35: 15-20.

3

becomes unduly prejudicial, a court should exclude it from consideration by the jury. <u>United States v. Ham</u>, 998 F.2d 1247, 1252 (4th Cir. 1993).

Introduction of earlier maintenance regarding the removal and replacement of the elevator trim tab actuators on the subject aircraft are separate and unrelated from the replacement of the forward trim tab cable that is at issue in this litigation and could confuse and mislead the jury. If admitted, this evidence would permit Raytheon to distract the jury's focus from the real issue at question, its defective maintenance procedures for replacement of the elevator trim tab cable, by discussing unrelated maintenance performed by Colgan mechanics. The Plaintiffs would be substantially prejudiced by the admittance of such evidence because the jury would find it hard to distinguish and separate such independent and irrelevant maintenance procedures from the actual issue regarding the replacement of the forward elevator trim tab cable.

Therefore, should this Court determine such evidence relevant, it should be excluded on the grounds that it is unfairly prejudicial and would mislead and confuse the jury pursuant to FED. R. EVID. 403.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully requests that their motion in limine excluding any and all evidence of and references to the failure of Colgan maintenance personnel to remove the aircraft elevators when replacing the actuators be granted.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

    Respectfully Submitted,

By: /s/ Mary Schiavo
28 Bridgeside Blvd.

4

P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 25, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo