UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>   vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>   vs.<br><br>Raytheon Company,  a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ENFORCEMENT ACTIONS AND SUSPENSIONS OF COLGAN MECHANICS FOR FAILURE TO REMOVE AIRCRAFT ELEVATORS DURING MAINTENANCE**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude evidence of enforcement actions and suspensions of Colgan mechanics for failure to remove aircraft elevators during maintenance.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment.

As grounds therefore, Plaintiffs state the following:

I. **EVIDENCE OF THE ENFORCEMENT ACTIONS AND SUSPENSIONS RELATING TO THE FAILURE TO REMOVE THE AIRCRAFT ELEVATORS IS INADMISSIBLE PRIOR ACT EVIDENCE**

Any and all evidence of the fact that certain enforcement actions were taken against Colgan maintenance personnel regarding the failure to remove the subject aircraft elevators while replacing the actuators is inadmissible prior act evidence. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. FED. R. EVID. 404(b).

A two-pronged framework implementing FED. R. EVID. 404(b) governs the admissibility of "bad act" evidence. First, the proffered evidence must not merely show a defendant's reprehensible character or predisposition towards knavery, but rather, must possess some special relevance to a disputed issue in the case. Udemba v. Nicoli, 237 F.3d 8, 15 (1st Cir. 2001); United States v. Devin, 918 F.2d 280, 286 (1st Cir. 1990). Even if the evidence so qualifies, it still must run a second gauntlet; Rule 404(b). Evidence, although relevant, nonetheless must be

rejected if its likely prejudicial impact substantially outweighs its likely probative worth. Veranda Beach Club Ltd. P'Ship v. W. Sur. Co., 936 F.2d 1364, 1373 (1st Cir. 1991); Devin, 918 F.2d at 286.

The enforcement actions and resulting suspensions of Colgan maintenance personnel relate to specific acts that took place during the replacement of the elevator trim tab actuators. Based on the Udemba test, this maintenance was wholly separate from the subsequent maintenance involving replacement of the trim tab forward cable, which was incorrectly described in the Raytheon Electronic Publication System (REPS) manual, and thus bears no special relevance to a disputed issue in this matter. There is no causal relationship between the failure to remove the elevators during actuator replacement and the accident that is the subject of this litigation. Therefore, evidence of enforcement actions regarding the actuator replacement procedure bears no relevance or probative value to the claims at issue and should be excluded pursuant to FED. R. EVID. 404(b).

However, if the Court determines such evidence relevant, then it should be excluded on the grounds that its probative value is outweighed by its prejudicial effect. Udemba at 15. Evidence that some maintenance personnel were suspended as a result of the failure to remove the aircraft elevators has no probative value in this matter and will distract the jury from the central issues in this case. The maintenance personnel received suspensions because they did not complete every step of the procedure in the replacement of the elevator trim tab actuators. There was never any allegation that failure to remove the elevators caused this accident. Additionally, the procedure to which the suspension concerns did not hinder the successful completion of the maintenance task and did not relate to the events that caused the accident of the subject aircraft. If presented with facts of the suspension, a jury may make broad, unjustified inferences about the

caliber of Colgan's mechanics and disregard the deficiencies in the REPS manual and other consequential facts in this litigation. Such prejudicial evidence is outweighed by its probative value and must be excluded at trial of this matter.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their motion in limine excluding any and all evidence of and references to enforcement actions and suspensions of Colgan mechanics for failure to remove aircraft elevators during maintenance..

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:    /s/ Mary Schiavo
       28 Bridgeside Blvd.
       P.O. Box 1792
       Mount Pleasant, SC 29465
       (843) 216-9374
       Don McCune (pro hac vice)

       And

       David A. Bunis (BBO No. 550570)
       Jacob T. Elberg (BBO No. 657469)
       DWYER & COLLORA, LLP
       600 Atlantic Avenue
       Boston, MA  02210
       (617) 371-1000

       Dated: January 25, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on

the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo

5