UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

          **CONSOLIDATED UNDER**
          **CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, )<br><br>        Plaintiff, )<br>  vs. )<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation )<br><br>        Defendants. )<br>_____ ) | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, )<br><br>        Plaintiff, )<br>  vs. )<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation )<br><br>        Defendants. )<br>_____ ) | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE FLIGHT CREW'S PRIOR FAILURES OF FLIGHT TESTS, PROFICIENCY CHECKS OR CHECK RIDES**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude evidence of the flight crew's prior failures of flight tests, proficiency checks or check rides.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment.

As grounds therefore, Plaintiffs state the following:

I. **EVIDENCE OF PRIOR CHECKS OR CERTIFICATION EVENTS ARE IRRELEVANT AND THEREFORE INADMISSIBLE**

Evidence of prior flight test failures, proficiency check failures or unsuccessful check rides are inadmissible unless relevant. Relevant evidence is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. FED. R. EVID. 401. Evidence that is not relevant is inadmissible. FED. R. EVID. 402.

Defendants' expert, Richard Nelson, opines that the flight crew's training and qualifications were factors in this accident and that the flight crew was not properly trained. See Richard J. Nelson Report (Nelson Report) 16, 19. In his report, Mr. Nelson stated that Captain Scott Knabe completed a Beech 1900 initial proficiency check without demonstrating proficiency in emergency procedures related to flight controls, unsuccessfully completed a check ride on April 24, 2000, and received a notice of disapproval during a flight test on January 6, 2003. Id. at 5. Additionally, Mr. Nelson reported that First Officer, Steven Dean, received a notice of disapproval on January 13, 1998. Id. However, Mr. Nelson also acknowledged that both pilots had successfully completed all FAA certifications and proficiency checks at the time of the subject accident. See NTSB Factual Report. Since the flight crew had successfully

completed all FAA certifications and proficiency checks at the time of the subject accident, their training history in its entirely is irrelevant.  Furthermore, Mr. Nelson provided testimony that there was nothing to suggest that the flight crew was substandard, inept, or incompetent during their tenure with Colgan.  Nelson Dep. 108, Sept. 12, 2005.  Because the flight crew's prior failures of proficiency checks and certification events had absolutely no bearing on their conduct on the day of the subject accident, this evidence fails to have any tendency to make a contested matter more or less probable in this trial and therefore, should be excluded as inadmissible.

### II. THE FLIGHT CREW'S PRIOR ACTS ARE INADEQUATE TO PROVE THAT THE FLIGHT CREW WAS NEGLIGENT DURING THE ACCIDENT FLIGHT

The admissibility of "other act" evidence is governed by FED. R. EVID. 404(b), which provides that evidence of other crimes, wrongs, or acts are not admissible to prove the character of a person in order to show action in conformity therewith.  Therefore, the prior flight test failures, proficiency check failures, or unsuccessful check rides are inadmissible for demonstrating that at some later time the flight crew acted in "conformity therewith."

For example, in Moorhead v. Mitsubishi Aircraft Intel, Inc., 828 F.2d 278, 287 (5th Cir. 1987) an aircraft accident case, some of a pilot's training records from a flight school refresher course and a deposition of a course instructor were offered as evidence at trial.  Mitsubishi at 287.  Among other things, the evidence indicated that the instructor gave the pilot low marks in handling emergency situations during a flight simulator test, considered him weak in aircraft knowledge and instrument flying, and recommended hiring a professional pilot to fly with him. Id.  The Fifth Circuit found that this evidence should have been ruled inadmissible under FED. R. EVID. 404, and would have been grounds for reversal were this a jury trial.  Id.  It is well settled that other "acts" are not admissible to prove the character of a person in order to show action in

3

conformity therewith. See Monger v. The Cessna Aircraft Co., 812 F.2d 402, 406 (8th Cir. 1987); Rocky Mountain Helicopters, Inc. v. Bell Helicopters Textron, 805 F.2d 907, 917 (10th Cir. 1986)(Rule 404(b) applicable to civil case); American Airlines, Inc. v. United States, 418 F.2d 180, 197 (5th Cir. 1969) (evidence of a similar act of negligence is not admissible to prove negligence in the performance of the same act later).

Based on the substantial case law governing FED. R. EVID. 404, any evidence or reference to the past conduct of the accident flight crew regarding their prior flight test failures, proficiency check rides, or unsuccessful check rides is inadmissible to prove that they acted in conformity with that conduct on the afternoon of the crash.

### III. PRIOR FAILURES OF PROFICIENCY CHECKS AND CERTIFICATION EVENTS SHOULD BE EXCLUDED AS HIGHLY PREJUDICIAL AND LACK PROBATIVE VALUE

If the Court determines that evidence of prior flight test failures, proficiency check failures or unsuccessful check rides are relevant, then such evidence should be excluded on the grounds that the probative value is outweighed by the prejudicial effect. Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleads the jury. FED. R. EVID. 403. United States v. Benedetti, 433 F.3d 111 (1st Cir. 2005). When the harmful component of relevant evidence becomes unduly prejudicial, a court should exclude it from consideration by the jury. United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993).

Introduction of the flight crew's prior failures of proficiency checks and certification events offer no probative value to the issues at dispute in this litigation and will only serve to distract the jury. Furthermore, the Plaintiffs would be substantially prejudiced by the admittance of such evidence because the jury would find it hard to distinguish and separate the prior and

irrelevant certification and proficiency check failures from implying negligence on the part of the pilots, despite the pilots having successfully completing all FAA certifications and proficiency checks at the time of the accident.

Therefore, should the Court determine such evidence relevant, it should be excluded on the grounds that it is unfairly prejudicial to the Plaintiffs and would mislead and confuse the jury pursuant to FED. R. EVID. 403.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their motion in limine excluding any and all evidence of and references to the flight crew's prior failures of flight tests, proficiency checks or check rides be granted.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully requests the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
      28 Bridgeside Blvd.
      P.O. Box 1792
      Mount Pleasant, SC 29465
      (843) 216-9374
      Don McCune (pro hac vice)

      And

      David A. Bunis (BBO No. 550570)
      Jacob T. Elberg (BBO No. 657469)
      DWYER & COLLORA, LLP
      600 Atlantic Avenue
      Boston, MA  02210
      (617) 371-1000

      Dated: January 25, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo