## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER**
**CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, )<br><br>      Plaintiff, )<br>vs. )<br>)<br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation )<br><br>      Defendants. )<br>_____ ) | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, )<br><br>      Plaintiff, )<br>vs. )<br>)<br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation )<br><br>      Defendants. )<br>_____ ) | **Case No.: 05 CV 10364 PBS** |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF YISEL DEAN'S SPENDING HABITS, ALLEGED PRESCRIPTION DRUG ABUSE, AND DETAILS REGARDING HER INTIMATE RELATIONSHIP WITH BOB DEAN

COMES NOW Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude evidence of Yisel Dean's spending habits, alleged prescription drug abuse, and details of her intimate relationship with Bob Dean.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment.

As grounds therefore, Plaintiffs state the following:

I. **EVIDENCE OF YISEL DEAN'S SPENDING HABITS, ALLEGED PRESCRIPTION DRUG ABUSE, AND INTIMATE DETAILS OF HER RELATIONSHIP WITH BOB DEAN ARE IRRELEVANT**

Evidence regarding the spending habits of Mrs. Dean, her alleged prescription drug abuse, and details of her intimate relationship with Bob Dean is inadmissible unless relevant. Relevant evidence is evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. FED. R. EVID. 401. Evidence that is not relevant is inadmissible. FED. R. EVID. 402.

Plaintiffs' expert, Julia M. Reade, M.D., provided a report of her findings on Yisel Dean following a psychiatric evaluation. See Julia M. Reade, M.D. Report (Reade Report). Subsequent to this report, defendants deposed Ms. Reade regarding her opinions and findings.

In that deposition, defense counsel posed questions regarding the spending habits of Mrs. Dean during 2004. In particular, Defense counsel asked whether Mrs. Dean had a history of

2

spending $100,000 in 2004.  <u>Reade</u> Dep. 62, Sept. 12, 2005.  The money referenced was fifty thousand dollars Mrs. Dean received in death benefits from the death of her husband, Steven Dean.  Mrs. Dean used these funds to buy furniture and pay off debts.  <u>Reade</u> Dep. 62.  Additionally, it was reported that Ms. Dean may be abusing prescription medications.  <u>Reade Report</u> 5.  However, this claim was never investigated or proven.  Lastly, defense counsel learned that Mrs. Dean developed an intimate relationship with her brother-in-law, Bob Dean, after her husband's death.  <u>Reade</u> Dep. 43 – 47.

The spending habits of Mrs. Dean during 2004, her alleged prescription drug abuse, and the intimate relationship with Bob Dean fail to have any tendency to make a contested matter in this litigation more or less probable.  Therefore, any reference to such evidence is irrelevant and inadmissible at trial.  FED. R. EVID. 402.

## II. EVIDENCE OF YISEL DEAN'S PRESCRIPTION DRUG USE AND THE INTIMATE DETAILS OF HER RELATIONSHIP WITH BOB DEAN WOULD AMOUNT TO HARRASSMENT OR UNDUE EMBARRASSMENT

Any evidence or references regarding Mrs. Dean's alleged prescription drug abuse or intimate details of her relationship with Bob Dean should be excluded to protect her from harassment or undue embarrassment.  The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to … (3) protect witnesses from harassment or undue embarrassment.  FED. R. EVID. 611(a).  Any reference to Mrs. Dean's alleged prescription drug abuse or intimate relationship with Bob Dean bears no relevance to the issues in dispute in this litigation and would only be referred to in an attempt to discredit, harass or unduly embarrass Mrs. Dean.  FED. R. EVID. 611(a) provides the court with the authority to control the mode of interrogation of witnesses to protect them from undue embarrassing evidence.  Based on this authority and the fact that such evidence is irrelevant to the issues in

3

dispute, this court should exclude any evidence or reference to Mrs. Dean's alleged prescription drug abuse or her intimate relationship with Bob Dean to protect her from any undue embarrassing evidence.

**III.    EVIDENCE OF YISEL DEAN'S PRESCRIPTION DRUG USE AND THE INTIMATE DETAILS OF HER RELATIONSHIP WITH BOB DEAN LACK ANY PROBATIVE VALUE AND IS UNFAIRLY PREJUDICIAL**

If this Court determines that evidence of Mrs. Dean's alleged prescription drug abuse or her intimate relationship with Bob Dean is relevant, then such evidence should be excluded because its probative value is outweighed by the prejudicial effect. Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleads the jury. FED. R. EVID. 403. United States v. Benedetti, 433 F.3d 111 (1st Cir. 2005). When the harmful component of relevant evidence becomes unduly prejudicial, a court should exclude it from consideration by the jury. United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993).

Introduction of Mrs. Dean's alleged prescription drug abuse and her intimate relationship with Bob Dean offer no probative value to the issues in dispute and will only serve to distract the jury. Mrs. Dean's request for anti-anxiety medication was merely one clinician's opinion that she might be abusing prescription medication. See Reade Report. Any allegation based on what "might" be an indication of prescription drug abuse is unfairly prejudicial as it will distract the jury from the relevant legal issues in this dispute. In addition, the intimate details of Mrs. Dean's relationship with Bob Dean following her husband's death, even if relevant, would be outweighed by the prejudicial effect on the jury. Faced with such evidence a jury would be distracted from the actual issue in dispute, Raytheon's defective maintenance manual and not the subsequent actions of Mrs. Dean.

Therefore, should this Court determine such evidence relevant, it should be excluded on the grounds that it is unfairly prejudicial and would mislead and confuse the jury pursuant to FED. R. EVID. 403.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their motion in limine excluding any and all evidence of and references to Yisel Dean's spending habits, alleged prescription drug abuse, and details of her intimate relationship with Bob Dean be granted.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
      28 Bridgeside Blvd.
      P.O. Box 1792
      Mount Pleasant, SC 29465
      (843) 216-9374
      Don McCune (pro hac vice)

      And

      David A. Bunis (BBO No. 550570)
      Jacob T. Elberg (BBO No. 657469)
      DWYER & COLLORA, LLP
      600 Atlantic Avenue
      Boston, MA  02210
      (617) 371-1000

Dated: January 25, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on

the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo