UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>     Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>     Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>     Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>     Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO THE AGREEMENT BETWEEN DONALD SOMMER AND THE FEDERAL AVIATION ADMINISTRATION**

COMES NOW Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude evidence of the agreement between Donald Sommer and the Federal Aviation Administration.

As grounds therefore, Plaintiffs state the following:

I.  **STATEMENT OF FACTS**

Plaintiffs intend to present the expert testimony of Mr. Donald E. Sommer, an accident investigator, mechanical engineer, Airline Transport Rated Pilot, and FAA certified Airframe and Powerplant (A & P) Mechanic with inspection authorization. As an A & P mechanic, Mr. Sommer is permitted under Part 43 of the Federal Aviation Regulations to perform maintenance on certificated aircraft. A & P mechanics with inspection authorization are also permitted to perform annual inspections on such aircraft. (See FAR §65.95)

It is anticipated that Raytheon will attempt to cross-examine Mr. Sommer about a settlement agreement with the Federal Aviation Administration (FAA) relating to a paperwork violation in October 1985 that resulted in a ninety day suspension of his inspection authorization, but not his A & P mechanics certificate.

Under the terms of the settlement agreement, Mr. Sommer only admitted to the following:

> I acknowledge that I violated section [43.15(a)] of the Federal Aviation Regulations on or about October 1, 1985 when I inspected a Cessna Model 170B, N432W. I acknowledge that the ***inadvertent violation*** occurred because the required documentation of the updated and improved control wheels and left rudder pedals was not found in the aircraft file. [emphasis added][1]

---

[1] A form 337 relating to installation of the referenced equipment was not part of the aircraft file when inspected by Mr. Sommer.

Such cross-examination would not be relevant to any issue in this case. Nor does a twenty year old violation legitimately impact Mr. Sommer's qualifications as an expert. Therefore, any reference thereto should be precluded.

## II. EVIDENCE OF MR. SOMMER'S PRIOR VIOLATION IS INADMISSBLE FOR IMPEACHMENT PURPOSES

FED. R. EVID. 609, *Impeachment by Evidence of Conviction of Crime*, states:

**(a)    General rule.**

For the purpose of attacking the character for truthfulness of a witness,

(1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

(2) evidence that any witness has been convicted of a crime shall be admitted, regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

**(b) Time Limit.**

Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, which ever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than ten years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with fair opportunity to contest the use of such evidence.

Obviously, Mr. Sommer's *inadvertent* violation of a Federal Aviation Regulation does not amount to a conviction of a crime punishable by death or imprisonment in excess of one

year. Nor does this twenty year-old plus admission pertain to "an act of dishonesty or false statement by the witness". Accordingly, Rule 609 provides no basis for admission of such evidence.

>FED. R. EVID. 608, *Evidence of Character and Conduct of Witness*, provides as follows:
>
>**(a) Opinion and reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness has been attacked by opinion or reputation evidence or otherwise.
>
>**(b) Specific instances of conduct.** Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of a crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

By its terms, Rule 608(b) precludes extrinsic evidence of specific instances of conduct. Nor is this particular incident admissible "in the discretion of the court" because such evidence is not probative of Mr. Sommer's truthfulness. In fact, this very issue was addressed in Datskow v. Teledyne Industries, Inc., No. 88-1299L (W.D.N.Y. Jan 29, 1993) where the honorable David G. Larimer held that any inquiry into the circumstances surrounding the ninety-day suspension of Mr. Sommer's Inspection Authorization did not relate to truthfulness. See also, Simeone v. Bombardier-Rotax, GmbH, No. 02-4852 (E.D. Pa 2005) (same).

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their motion.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 25 , 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo