UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>  vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>  vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE THAT COLGAN AIR, INC. WAS A FORMER
PARTY TO THE CLAIM AT ISSUE**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude evidence that Colgan was a former party in the claim at issue.

As grounds therefore, Plaintiffs state the following:

## I. EVIDENCE THAT COLGAN AIR, INC., WAS A FORMER PARTY TO THE SUBJECT CRASH IS INADMISSBLE

Evidence referring to Colgan Airways, Inc., as a former party named in litigation regarding the crash of flight 9446 is inadmissible. Plaintiffs anticipate that Raytheon will refer to Colgan Air, Inc., as a party or former party in the trial of this matter in an attempt to apportion their liability and reduce the damages recoverable against them.

Colgan Air, Inc. was dismissed from this case on the basis that Massachusetts workers compensation laws provide for the exclusive remedy against employees. Because the pilots of the subject aircraft were employed by Colgan Air, Inc., any remedy sought against Colgan Air, Inc. was exclusively provided for by Massachusetts worker's compensation laws. Furthermore, in Correia v. Firestone Tire and Rubber Company, 388 Mass. 342, 350 (1983) the Supreme Judicial Court held that a negligent employer who is immune from suit by virtue of having paid worker's compensation benefits on the death of an injured employee may not be included in the jury's negligence calculus. See also Allen v. Chance Mfg. Co., F.2d 465, 467 (1st Cir. 1989), citing (under §85, "a jury must apportion negligence between only the plaintiff and the defendant: the fault of non-parties…is not to be taken into account").

Therefore, based on the fact that such issues would only serve to confuse the jury as to whom it may consider liable and pursuant to the law of Massachusetts, any reference to Colgan

Air Inc. as a party or former party to this trial must not reach the ears of the jurors. To allow such testimony would confuse the jury, and greatly prejudice the Plaintiffs.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court issue an order prohibiting the Defendants from mentioning or naming Colgan Air as a party or former party to this action.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

    Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 371-1000

Dated: January 25, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo