UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, )<br>)<br>)<br>)<br>Plaintiff, )<br>vs. )<br>)<br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation )<br>)<br>Defendants. )<br>_____ ) | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, )<br>)<br>)<br>Plaintiff, )<br>vs. )<br>)<br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation )<br>)<br>Defendants. )<br>_____ ) | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN
LIMINE TO EXCLUDE LAY OPINION TESTIMONY
REGARDING PILOTS FUTURE INCOME**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude evidence presented by Raytheon regarding lay opinion testimony regarding the future income of the pilots.

As grounds therefore, Plaintiffs state the following:

## I. RAYTHEON WITNESS TESTIMONY REGARDING THE FUTURE INCOME OF THE PILOTS IS INAMDISSBLE LAY OPINION TESTIMONY

Evidence regarding the future income of the pilots presented by Raytheon witnesses is inadmissible lay witness testimony. If the witness is not as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are…(c) not based on scientific, technical, or other specialized knowledge within the scope of rule 702. FED. R. EVID. 701.

Raytheon failed to employ the services of an economist to project the future income of the deceased pilots of the subject crash. Without such expertise, any evidence offered by Raytheon's witnesses regarding future income projections is inadmissible because such evidence will not be based on scientific, technical, or other specialized knowledge that rule 701 requires. Additionally, the offered evidence through lay opinion testimony cannot be based on anything other than pure speculation by an unqualified and therefore unreliable source.

Therefore, any evidence offered by Raytheon witnesses regarding the future income of the pilots should be excluded from trial in this matter.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this Honorable Court grant their motion.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By: /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 371-1000

Dated: January 25, 2007

**CERTIFICATE OF SERVICE**

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo