UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10364 PBS** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE VIDEOTAPED RECREATIONS

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude videotape recreations of trim cable replacement or pilot checklist accomplishment.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment. As grounds therefore, Plaintiffs state the following:

### I. VIDEOTAPES OF THE TRIM CABLE REPLACEMENT AND PILOT CHECKLIST ACCOMPLISHMENT LACK PROBATIVE VALUE AND ARE IRRELEVANT TO THE CAUSE OF ACTION

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleads the jury. FED. R. EVID. 403; United States v. Benedetti, 433 F.3d 111 (1st Cir. 2005). When the harmful component of relevant evidence becomes unduly prejudicial, a court should exclude it from consideration by the jury. United States v. Ham, 998 F.2d 1247, 1252 (4th Cir. 1993).

In late August 2003, the subject aircraft underwent a Detail 6 inspection, a periodic inspection primarily of the empennage, at Colgan's maintenance facility in Hyannis, Massachusetts. As part of the maintenance associated with this inspection, the forward trim cable was replaced. It is believed that the Defendants will attempt to offer into evidence a videotape of their employees purporting to recreate the installation. Additionally, the Defendants will attempt to offer into evidence a video of their employees reading pilot checklists. These videos are irrelevant, not probative, and thus must not be admitted.

The people performing this videotaped maintenance were not in a position to observe the mechanics replace the trim cable on the accident aircraft on the day in question; they did not in fact observe the installation; and thus, they could not have observed any information that would permit them to form a reliable opinion from first hand data.  Likewise, the pilots performing this videotaped checklist were not in a position to observe Captain Knabe and First Officer Dean in the accident aircraft on the day in question; they did not in fact observe them perform the checklist; and thus, they could not have observed any information that would permit them to form a reliable opinion from first hand data.

It lies within the discretion of the trial judge to determine whether an experiment, demonstration or reenactment sufficiently resembles the actual event so as to be fair and informative. Terrio v. McDonough**,** **1**63, 450 N.E.2d 190 (Mass.App.1983), quoting Commonwealth v. Flynn, 287 N.E.2d 420 (1972).  Given that these demonstrations were performed by the employees of the Defendants, the likelihood of them being unbiased is highly doubtful.  Additionally, Fed. R. Evid. 701 requires that lay opinion be based on the perceptions of the witnesses.  Since none of the videotape actors were present on the day in question, such recreation is pure speculation, with very little probative value that is far outweighed by the high probability of misleading the jury.

Therefore, should this Court determine such evidence relevant, it should be excluded on the grounds that it is unfairly prejudicial and would mislead and confuse the jury pursuant to FED. R. EVID. 403.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully requests that their motion in limine excluding any and all videotaped recreations be granted.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 25, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo