# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | | |
|---|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **Case No.: 05 CV 10155 PBS** |
| Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, | ) ) ) | **Case No.: 05 CV 10364 PBS** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Raytheon Company,  a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO PROHIBIT DEFENSE EXPERT DWIGHT LAW FROM TESTIFYING ABOUT AIR CARRIER MAINTENANCE PROCEDURES

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine seeking to limit the testimony of Defendants' expert Dwight Law as it relates to air carrier operations.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment.

As grounds therefore, Plaintiffs state the following:

## I.    DWIGHT LAW HAS NO AIR CARRIER MAINTENANCE EXPERIENCE

The admissibility of expert evidence is controlled by the principle that technical or specialized knowledge must be adduced from a witness that is "qualified as an expert by knowledge, skill, experience, training or education . . "  Fed. R. Evid. 702.  The foundation for this requires more knowledge that the layman could obtain from mere observation.  Mr. Law has asserted that he may offer opinions about the maintenance organization, including the implementation of the Colgan General Maintenance Manual.  He is spectacularly unqualified to do so.

In sworn deposition testimony, Mr. Law stated that 1) he has no experience as a Part 121 mechanic; 2) he has never worked as a mechanic for a scheduled operator; and 3) he derived his knowledge of 121 operations from reviewing Colgan maintenance procedure and flow charts. Law Raytheon Dep. 98-99.  Additionally, he did not know who at the FAA was in charge of oversight of the Colgan maintenance program, and did not know how work cards are created. Law Raytheon Dep. 154-55.  He has never worked on a Beech 1900D, or Beech 1900C.  Law Raytheon Dep. 89-91.

## II.   DWIGHT LAW DOES NOT MEET THE THRESHOLD TEST REQUIRED OF EXPERT WITNESSES

Individuals may qualify as experts on the strength of their knowledge, skill, experience, training, or education.  Fed. R. Evid. 702.  Mr. Law has no demonstrated skills, experience, training or education in the management of Part 121 air carrier maintenance procedures.  He testified at deposition that he had knowledge of the Colgan procedures; however, he gleaned this knowledge from reading the Colgan General Maintenance Manual.  Mr. Law asserts he is a skilled mechanic – however, such knowledge does not translate into understanding the complexities and nuances of managing large scheduled carrier maintenance operations.  In these matters, Mr. Law is qualified to offer only a lay person's perspective.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their motion in limine seeking to limit the testimony of Defendants' expert Dwight Law as it relates to air carrier operations be granted.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:     /s/ Mary Schiavo
        28 Bridgeside Blvd.
        P.O. Box 1792
        Mount Pleasant, SC 29465
        (843) 216-9374
        Don McCune (pro hac vice)
                And

        David A. Bunis (BBO No. 550570)
        Jacob T. Elberg (BBO No. 657469)
        DWYER & COLLORA, LLP
        600 Atlantic Avenue
        Boston, MA  02210

3

(617) 371-1000

Dated: January 25, 2007

### CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 25, 2007.

/s/ Mary Schiavo