UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>   Plaintiff,<br> vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>   Defendants.<br>_____ | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>   Plaintiff,<br> vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>   Defendants.<br>_____ | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE TO
EXCLUDE DEFENDANTS' REFERENCE TO COMPARATIVE NEGLIGENCE**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine to exclude Defendants' reference to comparative negligence.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment. As grounds therefore, Plaintiffs state the following:

### I. AS A MATTER OF LAW, ANY DESIGN NEGLIGENCE ON THE PART OF THE DEFENDANT INVOKES WARRANTY LIABILITY

Among other counts, the Plaintiffs assert causes of action for negligence and breach of express and implied warranty. In Massachusetts, "[w]arranty liability is as fully comprehensive as the strict liability that has been adopted by a great many other jurisdictions and congruent in nearly all respects with the principles expressed in the Restatement (Second) of Torts § 402A 1965." Haglund v. Philip Morris Inc., 847 N.E. 2d 315, 323 (internal citations omitted). This strict liability means that a manufacturer may be liable in warranty, "even though he has exercised all possible care in the preparation and sale of the product." Correia v. Firestone, 446 N.E. 2d 1033, 1039 (Mass. 1983). In contrast, "in a negligence action, the conduct of the defendant takes center stage." Haglund, 847 N.E. 2d at 323.

In Massachusetts, if a manufacturer is negligent in design, they are presumed to have breached the implied warranty of merchantability for that same design. "A defendant in a products liability case in this Commonwealth may be found to have breached its warranty of merchantability without having been negligent, but the reverse is not true. A defendant cannot be found to have been negligent without having breached the warranty of merchantibility."

Haglund, 847 N.E. 2d at 323 (citations omitted). Therefore, a defendant deemed to be negligent in design is by definition in breach of the warranty of merchantability.

## II. AS A MATTER OF LAW, THERE IS NO COMPARATIVE NEGLIGENCE FOR WARRANTY LIABILITY

In a question certified to the Supreme Judicial Court of Massachusetts by the United States District Court of Massachusetts, the issue was whether comparative negligence applies to actions for breach of warranty. The answer was "no." Correia, 446 N.E. 2d 1039. The underlying principles that govern strict liability drove the Court to conclude that, "the only duty imposed on the user is to act reasonably with respect to a product which he knows to be defective and dangerous." Id. at 355. Therefore, the comparative negligence of a plaintiff is irrelevant under a breach of implied warranty of merchantability claim.

## III. INSTRUCTIONS OR ARGUMENT FOR COMPARATIVE NEGLIGENCE SHOULD BE FORECLOSED IN THIS MATTER

Applying the principles above, if the defendant is negligent in design, then the defendant is in breach of the implied warranty of merchantability. When in breach of the implied warranty of merchantability, comparative negligence is not applicable. In the instant matter, this means that Raytheon should be foreclosed from arguing comparative negligence. A finding of negligence means the case is decided on the implied warranty count – therefore, comparative negligence as a legal concept has no force or utility in this matter. A finding of no negligence still permits the jury to find that the implied warranty of merchantability was breached. Again, any comparative negligence of the Plaintiff is irrelevant.

Because of the pejorative and inflammatory nature of the phrase "comparative negligence", the Defendants should be foreclosed from using the term in voir dire, opening

statement, witness examination and closing argument. Use of the term will only serve to confuse the jury, and mislead them as to their fact-finding responsibilities. Additionally, there should be no question on the verdict form requiring the finders of fact to apportion blame between the Plaintiffs and Defendants. See Correia, 446 N.E. 2d 1039; see also Shantigar Foundation v. Bear Mountain Builders, 804 N.E. 2d 324 (Mass. 2004).

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their motion in limine to exclude Defendants' reference to comparative negligence be granted.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

        Respectfully Submitted,

By:    /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 26, 2007

**CERTIFICATE OF SERVICE**

    I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 26, 2007.

                                                                             /s/ Mary Schiavo