UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, )<br><br>Plaintiff, )<br>vs. )<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation )<br><br>Defendants. )<br>_____ ) | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, )<br><br>Plaintiff, )<br>vs. )<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation )<br><br>Defendants. )<br>_____ ) | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION IN
LIMINE TO APPLY THE DAMAGES LAW OF THE SURVIVORS' RESIDENCE
TO THE WRONGFUL DEATH CLAIM**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this memorandum of law in support of their motion in limine regarding application of Texas law for the damages due the survivors of First Officer Steven Dean, and Florida law for the damages due the survivors of Captain Scott Knabe.

To avoid repetition, Plaintiffs refer the Court to the facts and circumstances surrounding this accident as set forth in their Opposition to Defendants' Motion for Summary Judgment.

As grounds therefore, Plaintiffs state the following:

Yisel Dean, the surviving spouse of Steven Dean, and Brittany Dean, surviving daughter of Steven Dean, are residents of Texas. They resided there on August 26, 2003, the day that Steven Dean was killed. Alice Knabe, surviving mother of Scott Knabe, was a resident of Florida on August 26, 2003, the day Scott Knabe was killed. The survivors' loss accrued in these states; thus, as a matter of Massachusetts law, the damages laws of Texas and Florida should apply to this case.

## ARGUMENT

Though the aircraft crashed in Massachusetts, it is not axiomatic that Massachusetts damages law applies to the survivors. The Massachusetts Supreme Judicial Court has ruled on this precise issue in <u>Cohen v. McDonnell Douglas Corp.</u>, 450 N.E. 2d 581 (Mass. 1983). <u>McDonnell Douglas</u> makes clear that <u>as to the survivors</u>, the laws of Texas and Florida, respectively, apply.

### I. Massachusetts Conflicts Law Requires Application of Damages Law of The Survivors' Domicile

The Supreme Judicial Court of Massachusetts has already undertaken this analysis on a factually and legally similar matter. In the seminal case of <u>Cohen v. McDonnell Douglas Corp.</u>, 450 N.E. 2d 581 (Mass. 1983), the question presented was which of several states' laws should apply when a plane crash occurs in one jurisdiction and injuries accrue in another. Arising in a certified question from the United States District Court for the District of Massachusetts, <u>McDonnell Douglas</u> stands for the proposition that the law of damages of the state where the injuries accrue properly applies.

In <u>McDonnell Douglas,</u> an Illinois aircraft accident killed a son of Nellie Cohen. Ms. Cohen was a resident of Massachusetts. Upon hearing of her son's death, Nellie, residing and present in Massachusetts, suffered a series of angina attacks, and died two days later of a heart attack.[1] Breach of warranty and wrongful death claims, seeking compensation for the death of Nellie and brought by Nellie's surviving son, formed the basis of the underlying complaint. The court, analyzing conflict of law principles referencing the <u>Restatement (Second) of Conflict of Laws</u> (1971), particularly § 146, concluded that the law of Massachusetts should apply to Nellie's injuries.

There is no ambiguity in the <u>McDonnell Douglas</u> reasoning. The court states that the default position in Massachusetts is to apply the substantive law of the place where the injury occurred, informed by the knowledge that another jurisdiction may sometimes be more concerned with certain issues. Having contemplated these factors, the court reasons, "The place where the injury occurred is the place where the last event necessary

---

[1] It was presumed for the purposes of this analysis that Nellie's death resulted from the emotional response of hearing that her son had perished in the airplane accident.

to make an actor liable for an alleged tort takes place**. In this case, Nellie Cohen's injury occurred in Massachusetts, where she learned of the death of her son** . . . . " McDonnell Douglas, 450 N.E.2d at 585-86. (citations and internal quotations omitted) (emphasis added).

In this action, the survivors seek compensation for their injuries suffered as a result of the defendants' wrongs, manifested in the death of Knabe and Dean.  The defendants seek to have Massachusetts damages law apply, even though neither the decedents were, nor the survivors are, Massachusetts residents.[2]  As in McDonnell Douglas, where the Supreme Judicial Court found the interests of the state where the accident occurred are minimal, the interests of the State of Massachusetts in compensating the injury suffered by the survivors are scant.  Most of the defendants are Kansas corporations, and the defendants allege, though the plaintiffs disagree, that the one Massachusetts defendant is improvidently joined.  The survivors have no connection with the State of Massachusetts other than the knowledge it is where their loved ones tragically died.  The site of the injury to the survivors, dispositive in McDonnell Douglas, is clearly their own domiciles.

The survivors in this action reside in Texas and Florida.  Texas wrongful death law allows recovery for survivor's grief, anguish, bereavement and emotional trauma, even absent proof of physical injury, or witnessing the event.  See Tex. Civ. Prac. & Rem. Code Ann. § 71.002[3]; see also Sanchez v. Schindler, 651 S.W.2d 249 (Tex. 1983).

---

[2]  Knabe, was a resident of Ohio, and his survivors live in Florida; Dean was a resident of Texas, where his survivors remain.

[3]  "The destruction of the parent-child relationship results in mental anguish, and it would be unrealistic to separate injury to the familial relationship from emotional injury. Injuries resulting from mental anguish may actually be less nebulous than pain and suffering, or injuries resulting from loss of companionship and consortium. A plaintiff should be permitted to prove the damages resulting from a tortfeasor's negligent infliction of emotional trauma. This includes recovery for mental anguish." Sanchez, 651 S.W.2d at 253. (citations omitted).

Likewise, under the Florida wrongful death statute, the survivors may recover for mental pain and suffering from the date of the injury. See Fl. Stat. ch. 768.21.[4] Because a conflict of laws exists between Florida, Texas, and Massachusetts in wrongful death McDonnell Douglas teaches that the laws of the survivors' residence should control the wrongful death damages they may demand.

In McDonnell Douglas, the Supreme Judicial Court anticipated that expectations of all parties would be protected. As purveyors of aircraft and support in each of the United States, and in fact, all over the world, Raytheon and its entities must expect they will be haled into court and held to local standards should injury occur from use their product. Likewise, the survivors' expectations of compensation should not logically be tied to the place of an accident when their harm is felt in their respective domiciles. There is no uncertainty in applying the law – both Florida and Texas have a robust history of legal development of their statutory protections, easily susceptible to interpretation by this Court.

Because the states of Texas and Florida have a much greater interest in protecting their citizens' interests than Massachusetts has in applying its own wrongful death

---

[4]  768.21. Damages
>All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged. Damages may be awarded as follows:
>>. . .
>>(4) Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury. Each parent of an adult child may also recover for mental pain and suffering if there are no other survivors.

Fla. Stat. ch. 768.21 (2003)
The Florida survivor, Ms. Alice Knabe, is the parent and only survivor of her son, Scott. While Florida law does not permit recovery for the decedent's pre-impact pain and suffering, it contemplates that these damages are recoverable as an element of the survivor's pain and suffering. See Martin v. United Sec. Servs., 314 S. 2d 765 (Fla. 1975).

damages scheme, the laws of the respective survivors' domicile at the time of the accident should control .

## II. This Result is Consistent with Massachusetts Conflict of Laws Analysis

In a wrongful death action, certain survivors have the statutory right to maintain a cause of action against wrongdoers responsible for the decedent's fate. See generally, 12 Am. Jur. Trials § 317 (2006). The question presented in this matter is whether the damages for wrongful death should be calculated under the law of the state of residence of the survivors, or the law of the state of the decedent's injury. Because the remedy is statutory in nature, each state's scheme for recovery may differ. Id.

This Court undertook a comprehensive analysis of Massachusetts conflict of laws rules earlier in this action in the Order Dismissing Colgan,(Docket Entry # 59). It is undisputed that the laws of Texas, Florida, and Massachusetts conflict in computation of damages. It is likewise undisputed, and consistent with the Court's analysis, that Massachusetts law requires application of the state's law that has the most interest in the transaction. Under the principle of depecage, which this Court has recognized, not all issues in a case must be cloaked in the same law.

> A plaintiff may bring claims under Massachusetts law even where other claims in the same case are governed by the law of a different jurisdiction. See Putnam Resources v. Pateman, 958 F.2d 448, 465 (citations omitted) (describing the principle of depecage as "the framework under which different issues in a single case ... may be decided according to the substantive law of different states"); see also Restatement (Second) of Conflict of Laws, § 145, comment d (1971) ("The courts have long recognized that they are not bound to decide all issues under the local law of a single state ....").

Value Partners S.A. v. Bain & Co., Inc., 245 F.Supp.2d 269 (D.Mass.2003).

The principle of depecage, coupled with the mandate of the Supreme Judicial Court in <u>McDonnell Douglas</u>, dictates that the laws of Florida and Texas, respectively, apply to the wrongful death damages of the survivors in this case.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that their motion in limine to apply the damages law of the survivors' state of residence at the time of the accident be granted.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:  /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 26, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s)

- 8 -

filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 26, 2007.

/s/ Mary Schiavo