## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, <br><br> Plaintiff, <br> vs. <br><br> Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation <br><br> Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, <br><br> Plaintiff, <br> vs. <br><br> Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation <br><br> Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE HEARSAY OPINION EVIDENCE CONTAINED IN THE NATIONAL TRANSPORTATION BOARDS BRIEF OF ACCIDENT AND FACTUAL REPORT**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Hearsay Opinion Evidence Contained in the National Transportation Safety Board's Brief of Accident and Factual Report.

As grounds therefore, Plaintiffs state the following:

The Defendants seek to preclude the use of Board reports of the National Transportation Safety Board (NTSB) for the purpose of determining causation. Further, they seek to exclude physical investigation activity on hearsay grounds. The Plaintiffs agree with the first proposition, and disagree with the second.

### I. NTSB Investigative Reports May Be Used In Evidence.

NTSB investigations are conducted to determine the cause of accidents in order to prevent future similar occurrences. The Board consists of five members, nominated by the President, and approved by the Senate. In turn, the Board employs investigators, who go to accident scenes, gather facts, compile the data, and present this data to the Board. These presentations are called Group Chairman Factual Reports, so designated because there are several investigative teams (Groups), each with their own area of accident investigation expertise.

The Board receives the Group Factual Reports, and on that basis issues a probable cause determination after weighing the investigative facts. They issue this determination in a Board report sometimes referred to as a "probable cause" report. Because of the vast authority vested in the NTSB, their opinions carry great weight. In order to prevent the opinion of the Board from being dispositive in legal determinations, reports of the Board, including the Board's "probable cause" report, are restricted from use in litigation.

On the other hand, the Board has specifically designated the factual reports as permissible to use for civil litigation purposes.

> Board accident report means the report containing the Board's determinations, including the probable cause of an accident, issued either as a narrative report or in a computer format ("briefs" of accidents). Pursuant to section 701(e) of the Federal Aviation Act of 1958 (FA Act), and section 304(c) of the Independent Safety Board Act of 1974 (49 U.S.C. 1154(b)) (Safety Act), no part of a Board accident report may be admitted as evidence or used in any suit or action for damages growing out of any matter mentioned in such reports.
>
> Factual accident report means the report containing the results of the investigator's investigation of the accident. **The Board does not object to, and there is no statutory bar to, admission in litigation of factual accident reports. In the case of a major investigation, group chairman factual reports are factual accident reports**.

49 C.F.R. § 835.2 (emphasis added).

Therefore, the Plaintiffs may introduce as evidence the factual reports of the NTSB investigators. On the other hand, the Plaintiffs do not intend to introduce as evidence the Hyannis accident Board reports

## II. The NTSB Investigative Reports Regarding Flight Simulator Tests Are Admissible

The Defendants posit a most unique theory that the manipulation of a flight simulator is hearsay. Not surprisingly, they offer no case law or statutory authority that stands for this proposition. It is unclear what theory of hearsay the Defendants intend to advance. Because the Defendants' employee Louis Johansen participated in the simulator session as a member of the Operational Factors Group, the report is presumed to be adopted by the Defendants and thus is a non-hearsay admission by a party-opponent. Fed. R. Evid. 801(d)(2).

Even presuming such action were hearsay, which the Plaintiffs strongly deny, it would be subject to exception as a present sense impression. Additionally, the investigative report

concerning the simulator event is admissible under the public records exception to the hearsay rule.  Finally, Therefore, Raytheon's argument fails.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo