**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CONSOLIDATED UNDER**
**CASE NO. 05-10155 PBS**

| | | |
|---|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **Case No.: 05 CV 10155 PBS** |
| Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, | ) ) ) | **Case No.: 05 CV 10364 PBS** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Raytheon Company,  a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ANY WITNESS FROM SPECULATING AS TO THE EXTENT OF THE PREFLIGHT CHECK DONE BY THE PILOTS**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants Motion in Limine to exclude any witness from speculating as to the extent of the preflight check done by the pilots. As grounds therefore, Plaintiffs state the following:

I.     **THE EXTENT OF THE PREFLIGHT CHECK DONE BY THE PILOTS IS A MATTER TO BE DETERMINED BY THE FACTFINDER**

Raytheon seeks summary judgment on a disputed issue of fact, that is, whether the pilots performed a pre-flight electric trim check.  The Plaintiffs note that if this motion were granted as captioned, the Defendants' witnesses could not speculate that the pilots did **not** perform the pre-flight electric trim check. However, the Plaintiffs do not plan on offering speculation – they will present, through their witnesses, facts and opinion about the performance, scope, timing, and nature of the preflight electric trim check, and allow the jury to make reasonable inferences through the lens of this expert testimony.

Defendants continue to misapprehend the structure and function of the preflight checklists.  Plaintiffs will offer expert testimony that 1) the first flight of the day checklist is a flow check; 2) the electric pitch trim check determines electric continuity, not verification of trim tab cable winding; 3) the check is often done by one, not both pilots; 4) the check can be done absent power to the Cockpit Voice Recorder (CVR) and Flight Data Recorder (FDR); 5)  the check is NOT a challenge and response check that would be detected on the CVR, even if powered;  6) the check does not require the pilots to observe directionality of the trim wheel; and 7) a check of the override function requires only that the trim wheel stop, not that it move in the opposite direction.

Defendants' witnesses are all too eager to assume or speculate that the checks were not done, because they are not detectable on the CVR, or because they refuse to recognize the evidence they were done. Permitting Plaintiffs' experts, including a pilot whose knowledge is derived from actual experience in Beech 1900D line operations as opposed to reading about them, will give the finder of fact information to determine the outcome of this dispute. To the extent that this motion seeks to wrest this decision away from the jury, it must be denied.

**CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

**REQUEST FOR ORAL ARGUMENT**

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:    /s/ Mary Schiavo
       28 Bridgeside Blvd.
       P.O. Box 1792
       Mount Pleasant, SC 29465
       (843) 216-9374
       Don McCune (pro hac vice)

       And

       David A. Bunis (BBO No. 550570)
       Jacob T. Elberg (BBO No. 657469)
       DWYER & COLLORA, LLP
       600 Atlantic Avenue
       Boston, MA  02210
       (617) 371-1000

       Dated: January 29, 2007

## **CERTIFICATE OF SERVICE**

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo