UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>    Plaintiff,<br>  vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>    Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>    Plaintiff,<br>  vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>    Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DEFENDANT'S RESOURCE ALLOCATION AND/OR BUDGETING FOR FLEET SUPPORT**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Defendants' Resource Allocation and/or Budgeting for Fleet Support. As grounds therefore, Plaintiffs state the following:

**I. EVIDENCE OF DEFENDANTS' RESOURCE ALLOCATION IS RELEVANT TO THE ISSUES IN THIS LITIGATION**

Raytheon claims that any reference to the resource allocation or budgeting for the support of the 1900D fleet is irrelevant. In particular, Raytheon applies these assertions to Plaintiffs' claims of breach of warranty and negligence.

Raytheon argues that the material issue to Plaintiffs' breach of warranty claim is whether the product is defective and not whether sufficient resources were allocated to its creation. Without any other assertions of facts or law this is a meaningless statement. However, Plaintiffs assert that admission of Raytheon's resource allocation is probative to their breach of warranty claim. Raytheon's resource allocation is probative to demonstrate the lack of financial support given to the Beech 1900 program.

In determining a breach of warranty claim, specifically design defect as in this case, the test is one of feasibility. See Back v. Wickes Corp., 375 Mass. 633, 642, 378 N.E.2d 964 (1978). Determining the adequacy of a products design, the jury must weigh multiple factors, including the **financial cost of an improved designed** (emphasis added). See Id. at 642, 378 N.E.2d 964. Since financial costs of an improved design are a factor for the jury to consider, it is essential that Raytheon's resource allocation, or lack thereof, from its Beech 1900D program be presented to the jury to help them determine Plaintiffs' breach of warranty claim.

2

Lastly, Raytheon defends itself by asserting that any alleged motivation as to its negligent conduct is irrelevant as to whether defendant was indeed negligent. Certainly, motivation for negligent conduct would be relevant to determine the existence and amount of punitive damages. As such, this statement is circular and illogical. The resource allocation of Raytheon establishes causation in Plaintiff's negligence claim and therefore, is relevant. Because Raytheon was losing money in its commuter aircraft division, management was more concerned with preserving the company's share value by shifting resources and limiting the budget for the failing division. A jury could reasonably infer that instead of allocating resources to product development, the company shifted assets to disguise loss of profits. These actions establish causation in Plaintiffs' claim for negligence, and reasonable inferences can be drawn to indicate the Raytheon was grossly negligent. This information is therefore both relevant and admissible.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

                          Respectfully Submitted,

By:   /s/ Mary Schiavo
      28 Bridgeside Blvd.
      P.O. Box 1792
      Mount Pleasant, SC 29465
      (843) 216-9374
      Don McCune (pro hac vice)

      And

      David A. Bunis (BBO No. 550570)

                                                Jacob T. Elberg (BBO No. 657469)
                                                DWYER & COLLORA, LLP
                                                600 Atlantic Avenue
                                                Boston, MA  02210
                                                (617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

      I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

                                                /s/ Mary Schiavo