UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>      Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>      Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>      Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>      Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE EVIDENCE OF THE CHARLOTTE ACCIDENT**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of the Charlotte Accident.

As grounds therefore, Plaintiffs state the following:

### I. THE CHARLOTTE ACCIDENT IS RELEVANT TO SHOW NOTICE OF THE DANGER, EXISTENCE OF THE DANGER, AND TO SHOW THE CAUSE OF THE ACCIDENT

Evidence of other accidents in products liability cases is relevant to show notice to the defendant of the danger, existence of the danger, and to show the cause of the accident. Gumbs v. International Harvester, Inc., 718 F.2d 88, 97 (3d Cir. 1983); see Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 754 (11th Cir. 1985); Ramos v. Liberty Mut. Ins. Co., 615 F.2d 334, 339 (5th Cir. 1980); Elsworth v. Beech Aircraft Corp., 691 P.2d 630, 639 (Cal. 1985). If the evidence is being offered to show causation, the proponent must show that the other accidents occurred under substantially similar circumstances. Borden, 772 F.2d at 755 ("whether a reasonable inference may be drawn as to the harmful tendency or capacity of [a product] from prior failures depends upon whether the conditions operating to produce the prior failures were substantially similar to the occurrence in question.")(Quoting Jones & Laughlin Steel Corp. v. Matherne, 348 F.2d 394, 400 (5th Cir. 1965).

Plaintiffs offer evidence of the Charlotte accident to show that Raytheon had notice of the defects in its maintenance manual. The Charlotte accident was caused by a loss of pitch control during take-off. It was determined that the loss of pitch control resulted from the incorrect rigging of the elevator system compounded by the airplane's aft center of gravity. The Charlotte accident had the following additional similarities to the crash that is the subject of this litigation:

- The accident airplane was a Raytheon (Beechcraft) 1900D.

- The accident airplane underwent a detail six inspection immediately before the crash.

- The accident airplane's elevator control system was incorrectly rigged during a detail six maintenance check.

- The changes in the elevator control rigging were not conspicuous to the flight crew.

- A complete functional check at the end of maintenance for critical flight systems or their components would have helped to ensure safe operation, but no such check was required.

The similarities between the two accidents are confirmed by the testimony of Raytheon representatives. Raytheon's President, Michael Scheidt, testified that the Charlotte accident alerted Raytheon that its maintenance manuals may be problematic. Scheidt Dep. 14-15, Aug. 4, 2005. Following this accident, Mr. Scheidt personally met with the NTSB and ensured that Raytheon would make an effort to improve its manuals. Id. In that effort, Raytheon repeatedly performed the elevator rigging procedure to determine the extent of the maintenance manual problems. Crowe Dep. 42-43, Aug. 4, 2005. As a result, Raytheon realized some mechanics had difficulty reading and following the maintenance manual without additional assistance. Id. at 43-44. Based on the NTSB's Group Chairmen factual reports and testimony from Mr. Scheidt and Mr. Crowe, evidence of the Charlotte accident is admissible to show that Raytheon had notice of the danger, to show the existence of the danger, and to show the cause of the accident.

The Plaintiffs note that the Defendants' claim that introduction of evidence of the Charlotte crash would be unfairly prejudicial, because 21 people died in that tragedy. Suffice it to say that Plaintiffs do not agree with the Defendants' calculus of death.

## **CONCLUSION**

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo