**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CONSOLIDATED UNDER**
**CASE NO. 05-10155 PBS**

| | | |
|---|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **Case No.: 05 CV 10155 PBS** |
| Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, | ) ) ) | |
| Plaintiff, | ) ) | **Case No.: 05 CV 10364 PBS** |
| vs. | ) ) | |
| Raytheon Company,  a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO**
**PRECLUDE EVIDENCE OF CONTENTS OF RECORDING ON COCKPIT**
**VOICE RECORDER RELATED TO THE DISTRESS OF THE PILOTS**

COMES NOW Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Contents of Recording on Cockpit Voice Recorder Related to the Distress of the Pilots.

As grounds therefore, Plaintiffs state the following:

## I.    EVIDENCE OF THE COCKPIT VOICE RECORDER IS PROBATIVE AS TO DAMAGES

Plaintiffs respond to Defendants motion in limine to preclude evidence of contents of recording on cockpit voice recorder related to the distress of the pilots by incorporating their argument as stated in their Opposition to Defendants' Motion for Summary Judgment.

Defendants argue that the audible distress sounds of the pilots prior to impact offer no probative value, is irrelevant to the claims of pre-impact conscious pain and suffering under Massachusetts law, and that Plaintiffs pre-impact conscious pain and suffering claim was denied by this Court in October, 2006.

Primarily, the Defendants want to use the CVR in an attempt to show that the pilots were negligent or did not properly perform their flight duties. However, they are not interested in having the jury hear how the pilots professionally handled an unimaginable emergency. The Defendants seek to have it both ways – eliminating the part of the CVR that serves them no purpose, while allowing the jury to hear the parts prejudicial to the pilots.

These heroic men calmly battled to the moment of impact, and the jury should be entitled to hear the price of their heroic efforts. The Defendants cannot be allowed to "cherry pick" the portions of the CVR that would like the jury to hear. The jury must be allowed to hear as much the last moments of this struggle that propriety will allow.

The Plaintiffs will agree to edit the animation/CVR to eliminate the screams of the pilots, provided that the jury is given an instruction that these screams were omitted. The Plaintiffs believe that this matter is probative as a manifestation of the decedents' pre-impact terror. The argument for pre-impact terror claims is restated below from the Plaintiffs' response to the Defendants' summary judgment motion.

To the extent that the Defendants rely on <u>Gage v. City of Westfield</u>, 26 Mass. App. Ct. 681, review denied, 404 Mass. 1103 (1989), to assert that claims for pre-impact damages are barred, the Plaintiffs posit that such reliance is unfounded. In <u>Gage,</u> The Massachusetts Appeals Court did state that, "[T]he relevant period for purposes of measuring compensation for conscious pain and suffering has consistently been defined in our appellate decisions as commencing with the impact of the fatal injury."<u>Gage v. City of Westfield</u>, 26 Mass.App.Ct. 681, 696, 532 N.E.2d 62, 71 (Mass.App.Ct. 1988).

However, in <u>McIntyre v. U.S.</u>, 447 F. Supp. 2d 54, 117 (D. Mass. 2006) the validity of the holding in <u>Gage</u> has been called into question by this very Court, as District Judge Lindsay of the District of Massachusetts undermined the central argument. District Judge Lindsay began by noting, accurately, that "none of the cases which the court in *Gage* cites in support of its ruling, 26 Mass.App.Ct. at 696, 532 N.E.2d 62, actually addresses the question of pre-impact fright. *See Royal Indem. Co. v. Pittsfield Elec. Co.,* 293 Mass. 4, 8, 199 N.E. 69 (1935); *Campbell v. Romanos,* 346 Mass. 361, 191 N.E.2d 764 (1963); *Carr v. Arthur D. Little, Inc.,* 348 Mass. 469, 204 N.E.2d 466 (1965)." <u>McIntyre v. U.S.</u>, 447 F. Supp. 2d 54, 117 (D. Mass. 2006) As such, the basis for the finding of the Massachusetts Appeals Court is merely a rough analogy to prior case law.

Moreover, Judge Lindsay also noted that both the First Circuit's view of Massachusetts law and the Restatement (Second) of Torts contradict the Appeals Court's conclusion in <u>Gage</u>:

> First Circuit has taken a different view from the Appeals Court. *See Bullard v. Cent. Vt. Ry., Inc.,* 565 F.2d 193, 197 (1st Cir.1977) (applying Massachusetts law to hold that plaintiff's fright immediately preceding being hit by a train was compensable mental distress). As the First Circuit has noted, the SJC gives a "warm reception" to RESTATEMENT principles, *see McCloskey,* 446 F.3d at 269, and the holding of the court in *Bullard,* unlike that in *Gage*, is consistent with principles set forth in RESTATEMENT (SECOND) OF TORTS § 456 cmts. c and e. The Restatement § 456 comment c states in relevant part:

> Where the tortious conduct in fact results in bodily harm, and makes the actor liable for it, a cause of action is independently established, and there is sufficient assurance that the resulting emotional disturbance is genuine and serious. There may be recovery for such emotional disturbance, even though the emotional disturbance does not result in any further bodily harm.

> Comment e explains:

> [This] rule ⋯ is not limited to emotional disturbance resulting from the bodily harm itself, but includes also such disturbance resulting from the conduct of the actor. Thus one who is struck by a negligently driven automobile and suffers a broken leg may recover not only for his pain, grief, or worry resulting from the broken leg, but also for his fright at seeing the car about to hit him. <u>Id.</u>

Furthermore, and most tellingly, is Judge Lindsay's salient finding that Supreme Judicial Court precedent also contradicts the holding in <u>Gage</u>. Specifically, Judge Linsday noted that

> [T]he holding in *Gage* is inconsistent with the acknowledgment by the SJC in *Kennedy v. Standard Sugar Refinery,* 125 Mass. 90, 92 (1878), that mental distress suffered by a person during a 20 foot fall might be compensable if there were evidence of such distress. *Kennedy* is a very old case, to be sure, but what it says about pre-injury mental distress has not been overruled or abrogated by the SJC and is consistent with the foregoing principles of the RESTATEMENT. <u>Id.</u>

Consequently, as this is a diversity case, this Court is to "look to state law (here, the law of Massachusetts) for the substantive rules of decision. 38 *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Fithian v. Reed,* 204 F.3d 306, 308 (1st Cir.2000). In such matters, we are bound by the teachings of the state's highest court. *Blinzler v. Marriott Int'l,*

4

*Inc.,* 81 F.3d 1148, 1151 (1st Cir.1996)." North American Specialty Ins. Co. v. Lapalme, 258 F.3d 35, 37 -38 (1st Cir. 2001) (Mass. Law).  However, even in diversity cases, the Supreme Court has indicated that "while the decrees of 'lower state courts' should be 'attributed some weight the decision (is) not controlling where the highest court of the State has not spoken on the point… Thus, under some conditions, federal authority may not be bound even by an intermediate state appellate court ruling." C.I.R. v. Bosch's Estate, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782 (U.S.Conn. 1967).  Where, as in this matter, the Supreme Judicial Court *has* addressed the issue, namely inquiry in Kennedy as to whether pre-impact distress is compensable, the opinion of an intermediate appellate court should be afforded even less weight.

Nonetheless, to the extent that this Court follows West v. American Tel. & Tel. Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139 (1940), where the Supreme Court found that "an intermediate appellate state court…is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise," the Plaintiffs' posit Kennedy itself, along with the argument made by Judge Lindsay is such 'persuasive data' as to warrant disregarding Gage.

Consequently, the evidence of the voices on the Cockpit Voice Recorder is probative and should be heard by the jury.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
        28 Bridgeside Blvd.
        P.O. Box 1792
        Mount Pleasant, SC 29465
        (843) 216-9374
        Don McCune (pro hac vice)

        And

        David A. Bunis (BBO No. 550570)
        Jacob T. Elberg (BBO No. 657469)
        DWYER & COLLORA, LLP
        600 Atlantic Avenue
        Boston, MA  02210
        (617) 371-1000

        Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo

6