# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br><br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants.<br>_____ | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br><br>vs.<br><br>Raytheon Company,  a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants.<br>_____ | **Case No.: 05 CV 10364 PBS** |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF EMOTIONAL DISTRESS BY YISEL DEAN AND LISA WEILER

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Emotional Distress by Yisel Dean and Lisa Weiler.

As grounds therefore, Plaintiffs state the following:

The Plaintiffs seek recovery of damages for the emotional distress of Mrs. Steven Dean, Brittany Dean and Alice Knabe.[1]  Thus, they intend to introduce evidence of the emotional distress suffered by these survivors.

### I.  The Plaintiffs Are Entitled to Recover Damages for Survivors' Emotional Distress Under the Laws of Their Residence.

The Plaintiffs have filed a motion with this Court arguing that under Massachusetts law, specifically Cohen v. McDonnell Douglas, 450 N.E. 2d 581 (Mass. 1983), the laws of the survivors' residence govern the damages due.  This motion is repeated below.  Mrs. Dean and Brittany Dean were residents of Texas on August 26, 2003, and have been residents of Texas at all times since.  Texas law permits recovery for survivor's emotional pain and suffering.  See Tex Civ. Prac. & Rem. Code 71.004(a); see also Roberts v. Williamson, 111 S.W. 3d 113 (Tex. 2003).  Likewise, Alice Knabe was a resident of Florida on August 26, 2003, and has been as resident of Florida at all times since.  Florida law permits recovery for a surviving parent's emotional pain and suffering. See F.S.A. 768.21 (3).

Though the aircraft crashed in Massachusetts, it is not axiomatic that Massachusetts damages law applies to the survivors.  The Massachusetts Supreme Judicial Court has ruled on this precise issue in Cohen v. McDonnell Douglas Corp., 450 N.E. 2d 581 (Mass. 1983).  McDonnell Douglas makes clear that as to the survivors, the laws of Texas and Florida, respectively, apply.

---

[1] Lisa Weiler is the personal representative of the estate of Captain Scott Knabe.  Captain Knabe's survivor is his mother, Alice Knabe.

**a. Massachusetts Conflicts Law Requires Application of Damages Law of The Survivors' Domicile**

The Supreme Judicial Court of Massachusetts has already undertaken this analysis on a factually and legally similar matter.  In the seminal case of <u>Cohen v. McDonnell Douglas Corp.</u>, 450 N.E. 2d 581 (Mass. 1983), the question presented was which of several states' laws should apply when a plane crash occurs in one jurisdiction and injuries accrue in another.  Arising in a certified question from the United States District Court for the District of Massachusetts, <u>McDonnell Douglas</u> stands for the proposition that the law of damages of the state where the injuries accrue properly applies.

In <u>McDonnell Douglas</u>, an Illinois aircraft accident killed a son of Nellie Cohen.  Ms. Cohen was a resident of Massachusetts.  Upon hearing of her son's death, Nellie, residing and present in Massachusetts, suffered a series of angina attacks, and died two days later of a heart attack.[2]  Breach of warranty and wrongful death claims, seeking compensation for the death of Nellie and brought by Nellie's surviving son, formed the basis of the underlying complaint.  The court, analyzing conflict of law principles referencing the <u>Restatement (Second) of Conflict of Laws</u> (1971), particularly § 146, concluded that the law of Massachusetts should apply to Nellie's injuries.

There is no ambiguity in the <u>McDonnell Douglas</u> reasoning.  The court states that the default position in Massachusetts is to apply the substantive law of the place where the injury occurred, informed by the knowledge that another jurisdiction may sometimes be more concerned with certain issues.  Having contemplated these factors, the court reasons, "The place where the injury occurred is the place where the last event necessary to make an actor liable for

---

[2]  It was presumed for the purposes of this analysis that Nellie's death resulted from the emotional response of hearing that her son had perished in the airplane accident.

an alleged tort takes place.  **In this case, Nellie Cohen's injury occurred in Massachusetts, where she learned of the death of her son** . . . . " McDonnell Douglas, 450 N.E.2d at 585-86. (citations and internal quotations omitted) (emphasis added).

In this action, the survivors seek compensation for their injuries suffered as a result of the defendants' wrongs, manifested in the death of Knabe and Dean.  The defendants seek to have Massachusetts damages law apply, even though neither the decedents were, nor the survivors are, Massachusetts residents.[3]  As in McDonnell Douglas, where the Supreme Judicial Court found the interests of the state where the accident occurred are minimal, the interests of the State of Massachusetts in compensating the injury suffered by the survivors are scant.  Most of the defendants are Kansas corporations, and the defendants allege, though the plaintiffs disagree, that the one Massachusetts defendant is improvidently joined.  The survivors have no connection with the State of Massachusetts other than the knowledge it is where their loved ones tragically died.  The site of the injury to the survivors, dispositive in McDonnell Douglas, is clearly their own domiciles.

The survivors in this action reside in Texas and Florida.  Texas wrongful death law allows recovery for survivor's grief, anguish, bereavement and emotional trauma, even absent proof of physical injury, or witnessing the event.  See Tex. Civ. Prac. & Rem. Code Ann. § 71.002[4]; see also Sanchez v. Schindler, 651 S.W.2d 249 (Tex. 1983).   Likewise, under the Florida wrongful death statute, the survivors may recover for mental pain and suffering from the date of the injury.

---

[3]   Knabe, was a resident of Ohio, and his survivors live in Florida; Dean was a resident of Texas, where his survivors remain.

[4]   "The destruction of the parent-child relationship results in mental anguish, and it would be unrealistic to separate injury to the familial relationship from emotional injury. Injuries resulting from mental anguish may actually be less nebulous than pain and suffering, or injuries resulting from loss of companionship and consortium. A plaintiff should be permitted to prove the damages resulting from a tortfeasor's negligent infliction of emotional trauma. This includes recovery for mental anguish."  Sanchez, 651 S.W.2d at 253. (citations omitted).

See Fl. Stat. ch. 768.21.[5]   Because a conflict of laws exists between Florida, Texas, and Massachusetts in wrongful death McDonnell Douglas teaches that the laws of the survivors' residence should control the wrongful death damages they may demand.

In McDonnell Douglas, the Supreme Judicial Court anticipated that expectations of all parties would be protected.  As purveyors of aircraft and support in each of the United States, and in fact, all over the world, Raytheon and its entities must expect they will be haled into court and held to local standards should injury occur from use their product. Likewise, the survivors' expectations of compensation should not logically be tied to the place of an accident when their harm is felt in their respective domiciles.  There is no uncertainty in applying the law – both Florida and Texas have a robust history of legal development of their statutory protections, easily susceptible to interpretation by this Court.

Because the states of Texas and Florida have a much greater interest in protecting their citizens' interests than Massachusetts has in applying its own wrongful death damages scheme, the laws of the respective survivors' domicile at the time of the accident should control .

### b. This Result is Consistent with Massachusetts Conflict of Laws Analysis

In a wrongful death action, certain survivors have the statutory right to maintain a cause of action against wrongdoers responsible for the decedent's fate.  See generally, 12 Am. Jur.

---

[5]    768.21. Damages
    All potential beneficiaries of a recovery for wrongful death, including the decedent's estate, shall be identified in the complaint, and their relationships to the decedent shall be alleged. Damages may be awarded as follows:
        . . .
        (4) Each parent of a deceased minor child may also recover for mental pain and suffering from the date of injury. Each parent of an adult child may also recover for mental pain and suffering if there are no other survivors.
Fla. Stat. ch. 768.21 (2003)
The Florida survivor, Ms. Alice Knabe, is the parent and only survivor of her son, Scott.  While Florida law does not permit recovery for the decedent's pre-impact pain and suffering, it contemplates that these damages are recoverable as an element of the survivor's pain and suffering.  See  Martin v. United Sec. Servs., 314 S. 2d 765 (Fla. 1975).

Trials § 317 (2006).  The question presented in this matter is whether the damages for wrongful

death should be calculated under the law of the state of residence of the survivors, or the law of

the state of the decedent's injury. Because the remedy is statutory in nature, each state's scheme

for recovery may differ.  Id.

This Court undertook a comprehensive analysis of Massachusetts conflict of laws rules

earlier in this action in the Order Dismissing Colgan,(Docket Entry # 59).  It is undisputed that

the laws of Texas, Florida, and Massachusetts conflict in computation of damages.  It is likewise

undisputed, and consistent with the Court's analysis, that Massachusetts law requires application

of the state's law that has the most interest in the transaction.  Under the principle of depecage,

which this Court has recognized, not all issues in a case must be cloaked in the same law.

> A plaintiff may bring claims under Massachusetts law even where other claims in
> the same case are governed by the law of a different jurisdiction. See Putnam
> Resources v. Pateman, 958 F.2d 448, 465 (citations omitted) (describing the
> principle of depecage as "the framework under which different issues in a single
> case ... may be decided according to the substantive law of different states"); see
> also Restatement (Second) of Conflict of Laws, § 145, comment d (1971) ("The
> courts have long recognized that they are not bound to decide all issues under the
> local law of a single state ....").

Value Partners S.A. v. Bain & Co., Inc., 245 F.Supp.2d 269 (D.Mass.2003).

The principle of depecage, coupled with the mandate of the Supreme Judicial Court in

McDonnell Douglas, dictates that the laws of Florida and Texas, respectively, apply to the

wrongful death damages of the survivors in this case.

## II. The Plaintiffs Are Entitled to Recover Damages for Survivor's Emotional Distress under Massachusetts Law

Should the Court find that the <u>Cohen v. McDonnell Douglas</u> is not controlling, and that Massachusetts law applies to survivors' damages, the Plaintiffs re-urge their summary judgment argument that Massachusetts law permits recovery for survivors' emotional distress, as outlined below.

The defendants assert that the plaintiffs' claims for "Grief, Anguish, Bereavement and Emotional Trauma" are not recoverable under Massachusetts law. The defendants base this contention on an overly broad reading of Massachusetts wrongful death case law and misplaced reliance on <u>Payton v. Abbot Labs</u>, 437 N.E.2d 171 (Mass. 1982). The Wrongful Death Act, G.L. c. 229, s. 2, does not categorically subsume every claim for emotional distress. Moreover, the central holding of <u>Payton</u> has been modified several times, and as such the requirement that a plaintiff show manifest physical harm in order to support a claim for negligent infliction of emotional distress has been eliminated.

First, the defendants assert that recovery for grief, anguish, and emotional trauma are not recoverable in wrongful death actions. While this is true to a certain extent, it is not a categorical rule without exceptions. In <u>Cimino v. Milford Keg, Inc.</u>, 431 N.E.2d 920 (Mass. 1982), the Supreme Judicial Court clearly indicated that an "argument that the plaintiff's claim for emotional distress is "preempted" by the wrongful death action (G.L. c. 229, s 2) misconstrues the common law cause of action for emotional distress." <u>Cimino</u>, 431 N.E.2d. at 927. Rather,

> Emotional distress, as the concept has evolved in this Commonwealth, is a severe psychological shock directly resulting from experiencing or witnessing the effects of a defendant's conduct. A claim for damages based on emotional distress does not include an administrator's claim for loss of consortium-which will be present in every wrongful death action such as this. Since emotional distress is a wrong to the plaintiff distinct from that done to his [decedent] and the statutory beneficiaries of the decedent, it is not a duplicative remedy and is not "preempted" by the wrongful death statute.

<u>Id.</u> at 927.

In this matter, the plaintiffs' personal experiences resulting from the defendants' conduct fit well within the Cimino exception, and as such, their claims for negligent infliction of emotional distress are not categorically barred.

Moreover, while the defendants are correct that court in Payton asserted that for a plaintiff to recover for claims of emotional distress, evidence must be introduced that the Plaintiff has suffered physical harm. Payton, 437 N.E.2d. Had case law on this issue remained static for the past twenty-four years, as the defendants would have this court believe, then the defendants' contentions may have some merit. However, the holding in Payton has been modified and reconstrued several times in the past two decades, such that the defendants' reliance is puzzling.

First, in Sullivan v. Boston Gas Co., 605 N.E.2d. 805 (Mass. 1993), the Supreme Judicial Court held that for plaintiffs to maintain a cause of action for negligent infliction of emotional distress, they "must corroborate their mental distress claims with enough objective evidence of harm to convince a judge that their claims present a sufficient likelihood of genuineness to go to trial." Id. at 810. To that end, the Massachusetts case law indicates that "Massachusetts courts have noted that and the Restatement (Second) of Torts (1965) provide some guidance on what constitutes sufficient evidence to corroborate a mental distress claim. In Sullivan, the court held that headaches, muscle tenderness, gastrointestinal distress, sleeplessness, and medical testimony formed sufficient evidence of physical manifestation to satisfy the summary judgment hurdle." Pasquale v. Reading Mun. Light Dept., 2004 WL 2345080, *6 -7 (Mass.Super. 2004)(not reported in N.E. 2d).

The Supreme Judicial Court has further elaborated the requirements of recovery for negligent infliction of emotion distress. First, in Migliori v. Airborne Freight Corp., 690 N.E.2d

413, 415 (Mass. 1998) the court indicated that it no longer considered "attendant physical harm as a necessary condition of a cognizable claim for the negligent infliction of emotional injuries." Furthermore, in <u>Rodriguez v. Cambridge Housing Authority</u>, 823 N.E.2d 1249,1253-54 (Mass. 2005), the Supreme Judicial Court indicated that merely showing an objective manifestation of the impact of the emotional distress is enough, it is "not mandatory" that the plaintiff proffer expert testimony to establish the distress. In addition, in <u>Gutierrez v. Massachusetts Bay Transp. Auth.</u>, 772 N.E.2d 552 (Mass. 2002) indicated that "the type of objective evidence to prove physical harm include[s] symptoms that could be classified as more 'mental' than 'physical.'" <u>Id.</u> at 566. Hence, even if the defendants are correct in asserting that 'physical' injury must be shown, this requirement can be and has been satisfied by the showing of mental distress. The plaintiffs' testimony, along with that of two Massachusetts licensed and board certified psychologists, presents uncontroverted evidence about plaintiffs' mental distress and resultant physical manifestations.

## <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs' respectfully request that Raytheon's motion in limine be denied.

## <u>REQUEST FOR ORAL ARGUMENT</u>

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:    /s/ Mary Schiavo
       28 Bridgeside Blvd.
       P.O. Box 1792
       Mount Pleasant, SC 29465
       (843) 216-9374
       Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo