UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>        Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>        Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>        Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>        Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE EVIDENCE OF FAA AIRWORTHINESS CERTIFICATION**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of FAA Airworthiness Certification.

As grounds therefore, Plaintiffs state the following:

The Defendants seek to preclude the Plaintiffs from offering any evidence of the process of certification for the Beech 1900D. Plaintiffs intend to offer this information as it is intrinsic to the conscious design choices of Raytheon. Additionally, Raytheon seeks to bar the Plaintiffs from presenting evidence that the Beech 1900D did not meet FAA certification standards. Because examination of such standards advances public safety, it should be permitted.

### I. The Certification Process is a Conscious Design Choice of the Defendant

The Plaintiffs intend to prove that the deaths of Captain Knabe and First Officer Dean were caused by a design defect in the Beech 1900D, specifically, in the Aircraft Maintenance Manual (AMM). To determine whether there was a design defect, the jury must consider whether the product had any propensity to be unreasonably dangerous due to the conscious design choices of Raytheon. "A separate question, however, was whether this propensity, **resulting from conscious design choices** of the manufacturer, rendered the product unreasonably dangerous to its users . . ......" Back v. Wickes Corp. 378 N.E. 2d 964, 970 (Mass. 1978) (emphasis added).

The Raytheon manuals have a propensity to be incomplete, misleading, and incorrect. The Defendants made a conscious design choice to circumvent the scrutiny that the FAA applies to aircraft when initially certified that may have detected or minimized these flaws. In so doing, the Defendants insured that the Beech 1900D, and thus its manuals, would escape the normal review of its design and manuals required when applying for an aircraft type certificate. Instead,

2

the Defendants cobbled the aircraft onto an existing type certificate. Old procedures were rolled over into new manuals, never receiving fresh eyes or validating checks that may have caught the defendants' errors before they turned fatal. The Plaintiffs will present expert testimony concerning this truncated review process.

The Plaintiffs do not dispute that the Defendants had every right to choose to certify an aircraft intended for commercial passenger transportation in an abbreviated fashion. It is the nature and consequences of this choice that a jury must be allowed to consider when deciding whether the Defendants breached the implied warranties of fitness and merchantability.

## II. FAA Certification Does Not Preclude Jury Examination Of Standards

Raytheon argues forcefully, though incorrectly, that FAA certification of a product forecloses a jury determination that the product was nonetheless defective. The Plaintiffs do not challenge the fact of certification, as this is surely the province of the FAA. However, the Plaintiffs seek to show that the Beech 1900D violated these regulated certification standards, and in so doing, caused the deaths of Captain Scott Knabe and First Officer Steven Dean.

The Plaintiffs do not dispute that in 1991, the FAA deemed the Beech 1900D airworthy. Likewise, the Plaintiffs do not dispute that the federal government regulates the field of certification. However, "there is nothing inherently inconsistent in the proposition that even if the federal government has entirely occupied the field of regulating an activity a state may simultaneously grant damages for violations of such regulations." Beech Aircraft v. Ellsworth, 691 P. 2d 630, 634-35 (Cal. 1984).

Permitting a jury to consider whether in fact the Beech 1900D complied with certification regulations would in no way usurp the FAA powers, and a jury determination that the

3

certification standards were not met would not affect the FAA's grant of authority to operate the aircraft. In fact, permitting a jury to examine safety standards advances public safety.

> The purpose of the regulations is to protect those who fly in airplanes or are affected by their flight. This goal would be enhanced rather than defeated by allowing a jury to consider whether the design of an aircraft complies with safety regulations. If, for example, a manufacturer (with or without the presence of an FAA inspector) failed to perform the tests required to assure that an airplane design met safety regulations, the public safety would not be promoted by precluding a jury from considering whether there was compliance, on the ground that the agency had issued a type certificate. A state court investigation of the issue in the context of an action for damages promotes the safety of the traveling public by revealing violations or defects which may not have come to the attention of the FAA at the time it issued the certificate.

Ellsworth, 691 P.2d at 636-37.

There is great public utility in permitting state laws of liability to partner with the FAA in ferreting out and correcting defects that would otherwise go unaddressed.

> Those who build aircraft and component parts to be used for general aviation purposes must be held to high standards. It is essential that these concerns as well as aircraft operators be ever conscious that a plane is an inherently dangerous and sensitive instrumentality which can cause great harm if high standards of care are relaxed. The complex and exacting scheme of regulation developed by the FAA to this end must be reinforced and strengthened by courts called on to develop rules of liability and damages in situations like the instant case where it is apparent that high standards consistent with the regulatory scheme have not been maintained with resulting injury to persons and property. Given this premise and in light of the facts detailed above, legal conclusions as to liability must now be set forth.

Fisher v. Bell Helicopter Co., 403 F. Supp. 1165, 1172 (D. D.C.. 1975).

While pre-emption may preclude individual states from modifying federal regulations, it does not preclude them from enforcing them through the use of the state's scheme of tort recovery.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:  /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo