UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>    Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>    Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>    Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>    Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF GROSS NEGLIGENCE AND PUNITIVE DAMAGES**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Gross Negligence and Punitive Damages.

As grounds therefore, Plaintiffs state the following:

I. **EVIDENCE OF RAYTHEON'S GROSS NEGLIGENCE IS DEMONSTRATED BY THEIR FAILURE TO FILL CRITICAL POSITIONS, FRAUDULENT ACCOUNTING PRACTICES, LACK OF PRODUCT DEVELOPMENT, AND NOTICE OF THE ERRORS IN THE MANUAL**

Raytheon claims that any assertions for gross negligence against them are unsupported by any of the evidence adduced in discovery. Plaintiffs reject this claim and offer the following in support of their position.

In their corresponding motion in limine, Raytheon asserts that gross negligence "is an act or omission respecting legal duty of an aggravated character as distinguished from a mere failure to exercise ordinary care." The acts and omissions of Raytheon fill that bill. The Raytheon manuals were in deplorable shape. Nonetheless, for almost three years, including during the time frame of this accident, Raytheon left the job of Beech 1900D Service Engineer, the person in charge of updating technical publications, vacant.

Q. You've explained how the 1900's were transitioned into this RAAS. What I would like to know is during the transition, where was the responsibility for the manuals that go along with the 1900?

A.  When I left the service engineering position (Dec. 2001), which one of the primary responsibilities of the service engineer was to manage the Technical Publication Change Request program, which is compiled from tech reps and customers, that position was vacant for a couple years. So in this time frame, I'm not sure that a lot of manual work was done, although scheduled revisions continued.

Havnen Dep., p. 67 (note added).

2

After the Charlotte accident, Raytheon representatives testified there were reports of mechanics unable to follow the instructions in the manual.  See Scheidt Dep. 16-17; Peay Dep. 18.  Before the Hyannis accident, Raytheon knew that they must, and specifically determined to, target the chapter of the manual regarding flight control systems in an effort to simplify and clarify the procedures.  See Scheidt Dep. 16.  However, despite this indisputable notice of fatal flaws, Raytheon failed to address these problems in time to avoid another deadly accident.

During this same period, Raytheon's financial manipulation resulted in sanctions by the SEC for its improper accounting practices which operated as fraud.  Raytheon failed to fully and accurately disclose the deteriorating state of its commuter aircraft division and the negative impact this decline was having on the asset values with Raytheon's 1900 aircraft.  Because Raytheon was losing money in its commuter aircraft division, management was more concerned with manipulation of the corporation's share price rather than devoting the necessary attention to product development of the division.

Furthermore, by Defendants' own admission, their manual contained an erroneous diagram depicting a critical flight control component for approximately twenty years.  And one cannot disregard the stunning revelation about the usability of the AMM procedures made by the Raytheon's own Senior Engineer concerning the viability of the AMM instructions for replacing the forward trim cable, a task that, by Defendants' own admission, a mechanic might never do in a lifetime.

Q.    Okay.  You don't think that the manual, as reflected in Exhibit 82 (the trim cable replacement procedure in effect at the time the cable was replaced), was difficult to understand?

A.  I would allow that a mechanic needed to be experienced and had to have done the job before to be able to understand what needed to be done.

Crowe Colgan Dep, p. 53.

Such a cavalier attitude towards procedures for maintaining critical flight control components certainly shows "a manifestly smaller amount of watchfulness and circumspection than the circumstances require of a company of ordinary prudence", as well as "a heedless and palpable violation of legal duty respecting the right of others." Def. Motion (Docket Entry # 137, p. 2).

Although Raytheon clearly had notice of the defects in its manual and that these defects were causing problems with users in the field, Plaintiffs assert that the financial manipulation of the company's share price was the priority of management in the commuter aircraft division rather than fulfilling their legal duty to the known problems associated with product development and in particular the manual to the Beech 1900 aircraft. As a result, manuals were ignored until the deaths of 23 innocents sparked Raytheon into action. Clearly the jury can consider these actions to constitute gross negligence and the assignment of punitive damages.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

          Respectfully Submitted,

By:   /s/ Mary Schiavo
      28 Bridgeside Blvd.
      P.O. Box 1792
      Mount Pleasant, SC 29465
      (843) 216-9374
      Don McCune (pro hac vice)

          And

>David A. Bunis (BBO No. 550570)
>Jacob T. Elberg (BBO No. 657469)
>DWYER & COLLORA, LLP
>600 Atlantic Avenue
>Boston, MA  02210
>(617) 371-1000

>Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

>/s/ Mary Schiavo