UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries, <br><br> Plaintiff, <br> vs. <br><br> Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation <br><br> Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries, <br><br> Plaintiff, <br> vs. <br><br> Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation <br><br> Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE EVIDENCE OF OTHER ACCIDENTS AND INCIDENTS**

COMES NOW Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Other Accidents and Incidents. As grounds therefore, Plaintiffs state the following:

I. **EVIDENCE OF OTHER ACCIDENTS AND INCIDENTS ARE ADMISSIBLE TO SHOW DEFENDANTS HAD NOTICE OF DEFECTS IN ITS MANUAL**

Raytheon claims that any reference to three prior accidents involving Beech 1900's fail to have anything to do with the subject litigation and do not meet the substantial similarity identity test. In particular, Raytheon refers to the Charlotte accident involving a Beech 1900 on August 26, 2003[1], the Continental Express incident involving a Beech 1900 on October 16, 2003 in Albany, New York, and the U.S. Airways Express incident involving yet another Beech 1900 on June 2000 in Rochester, New York.

Evidence of other accidents in products liability cases is relevant to show notice to the defendant of the danger, existence of the danger, and to show the cause of the accident. Gumbs v. International Harvester, Inc., 718 F.2d 88, 97 (3d Cir. 1983); see Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 754 (11th Cir. 1985); Ramos v. Liberty Mut. Ins. Co., 615 F.2d 334, 339 (5th Cir. 1980); Elsworth v. Beech Aircraft Corp., 691 P.2d 630, 639 (Cal. 1985). If the evidence is being offered to show causation, the proponent must show that the other accidents occurred under substantially similar circumstances. Borden, 772 F.2d at 755 ("whether a reasonable inference may be drawn as to the harmful tendency or capacity of [a product] from prior failures depends upon whether the conditions operating to produce the prior failures were substantially similar to the occurrence in question.") (Quoting Jones & Laughlin Steel Corp. v. Matherne, 348 F.2d 394, 400 (5th Cir. 1965).

---

[1] See Plaintiffs' Opposition to Defendants' Motion in Limine to Preclude Evidence of the Charlotte Accident.

Plaintiffs offer evidence of the above three incidents involving Beech 1900 aircraft to show Raytheon had notice of the defects in its maintenance manual. The Rochester incident involved a malfunction of the aircrafts hydraulic landing gear. However, Vice President of U.S. Airways, Robert E. Houghton concluded that the chance of an installation error is increased by the inadequacy of instructions in the manual. By the defendants own admission, Raytheon issued a publication change to clarify installation and operational procedures following this incident. Evidence concerning this incident is relevant to establish the manual for the Beech 1900 had numerous problems in providing adequate instructions and that Raytheon was on notice that its manual was defective.

The Albany incident occurred on the first flight after maintenance, during which the trim wheel had been removed and reinstalled. The pilot aborted the takeoff when he was unable to rotate the aircraft to become airborne. Investigation revealed that there were insufficient instructions in the maintenance manual (AMM) to conduct the maintenance. Again, this evidence tends to prove that the AMM did not contain adequate instructions to service critical flight control systems, and is probative to show notice and similarity between the accidents.

The similarity of the Charlotte accident is discussed in the Plaintiffs' Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of the Charlotte Accident. Again, all of the accidents should be permitted to enter into evidence to show notice and the substantial identity of the accidents. This is probative and relevant to measure the Defendants' knowledge, control, and thus the reasonableness of their manufacturing process. It is also probative on the issue of the Defendants' gross negligence. The Defendants appear to be content to wait until blood is shed before taking action to repair known problems. The fact that the Service Engineer position, that is, the person in charge of insuring publications were current and

updated, was left unfilled during the Charlotte accident, the Hyannis accident, and the Albany incident stands as stark testimony to the skewed priorities and callous disregard of the Raytheon management.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo