UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>   Plaintiff,<br> vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>   Defendants.<br>_____ | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>   Plaintiff,<br> vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>   Defendants.<br>_____ | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF ALLEGED ERRORS IN THE SUBJECT AIRCRAFT MAINTENANCE MAUNUAL UNRELATED TO THE ELEVATOR TRIM SYSTEM**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Alleged Errors in the Subject Aircraft Maintenance Manual Unrelated to the Elevator Trim System.

As grounds therefore, Plaintiffs state the following:

The Defendants seek to preclude the Plaintiffs from offering any evidence of errors in the Aircraft Maintenance Manual (AMM) either before or after the accident. While this would certainly make defense of the action easier, it would cut off the Plaintiffs' ability to prove their case. As such, the motion should be denied.

### I.     The Plaintiffs Are Entitled to Prove the Defect of the Defendants' Product

The Defendants wrongly characterize the Plaintiffs' claim as arising out of only two specific errors in the manual. That is simply incorrect. The AMM is rife with errors and omissions, and many are contained procedure that the mechanics utilized to replace the forward trim cable. For example, in the elevator trim cable replacement procedure, in addition to the reversed drawing and "missing link," the instructions are incomplete, the illustrations are inadequate and the steps illogical. It is this combination of wrongs, a procedure riddled with error in a manual riddled with error, which lies at the core of this accident.

In order to prove their case, Plaintiffs must be permitted to show that the errors in this procedure were not an isolated blunder, but emblematic of a systemic breakdown in quality control that could and should have been detected and corrected. The problem in the elevator trim cable replacement was not a "one off" clerical error – it was the logical result of years of product neglect.

2

The Plaintiffs allege the Defendants were negligent, and in fact, grossly negligent. Negligence is the failure of a responsible corporation, either by omission or action, to exercise that degree of vigilance care and forethought which a corporation of ordinary caution and prudence ought to exercise. See Beaver v. Costin, 227 N.E. 2d 344 (Mass. 1967). By permitting the Plaintiffs to show the tendency of Raytheon to propagate and tolerate a manual rife with error will allow the jury to make inferences about the reasonableness of Raytheon's care and vigilance.

The Plaintiffs do not plan to introduce, and the Plaintiffs and the Court do not have time to consider, every error that lurks in Raytheon's manuals. However, there are many errors in the AMM that, while not directly affecting the elevator trim, demonstrate that Raytheon was on notice of defective procedures in critical maintenance procedures in their manuals and failed to correct them. This is particularly true in the arena of flight controls. In order for a jury to consider whether the Raytheon was negligent, the jury must hear the evidence that Raytheon did not use the care and effort in writing and testing their manuals that is expected from a sophisticated manufacturer.

Additionally, a manufacturer has a duty to make reasonable tests and inspections to discover any latent or hidden defects or hazards in a product. See Vassallo v. Baxter Healthcare Corp., 696 N.E. 2d 909, 923 (Mass. 1998). Should Raytheon contend that they conducted such testing or inspection, the Plaintiffs must be able to show the other errors that existed in the manual that would tend to show these tests were not conducted.

As the Defendants point out, evidence having a tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence is relevant. Because the manufacturer has a duty to test,

evidence of other errors in critical flight control systems, tending to show a lack of testing, is "of consequence" to show breach of that duty. Therefore, such evidence is both relevant and probative.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo