UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>Plaintiff,<br>vs.<br><br>Raytheon Company,  a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE
TO PRECLUDE EVIDENCE OF SEC LITIGATION AGAINST CERTAIN
DEFENDANTS**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of SEC litigation against certain defendants.

As grounds therefore, Plaintiffs state the following:

## I. EVIDENCE OF THE SEC VIOLATIONS IS RELEVANT TO DEMONSTRATE RAYTHEON'S LACK OF SUPPORT FOR THE BEECH 1900 PROGRAM

Raytheon claims that any reference to the twelve million dollar settlement it paid to the SEC as a result of the sanctions imposed against them is an attempt to smear them, has no relevance whatsoever, and would confuse or mislead the jury.

Plaintiffs reject these claims on the basis that it is public knowledge Raytheon was heavily sanctioned by the SEC as a result of its improper accounting practices that operated as fraud and therefore the introduction of truthful statements are factual statements and not a smear campaign. Additionally, introduction of the facts surrounding the SEC sanctions are probative in that they will help the jury understand the corporate culture that operated at Raytheon and demonstrate the lack of financial support to the Beech 1900 program. For example, Raytheon Corporation failed to fully and accurately disclose known risks, trends, and uncertainties concerning the deteriorating state of Raytheon Aircraft Company's (RAC) commuter aircraft business and the negative impact this decline was having on asset values associated with RAC's 1900 aircraft. Because RAC was losing money in its commuter aircraft division, Plaintiffs contend that Raytheon was more concerned with manipulation of their asset allocation and share price rather than product development. For instance, Raytheon should have made it a priority to revise the manual to its 1900 aircraft so that it was user friendly to the mechanics in the field by

2

providing the appropriate links in the chapters that demonstrate functional checks and eradicating erroneous diagrams such as figure 201.

In the end, more resources were expended trying to disguise financil shortcomings than in attempting to support a critical product line.  Because the Beech 1900D program was an orphan product line that was losing money, it did not get the attention needed to keep it viable.  In the end, safety suffered and 23 people perished.  Therefore, admission of the SEC violations is important to the jury in this trial, is relevant, and serves to provide a complete factual basis of the corporate culture that contributed to the deaths of the pilots in this case and therefore is admissible.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:    /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210

(617) 371-1000

Dated: January 29, 2007

**<u>CERTIFICATE OF SERVICE</u>**

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

<u>/s/ Mary Schiavo</u>