## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER**
**CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>   vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>   vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DEFENDANTS' SUBSEQUENT REMEDIAL MEASURES**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Defendants' Subsequent Remedial measures.

As grounds therefore, Plaintiffs state the following:

## I. TO THE EXTENT SUBSEQUENT REMDIAL MEASURES WERE ORDERED BY THE FAA, THEY DO NOT MERIT RULE 407 PROTECTION

The purpose of Fed. R.. Evid. 407, which precludes evidence of subsequent remedial measures to prove culpability or negligence, is to encourage responsible social behavior. "The . . . ground for exclusion rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407, <u>1972 Advisory Committee notes</u>. However, when the changes are made not out of a sense of social responsibility but at the behest of a superior authority, the social purpose behind this rule evaporates.

Many courts have recognized the fallacy of letting a manufacturer hide behind Rule 407, particularly when the changes sought to be excluded are mandated by law. "Where a superior authority requires a tort feasor to make post-accident repairs, the policy which underlies Rule 407 has no force – a tort feasor cannot be discouraged from making repairs if he **must** make repairs in any case." <u>Herndon v. Seven Bar Flying Service</u>, 716 F. 2d 1322, 1331 (10th Cir. 1983)(emphasis in original). The Tenth Circuit is not alone in recognizing the "superior authority" exception to Rule 407 exclusion. They joined the Fifth Circuit[1]and the Seventh

---

[1] "Invoking this policy to justify exclusion here is particularly inappropriate since the [change] was prepared not out of a sense of social responsibility but because the remedial measure was to be required by a superior authority . . ." <u>Rozier v. Ford Motor Co</u>. 573 F.2d 1332, 1343 (5th Cir. 1978).

2

Circuit[2]; these courts have been joined by the Eighth Circuit.[3] Recently, the United States District Court for the District of Massachusetts subscribed to this interpretation.

In <u>Gilanian v. City of Boston</u>, 431 F. Supp. 2d 172 (D. Mass. 2006), Judge Gertner determined that evidence of a post remedial change in the Nashua Street Jail prisoner handling policy was admissible, despite the strictures of rule 407. "It is altogether less clear that the Rule requires exclusion of [changes] made not in response to a sense of social responsibility, but rather in response to dictates of a higher authority." <u>Id.</u> at 177.

Judge Gertner permitted evidence of the changed policy to be considered. In so doing, he noted the social policy concerns behind Rule 407, as expressed in the Advisory Committee notes, but reasoned, "[a]s the Fifth and Tenth Circuits have held, the Rule's protection does not extend past the limits of this underlying social policy." <u>Gilanian</u>, 431 F. Supp.2d at 177.

In sum, to the extent the FAA mandated the changes in the form of an Airworthiness Directive, Raytheon was stripped of the legal and logical basis to invoke post accident remedial protections. It would be poor public policy to reward Raytheon by permitting them to exclude evidence of a change ordered by the FAA.

### II EVIDENCE OF SUBSEQUENT REMEDIAL MEASURES ARE ADMISSIBLE TO SHOW FEASIBILITY OF PRECAUTIONARY MEASURES

Defendants' motion *in limine* to preclude evidence of subsequent remedial measures should be denied. The sole "remedial measure" that defendants' motion identifies is that "Figure 201 [of the maintenance manual], which depicts the placement of the trim drum, has been

---

[2] "This basis [for exclusion] has no applicability when the evidence is offered against a party . . . which did not make the changes." <u>Lolie v. Ohio Brass Co.</u> 502 F. 2d 741, 744 (7th Cir. 1974).

[3] "An exception to Rule 407 is recognized for evidence of remedial action mandated by superior governmental authority . . . because the policy goal of encouraging remediation would not necessarily be furthered by exclusion of such evidence." O'Dell v. Hercules, 904 F. 2d 1194, 1204 (8th Cir. 1990)(citation omitted).

replaced by an improved representation of the part's positioning." Defendants' Brief at p. 2. Defendants' motion to exclude the "improved representation" of the trim drum's positioning fails for several reasons:

While Rule 407 permits the Court to exclude evidence of subsequent remedial measures offered to prove negligence or culpable conduct, Rule "407 cannot be used to exclude evidence offered for 'another purpose,' one of which is 'feasibility of precautionary measures.'" Raymond v. Raymond Corp., 938 F.2d 1518, 1523 (1st Cir. 1991) (citing text of Fed. R. Evid. 407)(emphasis added). Here, where plaintiffs allege that "the design of the machine is the proximate case of their injuries, material issues for the jury to decide include 'the mechanical *feasibility* of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an alternative design." Torre v. Harris-Seybold Co., 9 Mass. App. Ct. 660, 676 (1980) (admitting evidence of safety improvements utilized by the manufacturer "either before or after the accident" on the issues of feasibility and knowledge of the risk). Hence, as the feasibility of the "improved representation" of the trim drum in the manual is squarely at issue, Rule 407 cannot be used to exclude such evidence. Raymond, 938 at 1523.

Indeed, Massachusetts courts have long

> permitted the introduction of evidence of post-accident safety improvements for *several* purposes. For example, evidence of such a change is admissible to prove the practical possibility of making a safety improvement. See Beverley v. Boston Elev.Ry., 194 Mass. 450, 458 (1907); Coy v. Boston Elev. Ry., 212 Mass. 307, 309-310 (1912). Likewise, evidence of such a safety improvement may be admissible on the issue whether the defendant knew or should have known of the danger at the time of the plaintiff's injury. See Reardon v. Country Club at Coonamessett, Inc. 353 Mass. 702, 704-704 (1968). It is clear, therefore, that on the issues of feasibility of the risk . . . post- accident evidence would have been admissible in his discretion. . . .

doCanto v. Ametek, Inc., 367 Mass. 776, 780.  Importantly, the Massachusetts Supreme Judicial Court further made clear in doCanto that "[t]he evidence of improved safety design did not become inadmissible on the question of feasibility merely because Ametek conceded in a general way that the design improvements were practical.  In the judge's discretion, evidence, otherwise admissible, does not lose that status simply because of a general concession made by the party against whom that evidence is offered.  Id. at 781 (citing, *inter alia*, Boeing Airplane Co. v. Brown, 291 F.2d 310, 315 (9th Cir. 1961)).  Hence, any vague, general concessions that defendants make that they could have made the "improved representation" of the trim drum's positioning will be to no avail. Such evidence remains admissible.

In sum, evidence of the "improved representation" of the trim drum's positioning in the maintenance manual is admissible under Rule 407, as such evidence may prove the practical possibility that defendants could have made that safety improvement *before* the accident, as well as that defendants knew or should have known of the danger that this safety improvement would have averted.  doCanto, 367 Mass. at 780.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

                                                 Respectfully Submitted,

                            By:    /s/ Mary Schiavo
                                   28 Bridgeside Blvd.

P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo