# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER**
**CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>　　　　Plaintiff,<br>　vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>　　　　Defendants.<br>_____ | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>　　　　Plaintiff,<br>　vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>　　　　Defendants.<br>_____ | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DEFENDANTS' VERIFICATION AND VALIDATION PROCEDURES**

COMES NOW Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of Defendants Verification and Validation Procedures. As grounds therefore, Plaintiffs state the following:

I. **EVIDENCE OF THE VERIFICATION AND VALIDATION PROCEDURES ARE RELEVANT TO THE MATERIAL ISSUES IN THIS LITIGATION**

Raytheon defends itself by arguing that there was nothing wrong with its manual to the Beech 1900D, there is no evidence that the "verification and validation" (V & V) procedure would have revealed any defect in the manual, the V & V process is not relevant to the issues of breach of warranty and negligence, and that the V & V process is a subsequent remedial measure. Admission of the V & V procedures incorporated at Raytheon is necessary to rebut these claims.

Raytheon representatives have testified that the revision process of its manual was initially targeted on the portions of the manual dealing with the aircrafts flight control systems. Scheidt Dep. 16; See also Peay Dep. 15. Additionally, the decision to focus on this part of the manual was based on what they were "seeing out in the field." Peay Dep. 17. There were reports of mechanics that were unable to follow the instructions in the manual and that as a result, they incorporated the system for revising manuals used in the military known as the V & V process. Scheidt Dep. 16-17; Peay Dep. 18. The purpose of this is to catch and correct any confusing or incomplete procedures in the manual. Id.

Raytheon's argument that the V & V process is not relevant to the claims of breach of warranty and negligence is flawed. In regards to Plaintiffs' breach of warranty claim, plaintiffs assert that the V & V process was a reasonable alternative design. Raytheon had a system in

2

place to revise the manual on an ongoing basis long before this accident. See Scheidt Dep. 11, 15-17. Following the Charlotte accident in January 2003, Raytheon accelerated the program and included the V & V of maintenance procedures. See Peay Dep. 18. Furthermore, warranty liability may be imposed even where the product was properly designed, Manufactured, or sold; conformed to industry standards; passed regulatory muster, and even where the consumer used the product negligently. See Correia v. Firestone Tire and Rubber Co., 388 Mass. 342, 353, 446 N.E.2d 1033 (1983).

Additionally, the V & V process establishes the liability of Raytheon as to causation in the Plaintiffs' claim of negligence. Raytheon specifically determined that they would target the chapter of the manual at issue in this case before the Hyannis accident to try to simplify and clarify the procedures. See Scheidt Dep. 16. However, following the subject accident it is clear Raytheon failed to correct the problems associated with the manual and in particular the section regarding flight controls.

Lastly, even if the V & V process was a subsequent remedial measure, which Plaintiffs strongly deny, this evidence is admissible to show knowledge and notice of a dangerous condition. See Rozier v. Ford Motor Co., 573 F.2d 1332, 1343 (5th Cir. 1978). Reh'g denied, 578 F.2d 871 (5th Cir. 1978) (evidence may be introduced to show the defendant had knowledge or was on notice of the existence of a dangerous or defective condition). As stated above, Raytheon was trying to simplify and clarify the procedures in its manual before the subject crash and had also received notice from the field that mechanics were having trouble following directions in the manual.

Manufacturers have a duty to conduct testing of their products to uncover latent or hidden defects. See Vassallo v. Baxter Healthcare Corp., 696 N.E. 2d 909, 923 (Mass. 1998)

Therefore, evidence of Raytheon's V & V process shows knowledge of this duty and rebuts their claim there was nothing wrong with the manual, that this procedure would not have revealed any defects in the manual, and this evidence is not relevant.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 29, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 29, 2007.

/s/ Mary Schiavo