UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>    Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE DENIAL OF THE ERROR IN FIGURE 201 OF RAYTHEON'S <u>MAINTENANCE MANUAL</u>**

1043335v1

NOW COME the defendants, and hereby respectfully request that this Court deny the Plaintiffs' Motion in Limine to Preclude Denial of the Error in Figure 201 of Raytheon's Maintenance Manual. As grounds therefore, the defendants state as follows:

Plaintiffs argue that the defendants have "admitted" that Figure 201 was erroneous. In support of their motion, they point to one piece of e-mail correspondence from Raytheon's Director of Safety, Dean Thompson, and one half page of notes taken by Raytheon's Air Safety Investigator, Robert Ramey. Plaintiffs do not cite to any pleadings or sworn testimony by any of defendants' representatives or defendants' experts supporting this proposition, as there is none.

The e-mail and the page of notes cited by the plaintiffs do not constitute a binding admission on the part of the defendants on an ultimate issue in the case. The documents cited by the plaintiffs do not constitute a judicial admission. See <u>Schott Motorcycle Supply, Inc. v. American Honda Motor Company, Inc.</u>, 976 F.2d 58, 61 (1st Cir. 1992) ("A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding."). (Further citations omitted). Nor do the documents constitute an admission under Rule 36(a) of the Federal Rules of Civil Procedure. See <u>Talley v. United States of America</u>, 990 F.2d 695, 698 (1st Cir. 1993) ("An admission under Fed. R. Civ. P. 36(a) is, by the terms of the rule, binding on the party making the admission and cannot be contradicted.").

Rather, at most, the documents constitute fodder for cross-examination and can be <u>rebutted</u> by the defendants. See <u>United States of America v. Belculfine</u>, 527 F.2d 941, 944 (1st Cir. 1975) ("Unlike ordinary admissions, which are admissible but can be rebutted by other evidence, judicial admissions are conclusive on the party making them. Because of their binding consequences, judicial admissions generally arise only from deliberate voluntary waivers that expressly concede for the purposes of trial the truth of an alleged fact.").

1043335v1

Here, the documents cited by the plaintiffs hardly constitute a judicial admission on an ultimate issue in the case. Indeed, whether or not the depiction was erroneous is the gravamen of the plaintiffs' claims. If Figure 201 was not erroneous, the plaintiffs would have no claim against the defendants as a matter of law. The plaintiffs cannot circumvent their burden of proof by citing to non-binding statements attributed to the defendants.

Additionally, the plaintiffs paint with too broad a brush in their attempts to force an admission on the defendants that Figure 201 was erroneous. The aircraft maintenance manual ("AMM") must be followed step by step and Federal Aviation Regulations require complete compliance. Because Figure 201 is illustrative of many points, the fact that it shows one side of the elevator trim drum or another does not render it erroneous. In fact, Figure 201 shows that the left hand threads come off the front of the drum. If every step in the AMM was followed regarding the installation of the elevator trim cable and drum (located in the forward, lower portion of the cockpit between the pilot and the co-pilot) (as federal regulations require), the mechanics would see that the procedure cannot be accomplished with the flat side of the drum visible on the illustration. Sophisticated users, including licensed A&P mechanics, would necessarily question the depiction in Figure 201. Indeed, for twenty years, during maintenance of this model of aircraft, there had never been an accident, let alone a complaint, regarding the procedure for installing the elevator trim cable and Figure 201. As such, the plaintiffs' description of Figure 201 containing an "error" is misleading and not properly supported by the facts.

Nonetheless, the question of whether the depiction of the trim drum in Figure 201 of the maintenance manual was erroneous is one for the jury to decide. Any purported admission by

1043335v1

the defendants can be rebutted by the defendants at trial. As such, it would be improper for the defendants to be prohibited at trial from arguing that the figure was not erroneous.

WHEREFORE, the defendants respectfully request that this Court deny the Plaintiffs' Motion *in Limine* to Preclude Denial of the Error in Figure 201 of Raytheon's Maintenance Manual.

RAYTHEON DEFENDANTS,
By Counsel,

I hereby certify that this document(s) filed through
the ECF system will be sent electronically to
the registered participants as identified on the
Notice of Electronic Filing (NEF) and paper
copies will be sent to those indicated as
non registered participants on January 30, 2007.

/s/ Peter C. Knight
_____

/s/ Peter C. Knight
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
  & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS  67202
Phone:  (316) 265-9311