UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>    Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE*
SEEKING TO APPLY THE DAMAGE LAW OF THE SURVIVOR'S RESIDENCE**

NOW COME the Raytheon defendants and hereby submit this opposition to plaintiffs' Motion *in limine* Seeking to Apply the Damage Law of the Survivor's Residence. As more fully set forth below, the plaintiffs' motion *in limine* must be denied as this court previously and properly ruled (including most recently at the hearing on defendants' motion for summary judgment) that Massachusetts law applies.

I. **Massachusetts Law Applies To Plaintiffs' Claims Including Damages**

Plaintiffs assert that the law of Texas and Florida control as to compensable damages. They contend that they are entitled to recover for their respective decedents' pre-impact conscious pain and suffering as well as for the survivor's grief, anguish, bereavement and emotional trauma under Florida and Texas law respectively. Plaintiffs' belated efforts fail mandating the denial of their motion *in limine*.

a. *Plaintiffs Specifically Plead and Claim Damages Under Massachusetts Law*

In all of their multiple and respective complaints filed in this action (a total of five), plaintiffs specifically pleaded and invoked their purported rights, including damages under the Massachusetts wrongful death statute.[1] See Weiler Second Amended Complaint ¶ 9 ("plaintiff claims damages pursuant to Massachusetts General Laws Chapter 229, § 2 for the wrongful death"). Dean Third Amended Complaint (same). Having specifically alleged and pleaded damages under the Massachusetts' wrongful death statute (as well as G.L. c. 93A) plaintiffs cannot now seek to avoid certain Massachusetts' rules as to recoverable damages by resort to another state's laws perceived to be more favorable.

---

[1] Plaintiffs likewise seek compensatory and punitive damages under M.G.L. c. 93A

2

Indeed, this court previously invoked the conflicts analysis and held that Massachusetts law applies.[2] This court reiterated that Massachusetts law applies, referencing its earlier ruling, at the recent hearing on defendants' motion for summary judgment

### b. There Can Be No Loss of Consortium or Pain and Suffering in the Weiler Action

Regardless of any conflicts analysis, plaintiffs concede that Florida does not permit recovery for the decedent's pre-impact pain and suffering. Indeed, Florida's wrongful death statutory scheme specifically eliminates claims of pain and suffering of the decedent from time of injury until time of death. See Fla. Stat. Ch. 768.21; Florida Clarklift Inc. v. Reutimann, 323 So. 2d 640 (Fla App. 1975) *citing* Martin v. United Sec. Servs., 314 So. 2d 765 (Fla. 1975). Nonetheless, plaintiffs assert that pre-impact pain and suffering is "contemplated as an element of the survivor's pain and suffering" relying on Martin.

Nowhere in Martin does the court remotely hold that a survivor may, as part of recovery of his or her mental suffering under Florida's wrongful death statute, include mental anguish based on the decedent's purported pain and suffering. It is mental suffering based on the decedent's death alone. Accordingly, even if Florida wrongful death damages apply as to the Weiler action, Florida (as in Massachusetts) does not permit recovery of pre-impact pain and suffering entitling defendants to summary judgment on this claim.

Further, plaintiffs do not oppose Raytheon Defendants' assertion that plaintiff Weiler cannot recover for loss of consortium as she was not married to the decedent Knabe at the time of his death. This is established law and plaintiffs make no opposition entitling the Raytheon Defendants to judgment as to any such claim.

---

[2] See Dean v. Raytheon Aircraft Co., 399 F. Supp. 2d 27, 32 (D. Mass. 2005)("No other state [than Massachusetts]has a more significant relationship to the parties and the tragic accident").

  c.  *Conflicts Analysis Mandates That Massachusetts Law Applies to Damages*

Plaintiffs base their assertion that the law of Texas (as to Dean) and Florida (as to Weiler) governs compensatory damages on the grounds that it is generally recognized that the state of a complainant's domicile has a general interest in having its residents compensated for injuries suffered in another state. They rely on Cohen v. McDonnell Douglas, 450 N.E.2d 581 (1983) and assert that application of Texas and Florida law "would meet the needs of the interstate system, not offend the laws of the forum state, and protect the expectations of all parties."

To be sure, the state of plaintiff's domicile does have an interest in ensuring that its citizens are adequately compensated for injuries suffered.[3] However, it is far from controlling on the issue of damages and is not controlling here. See Audlee v. New England Tank Industries of N. H., 1985 U.S. Dist. LEXIS 12400 *6 (D. Mass. 1985); Schulhof v. Northeast Cellulose, Inc. 545 F. Supp. 1200, 1205 (D. Mass. 1982); see also Ricci, 211 F. 3d at 166 (fact that decedent was from Rhode Island and that death "will be most felt there" insufficient to overcome place of injury and alleged negligence on issue of damages). This court has already determined that Massachusetts has a significant interest in this action. Dean, 399 F. Supp 2d 27. It is the forum state selected by the plaintiffs themselves; the location of Colgan's local base of operations; the site of the use of the AMM at issue; the place of the operative maintenance and repair at issue as well as the operating, pilot and maintenance checks; the site of the accident; the site of Dean's and Knabe's deaths; the airport of departure prior to the incident, Dean's and Knabe's place of employment at the time of the accident; and the site of Dean's and Knabe's worker's compensation benefits. Important also is that Massachusetts is where the plaintiff decedents were working and they thus subjected themselves to Massachusetts law. Massachusetts is the

---

[3] Notably, Knabe, the decedent in the Weiler action, was a resident of Ohio (as is Weiler) NOT Florida or Texas while Dean was an resident of Texas.

state where the injury (i.e. death) and the conduct causing the injury occurred which is the source of the right of the plaintiffs' right to compensation. See <u>Petrokehagia v. JNP Construction, Inc</u>., 1998 U.S. Dist LEXIS (E.D. Penn. 1998)(determining that Massachusetts law applied both to liability and damages even though plaintiffs domiciled in Pennsylvania).[4]

The Restatement conflicts of law principles and interests including the needs of the interstate system, the policies of the forum Massachusetts, protection of justified expectations, the policies underlying wrongful death statutory scheme, interests of certainty, predictability, and uniformity and ease in application of law all militate toward the applicability of Massachusetts law. Restatement (Second) Conflicts of Law sec. 6. The Massachusetts wrongful death statute "is a comprehensive statute serving compensatory and deterrent purposes." <u>Schulhoff</u>, 545 F. Supp. at 120; <u>Audlee</u>, *supra* at *6.. Accordingly, aside from any compensatory purpose the statute is designed to serve as a deterrent regardless of its punitive damages provision. Massachusetts thus has a compelling interest in application of its law on compensatory damages.[5]

---

[4] Plaintiffs' reliance on <u>Cohen</u> is misplaced. There the court did not address compensatory damages for wrongful death. Further, the claimant filed suit in Massachusetts, learned of her son's death in Massachusetts, and suffered her fatal heart attack in Massachusetts. Not surprisingly, the Court found Massachusetts law to apply to the breach of warranty claim.

[5] Massachusetts also has a compelling interest in (a) not allowing nonresidents a greater recovery than its law allows its own residents; (b) precluding forum shopping; and (c) protecting defendants who do business or operate a business from paying for excessive damages or damages not recoverable under Massachusetts law. Notably, Raytheon Aircraft Company does business in Massachusetts while its parent Raytheon Company is headquartered here.

## CONCLUSION

Based on the foregoing, the Raytheon Defendants' respectfully request that Plaintiffs' Motion *In Limine* Seeking to Apply The Damage Law of the Survivor's Residence be DENIED.

RAYTHEON DEFENDANTS,
By Counsel,

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

/s/ Peter C. Knight
_____

/s/ Peter C. Knight
_____
Peter C. Knight, BBO # 276000
Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA 02210
Phone: 617-439-7500

-AND-

William L. Oliver, Jr. Esquire
Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
   & BAUER, L.L.P.
100 North Broadway, Suite 500
Wichita, KS 67202
Phone: (316) 265-9311

1043624v1