UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>  Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO THE AGREEMENT BETWEEN DONALD SOMMER AND THE FEDERAL AVIATION ADMINISTRATION**

1043433v1

NOW COME the defendants, and hereby respectfully request that this Court deny the Plaintiffs' Motion *in Limine* to Exclude Evidence Relating to the Agreement Between Donald Sommer and the Federal Aviation Administration. As grounds therefore, the defendants state as follows:

The defendants should be permitted to cross-examine Mr. Sommer about his agreement with the FAA for his violation of section 43.15(a) of the Federal Aviation Regulations, which resulted in a 90-day suspension of his Inspection Authorization, as this violation bears directly on Mr. Sommer's credibility.[1] Mr. Sommer is expected to testify as an expert witnesses on behalf of the plaintiffs that the subject accident was caused by the pilots' inability to control the aircraft due to a full nose down trim configuration as a result of mis-rigging of the elevator trim system. In Mr. Sommer's opinion, the mis-rigging of the elevator trim system was the result of an incorrect depiction of the trim drum cable in Raytheon's maintenance manual. As such, Mr. Sommer is critical of the defendants' documentation with respect to the maintenance manual.[2]

Mr. Sommer's Inspection Authorization suspension from the FAA was the result of required documentation of updated and improved control wheels and left rudder pedals on a Cessna aircraft inspected by Mr. Sommer not being found in the aircraft file. In other words, Mr. Sommer failed to properly document an inspection relating to the airworthiness of an aircraft. This suspension for failing to follow an FAA regulation, whether inadvertent or not, should be admissible on cross-examination of Mr. Sommer because it goes directly to his credibility. Given his criticisms of the defendants' maintenance manual, and the result that such manual

---

[1] Section 43.15 of the Federal Aviation Regulations outline the performance rules for inspection of aircraft, and indicates that the inspection is to be performed to determine whether the aircraft, or portion thereof under inspection, meets all applicable airworthiness requirements.

[2] In his expert report, Mr. Sommer also opines that Raytheon "has a history of substandard documentation regarding demonstrative figures in their maintenance manuals leading mechanics to make unnecessary mistakes." However, the defendants have moved *in limine* to preclude evidence of other purported errors in the manual.

2

purportedly has on the airworthiness of certain aircraft, Mr. Sommer's FAA suspension for documentation violations is relevant to his opinions in this case, and to his credibility as a witness. As such, Mr. Sommer's FAA suspension is appropriate fodder for cross-examination, and should not be precluded. Fed. R. Evid. 607.

Additionally, any matters observed by the FAA in its investigation into the incident involving Mr. Sommer, as well as any reports of the incident, fall under the specific exception to the hearsay rule for public records. Fed. R. Evid. 803(8). Given that Mr. Sommer's FAA suspension is relevant to his credibility, and that the FAA's observations regarding the suspension do not constitute hearsay, the agreement between Mr. Sommer and the FAA should not be precluded.

WHEREFORE, the defendants respectfully request that this Court deny the Plaintiffs' Motion *in Limine* to Exclude Evidence Relating to the Agreement Between Donald Sommer and the Federal Aviation Administration.

|  |  |
|---|---|
|  | RAYTHEON DEFENDANTS, By Counsel, |
| I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.<br><br>/s/ Peter C. Knight<br>_____ | /s/ Peter C. Knight<br>_____<br>Peter C. Knight, BBO # 276000<br>Tory A. Weigand, BBO #548553<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br><br>-AND- |

1043433v1

        William L. Oliver, Jr. Esquire
        Michael G. Jones, Esquire
        MARTIN, PRINGLE, OLIVER, WALLACE
          & BAUER, L.L.P.
        100 North Broadway, Suite 500
        Wichita, KS  67202
        Phone:  (316) 265-9311

1043433v1