UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE DEFENDANTS' REFERENCE TO COMPARATIVE NEGLIGENCE**

1043891v1

NOW COME the defendants, and hereby respectfully request that this Court deny the Plaintiffs' Motion *in Limine* to Exclude Defendants' Reference to Comparative Negligence. As grounds therefore, the defendants state as follows:

Plaintiffs claim that because a finding of negligent design results in a finding of a breach of warranty, the defendants should be foreclosed from making any reference to comparative negligence at trial. Plaintiffs' argument is flawed in that it ignores the fundamental fact that plaintiffs have asserted a negligence claim against the defendants, against which the defendants are entitled to defend themselves by pointing to the comparative negligence of the pilots. Cigna Insurance Co. v. Oy Saunatec, Ltd., 241 F.3d 1, 17 (1st Cir. 2001); Correia v. Firestone Tire and Rubber Co., 388 Mass. 342, 355-56 (1986); Allen v. Chance Manufacturing Co., 398 Mass. 32, 34 (1986).

Certainly, if the plaintiffs are willing to dismiss their negligence claims against the defendants, the defendants will not agree not to raise the defense of comparative negligence. Until then, however, the plaintiffs have made the comparative negligence of the pilots a direct issue in the case by asserting negligence claims. The assertion of breach of warranty claims does not negate the defenses applicable to the plaintiffs' negligence claims.

///

///

///

///

1043891v1

WHEREFORE, the Defendants respectfully request that this Court deny the Plaintiffs' Motion *in Limine* to Exclude Defendants' Reference to Comparative Negligence.

|  |  |
|---|---|
| | RAYTHEON DEFENDANTS,<br>By Counsel, |
| I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.<br><br>/s/ Peter C. Knight<br>_____ | /s/ Peter C. Knight<br>_____<br>Peter C. Knight, BBO # 276000<br>Tory A. Weigand, BBO #548553<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br><br>       -AND-<br><br>William L. Oliver, Jr. Esquire<br>Michael G. Jones, Esquire<br>MARTIN, PRINGLE, OLIVER, WALLACE<br>   & BAUER, L.L.P.<br>100 North Broadway, Suite 500<br>Wichita, KS  67202<br>Phone:  (316) 265-9311 |

1043891v1