UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CONSOLIDATED UNDER
CASE NO. 05-10155 PBS

| | |
|---|---|
| YISEL DEAN, Independent Administratrix of the Estate of STEVEN DEAN, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>Defendants. | DOCKET NO: 05cv10155 PBS |
| LISA A. WEILER, Administratrix of the Estate of SCOTT A. KNABE, deceased, and on behalf of all statutory beneficiaries,<br>Plaintiff,<br><br>v.<br><br>RAYTHEON COMPANY, a Delaware corporation, RAYTHEON AIRCRAFT COMPANY, a Kansas Corporation, RAYTHEON AIRCRAFT CREDIT CORPORATION, a Kansas Corporation, COLGAN AIR, INC., a Virginia Corporation d/b/a US Air Express,<br>    Defendants. | DOCKET NO: 05cv10364 PBS |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF MAINTENANCE PERSONNEL'S FAILURE TO REMOVE THE <u>ELEVATORS WHEN REPLACING TRIM TAB ACTUATORS</u>**

1043902v1

NOW COME the defendants, and hereby respectfully request that this Court deny the Plaintiffs' Motion *in Limine* to Exclude Evidence of Maintenance Personnel's Failure to Remove the Elevators When Replacing Trim Tab Actuators. As grounds therefore, the defendants state as follows:

Plaintiffs seek to preclude evidence that the Colgan mechanics failed to remove the elevators on the subject aircraft when replacing the trim tab actuators on the grounds that such failure did not cause or contribute to the accident. However, the failure to remove the elevators is a further example of Colgan's deliberate disregard of the aircraft maintenance manual ("AMM"). Colgan's disregard of the maintenance manual was a cause of the accident. Therefore, the mechanics' decision not to remove the elevators when replacing the trim tab actuators is relevant and admissible.

Federal regulations required the Colgan mechanics to follow the AMM. They did not. In addition to not removing the elevators, Colgan mechanics deliberately disregarded other portions of the AMM in violation of the federal law. Colgan's disregard of the AMM resulted in the trim being installed in a manner that caused it to operate in reverse. Specifically, the Colgan mechanics failed to follow the "forward as installed" instruction of the AMM; failed to follow the AMM's and Colgan's own General Maintenance Manual's instruction to use lead lines during the repair which failure caused the trim cable to cross leading to the trim operation to work in reverse; and contrary to the AMM, Colgan's maintenance manual and practice, and federal law, failed to perform a post-maintenance rigging check and a separate operational check. Had the Colgan mechanics performed a proper post-maintenance rigging check, they would have caught any rigging error. Further, and in addition to the post-maintenance rigging check, Colgan's mechanics knew that they had to do a separate operational check after working on the

flight controls of the subject aircraft which they failed to do. While the mechanics claim, in their deposition testimony, to have performed an operational check when they allegedly ran the system from limit to limit, both electrically and manually several times to ensure both proper tab deflection and proper direction of movement, it is undisputed that they could not have properly performed this operational check as had they done so, any mis-rigging would have been discovered. According to all of the mechanics involved, conducting a proper rigging and operational check is absolutely required.

If the instructions in the AMM were properly followed, in their entirety, regarding the installation of the elevator trim cable and drum, any mis-rigging of the cable system would not have occurred and the accident would not have happened. Steps in maintenance procedures cannot be missed and different methods of performing the work is unacceptable and violates federal regulations. The defendants, as manufacturer of the aircraft, cannot be held responsible for the accident when the mechanics deliberately elect to disregard the AMM.

The Colgan mechanics' failure to remove the elevators when replacing the trim tab actuators is a first step in a chain of missteps by Colgan mechanics and the pilots that leads to the accident. The Colgan mechanics' failure to the follow the AMM in its _entirety_, including the removal of the elevators, is a violation of federal regulations, and is some evidence of negligence on the part of the Colgan mechanics. <u>Commonwealth v. Campbell</u>, 394 Mass. 77, 83 n.5 (1985). The lack of removal of the elevators by the Colgan mechanics is therefore relevant and probative. Fed. R. Evid. 402. Any prejudicial effect that the admission of such evidence may have is substantially outweighed by the probative value. Fed. R. Evid. 403. Accordingly, plaintiffs' motion should be denied.

1043902v1

WHEREFORE, the Defendants respectfully request that this Court deny the Plaintiffs' Motion *in Limine* to Exclude Evidence of Maintenance Personnel's Failure to Remove the Elevators When Replacing Trim Tab Actuators.

|  |  |
|---|---|
| I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.<br><br>/s/ Peter C. Knight<br>_____ | RAYTHEON DEFENDANTS,<br>By Counsel,<br><br>/s/ Peter C. Knight<br>_____<br>Peter C. Knight, BBO # 276000<br>Tory A. Weigand, BBO #548553<br>MORRISON MAHONEY LLP<br>250 Summer Street<br>Boston, MA 02210<br>Phone: 617-439-7500<br><br>-AND-<br><br>William L. Oliver, Jr. Esquire<br>Michael G. Jones, Esquire<br>MARTIN, PRINGLE, OLIVER, WALLACE<br>    & BAUER, L.L.P.<br>100 North Broadway, Suite 500<br>Wichita, KS  67202<br>Phone:  (316) 265-9311 |