UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>  Plaintiff,<br>  vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>  Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>  Plaintiff,<br>  vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>  Defendants. | **Case No.: 05 CV 10364 PBS** |

**PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE DEFENDANTS' INVOCATION
OF THE "SOPHISTICATED USER" DOCTRINE**

Plaintiffs, Yisel Dean and Lisa A. Weiler, move in limine to preclude Defendants' Invocation of the "Sophisticated User" doctrine. The Defendants have argued that because the Colgan mechanics and pilots are "sophisticated users" of aircraft that Raytheon is thus inoculated from liability for their negligence or breaches of warranty.

On this matter, Raytheon is incorrect. The "sophisticated user" doctrine posits that a manufacturer's duty to warn "sophisticated users" of hazards associated with products is reduced proportionately in relation to the experience of the user. It does not stand for the proposition that manufacturers are not responsible for intrinsically defective products in the hands of experienced users. The Plaintiffs' summary of argument concerning the "sophisticated user" doctrine as presented in response to the Defendants' Motion for Summary Judgment on this basis is reprinted below.

The Supreme Judicial Court of Massachusetts has elaborated upon the sophisticated user doctrine[1] as a defense in certain failure to warn products liability actions. See Carrel v. Nat'l Cord. & Braid Corp., 852 N.E.2d 100 (Mass. 2006). The sophisticated user doctrine seeks "to advance the goal of products liability law to prevent accidents," and is a variation of the open and obvious danger doctrine. Carrel, 852 N.E.2d. at 108. (citing Hoffman v. Houghton Chem. Corp., 751 N.E.2d 848 (Mass. 2001)). Applying the doctrine in the instant matter will defeat this very purpose, and will insulate Raytheon from liability for producing a product whose defectiveness was unknown and who users were unwarned.

The Carrel court quite explicitly noted that the sophisticated user doctrine is a defense "for failing to warn." Carrel, 852 N.E.2d.at 109, citing Knowlton v. Deseret Med. Inc., 930 F.2d

---

[1] "This doctrine is also referred to as the 'knowledgeable user' doctrine, or the 'responsible intermediary' doctrine." Carrel v. Nat'l Cord. & Braid Corp., 852 N.E.2d 100 (Mass. 2006), citing Hoffman v. Houghton Chem. Corp., 434 Mass. 624, at 629 n. 10 (2001). .

116, 120 (1st Cir. 1991). The plaintiffs' complaints include claims for, *inter alia,* negligence in providing a defective, improperly functioning and/or unairworthy aircraft to the operator of the fatal flight for use in its flight operations; providing a defective AMM with erroneous advice and diagrams; and failing to discover and/or correct the AMM. None of these claims assert negligence on the part of Raytheon for failure to warn; rather, they assert that Raytheon manufactured and sold a defective product[2], and that product's defectiveness injured the plaintiffs' decedents.

Consequently, the sophisticated user doctrine does not apply to, let alone bar, any of plaintiffs' claims that do not assert failure to warn. Moreover, as to the plaintiffs' claims that do challenge the sufficiency of the defendants' warnings, the sophisticated user doctrine should not be an issue for consideration by the jury.

Additionally, it is also clear that the mechanics were not "sophisticated users" regarding the elevator trim cable replacement. Though Colgan had developed work cards (checklists or punch cards spelling out the Colgan variation of how mechanics were to perform certain tasks) for many common maintenance items, there was no work card for the elevator trim cable replacement because it was so rarely performed. Thus, Colgan relied totally and implicitly on the accuracy and the efficacy of Raytheon's procedure in the AMM.

Furthermore, it is impossible for the plaintiff pilots to be sophisticated users of the defective and erroneous Raytheon Aircraft maintenance manuals. The pilots were not users of the manuals at all. By Federal Aviation Regulation, the pilots are required to follow the FAA approved Colgan Flight Operations manuals. Raytheon argues that the pilots should have done what Raytheon, in hindsight, suggests. For example, they contend that the pilots should have accomplished items not spelled out in the FAA approved Colgan Flight Manuals, and that they

---

[2] Indeed, the AMM is part and parcel of the aircraft itself. See Colgan Air, Inc., v. Raytheon Aircraft, 404 F. Supp. 2d 893, 904, noting that "it is reasonable … to view an aircraft's maintenance manual as part of the aircraft and together as a single product."

3

should have ignored their emergency procedures training when their aircraft nose-dived towards the ground. But, that is not what the pilots were trained and required to do. Even though the Raytheon defendants inexplicably seek to criticize the pilots, in no way does that make the pilots sophisticated users of the maintenance manual.

It is evident that Raytheon employees did not share the same confidence in the level of sophistication of the mechanic users as the defense attorneys are trying to do in positing this "sophisticated user" theory. Willard Crowe, an engineer with Raytheon Aircraft Corporation, testified that Raytheon was "dumbing down" the manuals because some mechanics were having trouble doing the tasks. At the same time Crowe went on to say that he thought the elevator trim cable replacement procedure [as depicted and described in the Raytheon manuals] would require a mechanic who was experienced and who had done the job before to be able to understand what needed to be done. The requirement that the mechanic should have performed the task before in order to understand the manual obviates the claim that these mechanics were "sophisticated users" who were aware of the hazards to the same degree as the publisher of the instruction manual, Raytheon.

Wherefore, Plaintiffs request that their motion in limine be granted and this evidence be excluded.

### REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

                                              Respectfully Submitted,

                           By:    /s/ Mary Schiavo
                                   28 Bridgeside Blvd.
                                   P.O. Box 1792
                                   Mount Pleasant, SC 29465

(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 30, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

/s/ Mary Schiavo