UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>           Plaintiff,<br>   vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>           Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>           Plaintiff,<br>   vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>           Defendants. | **Case No.: 05 CV 10364 PBS** |

### PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF VARIOUS WITNESSES

Plaintiffs, Yisel Dean and Lisa A. Weiler, move in limine to exclude testimony of various witnesses identified by the Defendants because they propose to offer inadmissible testimony.

### I. Lay Witnesses May Not Testify About Matter of Scientific Technical or Other Specialized Knowledge

It appears that the Defendants intend to call four witnesses, never identified to the Plaintiffs as experts, to testify about technical matters. The Defendants' proposed witness list identifies Casey Davis, Jenny Elsenrath and A.J. Lusch to testify about the roles they played as actors in a Raytheon produced videotapes. Davis and Elsenrath posed as pilots performing a checklist; Lusch played the role of a mechanic. Those videotapes are the subject of a separate motion in limine, and the Plaintiffs seek to exclude the videos as irrelevant, misleading and prejudicial. Lou Johansen is identified as a Raytheon engineer that was involved in a CVR review, and identified to testify about that review.

Raytheon alleges that their employees Davis and Elsenrath are pilots. They have not presented them as experts. Plaintiffs have had no opportunity to determine their qualifications, experience; their knowledge of Beech 1900D procedures in general or knowledge of the relevant Colgan Air procedures in particular; have received no report on what the scope and substance of their testimony will be; and have not had a chance to depose these individuals to answer these questions.

Additionally, Raytheon's witness list indicates that Raytheon will call A.J. Lusch. The witness list alleges that Lusch is a mechanic with knowledge of proper repair techniques and problems with mechanics following the procedures. Like the pilots named above, Lusch has not been presented as an expert, and the Plaintiffs have not had the opportunity, through deposition, to probe the scope, basis, and validity of any of his opinions in these areas.

Because none of these people were identified to the Plaintiffs as expert witnesses, their testimony would be limited to information concerning personal knowledge of relevant information concerning this crash. However, the Defendants have provided no information that these witnesses have **any** personal knowledge whatsoever about this accident. Furthermore, these lay witnesses may not give opinions based on scientific, technical, or other specialized knowledge that would be more appropriately the subject of expert testimony. See Fed. R. Evid. 701. The fields of aircraft maintenance and pilotage are undoubtedly areas that call for expert testimony, a fact acknowledged by the Defendants, who called four experts with knowledge in these areas. The Defendants should not be permitted to allow unvetted experts in through the back door.

These are lay witnesses without personal knowledge of the accident, and thus are incompetent to testify about the accident. Fed. R. Evid. 602. Additionally, because they are lay witnesses, they would not be permitted to give any opinions about piloting or maintenance, areas the Defendants have recognized as scientific, technical or other areas of specialized knowledge. These witnesses cannot contribute information to jury that would tend to make the existence of any fact that is material to this accident more or less probable than it would be without the evidence. Fed. R. Evid. 401. Therefore, their testimony is irrelevant and inadmissible.

Raytheon offers Lou Johansen to testify about the CVR review. Lou Johansen has not been presented as an expert in this area; however, it is presumed that, as a member, he has personal knowledge of the CVR review upon which he will offer testimony. As a member of the CVR Group, Mr. Johansen has been permitted to listen to the CVR, and has had an opportunity to provide his opinions on that process in the Group Chairman report. Any testimony that he

wishes to add at this point about his review of the tape would be duplicative, cumulative and thus should be excluded.  Fed. R. Evid. 403.

Wherefore, Plaintiffs request that their motion in limine be granted and this evidence be excluded.

### REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

                Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 30, 2007

### CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

/s/ Mary Schiavo