UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>     Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>     Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>     Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>     Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE USE ANIMATIONS BY PLAINTIFF**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Use Of animations by Plaintiffs.

As grounds therefore, Plaintiffs state the following:

The Defendants seek to preclude the introduction of the animation offered by Plaintiffs as demonstrative evidence in this case. At the summary judgment argument in this matter, the Court asked if Plaintiffs could deliver the proposed animation to the Defendants for their review by January 8, 2007. At the same time, the Court made it clear that the animation as produced may not be admissible because of the graphic nature of the depiction.

Plaintiffs immediately contacted the animation vendor to undertake certain modifications to the animation. The Plaintiffs received the modified animation by overnight mail on January 19, 2007. It was shown to the Defendants on January 22, 2007, at the mediation session before Magistrate Judge Bowler.

The modifications that were made to the animation took longer than the Plaintiffs anticipated. Not only did the animation have to be modified, the vendor, located in Seattle Washington, was without power for five days during the horrific storm that hit the Pacific Northwest in late December 2006. Because the only animation that the Plaintiffs possessed on January 8, 2007 was not representative of what the Plaintiffs intend to offer at trial, the Plaintiffs could not produce the animation on the date the Court requested.

The animation, in its current form, is neither graphic nor inflammatory. It merely shows a cockpit view of the accident flight, with the CVR soundtrack and a transcript of the CVR superimposed on the screen. The animation is not being offered to recreate the exact circumstances of the flight, but rather to give the jury an idea of the sequence of events and to

explain the terminology heard on the CVR. It is relevant, probative, and non-prejudicial. Thus, the animation should be entered into evidence as a demonstrative chalk.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 30, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

/s/ Mary Schiavo