UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>   Plaintiff,<br> vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>   Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>   Plaintiff,<br> vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>   Defendants. | **Case No.: 05 CV 10364 PBS** |

**<u>MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE ANY REFERENCE TO A PIECE OF MASKING TAPE FOUND IN AN</u>**

**EXEMPLAR BEECH 1900D AIRCRAFT COCKPIT AT AN INSPECTION OF THE SAME**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendant's Motion in Limine to Preclude Any Reference to a Piece of Masking Tape Found In an Exemplar Beech 1900D Aircraft Cockpit at an Inspection of the Same.

As grounds therefore, Plaintiffs state the following:

The Defendants seek to preclude the introduction of the evidence of a piece of masking tape in an exemplar aircraft provided by Raytheon. The Plaintiffs' human factors expert will testify that the statement on the tape provides mechanics additional instructions for routing the elevator trim cable

Raytheon seeks to preclude admissibility of the tape in evidence on the grounds the statement contained on the tape is hearsay. The tape appears in an instrumentality that is under the exclusive control of the Defendants. As such, the tape constitutes an admission by a party-opponent, as a statement made by Raytheon's agent or servant concerning a matter within the scope of their employment. See Fed. R. Evid. 801(d)(2)(D). Additionally, the statement on the tape is not being offered for the truth of the matter asserted. Therefore, it is not hearsay.

The statement is relevant, in that a fact-finder could infer that in an aircraft under the exclusive control of the Defendants, additional instructions are needed to properly route the elevator trim cables. Because the inadequacy of Raytheon's manuals is the gravaman of this action, the evidence should be permitted, with the fact-finder assigning what weight they deem appropriate to the information.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By: /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 371-1000

Dated: January 30, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

/s/ Mary Schiavo