UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**CONSOLIDATED UNDER
CASE NO. 05-10155 PBS**

| | |
|---|---|
| Yisel Dean, Independent Administratrix of the Estate of Steven Dean, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10155 PBS** |
| Lisa A. Weiler, Administratrix of the Estate of Scott A. Knabe, deceased, and on behalf of all statutory beneficiaries,<br><br>       Plaintiff,<br>vs.<br><br>Raytheon Company, a Delaware Corporation, Raytheon Aircraft Company, a Kansas Corporation, Raytheon Aircraft Credit Corporation, a Kansas Corporation, Raytheon Airline Aviation Services LLC, a Kansas Corporation, and Raytheon Aircraft Parts Inventory and Distribution Company LLC, a Kansas Corporation<br><br>       Defendants. | **Case No.: 05 CV 10364 PBS** |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO
PRECLUDE EVIDENCE OF FAA SERVICE DIFFICULTY REPORTS**

Plaintiffs, Yisel Dean and Lisa A. Weiler, by and through their undersigned counsel, submit this Memorandum in Opposition to Defendants' Motion in Limine to Preclude Evidence of FAA Service Difficulty Reports.

As grounds therefore, Plaintiffs state the following:

The Defendants seek to preclude the introduction of the any FAA Service Difficulty Reports, on the grounds that the reports do not share a substantial identity of circumstances with the accident in question, and they are inadmissible hearsay.

## I. The FAA Service Difficulty Reports Are Probative to Show Defendants' Knowledge of Defect

The Plaintiffs will offer evidence of Service Difficulty Reports that were disclosed by the Defendants in discovery, and that demonstrate that Raytheon was on notice that the Beech 1900D had a systemic problem with flight control cable connections. Plaintiffs are entitled to present this evidence of notice. Evidence of other accidents in products liability cases is relevant to show notice to the defendant of the danger, existence of the danger, and to show the cause of the accident. Gumbs v. International Harvester, Inc., 718 F.2d 88, 97 (3d Cir. 1983); see Borden, Inc. v. Florida East Coast Ry. Co., 772 F.2d 750, 754 (11th Cir. 1985); Ramos v. Liberty Mut. Ins. Co., 615 F.2d 334, 339 (5th Cir. 1980); Elsworth v. Beech Aircraft Corp., 691 P.2d 630, 639 (Cal. 1985).

Defendants wrongly rely on the Read v. Mt. Tom Ski AreaThere need be no substantial identity of circumstances when the evidence is used for these purposes.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that Raytheon's motion in limine be denied.

## REQUEST FOR ORAL ARGUMENT

In an effort to assist this Court in its determination of this motion, Plaintiffs respectfully request the opportunity to present oral argument pursuant to local rule 7.1(D).

Respectfully Submitted,

By:   /s/ Mary Schiavo
28 Bridgeside Blvd.
P.O. Box 1792
Mount Pleasant, SC 29465
(843) 216-9374
Don McCune (pro hac vice)

And

David A. Bunis (BBO No. 550570)
Jacob T. Elberg (BBO No. 657469)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA  02210
(617) 371-1000

Dated: January 30, 2007

## CERTIFICATE OF SERVICE

I, Mary Schiavo, hereby certify that a true and correct copy of this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 30, 2007.

/s/ Mary Schiavo